Mark D. Lammers
**Rusing Lopez & Lizardi, P.L.L.C.**
6363 N. Swan Road Suite 151
Tucson, AZ 85718
Telephone: 520.792.4800
Email: mdlammers@rllaz.com

*Liaison Counsel for Lead Plaintiff Movant*
*Stuart Graham Hereford*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Alich, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Opendoor Technologies Inc., et al.,<br><br>Defendants. | Case No. 2:22-cv-01717-MTL<br><br>**MOTION OF STUART GRAHAM HEREFORD FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Oakland County Voluntary Employees' Beneficiary Association, and the Oakland County Employees' Retirement System, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Opendoor Technologies Inc., et al.,<br><br>Defendants. | Case No. 2:22-cv-01987-GMS |

Stuart Graham Hereford ("Hereford") by and through his counsel, does hereby move this Court, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned actions; (2) appointing Hereford as lead plaintiff on behalf of the Class[1]; (3) approving lead plaintiff's Selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Rusing Lopez & Lizardi, P.L.L.C. ("RLL") as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Hereford submits the following Memorandum of Points and Authorities, the Declaration of Mark D. Lammers and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

## I.    PRELIMINARY STATEMENT

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion

---

[1] The Class consists of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Opendoor Technologies Inc. ("Opendoor" or the "Company") securities between December 21, 2020 and September 16, 2022, both dates inclusive (the "Class Period"); (b) Opendoor common stock pursuant and/or traceable to the December 2020 Offering Documents (defined below) issued in connection with the business combination between the Company and Opendoor Labs Inc. ("Legacy Opendoor") completed on or about December 18, 2020 (the "Merger"); (c) Opendoor common stock pursuant and/or traceable to the February 2021 SPO Documents (defined below) issued in connection with the Company's secondary public offering that was completed on or about February 9, 2021; and/or (d) Opendoor common stock pursuant and/or traceable to the September 2021 SPO Documents (defined below) issued in connection with the Company's secondary public offering that was completed on or about September 17, 2021.

1

is made on the grounds that Hereford is the "most adequate plaintiff" as defined by the PSLRA.

Hereford has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hereford satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Hereford respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Hereford's selection of GPM as lead counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[2]

Opendoor was formerly known as Social Capital Hedosophia Holdings Corp. II ("SCH") and operated as a special purpose acquisition company ("SPAC"), also called a "blank-check company," which is a company formed to engage in a merger or acquisition with a not-yet-identified private company to take it public.

On September 15, 2020, the Company, then still operating as SCH, and Legacy Opendoor, a private company operating as a digital platform for residential real estate, announced their entry into a definitive agreement for the Merger (the "Merger Agreement"), which valued Legacy Opendoor at an enterprise value of $4.8 billion.

On October 5, 2020, the Company filed a registration statement on Form S-4 with the SEC in connection with the Merger, which, after several amendments, was declared effective by the SEC on November 27, 2020 (the "November 2020 Registration Statement"). On November 30, 2020, the Company filed a proxy statement/prospectus on Form 424B3 with the SEC in connection with the Merger, which formed part of the November 2020

---

[2] This section has been adapted from the complaints in the above-captioned actions.

Registration Statement (the "Proxy" and, together with the November 2020 Registration Statement, the "December 2020 Offering Documents").

On December 18, 2020, pursuant to the Merger Agreement, the Company changed its name to "Opendoor Technologies Inc.," and consummated the Merger, whereby, among other things, Legacy Opendoor became a wholly owned subsidiary of the Company. Following the Merger, the Company operated a digital platform for buying and selling residential real estate in the U.S. The Company's platform features a technology known as "iBuying," which is an algorithm-based process that purportedly enabled Opendoor to make accurate market-based offers to sellers for their homes, and then flip those homes to buyers for a profit.

On December 21, 2020, the Company's post-Merger common stock and warrants began publicly trading on the Nasdaq Stock Market ("NASDAQ") under the ticker symbols "OPEN" and "OPENW," respectively.

Subsequent to the Merger, the Company completed two secondary public offerings in 2021 of its common stock (the "SPOs"). In connection with a secondary public offering conducted in February of 2021 (the "February 2021 SPO"), the Company filed a registration statement on Form S-1 which was declared effective by the SEC on February 4, 2021 (the "February 2021 Registration Statement"). The Company also filed with the SEC a prospectus related to the offering on Form 424B4 on February 8, 2021 (with the February 2021 Registration Statement, the "February 2021 SPO Documents"). In the February 2021 SPO the Company offered for sale 32,817,421 shares of its common stock for $27.00 per share. The offering was completed on February 9, 2021, generating approximately $886 million in gross proceeds, and net proceeds of approximately $859.5 million (net of underwriting discounts and commissions).

In connection with a secondary public offering conducted in September of 2021 (the "September 2021 SPO"), the Company filed registration statement on Form S-1 on December 21, 2020, which was declared effective by the SEC on March 12, 2021 (the "March 2021 Registration Statement"). The Company also filed with the SEC a prospectus

3

supplement related to the offering on Form 424B3 on September 15, 2021 on Form 424B3 which amended and supplemented the prospectus the Company filed dated March 12, 2021 (with the March 2021 Registration Statement, the "September 2021 SPO Documents") and, together with the February 2021 SPO Documents and the December 2020 Offering Documents, the "Offering Documents"). In the September 2021 SPO a major stockholder of Opendoor, SVF Excalibur (Cayman) Limited ("SVF" or "Selling Stockholder") offered for sale 32,200,000 shares of its common stock for $16.69 per share. The offering was completed on September 17, 2021, generating approximately $537 million.

The Offering Documents contained, and Defendants made during the Class Period, false and/or misleading statements and/or failed to disclose that: (i) the algorithm ("Algorithm") used by the Company to make offers for homes could not accurately adjust to changing house prices across different market conditions and economic cycles; (ii) as a result, the Company was at an increased risk of sustaining significant and repeated losses due to residential real estate pricing fluctuations; (iii) accordingly, Defendants (as defined herein) overstated the purported benefits and competitive advantages of the Algorithm; and (iv) as a result, the Offering Documents and Defendants' (as defined herein) public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

In February of 2022, Opendoor announced massive losses which began to reveal to investors that its Algorithm failed to live up to the representations Opendoor made in the Offering Documents and throughout the Class Period.

Then, on September 19, 2022, citing a review of industry data, *Bloomberg* reported that the Company appeared to have lost money on 42 percent of its transactions in August 2022 (as measured by the prices at which it bought and sold properties). *Bloomberg* further reported that the data was even worse in key markets such as Los Angeles, California, where Opendoor lost money on 55 percent of sales, and Phoenix, Arizona, where it lost money on 76 percent of sales. Worse, a global real estate tech strategist interviewed by *Bloomberg*, Mike DelPrete, predicted that, based on his analyses, September would likely be even worse

for Opendoor than August. *Bloomberg*'s findings evidenced the failure of Opendoor's Algorithm to adjust accurately to changing market conditions.

Following the Bloomberg report, Opendoor's stock price fell $0.50 per share, or 12.32%, over the following two trading sessions, to close at $3.56 per share on September 20, 2022—an 88.61% decline from the Company's first post-Merger closing stock price of $31.25 per share on December 21, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hereford and other Class members have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On October 7, 2022, Plaintiff Sam Alich commenced the first securities class action in against Opendoor and certain of its officers, captioned *Alich v. Opendoor Technologies Inc., et al.*, Case No. 2:22-cv-01717-JFM (the "*Alich* Action").

On November 11, 2022, Plaintiffs Oakland County Voluntary Employees' Beneficiary Association and the Oakland County Employees' Retirement System commenced a substantially similar class action captioned *Oakland County Voluntary Employees' Beneficiary Association v. Opendoor Technologies Inc., et al.*, Case No. 2:22-cv-01987-GMS (the "*Oakland* Action," and with the *Alich* Action, the "Related Actions").

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Carter v. Cole Holdings Corp.*, No. 13-cv-00629, 2013 WL 12374922, at *2 (D. Ariz. Oct. 22, 2013).

Both of the Related Actions present similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act and Securities Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions

arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Hereford Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Hereford has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Hereford, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Hereford respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest

6

financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.      Hereford's Motion Is Timely

On October 7, 2022, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Mark D. Lammers ("Lammers Decl."), Ex. A. Therefore, Hereford had sixty days, or until December 6, 2022, to file a motion to be appointed as Lead Plaintiff. As a purchaser of Opendoor securities Hereford is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Hereford attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Lammers Decl., Ex. B. Accordingly, Hereford satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2.      Hereford Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Hereford believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Hereford purchased Opendoor securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $184,683.71. *See* Lammers Decl., Ex. C. To the best of his knowledge, Hereford is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Hereford

7

believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Hereford Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). "Only factors three and four—typicality and adequacy—are relevant to the selection of lead plaintiff." *Lomingkit v. Apollo Edu. Grp. Inc.*, No. 16-cv-00689, 2016 WL3345514, at *2 (D. Ariz. June 16, 2016) (citing *Cavanaugh*, 306 F.3d at 730).

### a) Hereford's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." "The test for typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Smilovits v. First Solar, Inc.*,

No.12-cv-0555, 2012 WL 3002513, at \*3 (D. Ariz. July 23, 2012) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, Hereford's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Hereford purchased Opendoor securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Hereford alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Opendoor's operations and financial prospects. Hereford's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Opendoor securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Hereford's interests and claims are typical of the interests and claims of the Class.

**b)     Hereford Is An Adequate Representative**

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "The test for adequacy asks whether conflicts exist between the representative and class interests and whether the representative and its attorneys are able to prosecute the action vigorously on behalf of the class." *Smilovits*, 2012 WL 3002513, at \*3 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Hereford easily satisfies the adequacy requirements. Hereford's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Hereford is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Hereford has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Lammers Decl., Ex. D & E (the firms' résumés). In addition, Hereford is not aware of any conflict between his claims and those asserted on behalf of the Class.

9

**C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Hereford has retained GPM to pursue this litigation on his behalf and will retain GPM as lead counsel and RLL as liaison counsel in the event Hereford is appointed as lead plaintiff. As reflected by the firms' résumés, attached to the Lammers Declaration as Exhibits D and E, the Court may be assured that, by granting Hereford's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hereford's selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Hereford respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Stuart Graham Hereford as lead plaintiff; (3) approving Glancy Prongay & Murray LLP as lead counsel and Rusing Lopez & Lizardi, P.L.L.C. as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  December 6, 2022         Respectfully submitted,

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Mark D. Lammers*

Mark D. Lammers
6363 N. Swan Road Suite 151
Tucson, AZ 85718
Telephone: (520) 792-4800
Fax: (520) 529-4262
Email: mdlammers@rllaz.com
*Liaison Counsel for Lead Plaintiff Movant Stuart Graham Hereford*

10

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
          clinehan@glancylaw.com
*Counsel for Lead Plaintiff Movant Stuart Graham Hereford and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 6th day of December 2022, via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to all CM/ECF registrants.

*/s/ Aneta Wrzeszcz*

58101924_2

11