**LABATON SUCHAROW LLP**
Francis P. McConville *(admitted pro hac vice)*
140 Broadway New York,
New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*
*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Sam Alich, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

Opendoor Technologies Inc.; Eric Wu; Carrie Wheeler; Chamath Palihapitiya; Steven Trieu; Ian Osborne; Adam Bain; David Spillane; and Cipora Herman,

Defendants.

No. 2:22-cv-01717-MTL

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Oakland County Voluntary Employees' Beneficiary Association, and the Oakland County Employees' Retirement System, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

Opendoor Technologies Inc.; Eric Wu; Carrie Wheeler; Chamath Palihapitiya; Steven Trieu; Ian Osborne; Adam Bain; David Spillane; Cipora Herman; Pueo Keffer; Glenn Solomon; Jason Kilar; Jonathan Jaffe; Citigroup Global Markets Inc.; Goldman Sachs & Co. LLC; Barclays Capital Inc.; Deutsche Bank Securities Inc.; Oppenheimer & Co. Inc.; BTIG, LLC; KeyBanc Capital Markets Inc.; Wedbush Securities Inc.; TD Securities (USA) LLC; Zelman Partners LLC; Academy Securities, Inc.; Loop Capital Markets LLC; Samuel A. Ramirez & Company, Inc.; Siebert Williams Shank & Co., LLC; and SVF Excalibur (Cayman) Limited,

Defendants.

No. 2:22-cv-1987-PHX-GMS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

I.      PRELIMINARY STATEMENT ........................................................................1

II.     ARGUMENT.....................................................................................................2

        A.     Indiana and Oakland County Are the "Most Adequate Plaintiff".........2

               1.      Indiana and Oakland County Have the Largest Financial
                       Interest in the Outcome of the Action..........................................3

               2.      Indiana and Oakland County Satisfy Rule 23's Typicality
                       and Adequacy Requirements.......................................................5

        B.     Indiana and Oakland County's Choice of Counsel Should be
               Approved .........................................................................................8

        C.     All Competing Motions Should be Denied..........................................8

CONCLUSION ..............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borteanu v. Nikola Corp.*,
    562 F.Supp.3d 174 (D. Ariz. 2021) ...................................................................................... 2

*Bruce v. Suntech Power Holdings Co.*,
    No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012*)*.............................3, 4, 6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002).................................................................................................2, 3, 8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .................................... 6

*Cohen v. U.S. Dist. Ct. for N. Dist. of California*,
    586 F.3d 703 (9th Cir. 2009)................................................................................................. 8

*Doherty v. Pivotal Software, Inc.*,
    No. 3:19-cv-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8, 2019)............................ 4, 6

*Hoang v. ContextLogic, Inc.*,
    No. 21-CV-03930-BLF, 2022 WL 1539533 (N.D. Cal. May 16, 2022*)* ................................ 3

*Huang v. Depomed, Inc.*,
    289 F. Supp. 3d 1050 (N.D. Cal. 2017) .............................................................................. 4

*In re Mersho*,
    6 F.4th 891 (9th Cir. 2021)............................................................................................... 3, 6

*Smilovits v. First Solar, Inc.*,
    No. CV12-0555 PHX DGC, 2012 WL 3002513 (D. Ariz. July 23, 2012)............................ 2

**Rules & Statutes**

Fed. R. Civ. P. 23 .................................................................................................................... *passim*

15 U.S.C. § 78u–4 *et seq*.......................................................................................................... *passim*

Presumptive Lead Plaintiff Indiana and Oakland County[1] respectfully submit this memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel (*see* ECF No. 12), and in opposition to the competing motions (*see* ECF Nos. 9, 10, 11, and 13).

## I.      PRELIMINARY STATEMENT

Indiana and Oakland County, as the movant with the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumed "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u–4(a)(3)(B)(iii).  Indiana and Oakland County—sophisticated, multi-billion-dollar institutions—sustained substantial losses of *$1,278,975.63* on a last-in-first-out ("LIFO") basis on their Class Period transactions in Opendoor securities.  Because this amount is the largest of any movant, Indiana and Oakland County have easily satisfied the largest financial interest requirement.[2]  Critically, Indiana individually possesses a larger financial interest than any competing movant with *$1,100,972.96* in losses.  *See* Loss Analysis, ECF No. 12-3. As such, Indiana and Oakland County's motion is substantively unopposed.

Indiana and Oakland County also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members.  Indiana and Oakland County submitted a Joint Declaration with their motion attesting that, based on their significant investments and losses in Opendoor securities, each is "strongly motivated to recover the significant losses" incurred by each institution and the Class and focused on "achiev[ing] the best possible recovery for the Class from all culpable parties."  ECF No.

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from Indiana and Oakland County's initial motion and supporting papers.  *See* ECF No. 12. Consolidation for the Related Actions is not contested.

[2] In recognition that Indiana and Oakland County have the largest financial interest of any movant and are otherwise adequate to represent the Class, all competing movants have filed notices of non-opposition and/or withdrew their Lead Plaintiff motion, including: Abdul Khalid, Yusuf Baloch, and Wenshan Wu (the "Investor Group"), ECF No. 15; Chad Donnelly ("Donnelly"), ECF No. 16; Julio Maurice Bueno ("Bueno"), ECF No. 17; and Stuart Graham Hereford ("Hereford"),  ECF No. 17 of *Oakland County Voluntary Employees' Beneficiary Association v. Opendoor Technologies, Inc.*, No: 2:22-cv-01987-GMS (D. Ariz.).

12-4 ¶ 6. As established by their Joint Declaration, Indiana and Oakland County are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation. *See id.* ¶¶ 2-5 & 10-13. Prior to filing their motion, representatives of Indiana and Oakland County held a conference call to discuss their leadership of this action to ensure that it will be litigated in the best interests of all Class members, including the shared interests in prosecuting the case in a collaborative manner and the procedures and protocols to be followed in jointly prosecuting the case. *See id.* ¶ 10 & 13; *see also Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 WL 3002513, at *6 (D. Ariz. July 23, 2012) (appointing lead plaintiff group); *Borteanu v. Nikola Corp.*, 562 F.Supp.3d 174, 186 (D. Ariz. 2021) (on remand from the Ninth Circuit, the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration").

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority requires that Indiana and Oakland County be appointed as Lead Plaintiff absent "***proof***" that they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As no movant has, or will be able to, meet the requisite standard of "***proof***" to rebut the statutory presumption in favor of Indiana and Oakland County, they are entitled to appointment as Lead Plaintiff. Accordingly, Indiana and Oakland County, as the presumed "most adequate plaintiff," respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton Sucharow as Lead Counsel for the Class.

## II.   ARGUMENT

### A.   Indiana and Oakland County Are the "Most Adequate Plaintiff"

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.

> In other words, the district court must compare the financial
> stakes of the various plaintiffs and determine which one has the

2

> most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'

*Id.* at 730 (emphasis in original).  The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Id.* at 739.  Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate.") (citation omitted); *see also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

As applied, Indiana and Oakland County respectfully submit that because they hold the largest financial interest of any qualified movant and otherwise satisfy Rule 23's typicality and adequacy requirements, they have satisfied the PSLRA's sequential review process, and therefore entitled to appointment as Lead Plaintiff.

### 1.    Indiana and Oakland County Have the Largest Financial Interest in the Outcome of the Action

Indiana and Oakland County, having suffered approximately *$1,278,975.63* in losses on a LIFO basis as a result of their Class Period purchases of Opendoor securities, undisputedly possess the largest financial interest of any competing movant.  In assessing financial interest, Courts in this District generally look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period."  *Hoang v. ContextLogic, Inc.*, No. 21-CV-03930-BLF, 2022 WL 1539533, at *4 (N.D. Cal. May 16, 2022*) (internal citation omitted).  However, the fourth factor, losses, is "given the greatest weight."  *Id.* at 6; *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D.

3

Cal. Nov. 13, 2012*) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").

Here, Indiana and Oakland County triumph on the fourth and most important factor of approximate losses suffered with a LIFO loss larger than any other competing movant. Critically, Indiana, with **$1,100,972.96** in losses, individually has the largest financial interest of any movant, negating any inference that the two funds were grouped together to aggregate the largest financial interest. *See Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors as lead plaintiff because one group member "has the largest interest of any movant" and noting that "[o]ther courts have found this sufficient to appoint a group as lead plaintiff") (collecting cases); *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (appointing group where one member had the largest financial interest of any movant and noting that "[c]ourts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself"); *Suntech Power*, 2012 WL 5927985, at *3 (appointing group that had the largest financial interest, both as a whole and as to one member individually).

As demonstrated by the following chart, none of the other movants incurred a loss as large as Indiana and Oakland County, and Indiana's individual loss is larger than the loss of any other movant:

4

| Movant | LIFO Loss[3] | Total Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| Indiana | ($1,100,973) | 93,842 | 70,495 | ($1,272,792 |
| Oakland County ERS | ($58,410) | 2,994 | 0 | ($58,410) |
| Oakland County VEBA | ($119,592) | 5,763 | 0 | ($119,592) |
| Indiana and Oakland County | ($1,278,976) | 102,599 | 70,495 | ($1,450,795) |
| Bueno | ($969,397) | 144,787 | 28,700 | ($1,040,371) |
| Donnelly | ($602,853) | 1,878,619 | 0 | ($602,853) |
| Hereford | ($184,684) | 18,655 | 18,655 | ($230,500) |
| Investor Group | ($169,146) | 20,881 | 14,631 | ($217,209) |

As such, there can be no credible dispute that Indiana and Oakland County have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff, as each of the competing movants have recognized.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

> **2.      Indiana and Oakland County Satisfy Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the outcome of the litigation, Indiana and Oakland County easily satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling Indiana and Oakland County to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, Indiana and Oakland County are typical Class members.  *See* ECF No. 12 at 7-8.  Like all other Class members, Indiana and

---

[3] Loss figures taken from each respective movant's initial motion and supporting papers.

Oakland County (1) purchased Opendoor securities during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed. *See Doherty*, 2019 WL 5864581, at *7 (citation omitted). As such, Indiana and Oakland County are typical Class representatives.

Indiana and Oakland County also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Indiana and Oakland County have submitted evidence of their ability to direct this litigation jointly and in the best interests of the Class. *See* ECF No. 12-4; *see also Suntech Power*, 2012 WL 5927985, at *3 (appointing as lead plaintiff a group of investors that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). As set forth in their Joint Declaration, Indiana and Oakland County are sophisticated institutional investors collectively responsible for managing billions in assets and have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation, including serving as PSLRA-appointed Lead Plaintiff. *See* ECF No. 12-4 ¶¶ 2-5. Moreover, as institutional investors, Indiana and Oakland County maintain devoted staffs of professionals who will ensure close oversight of the litigation and outside counsel. *See id.* ¶ 13.

Indeed, Indiana and Oakland County are precisely the type of sophisticated institutional investors that Congress intended to lead securities class actions. Both institutions fully understand their obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. Courts in the Ninth Circuit routinely appoint cohesive groups of institutional investors like Indiana and Oakland County that have "demonstrated they will vigorously prosecute the action on behalf of the class." *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *5 (N.D.

6

Cal. Jan. 9, 2012); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff.").

Further, there is no conflict of interest between Indiana and Oakland County's interests and those of the other Class members. To the contrary, the interests of Indiana, Oakland County, and other Class members are directly aligned because all suffered damages from their purchases of Opendoor securities at prices that were artificially inflated by Defendants' misconduct. As discussed above, Indiana and Oakland County clearly have a sufficient interest to ensure the vigorous prosecution of this litigation and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, Indiana and Oakland County have both the incentive and ability to supervise and monitor counsel.

Indiana and Oakland County have also demonstrated their adequacy through their selection and retention of Labaton Sucharow as proposed Lead Counsel on behalf of the Class. Labaton Sucharow is a nationally recognized securities class action law firm with an established track record of achieving substantial recoveries for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Indiana and Oakland have already taken substantial steps to ensure that the interests of all class members are represented in this action to the greatest extent possible. To that end, after the first of the Related Actions was filed, Oakland County filed the second Related Action, *Oakland County Voluntary Employees' Beneficiary Association v. Opendoor Technologies, Inc.*, No: 2:22-cv-01987-GMS (D. Ariz.). *See* ECF No. 12-4 ¶ 7. Oakland County's complaint included claims omitted in the first action, including claims on behalf of all persons and entities that purchased or otherwise acquired Opendoor common stock pursuant or traceable to two secondary public offerings completed by the Company during the Class Period. *Id.* Indiana, once it had learned of the complaint filed by Oakland County and the steps Oakland County had taken to protect the interests of the Class, determined that it would be in its own best interests, and the best interests of the

class, to seek appointment as Lead Plaintiff jointly with Oakland County, and both Oakland County and Indiana determined that they could best maximize the Class' recovery by pooling their respective experience and resources. *See* ECF No. 12-4 ¶ 8.

In sum, having claimed a financial interest larger than any competing movant while also satisfying the typicality and adequacy requirements of Rule 23, Indiana and Oakland County are undisputedly the "most adequate plaintiff" under the PSLRA. As no movant has, or will be able to, rebut this presumption, Indiana and Oakland County are entitled to appointment as Lead Plaintiff.

### B. Indiana and Oakland County's Choice of Counsel Should be Approved

Indiana and Oakland County have selected the law firm of Labaton Sucharow as the proposed Lead Counsel for the Class. "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734. "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). As discussed in Indiana and Oakland County's opening memorandum, Labaton Sucharow is a nationally recognized securities class action firm and thus highly qualified to litigate this case under their direct oversight and direction. *See* ECF No. 12 at 12-13.

### C. All Competing Motions Should be Denied

As noted previously, the lead plaintiff review process mandated by the PSLRA is a sequential one, meaning the first movant to satisfy the statutory criteria of unrebutted "most adequate plaintiff" is entitled to appointment. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ."). Indeed, the PSLRA does not permit "the district court [to] engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class." *Id.* at 729. As applied, Indiana and Oakland County are the unrebutted "most adequate plaintiff" in this case. The Court's inquiry should thus begin and end with Indiana and Oakland County; all competing motions should be denied.

## CONCLUSION

Indiana and Oakland County respectfully request that the Court consolidate the Related Actions, appoint them as Lead Plaintiff, approve their selection of Labaton Sucharow as Lead Counsel to the Class, and deny all competing motions.

DATED:  December 20, 2022                    Respectfully submitted,

s/ *Francis P. McConville*
**LABATON SUCHAROW LLP**
Eric J. Belfi
Francis P. McConville *(admitted pro hac vice)*
Guillaume Buell *(admitted pro hac vice)*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
gbuell@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**VANOVERBEKE MICHAUD & TIMMONY P.C.**
Aaron L. Castle *(admitted pro hac vice)*
79 Alfred Street
Detroit, Michigan 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Proposed Lead Plaintiff Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association*

9