# Exhibit 5

**UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION**

| | |
|---|---|
| **In the Matter of**<br><br>**OPENDOOR LABS INC., a corporation,** | **FILE NO. 192-3191**<br><br>**AGREEMENT CONTAINING CONSENT ORDER** |

The Federal Trade Commission ("Commission") has conducted an investigation of certain acts and practices of Opendoor Labs Inc. ("Proposed Respondent"). The Commission's Bureau of Consumer Protection ("BCP") has prepared a draft of an administrative Complaint ("draft Complaint"). BCP and Proposed Respondent, through its duly authorized officers, enter into this Agreement Containing Consent Order ("Consent Agreement") to resolve the allegations in the attached draft Complaint through a proposed Decision and Order to present to the Commission, which is also attached and made a part of this Consent Agreement.

**IT IS HEREBY AGREED** by and between Proposed Respondent and BCP, that:

1.  The Proposed Respondent is Proposed Respondent Opendoor Labs Inc., a Delaware corporation with its principal place of business at 410 North Scottsdale Road, Suite 1600, Tempe, AZ 85281.

2.  Proposed Respondent neither admits nor denies any of the allegations in the Complaint, except as specifically stated in the Decision and Order. Only for purposes of this action, Proposed Respondent admits the facts necessary to establish jurisdiction.

3.  Proposed Respondent waives:

    a.  Any further procedural steps;

    b.  The requirement that the Commission's Decision contain a statement of findings of fact and conclusions of law; and

    c.  All rights to seek judicial review or otherwise to challenge or contest the validity of the Decision and Order issued pursuant to this Consent Agreement.

4.  This Consent Agreement will not become part of the public record of the proceeding unless and until it is accepted by the Commission. If the Commission accepts this Consent Agreement, it, together with the draft Complaint, will be placed on the public record for 30 days and information about them publicly released. Acceptance does not constitute final approval, but it

serves as the basis for further actions leading to final disposition of the matter. Thereafter, the Commission may either withdraw its acceptance of this Consent Agreement and so notify Proposed Respondent, in which event the Commission will take such action as it may consider appropriate, or issue and serve its Complaint (in such form as the circumstances may require) and decision in disposition of the proceeding, which may include an Order. *See* Section 2.34 of the Commission's Rules, 16 C.F.R. § 2.34 ("Rule 2.34").

5.   If this agreement is accepted by the Commission, and if such acceptance is not subsequently withdrawn by the Commission pursuant to Rule 2.34, the Commission may, without further notice to Proposed Respondent: (1) issue its Complaint corresponding in form and substance with the attached draft Complaint and its Decision and Order; and (2) make information about them public. Proposed Respondent agrees that service of the Order may be effected by its publication on the Commission's website (ftc.gov), at which time the Order will become final. *See* Rule 2.32(d). Proposed Respondent waives any rights it may have to any other manner of service. *See* Rule 4.4.

6.   When final, the Decision and Order will have the same force and effect and may be altered, modified, or set aside in the same manner and within the same time provided by statute for other Commission orders.

7.   The Complaint may be used in construing the terms of the Decision and Order. No agreement, understanding, representation, or interpretation not contained in the Decision and Order or in this Consent Agreement may be used to vary or contradict the terms of the Decision and Order.

8.   Proposed Respondent agrees to comply with the terms of the proposed Decision and Order from the date that Proposed Respondent signs this Consent Agreement. Proposed Respondent understands that it may be liable for civil penalties and other relief for each violation of the Decision and Order after it becomes final.

**OPENDOOR LABS INC.**                    **FEDERAL TRADE COMMISSION**


By: _____              By: _____
    Eric Wu                                    Matthew J. Wilshire
    Chief Executive Officer                    Attorney, Bureau of Consumer Protection


Date: _____

                                          **APPROVED:**


_____          _____
Rich Cunningham                               Matthew Wernz
Olivia Adendorff                              Director, Southwest Regional Office
KIRKLAND & ELLIS LLP



                                          _____
                                              Samuel Levine
                                              Director, Bureau of Consumer Protection

                                          Date: _____

No. 192-3191

**UNITED STATES OF AMERICA**
**BEFORE THE FEDERAL TRADE COMMISSION**

COMMISSIONERS:      **Lina M. Khan, Chair**
                    **Noah Joshua Phillips**
                    **Rebecca Kelly Slaughter**
                    **Christine S. Wilson**
                    **Alvaro M. Bedoya**

| | |
|---|---|
| **In the Matter of** | **DECISION AND ORDER** |
| **OPENDOOR LABS INC., a corporation.** | **DOCKET NO. C-** |

**DECISION**

The Federal Trade Commission ("Commission") initiated an investigation of certain acts and practices of Respondent named in the caption. The Commission's Bureau of Consumer Protection ("BCP") prepared and furnished to Respondent a draft Complaint. BCP proposed to present the draft Complaint to the Commission for its consideration. If issued by the Commission, the draft Complaint would charge the Respondent with violations of the Federal Trade Commission Act.

Respondent and BCP thereafter executed an Agreement Containing Consent Order ("Consent Agreement"). The Consent Agreement includes: 1) statements by Respondent that it neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Decision and Order, and that only for purposes of this action, it admits the facts necessary to establish jurisdiction; and 2) waivers and other provisions as required by the Commission's Rules.

The Commission considered the matter and determined that it had reason to believe that Respondent has violated the Federal Trade Commission Act, and that a Complaint should issue stating its charges in that respect. The Commission accepted the executed Consent Agreement and placed it on the public record for a period of 30 days for the receipt and consideration of public comments. The Commission duly considered any comments received from interested persons pursuant to Section 2.34 of its Rules, 16 C.F.R. § 2.34. Now, in further conformity with the procedure prescribed in Rule 2.34, the Commission issues its Complaint, makes the following Findings, and issues the following Order:

## Findings

1. The Respondent is Opendoor Labs Inc., a Delaware corporation, with its principal place of business at 410 North Scottsdale Road, Suite 1600, Tempe, AZ 85281.

2. The Commission has jurisdiction over the subject matter of this proceeding and over the Respondent, and the proceeding is in the public interest.

## ORDER

### Definitions

For purposes of this Order:

A. "Real Estate Service" means any service or product designed to assist a consumer in selling a home, including Respondent purchasing homes from consumers. Provided, however, that "Real Estate Service" does not include services associated with transferring, insuring, or recording real-estate titles.

B. "Respondent" means Opendoor Labs Inc.

### Provisions

### I.    Prohibited Deceptive Claims, Including False and Unsubstantiated Claims

**IT IS ORDERED** that Respondent, and Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or provision of a Real Estate Service, must not:

A. Misrepresent, expressly or by implication, or assist others in misrepresenting, expressly or by implication:

1. that consumers will receive more money using a Real Estate Service than they would using a different good or service;

2. that consumers will save money;

3. that consumers will receive a price for their homes equivalent to what they would likely receive by listing their homes on the market;

4. the amount of repair costs consumers will pay;

5. that consumers will save money on repair costs;

6.  that any offer to purchase a consumer's home is an accurate and unbiased projection of that home's market value; and

7.  that the person or persons offering any good or service do not expect to make money from reselling homes;

B.  Make any representation, expressly or by implication, or assist others in making any representation, expressly or by implication, regarding the costs associated with listing a home for sale traditionally, including agent commissions, home overlap costs, closing costs, seller's concessions, repair costs, staging, or prep-work costs, unless the representation is non-misleading, and, at the time such representation is made, Respondent possesses and relies upon competent and reliable evidence to substantiate that the representation is true; and

C.  Make any representation, expressly or by implication, about the costs, savings, or financial benefits of any Real Estate Service, including representations about the amount of money a consumer will receive from using a Real Estate Service, unless the representation is non-misleading, and at the time such representation is made, Respondent possesses and relies upon competent and reliable evidence to substantiate that the representation is true.

## II.    Monetary Relief

**IT IS FURTHER ORDERED** that:

A.  Respondent must pay to the Commission $62,000,000.

B.  Such payment must be made within eight (8) days of the effective date of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

## III.    Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

A.  Respondent relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission to enforce its rights to any payment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by or on behalf of the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy

Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other relief (including consumer information remedies) as it determines to be reasonably related to Respondent's practices alleged in the Complaint. Any money not used is to be deposited to the U.S. Treasury. Respondent has no right to challenge any activities pursuant to this Provision.

E.  In the event of default on any obligation to make payment under this Order, interest, computed as if pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment. In the event such default continues for 10 days beyond the date that payment is due, the entire amount will immediately become due and payable.

F.  Each day of nonpayment is a violation through continuing failure to obey or neglect to obey a final order of the Commission and thus will be deemed a separate offense and violation for which a civil penalty shall accrue.

G.  Respondent acknowledges that its Taxpayer Identification Number (Employer Identification Number) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV.    Customer Information

**IT IS FURTHER ORDERED** that Respondent must provide sufficient additional seller contact information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Respondent must provide it, in the form prescribed by the Commission representative, within 14 days.

## V.    Acknowledgments of the Order

**IT IS FURTHER ORDERED** that Respondent obtains acknowledgments of receipt of this Order:

A.  Respondent, within 10 days after the effective date of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 3 years after entry of this Order, Respondent must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for Real Estate Services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance

Reporting. Delivery must occur within 10 days after the effective date of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Respondent delivered a copy of this Order, Respondent must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.    Compliance Report and Notices

**IT IS FURTHER ORDERED** that Respondent make timely submissions to the Commission:

A.  One year after the issuance date of this Order, Respondent must submit a compliance report, sworn under penalty of perjury, in which Respondent must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Respondent; (b) identify all of Respondent's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Respondent is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 5 years after the issuance date of this Order, Respondent must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (i) any designated point of contact; or (ii) the structure of Respondent or any entity that Respondent has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Respondent must submit notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Respondent within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue

NW, Washington, DC  20580. The subject line must begin: *FTC v. Opendoor Labs Inc., Matter No. _____.*

## VII.    Recordkeeping

**IT IS FURTHER ORDERED** that Respondent must create certain records for 5 years after the issuance date of the Order, and retain each such record for 5 years, unless otherwise specified below.  Specifically, Respondent, in connection with advertising, promoting, offering for sale, or providing Real Estate Services must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services in relation to any aspect of the Order, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  All records necessary to demonstrate full compliance with each provision of this Order, including all information or documents necessary to substantiate any claims covered by this Order and all submissions to the Commission;

D.  Every six months, a screen capture of Respondent's website pages relating to its Real Estate Services; and

E.  Except for material captured as part of subpart (D) of this section, representative copies of advertisements or other marketing materials for Real Estate Services.

## VIII.    Compliance Monitoring

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Respondent's compliance with this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, Respondent must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury, and produce records for inspection and copying.

B.  For matters concerning this Order, representatives of the Commission are authorized to communicate directly with Respondent. Respondent must permit representatives of the Commission to interview anyone affiliated with Respondent who has agreed to such an interview.  The interviewee may have counsel present.

C.  The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Respondent or any individual or entity affiliated with Respondent, without the necessity of identification

or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.    Order Effective Dates

**IT IS FURTHER ORDERED** that this Order is final and effective upon the date of its publication on the Commission's website (ftc.gov) as a final order. This Order will terminate 20 years from the date of its issuance (which date may be stated at the end of this Order, near the Commission's seal), or 20 years from the most recent date that the United States or the Commission files a complaint (with or without an accompanying settlement) in federal court alleging any violation of this Order, whichever comes later; *provided, however*, that the filing of such a complaint will not affect the duration of:

A.  Any Provision in this Order that terminates in less than 20 years;

B.  This Order's application to any Respondent that is not named as a defendant in such complaint; and

C.  This Order if such complaint is filed after the Order has terminated pursuant to this Provision.

*Provided, further*, that if such complaint is dismissed or a federal court rules that Respondent did not violate any provision of the Order, and the dismissal or ruling is either not appealed or upheld on appeal, then the Order will terminate according to this Provision as though the complaint had never been filed, except that the Order will not terminate between the date such complaint is filed and the later of the deadline for appealing such dismissal or ruling and the date such dismissal or ruling is upheld on appeal.

By the Commission.


April J. Tabor
Secretary

SEAL:
ISSUED: