**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email: ahakki@shearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email: lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc.,
Eric Wu, Carrie Wheeler, Chamath Palihapitiya,
Steven Trieu, Ian Osborne, Adam Bain, David Spillane,
Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,
and Jonathan Jaffe*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**OPENDOOR DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

Defendants Opendoor Technologies Inc. ("Opendoor" or the "Company"), Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, the "Individual Defendants," and together with Opendoor, the "Opendoor Defendants") respectfully request that the Court consider certain documents under the doctrine of incorporation by reference and/or take judicial notice as set forth herein in support of the Opendoor Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Complaint" or "CAC"). All references to Exhibits ("Ex.") are to documents attached to the Declaration of John C. Gray in Support of the Opendoor Defendants' Motion to Dismiss ("Gray Declaration").

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1] Consistent with this directive, Defendants submit for the Court's consideration certain of Opendoor's filings with the Securities and Exchange Commission ("SEC"), excerpts of conference call transcripts, court filings in connection with an investigation into Opendoor by the Federal Trade Commission ("FTC"), news articles, and publicly available stock price data. Not only are most of these documents incorporated by reference into the Complaint, they also are properly subject to judicial notice. Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

---

[1] *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters subject to judicial notice).

**I.    The Court should consider the full text of documents incorporated by reference into the Complaint.**

The Ninth Circuit recently reaffirmed that on a motion to dismiss, the Court is permitted to consider a document as part of the Complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018) ("extensively" means "more than once" (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) ("'[W]e may consider materials incorporated into the complaint.'").

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same). The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id.* at 1002; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).

The Court generally "'may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]'" *Orexigen*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *see NVIDIA*, 768 F.3d at 1057-58 n.10 ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents."). And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true.

2

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (Courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true the plaintiffs' allegations that are contradicted by a conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, news articles, and transcripts of earning calls and investor conferences. *See, e.g.*, *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation by reference doctrine); *GoPro*, 2019 WL 1231175, at *6 (considering press releases, earnings call transcripts, SEC filings under incorporation by reference doctrine); *Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("[T]he amended complaint quotes extensively from the transcripts of both [conference] calls."); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporates contents of quarterly earnings call, quarterly SEC reports); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts of earnings call, slide decks, Form 4s, and proxy are referenced or necessarily relied on and are incorporated by reference); *Patel v. Parnes*, 253 F.R.D. 531, 548-49 (C.D. Cal. 2008) (incorporating analyst reports).

Defendants therefore request that the Court consider the following exhibits to the Gray Declaration, which the Complaint cites or necessarily relies on and which form the basis of Plaintiffs' claims:

**Exhibit 1**: excerpts from Opendoor's Form S-4 Registration Statement, as amended, filed with the SEC on November 27, 2020 ("November 2020 Registration Statement"). The November 2020 Registration Statement is referenced in the Complaint at ¶¶ 89, 325, 326, 327, 337, 338, 339, 342, 345, 358, 364, 365, 370, 371, 372, 373, 401, 402, 403, 478, 484, 485, 486, 487, 489, 490, 498. These numerous references are sufficiently extensive for the

November 2020 Registration Statement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002-03 ("extensively" means "more than once"). In addition, the Complaint asserts that the November 2020 Registration Statement contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the November 2020 Registration Statement incorporated by reference. *See id.* at 1002, 1006 (affirming district court's decision to incorporate by reference the defendant's Registration Statement); *id.* ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 2**: excerpts from Opendoor's Form 10-K, filed with the SEC on February 24, 2022 ("2021 Annual Report"). The 2021 Annual Report is referenced in the Complaint at ¶¶ 55, 250. These references are sufficiently extensive for the 2021 Annual Report to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 3**: the transcript from a Wedbush Real Estate Technology Conference on March 3, 2022 ("March 2022 Wedbush Transcript"). The March 2022 Wedbush Transcript is referenced in the Complaint at ¶¶ 9, 56, 60, 134, 186, 249, 255, 256, 259. These numerous references are sufficiently extensive for the March 2022 Wedbush Transcript to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the March 2022 Wedbush Transcript contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the March 2022 Wedbush Transcript incorporated by reference. *See id.* at 1002.

**Exhibit 6**: excerpts from Opendoor's Form S-1, filed with the SEC on December 21, 2020 ("December 21, 2020 Registration Statement"). The December 21, 2020 Registration Statement is referenced in the Complaint at

¶¶ 87, 88, 90, 168, 169, 170, 171, 172, 173, 174, 175, 176. These numerous references are sufficiently extensive for the December 21, 2020 Registration Statement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the December 21, 2020 Registration Statement contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' Exchange Act claims. This is also sufficient to deem the December 21, 2020 Registration Statement incorporated by reference. *See id.* at 1002, 1006.

**Exhibit 7**: Federal Trade Commission Complaint against Opendoor, made publicly available on August 1, 2022 ("FTC Complaint"). The FTC Complaint is referenced in the Complaint at ¶¶ 18, 20, 142, 143, 144, 145, 146, 147, 148, 149, 150, 154, 155, 176, 197, 198, 270, 271, 272, 403, 406, 429, 430, 431, 432, 433, 434, 435, 436. These numerous references are sufficiently extensive for the FTC Complaint to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 11**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on November 10, 2021 ("Q3 2021 Press Release"). The Q3 2021 Press Release is referenced in the Complaint at ¶ 104. This reference is sufficiently extensive for the Q3 2021 Press Release to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 12**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on February 24, 2022 ("Q4 2021 Press Release"). The Q4 2021 Press Release is referenced in the Complaint at ¶ 130, 131, 348, 470. These numerous references are sufficiently extensive for the Q4 2021 Press Release to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 19**: the Opendoor earnings call transcript for the second quarter of 2022, dated August 4, 2022 ("August 2022 Earnings Call"). The August 2022

Earnings Call is referenced in the Complaint at ¶¶ 156, 157, 199, 200, 201. These numerous references are sufficiently extensive for the August 2022 Earnings Call to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051. In addition, the Complaint asserts that the August 2022 Earnings Call contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the August 2022 Earnings Call incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 20**: Bloomberg article titled, "Home-Flipper Opendoor Hit With Losses in Echo of Zillow Collapse," dated September 19, 2022 ("September 2022 Bloomberg Article") and available online at https://www.bloomberg.com/news/articles/2022-09-19/home-flipper-opendoor-hit-with-losses-in-echo-of-zillow-collapse#xj4y7vzkg. The September 2022 Bloomberg Article is referenced in the Complaint at ¶¶ 26, 159, 160, 202, 203, 204, 226, 227, 228, 349, 471. These numerous references are sufficiently extensive for the September 2022 Bloomberg Article to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the September 2022 Bloomberg Article constituted a corrective disclosure with respect to loss causation. This is also sufficient to deem the September 2022 Bloomberg Article incorporated by reference. *See id.*

**Exhibit 21**: Exhibit 99.2 to Opendoor's Form 8-K, filed with the SEC on November 3, 2022 ("Q3 2022 Shareholder Letter"). The Complaint references the financial results reported as an exhibit to the same Form 8-K and summarized within the Q3 2022 Shareholder letter at ¶¶ 162, 163, 206, 207, 232, 233, 234, 235, 472, 473. These numerous references are sufficiently extensive for the Q3 2022 Shareholder Letter to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545 (incorporating by reference a defendant's Forms 8-K filed with the SEC). In

addition, the Complaint asserts that the reporting of financial results summarized within the Q3 2022 Shareholder Letter constituted a corrective disclosure as a basis for Plaintiffs' claims with respect to loss causation. This is also sufficient to deem the Q3 2022 Shareholder Letter incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 22**: Exhibit 99.2 to Opendoor's Form 8-K, filed with the SEC on February 23, 2023 ("Q4 2022 Shareholder Letter"). The Complaint references the financial results reported as an exhibit to the same Form 8-K and summarized within the Q4 2022 Shareholder letter at ¶ 165. This reference is sufficiently extensive for the Q4 2022 Shareholder Letter to be deemed incorporated by reference. *Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 23**: excerpts from Opendoor's Form 10-K, filed with the SEC on March 4, 2021 ("2020 Annual Report"). The 2020 Annual Report is referenced in the Complaint at ¶¶ 7, 57, 58, 59, 94, 177, 179, 180. These numerous references are sufficiently extensive for the 2020 Annual Report to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the 2020 Annual Report contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the 2020 Annual Report incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 24**: the Opendoor earnings call transcript for the third quarter of 2021, dated November 10, 2021 ("November 2021 Earnings Call"). The November 2021 Earnings Call is referenced in the Complaint at ¶¶ 13, 14, 104, 105, 106, 107, 108, 109, 110, 111, 112, 181, 182, 241, 256, 257, 258. These numerous references are sufficiently extensive for the November 2021 Earnings Call to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051. In addition, the Complaint asserts that the

November 2021 Earnings Call contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the November 2021 Earnings Call incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 25**: excerpts from Opendoor's Form S-1, filed with the SEC on February 2, 2021 ("February 2021 Registration Statement"). The February 2021 Registration Statement is referenced in the Complaint at ¶¶ 327, 344, 346, 347, 358, 362, 363, 364, 365, 366, 367, 368, 369, 390, 409, 410, 412, 414, 438, 468, 469, 478, 481, 482, 484, 485, 487, 488, 489, 490, 496, 497, 498. These numerous references are sufficiently extensive for the February 2021 Registration Statement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the February 2021 Registration Statement contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the February 2021 Registration Statement incorporated by reference. *See id.* at 1002, 1006.

**Exhibit 26**: Form 4s filed with the SEC between December 23, 2020 and October 19, 2022 in connection with stock trades of Eric Wu ("Form 4s"). The Form 4s are referenced in the Complaint, either individually or collectively, at ¶¶ 15, 114, 115, 243, 244, 245, 246. These numerous references are sufficiently extensive for the Form 4s to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the trades reported in the Form 4s are indicative of scienter, thereby forming the basis of Plaintiffs' claims. This is also sufficient to deem the Form 4s incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 27**: Opendoor's Form S-4 Registration Statement, filed with the SEC on October 5, 2020 ("October 2020 Registration Statement"). The October 2020 Registration Statement is referenced in the Complaint at ¶¶ ¶ 358, 401.

8

These references are sufficiently extensive for the October Registration Statement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 29**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on August 1, 2022 ("August 2022 Press Release"). The August 2022 Press Release is referenced in the Complaint at ¶¶ 153, 154, 155, 196, 197, 198. These numerous references are sufficiently extensive for the August 2022 Press Release to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545. In addition, the Complaint asserts that the August 2022 Press Release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the August 2022 Press Release incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 30**: the transcript from a Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022 ("March 2022 Morgan Stanley Transcript"). The March 2022 Morgan Stanley Transcript is referenced in the Complaint at ¶¶ 23, 137, 138, 189, 190, 191, 192, 193, 260, 261, 262. These numerous references are sufficiently extensive for the March 2022 Morgan Stanley Transcript to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the March 2022 Morgan Stanley Transcript contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. This is also sufficient to deem the March 2022 Morgan Stanley Transcript incorporated by reference. *See id.* at 1002.

**Exhibit 31**: excerpts from Opendoor's Form S-1, as amended, filed with the SEC on December 31, 2020 ("December 31, 2020 Registration Statement"). The December 31, 2020 Registration Statement is the amendment to the December 21, 2020 Registration Statement, which is referenced in the

9

Complaint at ¶¶ 87, 88, 90, 168, 169, 170, 171, 172, 173, 174, 175, 176. These numerous references are sufficiently extensive for the December 31, 2020 Registration Statement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

## II. The Court Also May Take Judicial Notice of the Cited Exhibits.

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In considering allegations of securities fraud, courts may take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of SEC filings, transcripts of conference calls, and press releases); *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012), *aff'd sub nom. Fresno Cty. Employees' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015) (same).

SEC filings are proper subjects of judicial notice. Fed. R. Evid. 201(b); *Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) ("SEC filings are generally recognized as the most accurate and authoritative source of public information about a company."); *In re Hypercom Corp. Sec. Litig.*, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006) (taking judicial notice of proxy statement); *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1230-31 (C.D. Cal. 2015) (taking judicial notice of SEC filings); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (same) (citing *Copper Mountain*, 311 F. Supp. at 863-64); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (same).

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

**Exhibit 1**: the November 2020 Registration Statement.

**Exhibit 2**: the 2021 Annual Report.

**Exhibit 4**: excerpts of Opendoor's Form 10-Q, filed with the SEC on November 10, 2021 ("Q3 2021 Quarterly Report").

**Exhibit 6**: the December 21, 2020 Registration Statement.

**Exhibit 8**: Exhibit 99.1 Opendoor's Form 8-K, filed with the SEC on March 4, 2021 ("Q4 2020 Press Release").

**Exhibit 9**: Exhibit 99.2 to Opendoor's Form 8-K, filed with the SEC on May 4, 2021 ("Q1 2021 Shareholder Letter").

**Exhibit 10**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on August 11, 2021 ("Q2 2021 Press Release").

**Exhibit 11**: the Q3 2021 Press Release.

**Exhibit 12**: the Q4 2021 Press Release.

**Exhibit 13**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on May 5, 2022 ("Q1 2022 Press Release").

**Exhibit 14**: Exhibit 99.1 to Opendoor's Form 8-K, filed with the SEC on August 4, 2022 ("Q2 2022 Press Release").

**Exhibit 21**: the Q3 2022 Shareholder Letter.

**Exhibit 22**: the Q4 2022 Shareholder Letter.

**Exhibit 23**: the 2020 Annual Report.

**Exhibit 25**: the February 2021 Registration Statement.

**Exhibit 26**: the Form 4s.

**Exhibit 27**: the October 2020 Registration Statement.

**Exhibit 29**: the August 2022 Press Release.

**Exhibit 31**: the December 31, 2020 Registration Statement.

11

Judicial notice of conference call transcripts is also appropriate because those materials, like SEC filings, are matters of public record and capable of accurate and ready determination. *See Facebook*, 405 F. Supp. 3d at 827-28 ("Transcripts of conference earning calls are judicially noticeable because they are matters of public record.") (quoting *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016)).

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

**Exhibit 3**: the March 2022 Wedbush Transcript.

**Exhibit 18**: the Opendoor earnings call transcript for the first quarter of 2022, dated May 5, 2022 ("May 2022 Earnings Call").

**Exhibit 19**: the August 2022 Earnings Call.

**Exhibit 24**: the November 2021 Earnings Call.

**Exhibit 30**: the March 2022 Morgan Stanley Transcript.

Judicial notice of filings in a matter before an administrative agency is appropriate as matters of public record not subject to reasonable dispute. *In re Facebook, Inc. Securities Litigation*, 477 F. Supp. 3d 980, 1009 (N.D. Ca. 2020) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003)).

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

**Exhibit 5**: Final Consent Order of the Federal Trade Commission in the case, *In the Matter of Opendoor Labs Inc.*, Docket No. C-4777.

**Exhibit 7**: the FTC Complaint.

Judicial notice of news articles is appropriate because such materials are matters of public record and capable of accurate and ready determination. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (upholding judicial notice of widespread layoffs from a newspaper article); *Parent v. Millercoors LLC*, 2016 WL 3348818, at *4

(S.D. Cal. June 16, 2016) ("Facts that become widely known through news or other announcements, including on websites, are subject to judicial notice.").

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

> **Exhibit 15**: World Economic Forum article titled, "The pace of US interest rate hikes is faster than at any time in recent history.  Is this creating a risk of recession?" dated October 12, 2022 ("World Economic Forum") and available online at https://www.weforum.org/agenda/2022/10/comparing-the-speed-of-u-s-interest-rate-hikes-1988-2022/.

> **Exhibit 16**: Chartr article titled, "A love for hiking: The Fed is raising rates at an unprecedented pace," dated September 23, 2022 ("Chartr Article") and available online at https://www.chartr.co/stories/2022-09-23-2-federal-reserve.

> **Exhibit 17**: Yahoo! Finance article titled, "'We have more work to do': The complete story behind the Fed's historic shift in 2022," dated December 22, 2022 ("Yahoo! Finance Article") and available online at https://tinyurl.com/2wvyu7aw.

> **Exhibit 20**: September 2022 Bloomberg Article.

Judicial notice of stock price data is appropriate because such information is a matter of public record and capable of ready determination. *See In re Facebook, Inc. Securities Litigation*, 477 F. Supp. 3d at 1010 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice.") (citing *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004)).

Accordingly, judicial notice of a table of stock prices, as published by Yahoo! (**Exhibit 28**) is appropriate.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court consider and/or take judicial notice of the above-referenced documents and information in connection with the Opendoor Defendants' Motion to Dismiss.

13

Dated: June 30, 2023                    **LEWIS ROCA ROTHGERBER CHRISTIE LLP**


*/s/ John C. Gray*
John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email: ahakki@shearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email: lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc., Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Adam Bain, David Spillane, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe*