**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email: ahakki@shearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email: lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc.,
Eric Wu, Carrie Wheeler, Chamath Palihapitiya,
Steven Trieu, Ian Osborne, Adam Bain, David Spillane,
Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,
and Jonathan Jaffe*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**REPLY DECLARATION OF GEORGE ANHANG IN SUPPORT OF THE OPENDOOR DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE SUBMISSION OF COUNSEL AND CONFIDENTIAL WITNESS AFFIDAVITS** |

Pursuant to 28 U.S.C. § 1746, George Anhang declares as follows:

1. My name is George Anhang, and I am a Counsel with the law firm of Shearman & Sterling LLP, which represents Opendoor Technologies Inc. ("Opendoor" or the "Company"), Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, the "Opendoor Defendants") in the above-captioned action. I work in the firm's Washington, DC office.

2. I am a member in good standing of the Bar of the District of Columbia and the Bar of the State of New York.

3. I submit this Reply Declaration in connection with the Opendoor Defendants' reply brief in further support of their motion for an order directing the submission of counsel and confidential witness ("CW") affidavits.

4. I previously submitted a Declaration in this matter in connection with the Opendoor Defendants' motion for an order directing the submission of counsel and CW affidavits. (*See* Dkt. 57-1.) That Declaration concerned telephone calls that I and Ms. Gabrielle Leeman, a Shearman & Sterling LLP associate had with individuals whom we believed to be referred to in the operative complaint in this action as CWs 1, 2, 5, 6, and 8. We were the only Opendoor Defendants' counsel who spoke with any of these CWs.

5. I have read Plaintiffs' memorandum of law in opposition to the Opendoor Defendants' motion for an order directing the submission of counsel and CW affidavits ("Opposition" or "CW Opp. Br.") (Dkt. 63.) I have also read the Declaration of James T. Christie in Support of the Opposition ("Christie Declaration") (Dkt. 63-1.)

6. The Opposition states: "based on Lead Counsel's communications with counsel for CW 1, *it appears that Defendants pressured the CWs into speaking by claiming that their employment contracts with Opendoor required them to*

1

*cooperate with the Opendoor Defendants' counsel in this securities case.*" (CW Opp. Br. at 16 (emphasis added).)  As I indicate below, this is untrue as to all of the individuals with whom I and Ms. Leeman spoke, *i.e.*, CWs 2, 5, 6, and 8.  As noted in my prior Declaration, we did not have a substantive conversation with CW 1, who referred us to their counsel.

7. In none of our phone calls with any of the CWs did I or Ms. Leeman:

   a. refer to, in words or substance, any employment contract, or any contractual or other obligation or duty; or

   b. state, indicate, or suggest, in words or substance, that any of the CWs were *required* to speak or cooperate with, or *should* speak or cooperate with (i) me or Ms. Leeman, (ii) any other counsel for Opendoor, or (iii) Opendoor or any of its personnel.

8. Lyle Roberts, a Partner at Shearman & Sterling LLP, communicated with CW 1's counsel, and in requesting an opportunity to speak with CW 1, referred to a cooperation provision in an employment agreement between CW 1 and Opendoor.

9. Unlike CW 1, CWs 2, 5, 6, and 8 did not ever indicate to me or Ms. Leeman that they were represented by counsel, and we only ever spoke directly to them. Therefore, there necessarily were no communications between Shearman & Sterling LLP and counsel for any of those CWs of the kind that took place between Mr. Roberts and CW 1's counsel.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed:     November 2, 2023

                    Washington, D.C.



George Anhang

2