**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:    (602) 262-5311
Facsimile:    (602) 262-5747
Email:        jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone:    (212) 848-4000
Email:        ahakki@shearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone:    (202) 508-8000
Email:        lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc.,*
*Eric Wu, Carrie Wheeler, Chamath Palihapitiya,*
*Steven Trieu, Ian Osborne, Adam Bain, David Spillane,*
*Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,*
*and Jonathan Jaffe*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies, Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**OPENDOOR DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE SUBMISSION OF COUNSEL AND CONFIDENTIAL WITNESS AFFIDAVITS** |

Defendants Opendoor Technologies Inc. ("Opendoor" or the "Company"), Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, the "Opendoor Defendants") respectfully submit this Memorandum of Law in Opposition ("Opposition") to Plaintiffs' Motion ("Motion") for Leave to File Sur-Reply to Defendants' Reply in Further Support of Defendants' Motion for an Order Directing the Submission of Counsel and Confidential Witness Affidavits (the "CW Motion").

## INTRODUCTION

Sur-replies are "highly disfavored" and permitted only "in the most extraordinary of circumstances." *Sims v. Paramount Gold and Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010). This is because sur-replies "usually are a strategic effort by the nonmoving party to have the last word." *Id.* That is what is happening here. Plaintiffs filed a one-paragraph motion with the proposed sur-reply attached, apparently hoping the Court would review and consider the sur-reply regardless of how the Court ruled on the Motion. That maneuver circumvents the spirit of the rules and was improper.

In any event, there is nothing here that warrants a sur-reply. The CW Motion is fully briefed and ripe for decision. While Plaintiffs assert in a single-conclusory sentence that they need a sur-reply to address new "legal and factual arguments" they claim were raised on reply, the proposed sur-reply merely rehashes arguments on three topics that the parties already addressed in *all* of their previous filings: (1) Plaintiffs' conceded failure to obtain CW 8's confirmation of the accuracy of the statements attributed to him; (2) the effect, if any, of the PSLRA discovery stay; and (3) the Court's ability to obtain and use counsel and CW affidavits at the motion to dismiss stage.

Respectfully, the Court should deny the Motion.

## BACKGROUND

**I.    The CW Motion is fully briefed and ripe for decision.**

On October 13, the Opendoor Defendants filed the CW Motion, which included a memorandum that explained why the Court should grant it. On October 26, Plaintiffs filed

their opposition, attempting to refute the Opendoor Defendants' arguments. On November 2, the Opendoor Defendants submitted a reply that reiterated and reinforced the points made in the CW Motion and that responded to the arguments Plaintiffs raised in the opposition. At that point, the CW Motion was fully briefed and ripe for decision.

A week after the Opendoor Defendants filed their reply brief, Plaintiffs filed a one-paragraph Motion that attached a proposed sur-reply. Plaintiffs included a single, conclusory sentence in support of the Motion that claimed: "Defendants make several legal and factual arguments for the first time in their Reply." (Mot. at 1.) The Motion does not identify what those legal or factual arguments are, nor does it explain why a sur-reply is necessary to address them. The proposed sur-reply rehashes three items already addressed in each of the previous filings: (1) Plaintiffs' conceded failure to obtain CW 8's confirmation of the accuracy of the statements attributed to him ("CW 8 Allegations"); (2) the effect, if any, of the PSLRA discovery stay ("PSLRA Stay Argument"); and (3) the Court's ability to obtain and use counsel and CW affidavits at the motion to dismiss stage ("*Zucco*/Rule 12(d) Argument").

### A. The CW Allegations were briefed in each submission.

The CW Motion (and declarations submitted in support) detailed the conversations between counsel for the Opendoor Defendants and the CWs. (Doc. 57 at pp. 5-10; Doc. 57-1 (Anhang Decl.); Doc. 57-2 (Leeman Decl.).) CW 8 denied that he would have made certain statements attributed to him in the CAC and confirmed that Plaintiffs' counsel "did not verify [those] comments before filing." (Doc. 57 at p. 9; Doc. 57-1 ¶ 30.c.) He then said if he had been able to review the statements attributed to him beforehand, he would have "corrected" or "modified" those statements. (Doc. 57 at p. 9; Doc. 57-1 ¶ 31.a.v-vi.)

The opposition discussed the interactions between Plaintiffs' counsel and the CWs. (Doc. 63 at pp. 3-6, 13-14.) Plaintiffs' counsel asserted that it tried to follow up with CW 8, but conceded that it did not actually communicate with CW 8 before filing the CAC and nevertheless included the statements attributed to CW 8 anyway. (*Id.*) Plaintiffs then

faulted CW 8 for not reaching out to Plaintiffs' counsel after they filed the CAC. (*Id.* at p.14 & n.7.)

The reply highlighted Plaintiffs' concession as to CW 8. (Doc. 64 at pp. 2-3) It also pointed out that based on Plaintiffs' description of the process in the opposition, Plaintiffs' counsel did not send to the CWs written copies of the statements as they appeared in the CAC until after the CAC was filed. (*Id.*)

### B. The PSLRA Stay Argument was briefed in each submission.

The CW Motion explained that the PSLRA stay did not apply because the CW Motion did not seek traditional discovery subject to the PSLRA stay. (Doc. 57 at p. 11, n.4.)

The opposition argued that the CW Motion violated the PSLRA stay and that there was "no exception" that would allow the Court to address the issues raised in the CW Motion. (Doc. 63 at pp. 10-11.)

The reply reiterated that the PSLRA stay did not apply to the CW Motion and pointed out that contrary to Plaintiffs' assertion, there was an applicable exception under which the Court could grant the CW Motion, even if it were subject to the PSLRA stay. (Doc. 64 at 8-9.)

### C. The *Zucco*/Rule 12(d) Argument was briefed in each submission.

The CW Motion noted that under *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009), the Court must undertake an assessment of the reliability of the CW allegations. (Doc. 57 at pp. 11-12.) The CW Motion cited on-point authority from cases such as *Millennial Media* and *Lumber Liquidators* making clear that the Court can consider the CW affidavits in deciding a motion to dismiss. (Doc. 57 at pp. 12-15.)

The opposition did not address *Zucco*, but asserted that the Court cannot address the issues raised in the CW Motion because Fed. R. Civ. P. 12(d) does not allow the consideration of extrinsic evidence in ruling on a motion to dismiss. (Doc. 63 at pp. 6-10.) In other words, Plaintiffs asserted that it does not matter if a CW disclaims a statement attributed to them; the Court must ignore that disclaimer and still consider the allegations.

The reply highlighted that Plaintiffs did not address *Zucco* and failed to recognize that judicially noticed facts under Fed. R. Evid. 201 are an exception to Fed. R. Civ. P. 12(d). (Doc. 64 at pp. 4-5.)

\* \* \*

The table below reflects where each of the above-described three topics that Plaintiffs attempt to cover once again in their proposed sur-reply were discussed in the CW Motion, opposition, and reply, and the argument advanced by each party in each filing:

| Topics Covered in Proposed Sur-Reply | CW Motion (Doc. 57) | Opposition (Doc. 63) | Reply (Doc. 64) |
|---|---|---|---|
| CW 8 Allegations | **PP. 8-9:** Plaintiffs' counsel failed to verify statements attributed to CW 8. | **PP. 3-6, 13-14:** Plaintiffs' counsel tried, but failed to verify statements attributed to CW 8 with him and sent the other CWs written copies of the statements attributed to them as they appeared in the CAC after the CAC was filed. | **PP. 1-2:** Plaintiffs concede that they did not obtain CW 8's confirmation of the statements attributed to him and have revealed they did not send written copies of the CAC to the other CWs until after the CAC was filed. |
| PSLRA Stay Argument | **P. 11:** The PSLRA stay does not apply to the CW Motion because it does not involve discovery. | **PP. 10-11:** The PSLRA stay precludes the Court from addressing the issues raised in the CW Motion and there is "no exception." | **PP. 8-9:** Plaintiffs failed to respond to the argument that the CW Motion does not involve discovery and, in any event, there is an exception to the PSLRA stay that would apply. |
| *Zucco*/Rule 12(d) Argument | **PP. 11-15:** Under *Zucco*, the court must undertake an assessment of the reliability of the CW allegations and courts have ordered the production of counsel and CW affidavits under similar circumstances at the motion to dismiss stage. | **PP. 6-10:** Rule 12(d) precludes the Court from considering CW affidavits and addressing the issues raised in the CW Motion. | **PP. 4-5:** Plaintiffs fail to address *Zucco,* and the Court is not precluded from considering the CW affidavits under *Zucco, Tellabs* and Fed. R. Evid. 201. |

4

**ARGUMENT**

The Court should summarily reject Plaintiffs' one-paragraph Motion seeking leave to file a sur-reply for several reasons.

**I.  Plaintiffs have tried to circumvent the rules to obtain the "last word."**

"Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court." *Spina v. Maricopa Cnty. Dep't of Trans.*, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009). Leave to file a sur-reply is seldom granted because, as noted in the sole authority Plaintiffs cite in the Motion (which rejected the plaintiff's request for leave), sur-replies "'are generally discouraged as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Briggs v. Montgomery*, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019) (quoting *ML Liquidating Trust v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011)); *see also Sims*, 2010 WL 5364783, at *8 ("Surreplies … are highly disfavored") (citation omitted). "Courts 'only allow for sur-replies in the most extraordinary of circumstances.'" *Id.*

The Motion does not identify "extraordinary circumstances" that would warrant a sur-reply. It includes no supporting argument or authority. And the proposed sur-reply attached to the Motion does nothing more than rehash the same arguments Plaintiffs made in their opposition. In a sur-reply, it is not appropriate for the movant to simply "elaborate on arguments already made in [their] responses." *Waltner v. United States*, 2020 WL 2991611, at *18 (D. Ariz. June 4, 2020), *aff'd*, 2021 WL 4310800 (9th Cir. Sept. 22, 2021).

It also was improper for Plaintiffs to attach their proposed sur-reply to a Motion that made no real attempt to justify the request for leave. "By filing [their] Surreply and Motion to File Surreply as one document," Plaintiffs "essentially filed a Surreply without first obtaining leave of this Court to do so." *Spina*, 2009 WL 890997, at *1. The lack of supporting argument in the Motion, combined with the attachment of the proposed sur-

5

reply that rehashes the same arguments, suggests that Plaintiffs hoped the Court would review and consider the proposed sur-reply whether the motion was granted or not. *See id.*

## II.    The reply did not raise new issues.

Plaintiffs concede that a sur-reply would not be appropriate absent "new issues or new evidence in a reply brief." (Mot. at 1 (quoting *Briggs*, 2019 WL 13039282, at *2).) But they fail to actually identify any new arguments or evidence in the Motion. Each of the three arguments Plaintiffs discuss in the proposed sur-reply was briefed in each of the CW Motion, opposition, and reply. (*See supra* Background.)

## III.    The reply responded to arguments made in the opposition.

A reply brief that "makes a responsive argument to points raised in the response" does not "introduce[] new issues or evidence" and " does not justify a sur-reply." *Briggs*, 2019 WL 13039282, at *2. Whatever the new "legal and factual arguments" Plaintiffs claim the Opendoor Defendants raised in reply, the arguments in the reply were related and responded directly to the arguments Plaintiffs made in their opposition. (*See supra* Background.) Arguments responsive to issues raised in an opposition are properly before the Court and do not provide grounds for a sur-reply. *See Fox v. Arizona*, 2022 WL 17811675, at *8 (D. Ariz. Dec. 19, 2022) (Liburdi, J.) (denying leave to file sur-reply because "[a]ny case law and legal theories referenced in the replies [were] related to those responsive arguments [in the opposition] and [were] properly before the Court"). For example, it was proper for the Opendoor Defendants to point out in reply that Plaintiffs' assertion that there were "no exceptions" to the PSLRA stay was wrong and that an applicable rule of evidence allowed consideration of CW affidavits at the motion to dismiss stage despite Plaintiffs' insistence that they could not be considered.

## CONCLUSION

For all the reasons set forth above, the Opendoor Defendants respectfully request that the Court deny the Motion.

6

Dated: November 20, 2023

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email: ahakki@shearman.com
Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email: lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc.,
Eric Wu, Carrie Wheeler, Chamath Palihapitiya,
Steven Trieu, Ian Osborne, Adam Bain, David
Spillane, Cipora Herman, Pueo Keffer, Glenn
Solomon, Jason Kilar, and Jonathan Jaffe*

7