**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email: ahakki@shearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email: lyle.roberts@shearman.com

*Counsel for Defendants Opendoor Technologies Inc.,*
*Eric Wu, Carrie Wheeler, Chamath Palihapitiya,*
*Steven Trieu, Ian Osborne, Adam Bain, David Spillane,*
*Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,*
*and Jonathan Jaffe*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies, Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**OPENDOOR DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION AND MEMORANDUM OF LAW IN SUPPORT** |

The Opendoor Defendants[1] respectfully submit this Motion for Leave to File a Sur-Reply to Plaintiffs' Reply in Further Support of Motion for Reconsideration and Memorandum of Law in Support.

Plaintiffs' Reply (Doc. 91) effectively concedes the lack of "manifest error," misrepresents several new cases Plaintiffs have raised for the first time on reply to a motion for reconsideration, and reflects a disregard and indifference towards the Local Rules.

"Manifest error" is a "plain and indisputable" error and requires that the court exhibit a "complete disregard" of controlling law and the evidence properly before it. (Doc. 89 at 3.) The Reply concedes that there is no error in dismissing claims based on an affirmative defense, there is no U.S. Supreme Court or Ninth Circuit precedent that dictates a different outcome in this case, and several courts within this circuit have come to the same result that this Court did. That should be the end of the reconsideration analysis.

Instead, Plaintiffs' Reply attempts to engage in full-blown re-litigation of negative causation. This is prohibited by the Local Rules and this Court's precedent. *See* LRCiv. 7.2(g); *Rindlisbacher v. Steinway & Sons*, 2021 2334407, at *3 (D. Ariz. June 08, 2021) (Liburdi, J.) ("[A] motion for reconsideration 'is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments,' nor is a motion for reconsideration meant to give a party a 'second bite at the apple.'").

In their Opposition, the Opendoor Defendants pointed out that the Motion for Reconsideration improperly cited cases that could have been raised earlier and made new arguments based on those cases that Plaintiffs had every opportunity to make before. (*See* Doc. 89 at 9-11.) Plaintiffs' Reply not only ignores that point but also doubles down by including at least *five new cases* and making new arguments based upon them.[2]

---

[1] The Opendoor Defendants are Opendoor Technologies Inc., Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe.

[2] Moreover, Plaintiffs misrepresent several of those new cases. By way of example, Plaintiffs cite *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) for the first time on reply to claim that courts have dismissed Exchange Act claims for lack of loss causation but allowed Securities Act claims premised on the same misstatements

The Opendoor Defendants do not believe that this Court can or should address Plaintiffs' lengthy attempts to relitigate an issue the Court already has correctly decided. Indeed, the very fact that Plaintiffs are forced to engage in this lengthy exercise demonstrates that no manifest error occurred. However, if the Court is inclined to consider any of the case law or related new arguments presented in the Reply, the Opendoor Defendants respectfully request they be afforded an opportunity to file a short sur-reply to address them.

---

and corrective disclosures to proceed. That is not what happened in *Hunt*. There, the Exchange Act claims that were dismissed on loss causation grounds, and the Securities Act claims that were allowed to proceed, were based on entirely different alleged misstatements. *See id.* at *9-10, 19. The court did not address negative causation at all in its opinion.

Dated: April 5, 2024                    **LEWIS ROCA ROTHGERBER CHRISTIE LLP**


                                        */s/ Lyle Roberts*
                                        John C. Gray (Arizona Bar. No. 028454)
                                        Robert M. Kort
                                        201 East Washington Street, Suite 1200
                                        Phoenix, AZ 85004
                                        Telephone: (602) 262-5311
                                        Facsimile: (602) 262-5747
                                        Email: jgray@lewisroca.com
                                               rkort@lewisroca.com

                                        **SHEARMAN & STERLING LLP**
                                        Adam S. Hakki (*pro hac vice*)
                                        599 Lexington Ave.
                                        New York, NY 10022
                                        Telephone: (212) 848-4000
                                        Email: ahakki@shearman.com

                                        Lyle Roberts (*pro hac vice*)
                                        401 9th Street, NW, Suite 800
                                        Washington, DC 20004
                                        Telephone: (202) 508-8000
                                        Email: lyle.roberts@shearman.com

                                        *Counsel for Defendants Opendoor Technologies Inc.,
                                        Eric Wu, Carrie Wheeler, Chamath Palihapitiya,
                                        Steven Trieu, Ian Osborne, Adam Bain, David
                                        Spillane, Cipora Herman, Pueo Keffer, Glenn
                                        Solomon, Jason Kilar, and Jonathan Jaffe*

3