**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Alich, | No. CV-22-01717-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Opendoor Technologies Incorporated, et al., | |
| Defendants. | |

On February 28, 2024, the Court issued its Order dismissing Plaintiffs' Consolidated Amended Complaint with leave to amend. (Doc. 86.) Among other things, the Court found that Plaintiffs' claim brought pursuant to Section 11 of the Securities Act of 1933 failed because "Defendants have established negative causation because they have demonstrated that Plaintiffs do not allege a corrective disclosure or any other indication of loss causation in their Consolidated Amended Complaint." (*Id.* at 31.) It also found that Plaintiffs had not alleged a claim under Section 15 of the Securities Act of 1933 because they did not allege a primary violation of Section 11. (*Id.* at 31-32.)

Plaintiffs filed their Motion for Reconsideration, which Defendants oppose. (Docs. 87, 89.) After considering the parties' briefing, relevant authorities, and Local Rule of Civil Procedure 7.2(g), the Court finds that reconsideration is warranted and will grant the Motion.

To establish negative causation, Defendants must "prove" that Plaintiffs' claimed losses are "not attributable to the alleged misrepresentation . . . in the registration

statement." *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 860 (9th Cir. 2013) (cleaned up). The issue is typically reserved for summary judgment, except for when negative causation is apparent from the face of the complaint. *Brown v. Ambow Educ. Holding Ltd.*, No. CV 12-5062 PSG (AJWx), 2014 WL 523166, at *16 (C.D. Cal. Feb. 6, 2014). But that exception requires more than a plaintiff's failure to allege loss causation. *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 487, 522-23 (S.D.N.Y. 2013). Here, the Court is unable to find negative causation from the face of the Consolidated Amended Complaint, and even if it were, Plaintiffs would be provided leave to amend. This issue, thus, is better reserved for summary judgment. *See Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1131, *aff'd*, 607 F. App'x 694 (9th Cir. 2015).

Additionally, the Court finds that Defendants' misleading statement—that Opendoor's algorithm "can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions"—touches upon the alleged reasons for Plaintiffs' claimed losses. *Hildes*, 734 F.3d at 861 (applying the rule that "overcoming a negative causation defense requires merely that the misrepresentation touches upon the reasons for an investment's decline in value") (cleaned up). The Court therefore finds that Plaintiffs have adequately alleged a claim under Section 11.

The Court must also revisit its conclusion that Plaintiffs have not pleaded a violation of Section 15. "To state a claim under Section 15, a plaintiff must show that: (1) there is a primary violation of the Securities Act; and (2) the defendant directly or indirectly controlled the person or entity liable for the primary violation." *Pino v. Cardone Cap., LLC*, 55 F.4th 1253, 1257 (9th Cir. 2022) (cleaned up). As stated, the Court finds that Plaintiffs have pleaded a primary violation of Section 11. The Court also finds that Plaintiffs have adequately alleged that the Securities Act Individual Defendants "controlled the person or entity liable for the primary violation."[*] *Id.*; (*see* Doc. 39 ¶¶ 362-74, 496-99.) Therefore, Plaintiffs have stated a claim under Section 15.

---

[*] The Securities Act Individual Defendants include Defendants Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, Jonathan Jaffe, Chamath Palihapitiya, Steven Trieu, Ian Osborne, and David Spillane. (Doc. 39 ¶¶ 362-74.)

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 87) is **granted**.

**IT IS FURTHER ORDERED** that the Court's February 28, 2024 Order (Doc. 86) is vacated in part and amended **as follows only**:

1. Plaintiffs have adequately alleged a claim under Section 11 of the Securities Act of 1933 against all Defendants with respect to Defendants' statement that Opendoor's algorithm "can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions."

2. Plaintiffs have adequately alleged a claim under Section 15 of the Securities Act of 1933 against the Securities Act Individual Defendants with respect to Defendants' same statement.

**IT IS FURTHER ORDERED** that the Court's negative causation analysis in its February 28, 2024 Order (Doc. 86 at 30-31) shall not constitute the law of the case and will not bind the Court in any future motion to dismiss or other dispositive motion.

**IT IS FINALLY ORDERED** that the stay on Plaintiffs' deadline to file a second amended complaint is lifted. If Plaintiffs choose to file a second amended complaint, they must do so no later than **Friday, May 31, 2024**.

Dated this 14th day of May, 2024.

Michael T. Liburdi
United States District Judge