**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
Robert M. Kort (Bar No. 016602)
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: rkort@lewisroca.com
        jgray@lewisroca.com

*Counsel for Defendants Opendoor Technologies Inc.,*
*Eric Wu, Carrie Wheeler, Chamath Palihapitiya,*
*Steven Trieu, Ian Osborne, Adam Bain, David Spillane,*
*Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,*
*and Jonathan Jaffe*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies, Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**DEFENDANTS' MOTION TO CERTIFY MAY 14 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND MEMORANDUM OF LAW IN SUPPORT** |

Defendants[1] submit this Motion to Certify the Court's May 14 Order (Doc. 97) for Interlocutory Appeal Pursuant to U.S.C. § 1292(b) and Memorandum of Law in Support.

**INTRODUCTION**

In this action, Plaintiffs originally brought wide-ranging claims under both the Exchange Act and the Securities Act based on a large number of alleged misstatements made between 2020 and 2022. Through the motion to dismiss process, however, the case has been significantly narrowed. Only Securities Act claims, based on a single alleged misstatement, remain. Plaintiffs have elected not to file an amended complaint to attempt to revive any of the dismissed claims.

The Court originally dismissed the Securities Act claims on negative causation grounds because the Consolidated Amended Complaint ("Complaint") did not identify a corrective disclosure supporting loss causation. The Court later reconsidered that decision and issued an order on May 14, 2024 (the "May 14 Order") reinstating the Securities Act claims. The May 14 Order stated that dismissal at the pleading stage based on negative causation "requires more than a plaintiff's failure to allege loss causation."

Courts have split on whether a defendant can establish negative causation on the face of the complaint by showing a failure to adequately allege loss causation. Several courts in this Circuit have deemed this sufficient, while this Court and others have held that a defendant must do more. The Ninth Circuit has not yet squarely decided this issue.

Defendants respectfully request that the Court certify the May 14 Order and the following question for interlocutory appeal under 28 U.S.C. § 1292(b): Whether and under what circumstances a defendant can establish negative causation based on the plaintiff's failure to adequately plead loss causation. Certification is appropriate because the standard

---

[1] The Defendants are the Opendoor Defendants and the Underwriter Defendants. The Opendoor Defendants are Opendoor Technologies Inc. ("Opendoor"); Eric Wu; Carrie Wheeler; Adam Bain; Cipora Herman; Chamath Palihapitiya; Steven Trieu; Ian Osborne' David Spillane; Pueo Keffer; Glenn Solomon; Jason Kilar; and Jonathan Jaffe. The Underwriter Defendants are Citigroup Global Markets Inc.; Goldman Sachs & Co. LLC; Barclays Capital Inc.; Deutsche Bank Securities Inc.; Oppenheimer & Co. Inc.; BTIG, LLC; KeyBanc Capital Markets Inc.; Wedbush Securities Inc.; TD Securities (USA) LLC; Zelman Partners LLC; Academy Securities, Inc.; Loop Capital Markets LLC; Samuel A. Ramirez & Company, Inc.; and Siebert Williams Shank & Co., LLC.

for negative causation involves a "controlling" issue of law that would be dispositive of the remaining case if the Ninth Circuit were to adopt Defendants' position, and there are substantial grounds for difference of opinion. A Ninth Circuit ruling could resolve a recurring legal question that has generated a split of authority and bring this action to a close, as both sides face the prospect of protracted class action proceedings.

**BACKGROUND**

The Complaint asserted claims under Sections 10(b) and/or 20(a) of the Exchange Act against Defendants Opendoor, Wu, and Wheeler, and under Sections 11 and/or 15 of the Securities Act against all Defendants. (*See* Doc. 39) The claims rested on various alleged misstatements in registration statements, SEC filings, and transcripts from earnings calls and investor conferences in 2021 and 2022. (*See id.*)

Defendants Opendoor, Wu, and Wheeler moved for dismissal of the Exchange Act claims on several grounds, including Plaintiffs' failure to plead the existence of an actionable false or misleading statement, scienter, or loss causation. (*See* Doc. 48.) All Defendants moved for dismissal of the Securities Act claims on the grounds that Plaintiffs failed to plead the existence of an actionable false or misleading statement and that the affirmative defense of negative causation was established by the Complaint's failure to adequately plead loss causation. (*See id.*; Doc. 51.)

On February 28, 2024, the Court granted Defendants' motions to dismiss. (Doc. 86.) The Court dismissed the Exchange Act claims because it found that Plaintiffs failed to plead both scienter and loss causation. (*See id.* at 15-26.) The Court dismissed the Securities Act claims on negative causation grounds. (*See id.* at 30-32.) The Court found that Defendants "established negative causation because they have demonstrated that Plaintiffs do not allege a corrective disclosure or any other indication of loss" in the Complaint. (*Id.* at 31.) The Court also found that Plaintiffs adequately pleaded the existence of only one alleged misstatement that could possibly support their Securities Act claims. (*Id.* at 29-30.)

Plaintiffs filed a motion for reconsideration solely as to dismissal of the Securities Act claims. (Doc. 87.) They argued that (i) to establish negative causation on the pleadings, a defendant must do more than show the absence of loss causation on the face of the complaint and (ii) a plaintiff can overcome a negative causation defense at the motion-to-dismiss stage by pleading that an alleged misstatement "touches upon" an alleged decline in stock price. (*See id.*) In the May 14 Order, the Court granted Plaintiffs' motion for reconsideration, agreeing that dismissal on negative causation grounds "requires more than a plaintiff's failure to allege loss causation" and finding that the single actionable alleged misstatement "touches upon the alleged reasons for Plaintiffs' claimed losses." (Doc. 97 at 2.) The Court therefore amended its February 28 Order to state that Plaintiffs adequately alleged claims under Sections 11 and 15 of the Securities Act for a single alleged misstatement: Opendoor's algorithm "can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions." (*Id.* at 3.)

The Court gave Plaintiffs until May 31, 2024 to file a second amended complaint to try to revive any of the dismissed Exchange Act or Securities Act claims. (*Id.*) On May 31, 2024, Plaintiffs filed a Notice of Intent Not to File a Second Amended Complaint, electing to stand on the surviving Securities Act allegations in the Complaint. (Doc. 100.)

**LEGAL STANDARD**

Section 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Under Section 1292(b), a district court may certify an order for interlocutory appeal if it finds that (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion'"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A court has substantial discretion in deciding whether to grant a party's motion for certification." *Adobe Sys. Inc. v. Hoops Enter. LLC*, 2012 WL 1710951, at *1 (N.D. Cal. May 15, 2012).

3

**ARGUMENT**

**I.     The May 14 Order involves a controlling question of law.**

"An issue of law may … be considered 'controlling' if reversal of an order would terminate the action." *M.G. v. Metro. Interpreters & Translators, Inc.*, 85 F. Supp. 3d 1195, 1197 (S.D. Cal. 2015). But "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Cement Antitrust Litig.*, 673 F.2d at 1026. Certification is "especially appropriate" under this prong when the question presented involves a "pure legal question." *Helman v. Alcoa Global Fasteners Inc.*, 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) *aff'd*, 637 F.3d 986 (9th Cir. 2011).

Negative causation is an affirmative defense. Under well-established Ninth Circuit case law, an affirmative defense, like negative causation, provides a basis for dismissal if a defendant establishes the defense through the allegations in the complaint and documents subject to judicial notice or incorporated by reference. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *see also Soc. Life Network, Inc. v. LGH Invs., LLC*, 2023 WL 3641791, at *1 (9th Cir. May 25, 2023) (affirming dismissal of Exchange Act claims on limitations grounds).

Whether a defendant can establish negative causation based on the failure to adequately plead loss causation is a "controlling" question of law in this case. The Court found that the Complaint failed to plead loss causation as a matter of law because the alleged corrective disclosures did not "withstand scrutiny" under Ninth Circuit precedent. (Doc. 86 at 31) If, as a matter of law, negative causation were shown by the Complaint's failure to adequately plead loss causation, the lack of a corrective disclosure supporting loss causation would require dismissal of Plaintiffs' Securities Act claims, ending this case.

**II.     There is substantial ground for a difference of opinion.**

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (deciding interlocutory appeal on surviving Exchange Act claims after

4

district court granted the parties' motions for reconsideration in part); *see also Elorreaga v. Rockwell Automation, Inc.*, 2023 WL 4116623, at *1 (N.D. Cal. June 16, 2023) ("Courts look to whether the issue is one 'over which reasonable judges might differ' and whether the 'uncertainty provides a credible basis for a difference of opinion.'"). A litigant can establish "a substantial ground for difference of opinion" when there are conflicting or contradictory legal authorities, or a lack of precedent creates ambiguity as to an applicable standard. *See In re Cal. Title Ins. Antitrust Litig.*, 2010 WL 785798, at *1 (N.D. Cal. Mar. 3, 2010) ("In light of the lack of precedent bearing on the issue, the Court concludes that Defendants have shown a substantial ground for a difference of opinion exists."); *FDIC v. Jackson-Shaw Partners No. 46, Ltd.*, 1995 WL 594866, at *2 (N.D. Cal. Oct. 4, 1995) (noting that "substantial doubt may arise … because there is conflicting legal authority"); *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) ("[I]dentification of a 'sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement.").

The second Section 1292(b) prong is satisfied because there are conflicting or contradictory legal authorities on the standard Defendants must satisfy to establish negative causation at the motion-to-dismiss stage. Within the Ninth Circuit, courts in several cases have dismissed Securities Act claims on negative causation grounds solely because the corrective disclosures pleaded in the complaints at issue did not support loss causation. *See, e.g.*, *Hoang v. ContextLogic, Inc.*, 2023 WL 8879263, at *15-16 (N.D. Cal. Dec. 22, 2023) (alleged corrective disclosures did not support loss causation); *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 523166, at *15 (C.D. Cal. Feb. 6, 2014) (same); *In re Shoretel Inc., Sec. Litig.*, 2009 WL 248326, at *5 (N.D. Cal. Feb. 2, 2009) (same). As a result, those courts found the defendants established negative causation based on the failure to adequately plead loss causation. (*See* Doc. 89 at 5-6 (discussing *ContextLogic*, *Brown*, and *Shoretel*)).

Several courts outside the Ninth Circuit have reached the same conclusion and found that defendants can establish negative causation at the pleadings stage based on the

failure to adequately plead loss causation. For example, in *Amorosa v. Time Warner Inc.*, 409 F. App'x 412, 416-417 (2d Cir. 2011), the Second Circuit affirmed dismissal of Securities Act claims on negative causation grounds because "the absence of loss causation" was "apparent from the face of the Complaint" due to the failure to plead a corrective disclosure that supported loss causation. More recently, in *In re Miniso Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *19-20 (S.D.N.Y Feb. 23, 2024), the court dismissed the plaintiff's Securities Act claims on negative causation grounds because the plaintiff did "not plead loss causation" through the corrective disclosures identified in the complaint. *Id.* at *20.

Other courts have issued conflicting opinions. For example, the Court held in the May 14 Order that negative causation "requires more than a plaintiff's failure to allege loss causation" in the complaint. (Doc. 86 at 2.) Similarly, in *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 869 (S.D. Tex. 2004), the court held that to obtain dismissal on negative causation grounds, the defendants had to establish that a reason other than the alleged misstatement caused the stock price drop.

The Ninth Circuit has not yet squarely decided what standard governs a defendant's burden with respect to negative causation at the motion-to-dismiss stage, particularly in the context of a securities class action. The "touches upon" language from *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 860 (9th Cir. 2013) cited in the May 14 Order presents significant ambiguity for two reasons.

*First*, it is not clear that the Ninth Circuit in *Hildes* meant to create a general standard for evaluating the affirmative defense of negative causation at the pleading stage where the plaintiff pleads that the alleged truth came to light through a corrective disclosure that caused the stock price decline. The *Hildes* plaintiff was a shareholder of a private company acquired by a larger company and brought claims on behalf of himself only. *Id.* The plaintiff's theory was that but for alleged misstatements in a registration statement issued by the acquiror that enabled the acquiror to move forward with the transaction, the merger would not have occurred, and he would have retained more valuable stock in the acquired

entity than what he received in the merger. *Id.* The damages were not based on the decline in the stock price of the acquiring entity after the truth of the alleged misstatements came to light. *Id.* In sum, unlike in this case, the *Hildes* plaintiff did not bring Securities Act claims on behalf of a class, did not attempt to plead loss through a corrective disclosure and corresponding stock drop, and alleged unique damages that were not based on fluctuations in the market value of a publicly traded stock. *Id.* at 861.

*Second*, the *Hildes* court derived the "touches upon" language from Ninth Circuit precedent on the loss causation standard for Section 10(b) claims. *See id.* at 861 (quoting *Worlds of Wonder*, 35 F.3d at 1422); *Worlds of Wonder*, 35 F.3d at 1422 (quoting *McGonigle v. Combs*, 968 F.2d 810, 821 (9th Cir. 1992) and other Section 10(b) cases); *McGonigle*, F.3d at 821 ("The causation requirement is satisfied in a *Rule 10b–5* case only if the misrepresentation *touches upon* the reasons for the investment's decline in value." (emphasis added)). It is thus reasonable to conclude that the standards for loss causation and negative causation are basically the same. *See Lau v. Opera Ltd.*, 527 F. Supp. 3d 537, 561 (S.D.N.Y. 2021) ("Courts have recognized that the negative loss causation affirmative defense in the Section 11 context and the loss causation element of Section 10(b) claims are 'mirror images.'"). That link should provide further support for dismissing the Securities Act claims on negative causation grounds because Plaintiffs have failed to plead loss causation. (*See* Doc. 86 at 26.)

Accordingly, there exists "substantial grounds for a difference of opinion," given the conflicting and ambiguous authority on the question for which Defendants seek certification. Certification of the May 14 Order would provide the Ninth Circuit with the opportunity to address the applicable legal standard for assessing the negative causation defense at the pleading stage of a securities class action.

**III.    An immediate appeal may materially advance the ultimate termination of the litigation.**

The third Section 1292(b) prong is also satisfied. The Ninth Circuit has held that if an interlocutory appeal could result in dismissal of a claim or a defendant, "[t]hat is

sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal [is] permissible." *Reese*, 643 F.3d at 688. Courts also have found that the third prong is satisfied "particularly in class action" cases, where an answer to a question via interlocutory appeal could save the parties significant time and litigation expense. *Finder v. Leprino Foods Co.*, 2016 WL 4095833, at *5 (E.D. Cal. Aug. 1, 2016), *aff'd and remanded*, 2022 WL 2167791 (9th Cir. June 12, 2022).

Here, if the Ninth Circuit were to adopt Defendants' position on appeal, the case would be fully and finally resolved as to *all twenty-seven defendants*. This would mean the parties and the Court avoiding unnecessary class certification proceedings, costly and time-consuming fact and expert discovery, summary judgment proceedings, and potentially a lengthy trial (although Defendants do not believe a trial in this case will be necessary). Absent interlocutory appeal, Defendants would be required to continue litigating the Securities Act claims, at great expense, even though the Ninth Circuit could have determined that those claims should not survive the pleading stage. *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 992 (D. Ariz. 2015) (granting certification on loss causation standard for Section 10(b) claims where "expensive expert discovery and a costly and complex trial" could be avoided if Ninth Circuit adopted standard urged by defendants at summary judgment), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018).

## CONCLUSION

For all the reasons set forth above, the issue of negative causation in this case satisfies all of the requirements of 28 U.S.C. § 1292(b). Defendants respectfully request that the Court grant the Motion and certify the May 14 Order for interlocutory appeal on the following question: Whether and under what circumstances a defendant can establish negative causation based on the plaintiff's failure to adequately plead loss causation.

8

Dated: June 18, 2024

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

_[signature]_

Robert M. Kort (Bar No. 016602)
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-262-5331
jgray@lewisroca.com

**ALLEN OVERY SHEARMAN STERLING US LLP**

Adam S. Hakki (*pro hac vice*)
599 Lexington Ave
New York, NY 10022
Telephone: (212) 848-4000
ahakki@aoshearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
lyle.roberts@aoshearman.com

*Counsel for Defendants Opendoor Technologies Inc., Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Adam Bain, David Spillane, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe*

9

**BEYERS FARRELL PLLC**

*/s/* Michael J. Farrell (with permission)

Michael J. Farrell (Arizona Bar. No. 015056)
Maureen Beyers (Arizona Bar No. 017134)
99 East Virginia Avenue, Suite 220
Phoenix, AZ 85004
Telephone: (602) 738-3022
mfarrell@bfazlaw.com
mbeyers@bfazlaw.com

**O'MELVENY & MYERS LLP**
Jonathon Rosenberg (*pro hac vice*)
William Sushon (*pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
jrosenberg@omm.com
wsushon@omm.com

Amy S. Park (*pro hac vice*)
2765 Sand Hill Road
Menlo Park, CA
Telephone: (650) 473-2600
apark@omm.com

*Counsel for Defendants Citigroup Global Markets, Inc., Goldman Sachs & Co., LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc. and Siebert Williams Shank & Co., LLC*

10