**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
Robert M. Kort (Bar No. 016602)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email:  jgray@lewisroca.com
        rkort@lewisroca.com

**ALLEN OVERY SHEARMAN STERLING US LLP**
Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email:  ahakki@aoshearman.com

Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email:  lyle.roberts@aoshearman.com

*Counsel for Defendants Opendoor Technologies Inc.,
Eric Wu, Carrie Wheeler, Chamath Palihapitiya,
Steven Trieu, Ian Osborne, Adam Bain, David Spillane,
Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar,
and Jonathan Jaffe*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies, Inc. Securities Litigation | Case No. 2:22-CV-01717-MTL<br><br>**OPENDOOR DEFENDANTS' ANSWER TO CONSOLIDATED AMENDED COMPLAINT** |

The Opendoor Defendants[1] hereby submit this Answer to the Consolidated Amended Complaint dated April 17, 2023 (the "Amended Complaint") (Dkt. 39) filed by Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs"), and Additional Plaintiff Stuart Graham Hereford ("Additional Plaintiff," and together with Lead Plaintiffs, "Plaintiffs").

Except as otherwise affirmatively stated below, the Opendoor Defendants deny all allegations of the Amended Complaint, including, without limitation, all allegations to the extent they suggest that the Opendoor Defendants committed any violation of law. The Amended Complaint furthermore contains section titles, headings, and footnotes to which no response is required. To the extent any response is required to any section title, heading, or footnote, the allegations are denied.

In its Opinion and Order Granting Motion to Dismiss dated February 28, 2024 (Dkt. 86), as amended by its Opinion and Order Granting Plaintiffs' Motion for Reconsideration dated May 14, 2024 (Dkt. 97), the Court dismissed all claims in the Amended Complaint brought under the Securities Exchange Act of 1934 ("Exchange Act") and all claims brought under the Securities Act of 1933 ("Securities Act"), except for Plaintiffs' Section 11 claims with respect to the statement that "Opendoor's algorithm 'can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions'" and Section 15 claims with respect to the same statement. The Amended Complaint identifies only Paragraphs 320 through 499 as relevant to the Securities Act claims, and only a portion of those paragraphs are relevant to the *remaining* Securities Act claims. *See* Am. Compl. ¶¶ 480, 493. It is the Opendoor Defendants' position that because the dismissed claims and allegations are not part of the case that the Court has allowed to

---

[1] The Opendoor Defendants are Opendoor Technologies Inc. ("Opendoor") and Eric Wu, Carrie Wheeler, Adam Bain, Cipora Herman, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, the "Opendoor Individual Defendants"). Capitalized terms not otherwise defined herein shall have the same meaning as in the Amended Complaint.

1

proceed, no response to such dismissed claims and allegations (including without limitation Paragraphs 1 through 319, *see* Am. Compl. ¶¶ 305, 316) is required or serves any legitimate purpose. Although responses are provided herein to those claims and allegations, the Opendoor Defendants do not thereby waive, and expressly reserve, their rights with regard to the dismissed claims and allegations, including without limitation the right to take the position in this case in any motion practice or otherwise that (1) no response to dismissed claims and allegations is required, (2) the dismissed claims and allegations have no continuing relevance to this case as it has been narrowed by the Court's rulings, and (3) the dismissed claims and allegations are not the proper subject of any discovery in this case.

The Opendoor Defendants reserve their rights under FRCP 15(a)(1)(A) to amend their Answer, and otherwise reserve to the fullest extent permitted under FRCP 15(a)(2) and any applicable court order the ability to seek to amend their Answer.

Subject to the foregoing, the Opendoor Defendants hereby answer the allegations in the unnumbered paragraphs on pages 1-2 of the Amended Complaint, the unnumbered paragraph under the heading for Section I of the Amended Complaint, and then the remaining paragraphs of the Amended Complaint, as follows:

Unnumbered Paragraphs of Pages 1-2. The Opendoor Defendants admit that the Amended Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act, but aver that the Exchange Act claims have been dismissed in their entirety and the Securities Act claims have been dismissed except as they relate to the statement that "Opendoor's algorithm 'can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions.'" The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the last unnumbered paragraph on page 2 of the Amended Complaint as they pertain to the investigation undertaken by Plaintiffs or their representatives. To the extent that the unnumbered paragraphs on pages 1 and 2 purport to state legal conclusions, no responsive pleading is required. To the extent a

response is required, the Opendoor Defendants admit that Plaintiffs purport to disclaim allegations of fraud, intentional misconduct, or deliberate reckless misconduct in connection with their Securities Act claims. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in the unnumbered paragraphs on pages 1 and 2 of the Amended Complaint.

Unnumbered Paragraph under the Heading for Section I of the Amended Complaint. The Opendoor Defendants admit that the Amended Complaint purports to assert class action claims under Sections 10(b) and 20(a) of the Exchange Act, but aver that these claims have been dismissed. To the extent that the unnumbered paragraph under the heading for Section I of the Amended Complaint purports to state legal conclusions, no responsive pleading is required. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in the unnumbered paragraph under the heading for Section I of the Amended Complaint.

1. The Opendoor Defendants deny the allegations in paragraph 1 and aver that the Court dismissed Plaintiffs' Exchange Act claims.

2. The Opendoor Defendants admit that SCH effected a merger transaction with Legacy Opendoor, SCH changed its name to Opendoor, and Opendoor is a public company. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 2.

3. The Opendoor Defendants admit that Opendoor is a digital platform for residential real estate that acquires and sells residential properties online and that Opendoor uses artificial intelligence for its business. The Opendoor Defendants admit that "iBuying companies" use algorithms and/or technology to inform pricing decisions and typically make repairs and relist homes for resale after acquisition. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 3.

4. The Opendoor Defendants admit that Opendoor has developed proprietary pricing algorithms to inform pricing decisions. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 4.

5.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 5.

6.    The Opendoor Defendants deny the allegations in paragraph 6.

7.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote the Company's 2020 Annual Report, refer to the Company's 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 7.

8.    The Opendoor Defendants admit that contribution margin is an important performance metric.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript for Opendoor's earnings call for the fourth quarter of 2021 and refer to that transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 8.

9.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the transcripts of Opendoor's third quarter 2021 earnings call and the March 3, 2022 Wedbush Real Estate Technology Conference and refer to the transcripts for a full and accurate recitation of their contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 9.

10.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an article by Investor Place and a report by Wedbush and refer to those documents for a full and accurate recitation of their contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 10.

11.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a statement by the CEO of Zillow and refer to that statement for a full and

4

accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 11.

12.    The Opendoor Defendants deny the allegations in paragraph 12.

13.    The Opendoor Defendants admit the first sentence of paragraph 13.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from Opendoor's third quarter 2021 earnings announcement and earnings call transcript and refer to those documents for a full and accurate recitation of their contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 13.

14.    The Opendoor Defendants deny the allegations in paragraph 14.

15.    The Opendoor Defendants admit that Mr. Wu sold 1,613,498 shares of Opendoor stock on November 16, 2021, 628,348 shares of Opendoor stock on November 17, 2021, and 443,182 shares of Opendoor Stock on November 18, 2021.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 15.

16.    The Opendoor Defendants deny the allegations in paragraph 16.

17.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2.  The Opendoor Defendants deny any remaining allegations in paragraph 17.

18.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC complaint and refer to that document for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 18.

19.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 19.

20.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC complaint and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 20.

21.     The Opendoor Defendants deny the allegations in paragraph 21.

22.     The Opendoor Defendants admit that Opendoor's stock price closed at $8.44 per share on February 25, 2022.  The Opendoor Defendants admit that Opendoor announced fourth quarter and full year 2021 financial results on February 24, 2022.  The Opendoor Defendants admit that Plaintiffs purport to summarize the February 24, 2022 earnings release, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 22.

23.     The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022 and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 23.

24.     The Opendoor Defendants deny the allegations in paragraph 24.

25.     The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's second quarter 2022 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 25.

26.     The Opendoor Defendants admit that Plaintiffs purport to summarize a September 19, 2022 Bloomberg article and refer to that article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 26.

27.     The Opendoor Defendants admit that Plaintiffs purport to summarize an earnings release issued by Opendoor on November 3, 2022, refer to the earnings release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 27.

28. The Opendoor Defendants admit that Opendoor's stock price closed at $1.74 per share on November 7, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 28.

29. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 23, 2022 article published in Seeking Alpha and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 29.

30. The Opendoor Defendants admit that this lawsuit purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act but aver that these claims have been dismissed.

31. To the extent that paragraph 31 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 31 because the Exchange Act claims have been dismissed.

32. To the extent that paragraph 32 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 32 because the Exchange Act claims have been dismissed.

33. To the extent that paragraph 33 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 33 because the Exchange Act claims have been dismissed.

34. The Opendoor Defendants admit the last sentence of paragraph 34. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the second and third sentences of paragraph 34. The Opendoor Defendants deny the remaining allegations in paragraph 34.

35. The Opendoor Defendants admit the last sentence of paragraph 35. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the

allegations in the second and third sentences of paragraph 35. The Opendoor Defendants deny the remaining allegations in paragraph 35.

36.    The Opendoor Defendants admit that the Amended Complaint purports to refer to Plaintiffs Indiana, Oakland County ERS, and Oakland County VEBA as "Lead Plaintiffs."

37.    The Opendoor Defendants deny the allegations in paragraph 37.

38.    The Opendoor Defendants admit the allegations in the first sentence of paragraph 38 and that the Company's common stock and warrants have traded on the NASDAQ under the ticker symbols "OPEN" and "OPENW." The Opendoor Defendants lack knowledge or information sufficient at this time to admit or deny that the Company's common stock and warrants have traded in an efficient market since December 21, 2021. The Opendoor Defendants deny any remaining allegations in paragraph 38.

39.    The Opendoor Defendants admit the first two sentences of paragraph 39 and that Mr. Wu participated in certain earnings calls and conferences with securities analysts in his role as CEO and signed certain of Opendoor's public filings with the SEC. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 39.

40.    The Opendoor Defendants admit the first three sentences of paragraph 40 and that Ms. Wheeler participated in certain earnings calls and conferences with securities analysts in her role as CFO and signed certain of Opendoor's public filings with the SEC. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 40.

41.    The Opendoor Defendants admit that the Amended Complaint sometimes purports to refer to Mr. Wu and Ms. Wheeler collectively as the "Exchange Act Individual Defendants."

42.    The Opendoor Defendants admit that Mr. Wu and Ms. Wheeler would have been provided with copies of certain press releases and SEC filings before they were

issued.   Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 42.

43.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations as set forth in paragraph 43.

44.   The Opendoor Defendants admit the first two sentences of paragraph 44.  The Opendoor Defendants deny any remaining allegations in paragraph 44.

45.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 45.

46.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 46.

47.   The Opendoor Defendants admit that CW 5 was at Opendoor from approximately November 2018 through March 2020.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 5.  The Opendoor Defendants deny any remaining allegations in paragraph 47.

48.   The Opendoor Defendants admit the first, second, fourth, and fifth sentences of paragraph 48.  The Opendoor Defendants admit that CW 6 reported to a staff research scientist at Opendoor.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 6.   The Opendoor Defendants deny any remaining allegations in paragraph 48.

49.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 49.

50.   The Opendoor Defendants admit the first sentence of paragraph 50.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 50.

51.   The Opendoor Defendants admit that Opendoor is a digital platform for residential real estate that acquires and sells residential properties online and has developed proprietary pricing algorithms to inform pricing decisions.  The Opendoor Defendants deny that the allegations in Paragraph 51 provide a complete and accurate

description of iBuying. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 51.

52.    The Opendoor Defendants admit that Opendoor has stated its goal is to redefine residential real estate. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 52.

53.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the November 2020 Registration Statement and Opendoor's website, refer to the November 2020 Registration statement and Opendoor website for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Opendoor Defendants deny that the allegations in Paragraph 53 provide a complete and accurate description of Opendoor's process. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 53.

54.    The Opendoor Defendants admit that Plaintiffs purport to summarize an unidentified public disclosure, refer to that disclosure for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 54.

55.    The Opendoor Defendants admit as of the Company's 2021 Annual Report, most of its revenue was generated by acquiring homes directly from individual sellers and reselling those homes to buyers. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the Company's 2021 Annual Report, refer to 2021 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 55.

56.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the March 3, 2022 Wedbush Real Estate Technology

10

Conference and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 56.

57.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the Company's 2020 Annual Report, refer to the 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 57.

58.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the Company's 2020 Annual Report, refer to the 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 58.

59.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the Company's 2020 Annual Report, refer to the 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 59.

60.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and the March 3, 2022 Wedbush Real Estate Technology Conference and refer to those documents for a full and accurate recitation of their contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 60.

61.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's February 24, 2022 earnings call and refer to transcript for a full and accurate recitation of its contents.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations regarding investor focus.  The Opendoor Defendants deny any remaining allegations in paragraph 61.

62. The Opendoor Defendants deny the allegations in paragraph 62.

63. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2 in the final sentence of paragraph 63. The Opendoor Defendants deny any remaining allegations in paragraph 63.

64. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of the statements to CW 2 in the first, second, fourth, and last sentences of paragraph 64. The Opendoor Defendants deny any remaining allegations in paragraph 64.

65. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 65.

66. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 66.

67. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 67.

68. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 68.

69. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 69.

70. The Opendoor Defendants deny the allegations in paragraph 70.

71. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 5, except deny the final sentence of paragraph 71. The Opendoor Defendants deny any remaining allegations in paragraph 71.

72.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 6.  The Opendoor Defendants deny any remaining allegations in paragraph 72.

73.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1.  The Opendoor Defendants deny any remaining allegations in paragraph 73.

74.    The Opendoor Defendants deny the allegations in paragraph 74.

75.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 4.  The Opendoor Defendants deny any remaining allegations in paragraph 75.

76.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 76.

77.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 77.

78.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 78.

79.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 79.

80.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 80.

81.    The Opendoor Defendants deny the allegations in paragraph 81.

82.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 82.

83.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 83.

84.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 84.

85.     The Opendoor Defendants admit the first sentence of paragraph 85.  The Opendoor Defendants admit that there are SPACs that raise funds through a public offering and the funds are placed in trust while the SPAC seeks an acquisition target during a certain time period.  The Opendoor Defendants refer to the November 2020 Registration Statement for a full and accurate description of the transaction between SCH and Legacy Opendoor, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 85.

86.     The Opendoor Defendants admit the second sentence of paragraph 86 and that on December 21, 2020, Opendoor common stock and warrants registered under the November 2020 Registration Statement began trading on NASDAQ under the symbols "OPEN" and "OPENW," respectively.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 86.

87.     The Opendoor Defendants admit the first sentence of paragraph 87 and that Plaintiffs purport to quote the December 21, 2020 Registration Statement, refer to the December 21, 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 87.

88.     The Opendoor defendants deny the allegations in paragraph 88.

89.     The Opendoor defendants deny the allegations in paragraph 89.

14

90.    The Opendoor Defendants admit that Plaintiffs purport to quote the December 21, 2020 Registration Statement, refer to the December 21, 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 90.

91.    The Opendoor defendants deny the allegations in paragraph 91.

92.    The Opendoor Defendants admit that Zillow, Offerpad, and Redfin were considered competitors during portions of the alleged class period and that Zillow operates Zillow.com and other websites.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations regarding Zillow's business practices and performance.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 92.

93.    The Opendoor Defendants admit that Plaintiffs purport to quote from a November 1, 2021 Wedbush analyst report and refer to the report for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 93.

94.    The Opendoor Defendants admit that certain of the Opendoor Individual Defendants publicly discussed the Company's algorithm and that Plaintiffs purport to quote the Company's 2020 Annual Report, refer to the Company's 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 94.

95.    The Opendoor Defendants admit that Opendoor reported strong financial performance during the vast majority of the alleged class period and that Plaintiffs purport to summarize and quote from a transcript of the Company's August 11, 2021 earnings call and refer the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 95.

96.    The Opendoor defendants deny the allegations in paragraph 96.

15

97.     The Opendoor Defendants admit that Plaintiffs purport to quote from an August 12, 2021 Wedbush analyst report and refer to the report for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 97.

98.     The Opendoor Defendants admit that Plaintiffs purport to quote from an August 2, 2021 InvestorPlace article and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 98.

99.     The Opendoor Defendants admit that Plaintiffs purport to quote from a September 8, 2021 Seeking Alpha article and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 99.

100.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an October 17, 2021 Bloomberg article and October 18, 2021 Zillow press release and refer to those documents for a full and accurate recitation of their contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 100.

101.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 2, 2021 Zillow earnings call transcript and refer to the transcript for a full and accurate recitation of its contents.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations concerning articles from unidentified media outlets.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 101.

102.    The Opendoor Defendants deny the allegations in paragraph 102.

103.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 9, 2021 Washington Post article and refer to the article for a full and accurate recitation of its contents.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations concerning articles from

16

unidentified media outlets.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 103.

104.   The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's third quarter 2021 earnings release, refer to earnings release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 104.

105.   The Opendoor Defendants deny the allegations in paragraph 105.

106.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 106.

107.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 107.

108.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 108.

109.   The Opendoor Defendants deny the allegations in paragraph 109.

110.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 110.

111.   The Opendoor Defendants deny the allegations in paragraph 111.

112.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 11, 2021 Oppenheimer report and refer to the report for a full and

accurate recitation of its contents. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations concerning articles from unidentified media outlets. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 112.

113. The Opendoor Defendants deny the allegations in paragraph 113.

114. The Opendoor Defendants admit that Mr. Wu sold 1,613,498 shares of Opendoor stock on November 16, 2021, 628,348 shares of Opendoor stock on November 17, 2021, and 443,182 shares of Opendoor Stock on November 18, 2021. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 114.

115. The Opendoor Defendants admit that Plaintiffs purport to summarize Mr. Wu's Form 4s filed with the SEC during the alleged Class Period, refer to those Form 4s for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 115.

116. The Opendoor Defendants deny the allegations in paragraph 116.

117. The Opendoor Defendants deny the allegations in paragraph 117.

118. The Opendoor Defendants deny the allegations in paragraph 118.

119. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 4. The Opendoor Defendants deny any remaining allegations in paragraph 119.

120. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1. The Opendoor Defendants deny any remaining allegations in paragraph 120.

121. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1. The Opendoor Defendants deny any remaining allegations in paragraph 121.

122.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence in paragraph 122 regarding unidentified discussions and unidentified conferences.  The Opendoor Defendants deny any remaining allegations in paragraph 122.

123.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 123.

124.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 8.  The Opendoor Defendants deny any remaining allegations in paragraph 124.

125.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 125.

126.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 126.

127.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 127.

128.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1.  The Opendoor Defendants deny any remaining allegations in paragraph 128.

129.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7 or the allegations regarding unidentified discussions and unidentified conferences.  The Opendoor Defendants deny any remaining allegations in paragraph 129.

130.   The Opendoor Defendants admit the third sentence of paragraph 130 and that Plaintiffs purport to summarize the Company's February 24, 2022 press release and

shareholder letter, refer to those documents for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 130.

131.    The Opendoor Defendants admit that Opendoor common stock closed at $8.44 on February 25, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 131.

132.    The Opendoor Defendants admit that Plaintiffs purport to summarize a February 25, 2022 article published in The Real Deal and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 132.

133.    The Opendoor Defendants deny the allegations in paragraph 133.

134.    The Opendoor Defendants admit that Ms. Wheeler attended a conference hosted by Wedbush Securities Inc. on March 3, 2022. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of that conference and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 134.

135.    The Opendoor Defendants deny the allegations in paragraph 135.

136.    The Opendoor Defendants deny the allegations in paragraph 136.

137.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022 and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 137.

138.    The Opendoor Defendants deny the allegations in paragraph 138.

139.    The Opendoor Defendants admit that on August 1, 2022, the FTC issued a press release announcing a $62 million settlement with Opendoor. The Opendoor Defendants admit that Plaintiffs purport to summarize that press release and refer to the

press release for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 139.

140. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an August 1, 2022 FTC blog post and refer to the blog post for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 140.

141. The Opendoor Defendants admit that Plaintiffs purport to quote from an August 1, 2022 FTC blog post and refer to the blog post for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 141.

142. The Opendoor Defendants admit the first sentence of paragraph 142. The Opendoor Defendants admit that Plaintiffs purport to summarize a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 142.

143. The Opendoor Defendants deny the allegations in paragraph 143.

144. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 144.

145. The Opendoor Defendants admit that Plaintiffs purport to summarize a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 145.

146. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 146.

147.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 147.

148.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 148.

149.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 149.

150.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 150.

151.    The Opendoor Defendants admit that Opendoor agreed to pay $62 million in connection with a settlement agreement.  The Opendoor Defendants admit that Plaintiffs purport to quote from a press release issued by the FTC and refer to the press release for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 151.

152.    The Opendoor Defendants deny the allegations in paragraph 152.

153.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an August 1, 2022 Opendoor press release, refer to the press release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 153.

154.    The Opendoor Defendants deny the allegations in paragraph 154.

155. The Opendoor Defendants deny the allegations in paragraph 155.

156. The Opendoor Defendants admit the first sentence of paragraph 156 and that Plaintiffs purport to summarize and quote from a transcript of the Company's second quarter 2022 earnings call and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 156.

157. The Opendoor Defendants admit that Opendoor's stock closed at $5.72 on August 5, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 157.

158. The Opendoor Defendants deny the allegations in paragraph 158.

159. The Opendoor Defendants admit that Plaintiffs purport to quote from a Bloomberg article published on September 19, 2022, and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 159.

160. The Opendoor Defendants admit that Opendoor's stock closed at $3.56 on September 20, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 160.

161. The Opendoor Defendants admit that Plaintiffs purport to summarize a September 30, 2022 article published in Motley Fool and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 161.

162. The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's earnings release for third quarter 2022, refer to the earnings release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 162.

163.    The Opendoor Defendants admit that Opendoor's stock closed at $1.74 on November 7, 2022.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 163.

164.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 23, 2022 article published in Seeking Alpha and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 164.

165.    The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's earnings release for the fourth quarter 2022 and year ended December 31, 2022, refer to the earnings release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 165.

166.    The Opendoor Defendants admit that Plaintiffs purport to highlight in bold and italics within this section the statements they allege were false or misleading.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 166.

167.    The Opendoor Defendants deny the allegations in paragraph 167.

168.    The Opendoor Defendants admit the second sentence of paragraph 168, that Mr. Wu and Ms. Wheeler signed the December 21, 2020 Registration Statement, and that Opendoor's post-Merger common stock began publicly trading on the NASDAQ on December 21, 2020.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 168.

169.    The Opendoor Defendants admit that Plaintiffs purport to quote from the December 21, 2020 Registration Statement, refer to the December 21, 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 169.

170.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2.  The Opendoor Defendants deny any remaining allegations in paragraph 170.

171.    The Opendoor Defendants deny the allegations in paragraph 171.

172.    The Opendoor Defendants deny the allegations in paragraph 172.

173.    The Opendoor Defendants admit that Plaintiffs purport to quote from the December 21, 2020 Registration Statement, refer to the December 21, 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 173.

174.    The Opendoor Defendants deny the allegations in paragraph 174.

175.    The Opendoor Defendants admit that Plaintiffs purport to quote from the December 21, 2020 Registration Statement, refer to the document for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 175.

176.    The Opendoor Defendants deny the allegations in paragraph 176.

177.    The Opendoor Defendants admit the first sentence of paragraph 177 and that Mr. Wu and Ms. Wheeler signed the 2020 Annual Report.  The Opendoor Defendants admit that Plaintiffs purport to quote from the Company's 2020 Annual Report, refer to the 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 177.

178.    The Opendoor Defendants deny the allegations in paragraph 178.

179.    The Opendoor Defendants admit that Plaintiffs purport to quote from the 2020 Annual Report, refer to the 2020 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 179.

180. The Opendoor Defendants deny the allegations in paragraph 180.

181. The Opendoor Defendants admit that Opendoor held an earnings call on November 10, 2021. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of that earnings call and an announcement by Zillow and refer to those documents for a full and accurate recitation of their contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 181.

182. The Opendoor Defendants deny the allegations in paragraph 182.

183. The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's earnings release for the fourth quarter and full year 2021, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 183.

184. The Opendoor Defendants admit that Opendoor's stock closed at $8.44 on February 25, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 184.

185. The Opendoor Defendants admit that Plaintiffs purport to summarize a February 25, 2022 article published in The Real Deal and refer to that article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 185.

186. The Opendoor Defendants admit that Ms. Wheeler attended a conference hosted by Wedbush Securities Inc. on March 3, 2022 and answered certain questions. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of that conference and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 186.

187. The Opendoor Defendants deny the allegations in paragraph 187.

188. The Opendoor Defendants deny the allegations in paragraph 188.

189.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 189.

190.    The Opendoor Defendants deny the allegations in paragraph 190.

191.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 191.

192.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 192.

193.    The Opendoor Defendants deny the allegations in paragraph 193.

194.    The Opendoor Defendants admit that Plaintiffs purport to summarize from a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 194.

195.    The Opendoor Defendants deny the allegations in paragraph 195.

196.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an August 1, 2022 Opendoor press release, refer to the press release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 196.

197.    The Opendoor Defendants deny the allegations in paragraph 197.

27

198.    The Opendoor Defendants deny the allegations in paragraph 198.

199.    The Opendoor Defendants admit the first sentence of paragraph 199.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's second quarter 2022 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 199.

200.    The Opendoor Defendants deny the allegations in paragraph 200.

201.    The Opendoor Defendants deny the allegations in paragraph 201.

202.    The Opendoor Defendants admit that Plaintiffs purport to quote from a Bloomberg article published on September 19, 2022, and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 202.

203.    The Opendoor Defendants admit that Opendoor's stock closed at $3.56 on September 20, 2022.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 203.

204.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an October 1, 2022 article published in Motley Fool and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 204.

205.    The Opendoor Defendants deny the allegations in paragraph 205.

206.    The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's earnings release for the third quarter 2022, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 206.

207.    The Opendoor Defendants deny the allegations in paragraph 207.

208.   The Opendoor Defendants admit that Opendoor's stock closed at $1.74 on November 7, 2022.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 208.

209.   The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 23, 2022 article published in Seeking Alpha and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 209.

210.   The Opendoor Defendants deny the allegations in paragraph 210.

211.   The Opendoor Defendants deny the allegations in paragraph 211.

212.   The Opendoor Defendants deny the allegations in paragraph 212.

213.   The Opendoor Defendants deny the allegations in paragraph 213.

214.   The Opendoor Defendants admit that Opendoor stock traded at $39.24 per share on February 11, 2021.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 214.

215.   The Opendoor Defendants deny the allegations in paragraph 215.

216.   The Opendoor Defendants deny the allegations in paragraph 216.

217.   The Opendoor Defendants deny the allegations in paragraph 217.

218.   The Opendoor Defendants deny the allegations in paragraph 218.

219.   The Opendoor Defendants deny the allegations in paragraph 219.

220.   The Opendoor Defendants deny the allegations in paragraph 220.

221.   The Opendoor Defendants admit that Plaintiffs purport to summarize the Company's earnings release for the fourth quarter of 2021, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 221.

222.   The Opendoor Defendants admit that Opendoor stock closed at $8.44 on February 25, 2022.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 222.

29

223. The Opendoor Defendants admit that Plaintiffs purport to quote from an article published by The Real Deal on February 25, 2022 and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 223.

224. The Opendoor Defendants deny the allegations in paragraph 224.

225. The Opendoor Defendants deny the allegations in paragraph 225.

226. The Opendoor Defendants admit that Plaintiffs purport to quote from a Bloomberg article published on September 19, 2022, and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 226.

227. The Opendoor Defendants deny the allegations in paragraph 227.

228. The Opendoor Defendants deny the allegations in paragraph 228.

229. The Opendoor Defendants admit that Opendoor stock closed at $3.56 on September 20, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 229.

230. The Opendoor Defendants deny the allegations in paragraph 230.

231. The Opendoor Defendants deny the allegations in paragraph 231.

232. The Opendoor Defendants admit that Plaintiffs purport to summarize Opendoor's earnings release for the third quarter of 2022, refer to the earnings release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 232.

233. The Opendoor Defendants deny the allegations in paragraph 233.

234. The Opendoor Defendants deny the allegations in paragraph 234.

235. The Opendoor Defendants admit that Opendoor's stock price closed at $2.02 per share on November 4, 2022 and at $1.74 per share on November 7, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 235.

236. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a November 23, 2022 article published in Seeking Alpha and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 236.

237. The Opendoor Defendants deny the allegations in paragraph 237.

238. The Opendoor Defendants deny the allegations in paragraph 238.

239. The Opendoor Defendants deny the allegations in paragraph 239.

240. The Opendoor Defendants admit that Plaintiffs purport to refer to an announcement from Zillow on its exit from the iBuying business on November 2, 2021, and refer to the announcement for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 240.

241. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's third quarter 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 241.

242. The Opendoor Defendants deny the allegations in paragraph 242.

243. The Opendoor Defendants admit that Mr. Wu sold 1,613,498 shares of Opendoor stock on November 16, 2021, 628,348 shares of Opendoor stock on November 17, 2021, and 443,182 shares of Opendoor Stock on November 18, 2021. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 243.

244. The Opendoor Defendants admit that Plaintiffs purport to summarize Mr. Wu's Form 4 filed with the SEC on November 18, 2021, refer to Form 4 for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 244.

245. The Opendoor Defendants admit that Plaintiffs purport to summarize Mr. Wu's Form 4s filed with the SEC during the alleged Class Period, refer to those documents for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 245.

246. The Opendoor Defendants admit that Plaintiffs purport to summarize Mr. Wu's Form 4s filed with the SEC during the alleged Class Period, refer to those Form 4s for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 246.

247. The Opendoor Defendants deny the allegations in paragraph 247.

248. The Opendoor Defendants deny the allegations in paragraph 248.

249. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the March 3, 2022 Wedbush Real Estate Technology Conference and refer to that document for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 249.

250. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the Company's 2021 Annual Report, refer to the 2021 Annual Report for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 250.

251. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a June 3, 2021 Wedbush analyst report and refer to the report for a full and accurate recitation of its contents. The Opendoor Defendants lack knowledge or information sufficient to admit or deny allegations regarding what investors understood about Opendoor's core business. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 251.

252. The Opendoor Defendants admit that Plaintiffs purport to quote from a December 16, 2021 article written by Mike DelPrete and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 252.

253. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from an August 12, 2021 Wedbush analyst report and August 9, 2021 Seeking Alpha article and refer to those documents for a full and accurate recitation of their contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 253.

254. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from Opendoor's December 21, 2020 Registration Statement and a transcript of Opendoor's November 10, 2021 earnings call, refer to those documents for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 254.

255. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from transcripts of a conference hosted by Wedbush Securities Inc. on March 3, 2022 and Opendoor's November 10, 2021 earnings call and refer to those documents for a full and accurate recitation of their contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 255.

256. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from transcripts of a conference hosted by Wedbush Securities Inc. on March 3, 2022 and Opendoor's November 10, 2021 earnings call and refer to those documents for a full and accurate recitation of their contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 256.

257. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from transcripts of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022 and Opendoor's November 10, 2021 earnings call and refer

to those documents for a full and accurate recitation of their contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 257.

258.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of Opendoor's November 10, 2021 earnings call and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 258.

259.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of conference hosted by Wedbush Securities Inc. on March 3, 2022 and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 259.

260.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a transcript of the March 8, 2022 Morgan Stanley Technology, Media and Telecom Conference and refer to the transcript for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 260.

261.    The Opendoor Defendants deny the allegations in paragraph 261.

262.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a March 4, 2021 Oppenheimer report and refer to the report for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 262.

263.    The Opendoor Defendants deny the allegations in paragraph 263.

264.    The Opendoor Defendants deny the allegations in paragraph 264.

265.    The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC's August 18, 2019 CID to Opendoor Labs, Inc. and refer to the CID for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 265.

266.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC's August 18, 2019 CID to Opendoor Labs, Inc. and refer to the CID for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 266.

267.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC's August 18, 2019 CID to Opendoor Labs, Inc. and refer to the CID for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 267.

268.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC's August 18, 2019 CID to Opendoor Labs, Inc. and refer to the CID for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 268.

269.  The Opendoor Defendants admit the allegations in paragraph 269.

270.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from the FTC complaint and refer to that document for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 270.

271.  The Opendoor Defendants admit that Plaintiffs purport to summarize and from the FTC complaint and refer to that document for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 271.

272.  The Opendoor Defendants deny the allegations in paragraph 272.

273.  The Opendoor Defendants admit that Plaintiffs purport to summarize and quote from a statement by the CEO of Zillow and refer to the statement for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 273.

274.  The Opendoor Defendants deny the allegations in paragraph 274.

275.  The Opendoor Defendants deny the allegations in paragraph 275.

276. The Opendoor Defendants admit that Mr. Wu and Ms. Wheeler had access to certain data relating to mortgage rates and appreciation and depreciation trends and considered that information in carrying out their roles. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 276.

277. The Opendoor Defendants deny the allegations in paragraph 277.

278. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of the statements to CW 8 in the first sentence of paragraph 278. The Opendoor Defendants deny any remaining allegations in paragraph 278.

279. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of the statements to CW 8. The Opendoor Defendants deny any remaining allegations in paragraph 279.

280. The Opendoor Defendants deny the allegations in paragraph 280.

281. The Opendoor Defendants deny the allegations in paragraph 281.

282. To the extent that paragraph 282 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 282.

283. To the extent that paragraph 283 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants admit that Mr. Wu and Ms. Wheeler were among the senior employees at Opendoor during the alleged class period. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 283.

284. To the extent that paragraph 284 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 284.

285. To the extent that paragraph 285 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 285 because the Court has dismissed Plaintiffs' Exchange Act claims against Mr. Wu and Ms. Wheeler.

286. To the extent that paragraph 286 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 286 because the Court has dismissed Plaintiffs' Exchange Act claims against Mr. Wu and Ms. Wheeler.

287. To the extent that paragraph 287 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 287 because the Court has dismissed Plaintiffs' Exchange Act claims against Mr. Wu and Ms. Wheeler.

288. To the extent that paragraph 288 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 288 because the Court has dismissed Plaintiffs' Exchange Act claims against Mr. Wu and Ms. Wheeler.

289. To the extent that paragraph 289 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 289 because the Court has dismissed Plaintiffs' Exchange Act claims.

290. To the extent that paragraph 290 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 290 because the Court has dismissed Plaintiffs' Exchange Act claims.

291. To the extent that paragraph 291 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 291 because the Court has dismissed Plaintiffs' Exchange Act claims.

292. To the extent that paragraph 292 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 292 because the Court has dismissed Plaintiffs' Exchange Act claims.

293. To the extent that paragraph 293 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 293 because the Court has dismissed Plaintiffs' Exchange Act claims.

294. To the extent that paragraph 294 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 294 because the Court has dismissed Plaintiffs' Exchange Act claims.

295. To the extent that paragraph 295 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to rely on the items identified. Except as explicitly admitted herein, the Opendoor Defendants deny any remaining allegations in paragraph 295.

296. To the extent that paragraph 296 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants lack knowledge or information sufficient at this time to admit or deny the allegations in the first sentence of paragraph 296. Except as explicitly admitted herein, the Opendoor Defendants deny any remaining allegations in paragraph 296.

297. To the extent that paragraph 297 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 297.

298. To the extent that paragraph 298 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 298.

299. To the extent that paragraph 299 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 299.

300.  To the extent that paragraph 300 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 300.

301.  To the extent that paragraph 301 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 301.

302.  To the extent that paragraph 302 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to summarize and quote from 15 U.S.C. § 78u-5(c)(2)(A)(i)-(ii) and refer to that statute for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 302.

303.  To the extent that paragraph 303 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 303.

304.  To the extent that paragraph 304 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 304.

305.  No responsive pleading is required because the Court dismissed Count I.  To the extent a response is required the Opendoor Defendants repeat and incorporate by reference their responses to each and every allegation contained above as if fully set forth herein.

306.  No responsive pleading is required because the Court dismissed Count I.  To the extent a response is required the Opendoor Defendants admit that Plaintiffs purport to assert the described claims and deny any remaining allegations in paragraph 306.

307.  No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 307 purports to state legal conclusions, no responsive pleading is

required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 307.

308.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 308 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 308.

309.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 309 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 309.

310.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 310 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Mr. Wu and Ms. Wheeler were among the senior employees at Opendoor.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 310.

311.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 311 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Mr. Wu and Ms. Wheeler were among the senior employees at Opendoor.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 311.

312.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 312 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 312, except lack knowledge or information sufficient at this time to admit or deny that the Company's common stock has traded in an efficient market at all times during the alleged class period.

313.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 313 purports to state legal conclusions, no responsive pleading is

required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 313.

314.   No responsive pleading is required because the Court dismissed Count I.  To the extent paragraph 314 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 314.

315.   No responsive pleading is required because the Court dismissed Count II.  To the extent a response is required the Opendoor Defendants repeat and incorporate by reference their responses to each and every allegation contained above as if fully set forth herein.

316.   No responsive pleading is required because the Court dismissed Count II.  To the extent a response is required the Opendoor Defendants admit that Plaintiffs purport to assert the described claims and deny any remaining allegations in paragraph 316.

317.   No responsive pleading is required because the Court dismissed Count II.  To the extent paragraph 317 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 317.

318.   No responsive pleading is required because the Court dismissed Count II.  To the extent paragraph 318 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 318.

319.   No responsive pleading is required because the Court dismissed Count II.  To the extent paragraph 319 purports to state legal conclusions, no responsive pleading is required.   To the extent a response is required the Opendoor Defendants deny the allegations in paragraph 319.

The Opendoor Defendants deny that Plaintiffs are entitled to any relief, either that requested in paragraphs A through D of the Prayer for Relief or otherwise and aver that the Court dismissed Plaintiffs' Exchange Act claims.

320. The Opendoor Defendants admit that the Amended Complaint purports to assert class action claims under Sections 11 and 15 of the Securities Act as described in paragraph 320, but aver that these claims have been dismissed except as they relate to the statement that "Opendoor's algorithm 'can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions.'" To the extent that paragraph 320 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to disclaim allegations of fraud, intentional misconduct, or deliberately reckless misconduct in connection with their Securities Act claims. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 320.

321. The Opendoor Defendants admit that Opendoor is a digital platform for residential real estate that acquires and sells residential properties online. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 321.

322. The Opendoor Defendants admit the allegations in the first sentence of paragraph 322. The Opendoor Defendants admit that Opendoor uses artificial intelligence and has developed proprietary pricing algorithms to inform pricing decisions. The Opendoor Defendants admit that Opendoor has stated its goal is to redefine residential real estate. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 322.

323. The Opendoor Defendants admit that contribution margin is an important performance metric. The Opendoor Defendants admit that Plaintiffs purport to quote Opendoor filings with the SEC, refer to the documents for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 323.

324. The Opendoor Defendants admit the first sentence of paragraph 324. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 324.

42

325.    The Opendoor Defendants admit that on December 21, 2020, Opendoor's common stock began publicly trading on NASDAQ under the ticker symbol "OPEN" and Opendoor's warrants traded under the ticker symbol "OPENW," and as part of the merger transaction between SCH and Legacy Opendoor, SCH filed the November 2020 Registration Statement.   The Opendoor Defendants refer to the November 2020 Registration Statement for a full and accurate description of the transaction and deny any allegations inconsistent therewith.   Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 325.

326.    The Opendoor Defendants deny the allegations in paragraph 326.   The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to some of the statements identified in paragraph 326, finding that they are not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

327.    The Opendoor Defendants admit that in February 2021, Opendoor raised capital through a public offering of securities registered on the February 2021 Registration Statement, the total offering size was approximately $886.1 million, and Opendoor received aggregate proceeds from the offering of approximately $859.5 million.   The Opendoor Defendants refer to the February 2021 Registration Statement for a full and accurate description of the offering and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 327.

328.    The Opendoor Defendants admit that there are SPACs that raise funds through a public offering and the funds are placed in trust while the SPAC seeks an acquisition target during a certain time period.  The Opendoor Defendants admit that SCH effected a merger transaction with Legacy Opendoor, refer to the November 2020 Registration Statement for a full and accurate description of the transaction, and deny any allegations inconsistent therewith.   Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 328.

329. The Opendoor Defendants admit that some de-SPAC transactions are effected through a reverse merger. The Opendoor Defendants admit that there are SPACs that raise funds through a public offering and the funds are placed in trust while the SPAC seeks an acquisition target during a certain time period. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 329.

330. The Opendoor Defendants admit that SPACs can provide cash for growth to a private company. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 330.

331. The Opendoor Defendants admit that SCH consummated its IPO of 41,400,000 units at a price of $10 per unit, generating gross proceeds of $414,000,000. The Opendoor Defendants admit that public shareholders would have the opportunity to redeem all or a portion of their Class A ordinary shares upon the completion of an initial business combination at a per-share price, payable in cash, equal to the aggregate amount then on deposit in the trust account calculated as of two business days prior to the completion of the initial business combination, including interest (which interest would be net of taxes payable), divided by the number of then issued and outstanding Class A ordinary shares that were sold as part of the units in the offering, subject to the limitations described in the registration statement filed by SCH on the Form S-1, effective April 27, 2020. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 331.

332. The Opendoor Defendants admit that founders may receive founder shares in a SPAC. The Opendoor Defendants admit that Plaintiffs purport to quote an article from the New York Times and refer to the article for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 332.

333. The Opendoor Defendants admit SCH Sponsor II LLC subscribed for an aggregate of 8,625,000 Class B ordinary shares for an aggregate purchase price of $25,000. The Opendoor Defendants admit that Plaintiffs purport to summarize the

44

registration statement filed by SCH on Form S-1, effective as of April 27, 2020, refer to the document for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 333.

334.    The Opendoor Defendants admit that Plaintiffs purport to summarize an announcement issued by SCH on September 15, 2020 and the Merger Agreement, refer to the announcement and Merger Agreement for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 334.

335.    The Opendoor Defendants admit that Plaintiffs purport to summarize a joint press release filed on September 15, 2020, refer to the press release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 335.

336.    The Opendoor Defendants admit that in connection with the merger Opendoor filed the November 2020 Registration Statement, which registered 546,189,092 shares of Opendoor common stock.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 336.

337.    The Opendoor Defendants admit that the 546,189,092 shares registered by the November 2020 Registration Statement included 41,400,000 of Class A ordinary shares of SCH, which would automatically convert into shares of Opendoor common stock.  The Opendoor Defendants admit that Plaintiffs purport to quote from the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 337.

338.    The Opendoor Defendants admit that the 546,189,092 shares registered by the November 2020 Registration Statement included 504,789,092 shares of Opendoor

common stock issued in connection with the Merger.  The Opendoor Defendants admit that Plaintiffs purport to quote from the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 338.

339.   The Opendoor Defendants admit that Plaintiffs purport to quote from the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 339.

340.   The Opendoor Defendants admit the allegations in paragraph 340.

341.   The Opendoor Defendants admit that on December 21, 2020, Opendoor common stock and warrants registered under the November 2020 Registration Statement began trading on NASDAQ under the symbols "OPEN" and "OPENW," respectively. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 341.

342.   The Opendoor Defendants admit that Plaintiffs purport to quote a statement from John Coates and refer to the statement for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 342.

343.   The Opendoor Defendants admit that Opendoor completed a public offering in February 2021.  The Opendoor Defendants admit that 32,817,421 shares of common stock were sold in the offering with a total offering size of approximately $886 million. The Opendoor Defendants admit that the Company received approximately $859.5 million (net of underwriting discounts and commission).  The Opendoor Defendants admit that Plaintiffs purport to quote a Form 8-K filed by Opendoor on February 11, 2021, refer to the document for a full and accurate recitation of its contents, and deny any allegations

inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 343.

344.   The Opendoor Defendants admit the allegations in paragraph 344.

345.   The Opendoor Defendants admit that in the Amended Complaint, Plaintiffs purport to refer to the "December 2020 Offering Documents" and the "February 2021 SPO Documents" collectively as the "Offering Documents."

346.   The Opendoor Defendants deny the allegations in paragraph 346.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to some of the statements referenced in paragraph 346, finding that they are not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

347.   The Opendoor Defendants deny the allegations in paragraph 347.

348.   The Opendoor Defendants admit the first sentence of paragraph 348.  The Opendoor Defendants admit that Plaintiffs purport to summarize an Opendoor press release issued on February 24, 2022, refer to the press release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted, the Opendoor Defendants deny the allegations in paragraph 348.

349.   The Opendoor Defendants admit that Plaintiffs purport to summarize a Bloomberg article published on September 19, 2022 and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 349.

350.   The Opendoor Defendants admit that Plaintiffs purport to summarize an earnings release issued by Opendoor on November 3, 2022, refer to the release for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 350.

351.   The Opendoor Defendants admit that Opendoor's stock price closed at $1.74 per share on November 7, 2022.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 351.

352.    The Opendoor Defendants admit that this lawsuit purports to assert claims under Sections 11 and 15 of the Securities Act, but aver that these claims have been dismissed except insofar as they relate to the statement that "Opendoor's algorithm 'can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions.'"

353.    To the extent that paragraph 353 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit the Court has subject matter jurisdiction over claims brought under the Securities Act.

354.    To the extent that paragraph 354 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that venue is proper in the District of Arizona.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 354.

355.    To the extent that paragraph 355 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 355.

356.    The Opendoor Defendants admit the allegations in paragraph 356.

357.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the first, second, and fourth sentences of paragraph 357.  The Opendoor Defendants deny any remaining allegations in paragraph 357.

358.    The Opendoor Defendants admit that the November 2020 Registration Statement was declared effective on November 27, 2020 and registered 546,787,019 shares of Opendoor common stock, which included 41,400,000 shares of SCH that would convert on a one-to-one basis to shares of Opendoor common stock.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the first three sentences of paragraph 358.  The Opendoor Defendants deny any remaining allegations in paragraph 358.

359.    The Opendoor Defendants admit the allegations in paragraph 359.

360. The Opendoor Defendants admit the allegations in paragraph 360.

361. The Opendoor Defendants admit that Plaintiffs purport to refer to Defendants Opendoor Technologies Inc. and SCH collectively as "the Company."

362. The Opendoor Defendants admit the first sentence of paragraph 362 and that Mr. Wu signed or authorized the signing of the February 2021 Registration Statement. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 362.

363. The Opendoor Defendants admit the first sentence of paragraph 363 and that Ms. Wheeler signed or authorized the signing of the February 2021 Registration Statement. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 363.

364. The Opendoor Defendants admit that Mr. Bain served as a Director of SCH, which became Opendoor, beginning in April 2020 through the February 2021 offering and signed or authorized the signing of the November 2020 Registration Statement and the February 2021 Registration Statement (together, the "Registration Statements"). Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 364.

365. The Opendoor Defendants admit that Ms. Herman served as a Director of SCH, which became Opendoor, beginning in April 2020 through the February 2021 offering and signed or authorized the signing of the Registration Statements. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 365.

366. The Opendoor Defendants admit that Mr. Keffer served as a Director of Legacy Opendoor beginning in October 2015, was a Director of Opendoor at the time of the February 2021 offering, and signed or authorized the signing of the February 2021 Registration Statement. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 366.

367.    The Opendoor Defendants admit that Mr. Solomon served as a Director of Legacy Opendoor beginning in February 2015, was a Director of Opendoor at the time of the February 2021 offering, and signed or authorized the signing of the February 2021 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 367.

368.    The Opendoor Defendants admit that Mr. Kilar served as a Director of Legacy Opendoor beginning in March 2019, was a Director of Opendoor at the time of the February 2021 offering, and signed or authorized the signing of the February 2021 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 368.

369.    The Opendoor Defendants admit that Mr. Jaffe served as a Director of the Legacy Opendoor beginning in June 2018, was a Director of Opendoor at the time of the February 2021 offering, and signed or authorized the signing of the February 2021 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 369.

370.    The Opendoor Defendants admit that Mr. Palihapitiya served as a Director of SCH beginning in October 2019 until the Merger and signed or authorized the signing of the November 2020 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 370.

371.    The Opendoor Defendants admit that Mr. Trieu served as SCH's CFO from January 2020 until the Merger and signed or authorized the signing of the November 2020 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 371.

372.    The Opendoor Defendants admit that Mr. Osborne served as SCH's President and a Director of SCH from January 2020 until the Merger and signed or authorized the signing of the November 2020 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 372.

373.    The Opendoor Defendants admit that Mr. Spillane served as a Director of SCH from April 2020 until the Merger and signed or authorized the signing of the November 2020 Registration Statement.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 373.

374.    The Opendoor Defendants admit that Plaintiffs purport to refer to Defendants identified in paragraphs 362-373 collectively as the "Securities Act Individual Defendants," which are referred to herein as the Opendoor Individual Defendants.

375.    The Opendoor Defendants admit that the Opendoor Individual Defendants were officers or directors of the Company and that some of them were involved in communications with shareholders regarding the Merger and/or the February 2021 offering.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 375.

376.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 376, except admit that Citigroup Global Markets Inc. served as an underwriter on the February 2021 offering.

377.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 377, except admit that Goldman Sachs & Co. LLC served as an underwriter on the February 2021 offering.

378.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 378, except admit that Barclays Capital Inc. served as an underwriter on the February 2021 offering.

379.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 379, except admit that Deutsche Bank Securities Inc. served as an underwriter on the February 2021 offering.

380.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 380, except admit that Oppenheimer & Co. Inc. served as an underwriter on the February 2021 offering.

381.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 381, except admit that BTIG, LLC served as an underwriter on the February 2021 offering.

382.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 382, except admit that KeyBanc Capital Markets Inc. served as an underwriter on the February 2021 offering.

383.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations as set forth in paragraph 383, except admit that Wedbush Securities Inc. served as an underwriter on the February 2021 offering.

384.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 384, except admit that TD Securities (USA) LLC served as an underwriter on the February 2021 offering.

385.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 385, except admit that Zelman Partners LLC served as an underwriter on the February 2021 offering.

386.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 386, except admit that Academy Securities, Inc. served as an underwriter on the February 2021 offering.

387.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 387, except admit that Loop Capital Markets LLC served as an underwriter on the February 2021 offering.

388.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 388, except admit that Samuel A. Ramirez & Company, Inc. served as an underwriter on the February 2021 offering.

389.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 389, except admit that Siebert Williams Shank & Co., LLC served as an underwriter on the February 2021 offering.

390. The Opendoor Defendants admit the allegations in the first two sentences of paragraph 390. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 390.

391. The Opendoor Defendants admit that Plaintiffs purport to refer to Opendoor, SCH, the Underwriter Defendants, and the Opendoor Individual Defendants as the "Securities Act Defendants."

392. The Opendoor Defendants admit that Plaintiffs purport to refer to Opendoor, SCH, the Opendoor Individual Defendants, and the Underwriter Defendants collectively as "Defendants."

393. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations as set forth in paragraph 393.

394. The Opendoor Defendants admit the first and second sentence of paragraph 394. The Opendoor Defendants deny any remaining allegations in paragraph 394.

395. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 395.

396. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 396.

397. The Opendoor Defendants admit that CW 5 was at Opendoor from approximately November 2018 through March 2020. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 5. The Opendoor Defendants deny any remaining allegations in paragraph 397.

398. The Opendoor Defendants admit the first, second, fourth, and fifth sentences of paragraph 398. The Opendoor Defendants admit that CW 6 reported to a staff research scientist at Opendoor. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 6. The Opendoor Defendants deny any remaining allegations in paragraph 398.

399. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 399.

53

400.   The Opendoor Defendants admit the first sentence of paragraph 400.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 400.

401.   The Opendoor Defendants admit the first two sentences of paragraph 401 and that Opendoor's post-merger common stock began publicly trading on the NASDAQ on December 21, 2020.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 401.

402.   The Opendoor Defendants admit that Defendants Palihapitiya, Trieu, Osborne, Bain, Spillane, and Herman signed the November 2020 Registration Statement. The Opendoor Defendants admit that Plaintiffs purport to quote the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the first bolded statement in paragraph 402, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 402.

403.   The Opendoor Defendants deny the allegations in paragraph 403.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the first bolded statement in paragraph 402, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

404.   The Opendoor Defendants deny the allegations in paragraph 404.

405.   The Opendoor Defendants admit that Plaintiffs purport to quote the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  The Opendoor Defendants deny the allegations in paragraph 405. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statement in paragraph 405, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

406.    The Opendoor Defendants deny the allegations in paragraph 406.    The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statement in paragraph 405, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

407.    The Opendoor Defendants admit that Plaintiffs purport to quote the November 2020 Registration Statement, refer to the November 2020 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statements in paragraph 407, finding that they were not actionable under either Plaintiffs' Exchange Act or Securities Act claims.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 407.

408.    The Opendoor Defendants admit that Plaintiffs purport to quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statements in paragraph 408, finding that they were not actionable under either Plaintiffs' Exchange Act or Securities Act claims.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 408.

409.    The Opendoor Defendants admit that Plaintiffs purport to compare the contents of the February 2021 Registration Statement to the November 2020 Registration Statement, refer to the documents for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 409.

410.    The Opendoor Defendants admit that Defendants Wu, Wheeler, Bain, Herman, Jaffe, Keffer, Kilar, and Solomon signed the February 2021 Registration Statement.  The Opendoor Defendants admit that Plaintiffs purport to quote the February 2021 Registration Statement, refer to the February 2021 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith.  The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the first

bolded statement in paragraph 410, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 410.

411. The Opendoor Defendants deny the allegations in paragraph 411. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the first bolded statement in paragraph 410, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

412. The Opendoor Defendants admit the Plaintiffs purport to quote the February 2021 Registration Statement, refer to the February 2021 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 412. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statement in paragraph 412, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

413. The Opendoor Defendants deny the allegations in paragraph 413. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statement in paragraph 412, finding that it was not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

414. The Opendoor Defendants admit that Plaintiffs purport to quote the February 2021 Registration Statement, refer to the February 2021 Registration Statement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statements in paragraph 414, finding that they were not actionable under either Plaintiffs' Exchange Act or Securities Act claims. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 414.

415. The Opendoor Defendants deny the allegations in paragraph 415. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statements

in paragraph 414, finding that they were not actionable under either Plaintiffs' Exchange Act or Securities Act claims.

416.    The Opendoor Defendants deny the allegations in paragraph 416.

417.    The Opendoor Defendants admit that CW 5 was at Opendoor from approximately November 2018 through March 2020.  The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 5, except deny the final sentence of paragraph 417.  The Opendoor Defendants deny any remaining allegations in paragraph 417.

418.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 6.  The Opendoor Defendants deny any remaining allegations in paragraph 418.

419.    The Opendoor Defendants deny the allegations in paragraph 419.

420.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2 in the final sentence of paragraph 420.  The Opendoor Defendants deny any remaining allegations in paragraph 420.

421.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of the statements to CW 2 in the first, second, fourth, and last sentences of paragraph 421.  The Opendoor Defendants deny any remaining allegations in paragraph 421.

422.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2.  The Opendoor Defendants deny any remaining allegations in paragraph 422.

423.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2.  The Opendoor Defendants deny any remaining allegations in paragraph 423.

424.    The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2.  The Opendoor Defendants deny any remaining allegations in paragraph 424.

425. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 425.

426. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 2. The Opendoor Defendants deny any remaining allegations in paragraph 426.

427. The Opendoor Defendants deny the allegations in paragraph 427.

428. The Opendoor Defendants admit the allegations in paragraph 428.

429. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 429.

430. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 430.

431. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 431.

432. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 432.

433. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 433.

58

434. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 434.

435. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 435.

436. The Opendoor Defendants admit that Plaintiffs purport to summarize and quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 436.

437. The Opendoor Defendants admit the first sentence of Paragraph 437. The Opendoor Defendants admit that Plaintiffs purport to quote from a press release issued by the FTC and refer to the press release for a full and accurate recitation of its contents. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 437.

438. The Opendoor Defendants admit that Plaintiffs purport to quote the Registration Statements, refer to the Registration Statements for a full and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Opendoor Defendants admit that Plaintiffs purport to quote a complaint filed by the FTC and refer to the complaint for a full and accurate recitation of its contents. The Opendoor Defendants aver that the Court dismissed Plaintiffs' challenge to the statements in paragraph 438, finding that they are not actionable under either Plaintiffs' Exchange Act or Securities Act claims. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 438.

439. The Opendoor Defendants deny the allegations in paragraph 439.

59

440. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 4. The Opendoor Defendants deny any remaining allegations in paragraph 440.

441. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 441.

442. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 442.

443. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 443.

444. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 444.

445. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 445.

446. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 446.

447. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 447.

448. The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3. The Opendoor Defendants deny any remaining allegations in paragraph 448.

449. The Opendoor Defendants deny the allegations in paragraph 449.

60

450.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 4.  The Opendoor Defendants deny any remaining allegations in paragraph 450.

451.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1.  The Opendoor Defendants deny any remaining allegations in paragraph 451.

452.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1.  The Opendoor Defendants deny any remaining allegations in paragraph 452.

453.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence in paragraph 453 regarding unidentified discussions and unidentified conferences.  The Opendoor Defendants deny any remaining allegations in paragraph 453.

454.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 454.

455.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 8.  The Opendoor Defendants deny any remaining allegations in paragraph 455.

456.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 3.  The Opendoor Defendants deny any remaining allegations in paragraph 456.

457.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 457.

458.     The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 458.

61

459.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 1.  The Opendoor Defendants deny any remaining allegations in paragraph 459.

460.   The Opendoor Defendants lack knowledge or information sufficient to admit or deny the attribution of statements to CW 7.  The Opendoor Defendants deny any remaining allegations in paragraph 460.

461.   The Opendoor Defendants admit that the February 2021 offering was a firm commitment offering.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 461.

462.   The Opendoor Defendants admit that the identified defendants were underwriters for the February 2021 offering.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 462.

463.   The Opendoor Defendants admit that Plaintiffs purport to quote from a treatise and refer to the treatise for a full and accurate recitation of its contents.  To the extent that paragraph 463 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that underwriters perform due diligence for public offerings.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 463.

464.   To the extent that paragraph 464 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that underwriters perform due diligence for public offerings.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 464.

465.   To the extent that paragraph 465 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that underwriters perform due diligence for public offerings.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 465.

466.   The Opendoor Defendants admit that Plaintiffs purport to quote from and summarize unidentified "treatises" and refer to those treatises for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 466.

467.   To the extent that paragraph 467 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that underwriters perform due diligence for public offerings.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 467.

468.   The Opendoor Defendants deny the allegations in paragraph 468.

469.   To the extent the allegations in paragraph 469 relate to claims or allegations against other defendants, no response is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 469.

470.   The Opendoor Defendants admit that Opendoor announced fourth quarter and full year 2021 financial results on February 24, 2022, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith.  The Opendoor Defendants admit that Plaintiffs purport to quote from an article published by The Real Deal on February 25, 2022, and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 470.

471.   The Opendoor Defendants admit that Plaintiffs purport to quote from a Bloomberg article published on September 19, 2022, and refer to the article for a full and accurate recitation of its contents.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 471.

472.   The Opendoor Defendants admit that Opendoor reported financial results for the third quarter of 2022 on November 3, 2022, refer to the earnings release for a full and accurate description of its contents, and deny any allegations inconsistent therewith.

Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 472.

473. The Opendoor Defendants admit that Opendoor's stock price closed at $1.74 per share on November 7, 2022. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 473.

474. To the extent that paragraph 474 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to seek the relief set forth in paragraph 474 on behalf of the persons set forth therein. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 474.

475. To the extent that paragraph 475 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants admit that 546,787,019 shares of Opendoor common stock were registered through the November 2020 Registration Statement and more than 28 million shares of Opendoor common stock were sold in the February 2021 offering. Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 475.

476. To the extent that paragraph 476 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 476 and deny that this case is appropriate for class treatment.

477. To the extent that paragraph 477 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 477 and deny that this case is appropriate for class treatment.

478. To the extent that paragraph 478 purports to state legal conclusions, no responsive pleading is required. To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 478 and deny that this case is appropriate for class treatment.

479. To the extent that paragraph 479 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 479 and deny that this case is appropriate for class treatment.

480. The Opendoor Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 320-479 as if fully set forth herein.

481. To the extent that paragraph 481 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to bring the claim described.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 481.

482. To the extent that paragraph 482 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 482.

483. To the extent that paragraph 483 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to disclaim allegations of scienter or fraudulent intent.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 483.

484. To the extent the allegations in paragraph 484 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 484.

485. To the extent the allegations in paragraph 485 purport to state legal conclusions no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Opendoor is the issuer of common stock registered by the Registrations Statements.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 485.

486.    To the extent the allegations in paragraph 486 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 486.

487.    To the extent the allegations in paragraph 487 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Defendants Palihapitiya, Trieu, Osborne, Bain, Spillane, and Herman signed the November 2020 Registration Statement; Defendants Wu, Wheeler, Bain, Herman, Jaffe, Keffer, Kilar, and Solomon signed the February 2021 Registration Statement; and the Opendoor Individual Defendants had duties with respect to the Registration Statements as defined by applicable law.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 487.

488.    To the extent the allegations in paragraph 488 purport to state legal conclusions, no responsive pleading is required.  To the extent the allegations in paragraph 489 are directed at other defendants, no responsive pleading is required from the Opendoor Defendants.  To the extent a response is required, the Opendoor Defendants admit that the Underwriter Defendants served as underwriters for the February 2021 offering.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 488.

489.    To the extent the allegations in paragraph 489 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 489.

490.    To the extent the allegations in paragraph 490 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 490.

491.    To the extent the allegations in paragraph 491 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 491.

492.    To the extent the allegations in paragraph 492 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that this lawsuit was filed within three years after the Registration Statements became effective.   Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 492.

493.    The Opendoor Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 320-479 as if fully set forth herein.

494.    To the extent that paragraph 494 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to bring the claim described.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 494.

495.    To the extent the allegations in paragraph 495 purports to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that Plaintiffs purport to disclaim allegations of scienter or fraudulent intent.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 495.

496.    To the extent the allegations in paragraph 496 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 496.

497.    To the extent the allegations in paragraph 497 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 497.

498.    To the extent the allegations in paragraph 498 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants deny the allegations in paragraph 498.

499.    To the extent the allegations in paragraph 499 purport to state legal conclusions, no responsive pleading is required.  To the extent a response is required, the Opendoor Defendants admit that this lawsuit was filed within three years after the

Registration Statements became effective.  Except as explicitly admitted herein, the Opendoor Defendants deny the allegations in paragraph 499.

500.    The Opendoor Defendants deny that Plaintiffs are entitled to any relief, either that requested in paragraphs A through D of the Prayer for Relief or otherwise.  The Opendoor Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

501.    The Opendoor Defendants admit that Plaintiffs purport to demand a trial by jury.

## DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to any of them, the Opendoor Defendants assert the following defenses. Because the Court has dismissed Plaintiffs' Exchange Act claims (Counts I and II of the Amended Complaint), the Opendoor Defendants have no obligation to identify defenses to those claims.  To the extent the Opendoor Defendants have identified defenses applicable to Exchange Act claims in this Answer, the Opendoor Defendants do not waive their objection that they are not required to identify defenses to claims that have been dismissed.  The Opendoor Defendants reserve the right to amend this Answer to assert further defenses that become available and apparent in accordance with the Federal Rules of Civil Procedure and/or any scheduling order entered by the Court.

<u>First Defense</u>

All claims in the Complaint brought under the Exchange Act, and all claims brought under the Securities Act except for Plaintiffs' Section 11 and Section 15 claims with respect to the statement that "Opendoor's algorithm 'can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions'" are barred by the Court's February 28, 2024 Order (Dkt. 86), as amended by the Court's May 14, 2024 Order (Dkt. 97), dismissing all such claims.

<u>Second Defense</u>

The Amended Complaint fails to state any claim upon which relief can be granted.

Third Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the Registration Statements did not contain an untrue statement, did not omit or fail to state any material facts that were necessary in order to make any statement therein not misleading, and did not omit or fail to state any material fact required to be stated therein.

Fourth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the alleged misstatements were not material as a matter of law.

Fifth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because at all relevant times the Opendoor Defendants had no duty to disclose allegedly omitted information.

Sixth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, to the extent the matters alleged in the Amended Complaint to be the subject of misrepresentation and omissions were publicly disclosed or were in the public domain and, as such, were available and/or known to Plaintiffs and/or other alleged members of the putative class and/or were at all times reflected in the price of Opendoor securities. Accordingly, those who purchased or otherwise acquired such Opendoor securities did not do so at artificially inflated prices and/or did so with knowledge of any alleged misstatements or omissions.

Seventh Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, due to negative causation (15 U.S.C. § 77(e)), because Plaintiffs' and putative class members' alleged losses were not caused by the alleged misstatements upon which their claims are based.

69

Eighth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because Plaintiffs' and putative class members' alleged damages resulted from the intervening and superseding act of a third party and/or outside the Opendoor Defendants' control.

Ninth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because Plaintiffs and putative class members lack standing to maintain their claims.

Tenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because each of the Opendoor Defendants acted in good faith reliance on rules, regulations, and informal guidance offered by the SEC, as well as applicable judicial precedent and common understanding among lawyers specializing in the securities field.

Eleventh Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Individual Defendants are barred, in whole or in part, because based on a reasonable investigation, the Opendoor Individual Defendants had reasonable ground to believe and did believe that the Registration Statements were true, complete, and not misleading.

Twelfth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Individual Defendants are barred, in whole or in part, because the Opendoor Individual Defendants did not have knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of Opendoor is alleged to exist and/or did not culpably participate in any violation of the Securities Act.

Thirteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, to the extent that Plaintiffs and/or putative class members held, have disposed of, or could have disposed of their securities at a price in excess of the price paid for the security and/or the price at which the security was offered to the public.

Fourteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, to the extent that they did not purchase shares pursuant and/or traceable to the November 2020 Registration Statement and/or the February 2021 Registration Statement.

Fifteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the alleged misstatements were accompanied by adequate risk disclosures to caution readers about specific risks.

Sixteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the alleged misstatements were forward-looking statements, accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements, and/or was made without knowledge of the alleged falsity of the misstatements. Accordingly, the alleged misstatements are non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act (15 U.S.C. § 77z-2; 28 U.S.C. § 78u-5) and/or the bespeaks caution doctrine.

Seventeenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the alleged misstatements were statements of opinion, and Plaintiffs have not alleged, and cannot prove, that those

71

statements of opinion were not genuinely believed or that the Opendoor Defendants omitted information that rendered the statements of opinion misleading.

### Eighteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because the alleged misstatements are non-actionable statements of corporate optimism or puffery.

### Nineteenth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because Plaintiffs failed to mitigate, minimize, or avoid any loss or damage referred to in the Amended Complaint, and any recovery against the Opendoor Defendants must be reduced by that amount or eliminated.

### Twentieth Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, because Plaintiffs assumed the disclosed risks and any losses Plaintiffs allegedly experienced were caused because those risks came to fruition.

### Twenty-First Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, by the doctrines of estoppel, waiver, consent, and/or ratification.

### Twenty-Second Defense

Plaintiffs' claims and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, to the extent recovery is had in another lawsuit, other proceeding, or otherwise.

### Twenty-Third Defense

Plaintiffs' and putative class members' claims against the Opendoor Defendants are barred, in whole or in part, by the statutes of limitation (15 U.S.C. § 77m) because this lawsuit was not brought within one year after the discovery of the alleged untrue

statements or omissions, or after such discovery should have been made by the exercise of reasonable diligence.

### Twenty-Fourth Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the Opendoor Defendants are not liable under Section 11 of the Securities Act for damages in excess of the price at which the securities were offered to the public.

### Twenty-Fifth Defense

Plaintiffs' and putative class members' claims against the Opendoor Individual Defendants are barred, in whole or in part, because the Opendoor Individual Defendants have acted at all times with reasonable care and with due diligence in carrying out their responsibilities and did not know, and in the exercise of reasonable care could not have known, of the purported misstatements and/or omissions alleged in the Amended Complaint, including under 15 U.S.C. section 77l(a)(2).

### Twenty-Sixth Defense

Plaintiffs' and putative class members' Exchange Act claims are barred, in whole or in part, because the persons that made the statements on which Plaintiffs base their claims did not act with scienter.  They neither knew, nor were they reckless in not knowing, that any alleged misstatements still at issue in this action were false or misleading.

### Twenty-Seventh Defense

Plaintiffs' and putative class members' Exchange Act claims are barred in whole or in part because Plaintiffs and putative class members did not reasonably rely on any alleged misstatements or omissions of material fact.

### Twenty-Eighth Defense

Plaintiffs' and putative class members' Exchange Act claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions.

Twenty-Ninth Defense

Plaintiffs' and putative class members' Exchange Act claims are barred in whole or in part because Plaintiffs and putative class members did not purchase any shares in reliance on the alleged misstatements or omissions.

Thirtieth Defense

Plaintiffs' and putative class members' Exchange Act claims against Defendants Wu and Wheeler are barred in whole or in part because Defendants Wu and Wheeler did not "control" Opendoor, acted in good faith, did not directly or indirectly induce the act or acts constituting a violation or cause of action, and/or did not culpably participate in any violation of the Exchange Act.

Thirty-First Defense

Plaintiffs' and putative class members' Exchange Act claims against the Opendoor Defendants are barred, in whole or in part, because there was not a causal connection between the alleged misrepresentations and the alleged loss.

Thirty-Second Defense

Plaintiffs' and putative class members' alleged damages, if any, are limited by 15 U.S.C. § 78u-4.

Thirty-Third Defense

Any recovery for damages allegedly incurred by Plaintiffs or putative class members is subject to offset in the amount of any tax benefits or other benefits received by Plaintiffs or putative class members through their investments.

Thirty-Fourth Defense

Any liability of the outside director Opendoor Individual Defendants is limited to each outside director's percentage of responsibility (if any), pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act.

<u>Thirty-Fifth Defense</u>

The Opendoor Individual Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

<u>Thirty-Sixth Defense</u>

The Opendoor Individual Defendants are not liable to Plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Amended Complaint relate to portions of the Registration Statement reviewed by experts retained to assist in preparing such documents, as to which the Opendoor Individual Defendants had reasonable ground to believe, and did believe, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

<u>Thirty-Seventh Defense</u>

The Opendoor Defendants adopt by reference any applicable defense pleaded or may be pleaded by any other defendant not expressly set forth herein.

<u>Additional Affirmative Defenses</u>

The Opendoor Defendants may have additional, as of yet unidentified defenses against the named Plaintiffs and/or putative class members and thus reserve their rights under FRCP 15(a)(1)(A) to amend their Answer to add such defenses, and otherwise reserve to the fullest extent permitted under FRCP 15(a)(2) and any applicable court order the ability to seek to amend their Answer to add such defenses.

WHEREFORE, each of the Opendoor Defendants denies any liability and requests judgment:

1. Dismissing the Amended Complaint as against each of the Opendoor Defendants with prejudice;

2. Awarding each of the Opendoor Defendants costs, interest, attorneys' fees and disbursements in this action.

3. Awarding any other relief that the Court finds is just and proper.

75

Dated:  July 12, 2024

**ALLEN OVERY SHEARMAN STERLING US LLP**

_/s/ Lyle Roberts_
Lyle Roberts (*pro hac vice*)
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Email:  lyle.roberts@aoshearman.com

Adam S. Hakki (*pro hac vice*)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 848-4000
Email:  ahakki@aoshearman.com

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Arizona Bar. No. 028454)
Robert M. Kort (Bar No. 016602)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email:  jgray@lewisroca.com
            rkort@lewisroca.com

*Counsel for Defendants Opendoor Technologies Inc., Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Adam Bain, David Spillane, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe*