BEYERS FARRELL PLLC
Michael J. Farrell, AZ 015056
mfarrell@bfazlaw.com
Maureen Beyers, AZ 017134
mbeyers@bfazlaw.com
99 East Virginia Avenue, Suite 220
Phoenix AZ 85004
Telephone: 602-738-3022

*Attorneys for Defendants Citigroup Global
Markets Inc.; Goldman Sachs & Co. LLC;
Barclays Capital Inc.; Deutsche Bank Securities
Inc.; Oppenheimer & Co. Inc.; BTIG, LLC;
KeyBanc Capital Markets Inc.; Wedbush
Securities Inc.; TD Securities (USA) LLC;
Zelman Partners LLC; Academy Securities, Inc.;
Loop Capital Markets LLC; Samuel A. Ramirez
& Company, Inc., and; Siebert Williams Shank
& Co., LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Opendoor Technologies Inc. Securities Litigation | Case No.  2:22-cv-01717-MTL<br><br>**THE UNDERWRITER DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT** |

Defendants Citigroup Global Markets Inc.; Goldman Sachs & Co. LLC; Barclays Capital Inc.; Deutsche Bank Securities Inc.; Oppenheimer & Co. Inc.; BTIG, LLC; KeyBanc Capital Markets Inc.; Wedbush Securities Inc.; TD Securities (USA) LLC; Zelman Partners LLC; Academy Securities, Inc.; Loop Capital Markets LLC; Samuel A. Ramirez & Company, Inc.; and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "CAC") filed by Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association and Additional Plaintiff Stuart Graham Hereford (collectively, the "Plaintiffs"). The Underwriter Defendants reserve the right to amend this Answer, to amend, modify, or supplement their defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation, including any defenses that may arise as a result of any findings, conclusions, or other action taken.

## RESPONSES TO NUMBERED PARAGRAPHS

In collectively responding to the CAC's allegations, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the CAC (including those outside the Underwriter Defendants' knowledge or information) to the extent they assert or suggest that the offering materials issued in connection with Opendoor Technologies, Inc's ("Opendoor") February 4, 2021 secondary public offering (the "February 2021 SPO") (i.e., the February 2021 Registration Statement and the February 2021 Prospectus, together the "February 2021 SPO Documents") were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the February 2021 SPO Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any allegations in the headings and subheadings of the CAC; and (iii) in all events, intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to

- 2 -                    UNDERWRITER DEFENDANTS' ANSWER

be responding to allegations that are directed solely to other defendants (including without limitation other Underwriter Defendants), or responding to Plaintiffs' allegations regarding Sections 10(b) and 20(a) of the Exchange Act, and Counts I and II, which the Court has dismissed.  See ECF Nos. 86 at 33; 97 at 3.

Numbered paragraphs below correspond to the like-numbered paragraphs in the CAC.  The Underwriter Defendants further respond to these specific allegations as follows:

## I.        VIOLATIONS OF SECTIONS 10(B) AND 20(A) OF THE EXCHANGE ACT[*]

No response to the allegations in Section I is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, see ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Section I contains no factual allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations of Section I (including Footnote 1).

## II.       NATURE OF THE EXCHANGE ACT CLAIMS

1.        No response to the allegations in Paragraph 1 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 1.

2.        No response to the allegations in Paragraph 2 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, see ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

---

[*] For ease of reference, the section headings are copied from the Complaint.  They require no response.  To the extent a response is required, the Underwriter Defendants deny the section headings.

Underwriter Defendants deny the allegations in Paragraph 2, except admit that Opendoor went public via a reverse merger with Social Capital Hedosophia Holdings Corp. II that included an initial enterprise value for the Opendoor business of $4.85 billion on a pre-transaction, debt-free, cash-free basis.  If and to the extent Paragraph 2 is describing information contained in the November 2020 Registration Statement, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

### A.    Company Background

3.      No response to the allegations in Paragraph 3 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants: (i) admit that Opendoor is a company that uses AI (among other things) to buy and sell residential real estate in the United States in a process sometimes referred to as "iBuying," and (ii) admit that the second, third, fourth, and fifth sentences of Paragraph 3 provide a generally accurate description of how iBuying works, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 concerning how all "iBuying" companies work.

4.      No response to the allegations in Paragraph 4 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 4, except (i) admit that Opendoor has developed proprietary pricing algorithms to inform pricing decisions, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning how all "iBuying" companies work and what unidentified investors "paid close attention to."

**B.      Defendants Mislead Investors About the Purported Benefits of Opendoor's Pricing Algorithm**

5.      No response to the allegations in Paragraph 5 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 5.  Although Paragraph 5 does not specify any public report as a source of its allegations, if and to the extent Paragraph 5 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

6.      No response to the allegations in Paragraph 6 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 6.

7.      No response to the allegations in Paragraph 7 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 7 and respectfully refer the Court to Opendoor's 2020 Annual Report for a complete and accurate description of its contents.

8.      No response to the allegations in Paragraph 8 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 8.  Although Paragraph 8

(including footnote 3) does not specify any public report as a source of its allegations, if and to the extent Paragraph 8 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

9.      No response to the allegations in Paragraph 9 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 9.  Although Paragraph 9 does not specify any public report as a source of its allegations, if and to the extent Paragraph 9 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

10.      No response to the allegations in Paragraph 10 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 10, except (i) admit that Opendoor has developed proprietary pricing algorithms to inform pricing decisions, (ii) admit that InvestorPlace published an article on August 2, 2021, and respectfully refer the Court to that article for a complete and accurate description of its contents, (iii) admit that Wedbush issued an analyst report on August 12, 2021, and respectfully refer the Court to that analyst report for a complete and accurate description of its contents, and (iv) deny knowledge or information sufficient to form a belief as to what every member of the "investing public" believed.

**C.      Opendoor's Biggest Competitor Fails and Defendants Continue Misleading Investors About the Purported Benefits of its Algorithm**

11.      No response to the allegations in Paragraph 11 is required from the

- 6 -      UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.  Although Paragraph 11 does not specify any public report as a source of its allegations, if and to the extent Paragraph 11 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

12.     No response to the allegations in Paragraph 12 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, except admit that Opendoor's stock price closed at $24.75 per share on November 1, 2021, and at $21.12 per share on November 2, 2021.

13.     No response to the allegations in Paragraph 13 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 13, except admit that Opendoor announced its third quarter 2021 earnings and held an earnings conference call on November 10, 2021, and respectfully refer the Court to the November 10, 2021 press release and transcript of that earnings call for a complete and accurate description of their contents.

14.     No response to the allegations in Paragraph 14 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 14.

15.    No response to the allegations in Paragraph 15 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 15 and respectfully refer the Court to Defendant Wu's SEC Form 4 dated November 18, 2021 for a complete and accurate description of his trading activity on November 16–18, 2021.

16.    No response to the allegations in Paragraph 16 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 16.

17.    No response to the allegations in Paragraph 17 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, see ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 17, except deny knowledge or information sufficient to form a belief as to what any confidential witness (each a "CW") referenced in the CAC might have said.

**D.    Because the Algorithm Did Not Work as Intended, Defendants Employed Deceptive Practices to Try to Maximize Contribution Margin**

18.    No response to the allegations in Paragraph 18 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 18, except (i) deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said, and (ii) admit that the Federal Trade Commission, or FTC, made public a complaint against Opendoor on August 1, 2022, and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

19. No response to the allegations in Paragraph 19 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 19, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 regarding who CW 3 is and what CW 3 might have said.

20. No response to the allegations in Paragraph 20 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 20 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

21. No response to the allegations in Paragraph 21 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 21.

**E. The Truth is Gradually Revealed as Defendants Continue Misleading Investors**

22. No response to the allegations in Paragraph 22 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 22, except admit that (i) Opendoor issued a press release on February 24, 2022, announcing its fourth quarter and full year 2021 financial results and respectfully refer the Court to the February 24, 2022, press release for a complete and accurate description of its contents, and (ii) Opendoor's stock price closed at $8.44 per share on February 25, 2022.

23.    No response to the allegations in Paragraph 23 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 23, except admit that interest rates began to rise in March 2022.  If and to the extent Paragraph 23 is describing statements made at the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, the Underwriter Defendants respectfully refer the Court to the transcript of that conference for a complete and accurate description of its contents.

24.    No response to the allegations in Paragraph 24 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 as to what the Opendoor Defendants knew or were "dealing with" after the SPO or what any alleged former Opendoor employees may have said.

25.    No response to the allegations in Paragraph 25 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 25.

UNDERWRITER DEFENDANTS' ANSWER

26.     No response to the allegations in Paragraph 26 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 26, except admit that Bloomberg published an article on September 19, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

27.     No response to the allegations in Paragraph 27 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 27, except admit that Opendoor issued a press release on November 3, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

28.     No response to the allegations in Paragraph 28 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 28, except admit that Opendoor's stock price closed at $2.34 per share on November 3, 2022, and at $1.74 per share on November 7, 2022.

29.     No response to the allegations in Paragraph 29 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 29, except admit that *Seeking Alpha* published an article on November 23, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

## III.    JURISDICTION AND VENUE

30.    No response to the allegations in Paragraph 30 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 30 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 30, except admit that Plaintiffs claim to bring this action under the statutes cited therein.

31.    No response to the allegations in Paragraph 31 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 31 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 31, except admit that Plaintiffs claim that this Court has jurisdiction over this action under the statutes cited therein.

32.    No response to the allegations in Paragraph 32 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 32 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 32, except admit that Plaintiffs maintain that venue is proper pursuant to the statutes cited therein.

33.    No response to the allegations in Paragraph 33 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 33.

## IV.   PARTIES

### A.   Plaintiffs

34.   No response to the allegations in Paragraph 34 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 34, except (i) admit that the Court appointed Indiana Public Retirement System as a Lead Plaintiff in this action, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 34.

35.   No response to the allegations in Paragraph 35 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 35, except (i) admit that the Court appointed Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association as a Lead Plaintiffs in this action, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 35.

36.   No response to the allegations in Paragraph 36 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 36 contains no factual allegations.

37.   No response to the allegations in Paragraph 37 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 37, except deny knowledge or

information sufficient to form a belief as to the truth of whether Plaintiff Stuart Graham Hereford purchased Opendoor common stock during the alleged Class Period.

### B.    Defendants

#### 1.    Corporate Defendant

38.    No response to the allegations in Paragraph 38 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants admit the allegations in Paragraph 38, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Opendoor common stock and warrants have traded in an efficient market at all times since December 21, 2021.

#### 2.    Individual Defendants

39.    No response to the allegations in Paragraph 39 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 39, except admit that Defendant Wu (i) co-founded Opendoor, (ii) in his role as CEO, participated in earnings calls and conferences with securities analysts and signed certain Opendoor public filings with the SEC, and (ii) resigned as CEO of Opendoor on December 1, 2022.

40.    No response to the allegations in Paragraph 40 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 40, except admit that Defendant Wheeler (i) in her role as CFO, participated in earnings calls and conferences with securities analysts, and (ii) was appointed CEO of Opendoor and to its Board of

Directors on December 1, 2022.

41. No response to the allegations in Paragraph 41 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 41 contains no factual allegations.

42. No response to the allegations in Paragraph 42 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 42, except (i) admit that the Exchange Act Individual Defendants were provided with copies of the February 2021 SPO Documents prior to or shortly after their issuance, and (ii) deny knowledge or information sufficient to form a belief as to the truth of whether the Exchange Act Individual Defendants were provided with copies of Opendoor's other SEC filings and press releases prior to or shortly after their issuance.

**C.    Relevant Third Parties**

43. No response to the allegations in Paragraph 43 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. No response to the allegations in Paragraph 44 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45.     No response to the allegations in Paragraph 45 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46.     No response to the allegations in Paragraph 46 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47.     No response to the allegations in Paragraph 47 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48.     No response to the allegations in Paragraph 48 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49.     No response to the allegations in Paragraph 49 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

- 16 -        UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50.    No response to the allegations in Paragraph 50 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

## V.        FACTUAL ALLEGATIONS – EXCHANGE ACT CLAIMS

### A.    Background on Opendoor

51.    No response to the allegations in Paragraph 51 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants (i) deny that the allegations in Paragraph 51 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of how all "iBuying" companies work.

52.    No response to the allegations in Paragraph 52 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants admit that Opendoor has stated that its goal is to redefine residential real estate, deny that the allegations in Paragraph 52 otherwise provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters.  Although Paragraph 52 does not specify any

public report as a source of its allegations, if and to the extent Paragraph 52 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

53. No response to the allegations in Paragraph 53 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 53 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters. Although Paragraph 53 does not specify any public report as a source of its allegations, if and to the extent Paragraph 53 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

54. No response to the allegations in Paragraph 54 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 54 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters. Although Paragraph 54 does not specify any public report as a source of its allegations, if and to the extent Paragraph 54 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

55. No response to the allegations in Paragraph 55 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants (i) deny that the allegations in Paragraph 55 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters, and (ii) deny that Paragraph 55 presents a complete and accurate description of the contents of Opendoor's 2021 Annual Report, and respectfully refer the Court to that annual report for its complete and accurate contents.

**B.    Opendoor's Pricing Algorithm Was Critical to the Company's Success**

56.    No response to the allegations in Paragraph 56 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 56 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters.  Although Paragraph 56 does not specify any public report as a source of its allegations, if and to the extent Paragraph 56 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

57.    No response to the allegations in Paragraph 57 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 57 and respectfully refer the Court to the 2020 Annual Report for a complete and accurate description of its contents.

58.    No response to the allegations in Paragraph 58 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 58 and respectfully refer the Court to the 2020 Annual Report for a complete and accurate description of its contents.

59. No response to the allegations in Paragraph 59 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 59 and respectfully refer the Court to the 2020 Annual Report for a complete and accurate description of its contents.

60. No response to the allegations in Paragraph 60 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 60 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters. Although Paragraph 60 does not specify any public report as a source of its allegations, if and to the extent Paragraph 60 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

61. No response to the allegations in Paragraph 61 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the second sentence of Paragraph 61, and respectfully refer the Court to the transcript of the February 24, 2022 earnings call for a complete and accurate description of its contents, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first

sentence of Paragraph 61 regarding what unspecified investors were focused on more than a year and half after the February 2021 SPO.

### C.    Former Opendoor Employees Reveal that the Algorithm Was Inaccurate and Humans, not the Algorithm, Drove Pricing Decisions

62.    No response to the allegations in Paragraph 62 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 62, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

63.    No response to the allegations in Paragraph 63 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 63, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 regarding who CW 2 is and what CW 2 might have said.

64.    No response to the allegations in Paragraph 64 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 64, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 regarding who CW 2 is and what CW 2 might have said.

65.    No response to the allegations in Paragraph 65 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 65, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 regarding who CW 2 is and what CW 2 might have said.

66.    No response to the allegations in Paragraph 66 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 66, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 regarding who CW 2 is and what CW 2 might have said.

67.    No response to the allegations in Paragraph 67 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 67, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 regarding who CW 2 is and what CW 2 might have said.

68.    No response to the allegations in Paragraph 68 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 68, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 regarding who CW 2 is and what CW 2 might have said.

69.    No response to the allegations in Paragraph 69 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 69, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 regarding who CW 2 is and what CW 2 might have said.

70.    No response to the allegations in Paragraph 70 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 regarding who CW 2 is and what CW 2 might have said.

71.    No response to the allegations in Paragraph 71 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 71, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 regarding who CW 5 is and what CW 5 might have said.

72.    No response to the allegations in Paragraph 72 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 72, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 regarding who CW 6 is and what CW 6 might have said.

73.    No response to the allegations in Paragraph 73 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 73, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 regarding who CW 1 is and what CW 1 might have said.

**D.      Former Opendoor Employees Reveal Opendoor Drove Contribution Margin Through Deceptive Consumer Practices**

74.      No response to the allegations in Paragraph 74 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 74.

75.      No response to the allegations in Paragraph 75 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 75, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 regarding who CW 4 is and what CW 4 might have said.

76.      No response to the allegations in Paragraph 76 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 76, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 regarding who CW 3 is and what CW 3 might have said.

77.      No response to the allegations in Paragraph 77 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 77, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 regarding who CW 3 is and what CW 3 might have said.

78.    No response to the allegations in Paragraph 78 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 78, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 regarding who CW 3 is and what CW 3 might have said.

79.    No response to the allegations in Paragraph 79 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 79, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 regarding who CW 3 is and what CW 3 might have said.

80.    No response to the allegations in Paragraph 80 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 80, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 regarding who CW 3 is and what CW 3 might have said.

81.    No response to the allegations in Paragraph 81 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

UNDERWRITER DEFENDANTS' ANSWER

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 81.

82. No response to the allegations in Paragraph 82 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 82, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 regarding who CW 3 is and what CW 3 might have said.

83. No response to the allegations in Paragraph 83 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 83, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 regarding who CW 3 is and what CW 3 might have said.

84. No response to the allegations in Paragraph 84 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 84, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 regarding who CW 3 is and what CW 3 might have said.

**E.    Opendoor Goes Public Through a Reverse Merger with a SPAC**

85. No response to the allegations in Paragraph 85 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the

Underwriter Defendants (i) admit that Social Capital Hedosophia Holdings Corp. II (SCH), a Special Purpose Acquisition Company ("SPAC"), was incorporated on October 18, 2019, and (ii) admit that Paragraph 85 provides a generally accurate description of how SPACs work, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 concerning every SPAC that has ever existed.

86.    No response to the allegations in Paragraph 86 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 86, except admit that on December 21, 2020, Opendoor common stock and warrants registered under the November 2020 Registration Statement began trading on the NASDAQ under the symbols "OPEN" and "OPENW," respectively.

**F.    Defendants Issue Several False and Misleading Statements on the First Day Opendoor's Shares Trade Publicly**

87.    No response to the allegations in Paragraph 87 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not name as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 87 and respectfully refer the Court to the December 21, 2020 Registration Statement for a complete and accurate description of its contents.

88.    No response to the allegations in Paragraph 88 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 88 and incorporate by reference

UNDERWRITER DEFENDANTS' ANSWER

their responses to Paragraphs 62–86, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

89.    No response to the allegations in Paragraph 89 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 89.

90.    No response to the allegations in Paragraph 90 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 90 and respectfully refer the Court to the December 21, 2020 Registration Statement for a complete and accurate description of its contents.

91.    No response to the allegations in Paragraph 91 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 91 and incorporate by reference their responses to Paragraphs 62–86, *supra*.

**G.    Defendants Mislead Investors About the Company's Competitive Advantages**

92.    No response to the allegations in Paragraph 92 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 92, except admit that (i) Opendoor's competitors during the class period included Zillow, Offerpad, and Redfin; and (ii) Zillow operates a website and generates revenue through ads and referral fees.

93.     No response to the allegations in Paragraph 93 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether every "iBuying" company's algorithm was key to each company's business and the allegations in the second sentence of Paragraph 93 regarding what investors "cared deeply about," and (ii) deny that the third sentence of Paragraph 93 provides a complete and accurate description of the Wedbush November 1, 2021 analyst report, and respectfully refer the Court to that report for a complete and accurate description of its contents.

94.     No response to the allegations in Paragraph 94 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 94 and respectfully refer the Court to Opendoor's 2020 Annual Report for a complete and accurate description of its contents.

95.     No response to the allegations in Paragraph 95 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 95 and respectfully refer the Court to the transcript of the August 11, 2021 earnings call for a complete and accurate description of its contents.

96.     No response to the allegations in Paragraph 96 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 96.

97.    No response to the allegations in Paragraph 97 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 97 provides a complete and accurate description of the August 12, 2021 Wedbush analyst report and respectfully refer the Court to that report for a complete and accurate description of its contents.

98.    No response to the allegations in Paragraph 98 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 98 provides a complete and accurate description of the InvestorPlace article published on August 2, 2021, and respectfully refer the Court to that article for a complete and accurate description of its contents.

99.    No response to the allegations in Paragraph 99 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 99 provides a complete and accurate description of the *Seeking Alpha* article published on September 8, 2021, and respectfully refer the Court to that article for a complete and accurate description of its contents.

**H.    Defendants Continue Misleading Investors About Opendoor's Pricing Algorithm After Zillow Announces its Failed iBuying Venture**

100.    No response to the allegations in Paragraph 100 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 100, except admit that (i) Bloomberg published an article on October 17, 2021, and (ii) Zillow published a press release on October 18, 2021.  The Underwriter Defendants respectfully refer the Court to those documents for a complete and accurate description of their contents.

101.    No response to the allegations in Paragraph 101 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.  Although Paragraph 101 does not specify the public reports it uses as the source of its allegations, if and to the extent Paragraph 101 is describing information contained in any such public reports, the Underwriter Defendants respectfully refer the Court to those public reports for a complete and accurate description of their contents.

102.    No response to the allegations in Paragraph 102 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 as to whether or what "the market" was "questioning" in November 2021, except admit that Opendoor's stock price closed at $24.75 per share on November 1, 2021, and at $21.12 per share on November 2, 2021.

103.    No response to the allegations in Paragraph 103 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to

UNDERWRITER DEFENDANTS' ANSWER

the truth of the allegations in Paragraph 103, except admit that *The Washington Post* published an article on November 9, 2021, titled, "Zillow sent its algorithm to take on the housing market. The housing market won," and respectfully refer the Court to that article for a complete and accurate description of its contents.

104.    No response to the allegations in Paragraph 104 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, except admit that Opendoor issued a press release on November 10, 2021, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

105.    No response to the allegations in Paragraph 105 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 105, except admit that Opendoor had an earnings call on November 10, 2021, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

106.    No response to the allegations in Paragraph 106 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 106, and respectfully refer the Court to the transcript of the November 10, 2021 earnings call for a complete and accurate description of its contents.

107.    No response to the allegations in Paragraph 107 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that Paragraph 107 provides a complete and accurate description of the November 10, 2021 earnings call and respectfully refer the Court to the transcript of the November 10, 2021 earnings call for a complete and accurate description of its contents.

108.    No response to the allegations in Paragraph 108 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 108 and respectfully refer the Court to the transcript of the November 10, 2021 earnings call for a complete and accurate description of its contents.

109.    No response to the allegations in Paragraph 109 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 109.

110.    No response to the allegations in Paragraph 110 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that Paragraph 110 provides a complete and accurate description of the November 10, 2021 earnings call and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

111.    No response to the allegations in Paragraph 111 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 111, except admit that Opendoor's stock price closed at $21.00 per share on November 9, 2021, at $19.52 per share on November 10, 2021, and at $22.56 per share on November 11, 2021.

112.    No response to the allegations in Paragraph 112 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 112, except admit that Oppenheimer published an analyst report concerning Opendoor on November 11, 2021, and respectfully refer the Court to that analyst report for a complete and accurate description of its contents.

**I.        Defendant Wu Sells $57.6 Million in Stock Directly After Defendants Falsely Reassured Investors that Opendoor was Different Than Zillow**

113.    No response to the allegations in Paragraph 113 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 113.

114.    No response to the allegations in Paragraph 114 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 114, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Wu's trading activity, except respectfully refer the Court to Defendant Wu's November 18, 2021 SEC Form 4 for a complete and accurate description of his alleged trading activities.

115.    No response to the allegations in Paragraph 115 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, except respectfully refer the Court to Defendant Wu's November 18, 2021 SEC Form 4 for a complete and accurate description of its contents.

116.    No response to the allegations in Paragraph 116 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 116.

117.    No response to the allegations in Paragraph 117 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 117.

**J.    Former Employees Reveal that Opendoor's Algorithm Could Not Adjust to the Changing Housing Environment in 2022**

118.    No response to the allegations in Paragraph 118 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 118, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

119.    No response to the allegations in Paragraph 119 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 119, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 regarding what CW 4 might have said.

120. No response to the allegations in Paragraph 120 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 120, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 regarding what CW 1 might have said.

121. No response to the allegations in Paragraph 121 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121 regarding what CW 1 might have said.

122. No response to the allegations in Paragraph 122 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 122, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

123. No response to the allegations in Paragraph 123 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 regarding what CW 7 might have said.

124. No response to the allegations in Paragraph 124 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 124, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 regarding what CW 8 might have said.

125. No response to the allegations in Paragraph 125 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 125, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 regarding what CW 3 might have said.

126. No response to the allegations in Paragraph 126 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 126, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 regarding what CW 7 might have said.

127. No response to the allegations in Paragraph 127 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 127, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 regarding what CW 7 might have said.

128.    No response to the allegations in Paragraph 128 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 128, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 regarding what CW 1 might have said.

129.    No response to the allegations in Paragraph 129 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 129, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 regarding what CW 7 might have said.

**K.    The Truth Begins to Emerge as Defendants Continue Misleading Investors About Opendoor's Pricing Algorithm**

130.    No response to the allegations in Paragraph 130 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 130, except admit that Opendoor issued a press release on February 24, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

131.    No response to the allegations in Paragraph 131 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 131, except admit that Opendoor's stock price closed at $10.98 per share on February 24, 2022, and at $8.44 per share on February 25, 2022.

132.    No response to the allegations in Paragraph 132 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 132, except admit that *The Real Deal* published an article on February 25, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

133.    No response to the allegations in Paragraph 133 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 133.

134.    No response to the allegations in Paragraph 134 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 134 provides a complete and accurate description Defendant Wheeler's comments at the Wedbush Real Estate Technology Conference on March 4, 2022, and respectfully refer the Court to the transcript for that conference for a complete and accurate description of its contents.

135.    No response to the allegations in Paragraph 135 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 135.

136.    No response to the allegations in Paragraph 136 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 136.

137.    No response to the allegations in Paragraph 137 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the first sentence of Paragraph 137 and otherwise deny that Paragraph 137 provides a complete and accurate description of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and respectfully refer the Court to the transcript for that conference for a complete and accurate description of its contents.

138.    No response to the allegations in Paragraph 138 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 138.

**L.    The FTC Announces Settlement with Opendoor Over Deceptive Consumer Practices**

139.    No response to the allegations in Paragraph 139 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

- 40 -          UNDERWRITER DEFENDANTS' ANSWER

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 139, except admit that the FTC issued a press release on August 1, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

140. No response to the allegations in Paragraph 140 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 140, except admit that the FTC published a blog post on August 1, 2022, and respectfully refer the Court to that blog post for a complete and accurate description of its contents.

141. No response to the allegations in Paragraph 141 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 141 provide a complete, accurate, in-context description of the FTC's August 1, 2022 blog post, and respectfully refer the Court to that blog post for a complete and accurate description of its contents.

142. No response to the allegations in Paragraph 142 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 142, except admit that the FTC released its complaint on August 1, 2022, and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

143. No response to the allegations in Paragraph 143 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

UNDERWRITER DEFENDANTS' ANSWER

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 143, except (i) admit that the FTC released its complaint on August 1, 2022, and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 regarding what any confidential witness might have said.

144.    No response to the allegations in Paragraph 144 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 144, and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

145.    No response to the allegations in Paragraph 145 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 145, except (i) admit that the FTC released its complaint on August 1, 2022, and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 regarding what any confidential witness might have said.

146.    No response to the allegations in Paragraph 146 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 146 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

147.    No response to the allegations in Paragraph 147 is required from the

UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 147 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

148.    No response to the allegations in Paragraph 148 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in Paragraph 148 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 regarding what any confidential witness might have said.

149.    No response to the allegations in Paragraph 149 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 149 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

150.    No response to the allegations in Paragraph 150 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 150 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

151.    No response to the allegations in Paragraph 151 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 151, except admit that (i) Opendoor paid $62 million as part of a settlement agreement with the FTC; and (ii) the Director of the FTC's Bureau of Consumer Protection, Samuel Levine, issued a press release announcing the settlement and respectfully refer the Court to the FTC's press release for a complete and accurate description of its contents, including the amount of the settlement.

152.    No response to the allegations in Paragraph 152 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 152, except admit that Opendoor's stock price closed at $4.79 per share on August 1, 2022, and at $4.85 per share on August 2, 2022.

153.    No response to the allegations in Paragraph 153 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 153, except admit that Opendoor issued a press release on August 1, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

154.    No response to the allegations in Paragraph 154 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 154, except (i) deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in

the CAC might have said and (ii) incorporate by reference their responses to Paragraphs 62–86, *supra*.

155. No response to the allegations in Paragraph 155 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 155, except admit that Opendoor's stock price closed at $4.79 per share on August 1, 2022, and at $4.85 per share on August 2, 2022.

**M.    Defendants Continue Misleading Investors as Housing Market Continues Declining**

156. No response to the allegations in Paragraph 156 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 156, except admit that Opendoor held an earnings conference call on August 4, 2022, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

157. No response to the allegations in Paragraph 157 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 157, except admit that Opendoor's stock price closed at $4.70 per share on August 4, 2022, and at $5.72 per share on August 5, 2022.

**N.    The Truth Emerges as Investors Learn that Opendoor's Algorithm Did Not Work in any Market**

158.    No response to the allegations in Paragraph 158 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 158.

159.    No response to the allegations in Paragraph 159 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 159, except admit that Bloomberg published an article on September 19, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

160.    No response to the allegations in Paragraph 160 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 160, except admit that Opendoor's stock price closed at $4.06 per share on September 16, 2022, at $3.88 per share on September 19, 2022, and at $3.56 per share on September 20, 2022.

161.    No response to the allegations in Paragraph 161 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 161, except admit that Motley Fool published an article on September 30, 2022, entitled, "First Zillow, Now OpenDoor? Is iBuying Doomed?" and respectfully refer the Court to that article for a complete and

accurate description of its contents.

162.    No response to the allegations in Paragraph 162 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 162, except admit that Opendoor issued a press release on November 3, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

163.    No response to the allegations in Paragraph 163 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 163, except admit that Opendoor's stock price closed at $2.25 per share on November 3, 2022, at $1.95 per share on November 4, 2022, and at $1.74 per share on November 7, 2022.

164.    No response to the allegations in Paragraph 164 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 164, except admit that Seeking Alpha published an article on November 23, 2022, entitled "Opendoor Must Adapt Its Business Model To Improve Flexibility – Or Continue Value Freefall," and respectfully refer the Court to that article for a complete and accurate description of its contents.

165.    No response to the allegations in Paragraph 165 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 165, except admit that

UNDERWRITER DEFENDANTS' ANSWER

Opendoor issued a press release on February 23, 2023, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

## VI.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

166.    No response to the allegations in Paragraph 166 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 166.

167.    No response to the allegations in Paragraph 167 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 167.

### A.    The December 21, 2020 Registration Statement

168.    No response to the allegations in Paragraph 168 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 168, except admit that Opendoor filed a registration statement on December 21, 2020, and respectfully refer the Court to that registration statement for a complete and accurate description of its contents.

169.    No response to the allegations in Paragraph 169 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 169 and respectfully refer the Court to the December 21, 2020 Registration Statement for a complete and accurate

description of its contents.

170.    No response to the allegations in Paragraph 170 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 170, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 regarding who CW 2 is and what CW 2 might have said and (ii) incorporate by reference their responses to the allegations in Paragraphs 62–73, *supra*.

171.    No response to the allegations in Paragraph 171 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 171.

172.    No response to the allegations in Paragraph 172 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 172.

173.    No response to the allegations in Paragraph 173 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 173 and respectfully refer the Court to the December 21, 2020 Registration Statement for a complete and accurate description of its contents.

174.    No response to the allegations in Paragraph 174 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 174 and incorporate by reference their responses to Paragraphs 62–86, *supra*.

175.    No response to the allegations in Paragraph 175 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 175 and respectfully refer the Court to the December 21, 2020 Registration Statement for a complete and accurate description of its contents.

176.    No response to the allegations in Paragraph 176 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 176 and incorporate by reference their response to Paragraph 150.

**B.    March 4, 2021 – 2020 Annual Report**

177.    No response to the allegations in Paragraph 177 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 177, except admit that Opendoor filed its Form 10-K annual report for 2020 on March 4, 2021, and respectfully refer the Court to that filing for a complete and accurate description of its contents.

178.    No response to the allegations in Paragraph 178 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 178 and incorporate by reference their responses to the allegations in Paragraphs 170–72, *supra*.

179. No response to the allegations in Paragraph 179 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 179, except admit that Opendoor filed its Form 10-K annual report for 2020 on March 4, 2021, and respectfully refer the Court to that filing for a complete and accurate description of its contents.

180. No response to the allegations in Paragraph 180 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 180 and incorporate by reference their response to the allegations in Paragraph 176, *supra*.

C. November 10, 2021 – Earnings Call

181. No response to the allegations in Paragraph 181 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 181, except admit that Opendoor held an earnings conference call on November 10, 2021, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

182. No response to the allegations in Paragraph 182 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 182.

## VII.    THE TRUTH GRADUALLY EMERGES AS DEFENDANTS CONTINUE MAKING MATERIALLY FALSE AND MISLEADING STATEMENTS

### A.    February 24, 2022 – First Partial Corrective Disclosure/Materialization of the Risk

183.    No response to the allegations in Paragraph 183 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 183, except admit that Opendoor issued a press release on February 24, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

184.    No response to the allegations in Paragraph 184 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 184, except admit that Opendoor's stock price closed at $10.98 per share on February 24, 2022, and at $8.44 per share on February 25, 2022.

185.    No response to the allegations in Paragraph 185 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 185, except admit that *The Real Deal* published an article on February 25, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

### B.    March 4, 2022 – False and Misleading Statements During the Wedbush Real Estate Technology Conference

186.    No response to the allegations in Paragraph 186 is required from the

- 52 -                UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 186, except admit that Defendant Wheeler attended the Wedbush Real Estate Technology Conference on March 4, 2022, and respectfully refer the Court to transcript of the conference for a complete and accurate description of its contents.

187. No response to the allegations in Paragraph 187 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 187 and incorporate by reference their responses to Paragraphs 118–65, *supra*.

188. No response to the allegations in Paragraph 188 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 188 and incorporate by reference their responses to Paragraphs 62–86, *supra*.

C. **March 8, 2022 – False and Misleading Statements During the Morgan Stanley Technology, Media and Telecom Conference**

189. No response to the allegations in Paragraph 189 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 189, except admit that Defendant Wu attended the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and respectfully refer the Court to the transcript of the conference for a

complete and accurate description of its contents.

190.   No response to the allegations in Paragraph 190 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 191, except (i) deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said and (ii) incorporate by reference their responses to Paragraphs 118–29, *supra*.

191.   No response to the allegations in Paragraph 191 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 191 and respectfully refer the Court to the transcript of the March 8, 2022 Morgan Stanley Technology, Media and Telecom Conference for a complete and accurate description of its contents.

192.   No response to the allegations in Paragraph 192 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 192 and respectfully refer the Court to the transcript of the March 8, 2022 Morgan Stanley Technology, Media and Telecom Conference for a complete and accurate description of its contents.

193.   No response to the allegations in Paragraph 193 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 193.

**D.    August 1, 2022 – False and Misleading Press Release**

194.    No response to the allegations in Paragraph 194 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 194, except (i) admit that the FTC announced a settlement with Opendoor and released a complaint against the company on August 1, 2022, (ii) respectfully refer the Court to the FTC Complaint for a complete and accurate description of its contents, and (iii) incorporate by reference their responses to Paragraphs 139–55, *supra*.

195.    No response to the allegations in Paragraph 195 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 195, except admit that Opendoor's stock price closed at $4.91 per share on July 29, 2022 (the last trading day before August 1), and at $4.79 per share on August 1, 2022.

196.    No response to the allegations in Paragraph 196 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 196, except admit that Opendoor issued a press release on August 1, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

197.    No response to the allegations in Paragraph 197 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 197, except (i) deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said, and (ii) incorporate by reference their responses to Paragraphs 62–86, *supra*.

198.    No response to the allegations in Paragraph 198 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 198, except admit that Opendoor's stock price closed at $4.79 per share on August 1, 2022, and at $4.85 per share on August 2, 2022.

E.    **August 4, 2022 – False and Misleading Statements During the Company's Earnings Call**

199.    No response to the allegations in Paragraph 199 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 199, except admit that Opendoor held an earnings call on August 4, 2022, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

200.    No response to the allegations in Paragraph 200 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 200 and incorporate by reference their responses to Paragraphs 118–29, *supra*.

201.    No response to the allegations in Paragraph 201 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 201 and incorporate by reference their response to Paragraph 159, *supra*.

### F.    September 19, 2022 – Second Partial Corrective Disclosure/Materialization of the Risk

202.   No response to the allegations in Paragraph 202 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 202, except admit that Bloomberg published an article on September 19, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

203.   No response to the allegations in Paragraph 203 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants admit that Opendoor's stock price closed at $3.88 per share on September 19, 2022, at $3.56 per share on September 20, 2022, and at $3.25 per share on September 21, 2022.

204.   No response to the allegations in Paragraph 204 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 204, except admit that Motley Fool published an article on October 1, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

## VIII.    THE FULL TRUTH IS REVEALED AS DEFENDANTS DISCLOSE NEGATIVE CONTRIBUTION MARGIN

205.    No response to the allegations in Paragraph 205 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 205.

206.    No response to the allegations in Paragraph 206 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 206, except admit that Opendoor issued a press release on November 3, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

207.    No response to the allegations in Paragraph 207 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 207.

208.    No response to the allegations in Paragraph 208 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 208, except admit that Opendoor's stock price closed at $2.25 per share on November 3, 2022, at $1.95 per share on November 4, 2022, and at $1.74 per share on November 7, 2022.

209.    No response to the allegations in Paragraph 209 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 209, except admit that *Seeking Alpha* published an article on November 23, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

**IX.      LOSS CAUSATION/ECONOMIC LOSS**

210.   No response to the allegations in Paragraph 210 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 210.

211.   No response to the allegations in Paragraph 211 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 211.

212.   No response to the allegations in Paragraph 212 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 212.

213.   No response to the allegations in Paragraph 213 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 213.

214.   No response to the allegations in Paragraph 214 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 214.

215. No response to the allegations in Paragraph 215 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 215.

216. No response to the allegations in Paragraph 216 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 216.

217. No response to the allegations in Paragraph 217 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 217.

218. No response to the allegations in Paragraph 218 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 218.

219. No response to the allegations in Paragraph 219 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 219.

UNDERWRITER DEFENDANTS' ANSWER

**A.     February 24, 2022 – First Partial Corrective Disclosure/Materialization of the Risk**

220.    No response to the allegations in Paragraph 220 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 220.

221.    No response to the allegations in Paragraph 221 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 221, except admit that Opendoor issued a press release on February 24, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

222.    No response to the allegations in Paragraph 222 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 222, except admit that Opendoor's stock price closed at $10.98 per share on February 24, 2022, and at $8.44 per share on February 25, 2022.

223.    No response to the allegations in Paragraph 223 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 223, except admit that *The Real Deal* published an article on February 25, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

224.    No response to the allegations in Paragraph 224 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 224.

**B.    September 19, 2022 – Second Corrective Disclosure/Materialization of the Risk**

225.    No response to the allegations in Paragraph 225 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 225.

226.    No response to the allegations in Paragraph 226 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 226, except admit that Bloomberg published an article on September 19, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

227.    No response to the allegations in Paragraph 227 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 227.

228.    No response to the allegations in Paragraph 228 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 228.

229.    No response to the allegations in Paragraph 229 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 229, except admit that Opendoor's stock price closed at $4.06 per share on September 16, 2022, at $3.88 per share on September 19, 2022, and at $3.56 per share on September 20, 2022.

230.    No response to the allegations in Paragraph 230 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 230.

## C.    November 3, 2022 – Third Corrective Disclosure/Materialization of the Risk

231.    No response to the allegations in Paragraph 231 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 231.

232.    No response to the allegations in Paragraph 232 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 232, except admit that Opendoor issued a press release on November 3, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

233.    No response to the allegations in Paragraph 233 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 233.

234.    No response to the allegations in Paragraph 234 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 234.

235.    No response to the allegations in Paragraph 235 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 235, except admit that Opendoor's stock price closed at $2.25 per share on November 3, 2022, at $1.95 per share on November 4, 2022, and at $1.74 per share on November 7, 2022.

236.    No response to the allegations in Paragraph 236 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 236, except admit that *Seeking Alpha* posted an article on November 23, 2022, titled "Opendoor Must Adapt Its Business Model To Improve Flexibility – Or Continue Value Freefall," and respectfully refer the Court to that article for a complete and accurate description of its contents.

**X.        ADDITIONAL ALLEGATIONS OF SCIENTER**

237.    No response to the allegations in Paragraph 237 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the

Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 237.

238. No response to the allegations in Paragraph 238 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 238.

### A. Defendant Wu's Class Period Sales and Insider Trading Are Indicative of Scienter

239. No response to the allegations in Paragraph 239 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 239.

240. No response to the allegations in Paragraph 240 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 240, except (i) admit that Zillow announced on November 2, 2021 that it was leaving the iBuying market, and respectfully refer the Court to Zillow's announcement for a complete and accurate description of its contents and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 240, except admit that Opendoor's stock price closed at $24.75 per share on November 1, 2021, and at $21.12 per share on November 2, 2021.

241. No response to the allegations in Paragraph 241 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 241, except admit that Opendoor held an earnings call on November 10, 2021, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate description of its contents.

242.    No response to the allegations in Paragraph 242 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 242, except admit that Opendoor's stock price closed at $19.52 per share on November 10, 2021, and at $22.08 per share on November 11, 2021.

243.    No response to the allegations in Paragraph 243 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 243, except aver that Defendant Wu filed an SEC Form 4 dated November 18, 2021, and respectfully refer the Court to that filing for a complete and accurate description of its contents.

244.    No response to the allegations in Paragraph 244 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and respectfully refer the Court to Defendant Wu's Form 4 for a complete and accurate description of its contents.

245.    No response to the allegations in Paragraph 245 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 245 and respectfully refer the Court to Defendant Wu's Form 4 filings with the SEC for a description of his trading activities in Opendoor common stock during the alleged class period.

246.    No response to the allegations in Paragraph 246 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 246, except aver that Defendant Wu filed Form 4 filings with the SEC disclosing his trading activity during the alleged Class Period, and respectfully refer the Court to those filings for a complete and accurate description of their contents.

247.    No response to the allegations in Paragraph 247 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 247.

**B.    Core Operations: iBuying is Opendoor's Entire Business, and its Pricing Algorithm was Core to the Company's Success**

248.    No response to the allegations in Paragraph 248 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 248 provides a complete and accurate description of Opendoor and its business and operations and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of those matters.

249.    No response to the allegations in Paragraph 249 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants admit that pricing was an important aspect of Opendoor's business and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 249.  Although Paragraph 249 does not specify any public report as a source of its allegations, if and to the extent Paragraph 249 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

250.    No response to the allegations in Paragraph 250 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 250 and respectfully refer the Court to Opendoor's 2021 Annual Report for a complete and accurate description of its contents.

251.    No response to the allegations in Paragraph 251 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 251 regarding what every investor understood, except admit that investors generally understood that iBuying was an aspect of Opendoor's business, and (ii) deny that the allegations in Paragraph 251 provide a complete and accurate description of the June 3, 2021 Wedbush analyst report and respectfully refer the Court to that report for a complete and accurate description of its contents.

252. No response to the allegations in Paragraph 252 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 252, except admit that Mike DelPrete published an article on December 16, 2021, and respectfully refer the Court to that article for a complete and accurate description of its contents.

253. No response to the allegations in Paragraph 253 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 253, except admit that Wedbush issued an analyst report on August 12, 2021, and *Seeking Alpha* published an article on August 9, 2021, and respectfully refer the Court to those documents for a complete and accurate description of their contents.

## C.    Defendants' Statements Themselves Support Scienter

254. No response to the allegations in Paragraph 254 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 254 and incorporate by reference their responses to the allegations in Paragraphs 1–253, *supra*, to the extent they address the allegedly quoted material.

255. No response to the allegations in Paragraph 255 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 255, except deny knowledge or

information sufficient to form a belief as to whether the defendants made the statements attributed to them in the uncited quotations.

256.    No response to the allegations in Paragraph 256 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 256 and respectfully refer the Court to transcripts of (i) Opendoor's November 10, 2021 earnings call, and (ii) the March 4, 2022 Wedbush Real Estate Technology Conference for a complete and accurate description of each of their contents.

257.    No response to the allegations in Paragraph 257 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 257, and respectfully refer the Court to the transcript of Opendoor's November 10, 2021 earnings call for a complete and accurate description of its contents.

258.    No response to the allegations in Paragraph 258 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 258 and respectfully refer the Court to the transcript of Opendoor's November 10, 2021 earnings call for a complete and accurate description of its contents.

259.    No response to the allegations in Paragraph 259 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 259 and respectfully refer the Court to the transcript of the March 4, 2022 Wedbush Real Estate Technology Conference for a complete and accurate description of its contents.

260.    No response to the allegations in Paragraph 260 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 260 and respectfully refer the Court to the transcript of the March 8, 2022 Morgan Stanley Technology, Media and Telecom Conference for a complete and accurate description of its contents.

261.    No response to the allegations in Paragraph 261 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 261.

262.    No response to the allegations in Paragraph 262 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 262 and respectfully refer the Court to the March 4, 2021 Oppenheimer analyst report and November 11, 2021 Wedbush analyst report for a complete and accurate description of their contents.

263.    No response to the allegations in Paragraph 263 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 263.

**D.     The FTC Investigation and Findings Are Indicative of Scienter**

264.    No response to the allegations in Paragraph 264 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 264.

265.    No response to the allegations in Paragraph 265 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 265 and respectfully refer the Court to the FTC's August 18, 2019 Civil Investigative Demand ("CID") for a complete and accurate description of its contents.

266.    No response to the allegations in Paragraph 266 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 266 and respectfully refer the Court to the FTC's August 18, 2019 CID for a complete and accurate description of its contents.

267.    No response to the allegations in Paragraph 267 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 267 and respectfully refer the Court to the FTC's August 18, 2019 CID for a complete and accurate description of its contents.

268.    No response to the allegations in Paragraph 268 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 268 and respectfully refer the Court to the FTC's August 18, 2019 CID for a complete and accurate description of its contents.

269.    No response to the allegations in Paragraph 269 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 and respectfully refer the Court to the FTC's August 1, 2022 announcement for a complete and accurate description of its contents.

270.    No response to the allegations in Paragraph 270 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 270 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

271.    No response to the allegations in Paragraph 271 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 271 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

272.    No response to the allegations in Paragraph 272 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 272.

### E.    Zillow's Failure Supports Scienter

273.    No response to the allegations in Paragraph 273 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 273, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 273.

274.    No response to the allegations in Paragraph 274 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 274.

275.    No response to the allegations in Paragraph 275 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 275.

### F.    Defendants' Access to Data Such as Home Appreciation and Interest Rate Trends Supports an Inference of Scienter

276.    No response to the allegations in Paragraph 276 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276, except admit that the Individual

UNDERWRITER DEFENDANTS' ANSWER

Defendants had access to certain data concerning mortgage rates and appreciation at the time of the February 2021 SPO.

277. No response to the allegations in Paragraph 277 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 277, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 277 regarding what CW 8 might have said.

278. No response to the allegations in Paragraph 278 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 278, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278 regarding what CW 8 might have said.

279. No response to the allegations in Paragraph 279 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 279, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279 regarding what CW 8 might have said.

280. No response to the allegations in Paragraph 280 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 280.

281.    No response to the allegations in Paragraph 281 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 281.

### G.    The Scienter of the Exchange Act Individual Defendants Is Imputed to Opendoor

282.    No response to the allegations in Paragraph 282 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 282 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 282.

283.    No response to the allegations in Paragraph 283 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) as to the final sentence of Paragraph 283, it states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 283, except admit that the Individual Defendants were senior employees of Opendoor.

284.    No response to the allegations in Paragraph 284 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 284 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 284.

### XI.    CONTROL PERSON ALLEGATIONS

285.    No response to the allegations in Paragraph 284 is required from the

- 76 -                    UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 285 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 285, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285 regarding the level of day-to-day involvement of each Individual Defendant.

286.    No response to the allegations in Paragraph 286 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 286 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 286.

287.    No response to the allegations in Paragraph 287 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 287 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 287, except admit that (i) Opendoor issued public filings during the Class Period; and (ii) the Individual Defendants were provided copies of those filings.

288.    No response to the allegations in Paragraph 288 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 288.

**XII.    CLASS ACTION ALLEGATIONS**

289.    No response to the allegations in Paragraph 289 is required from the

- 77 -                    UNDERWRITER DEFENDANTS' ANSWER

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 289 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 289.

290.   No response to the allegations in Paragraph 290 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 290 and deny that this case is appropriate for class action treatment.

291.   No response to the allegations in Paragraph 291 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 291 and deny that this case is appropriate for class action treatment.

292.   No response to the allegations in Paragraph 292 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 292 and deny that this case is appropriate for class action treatment.

293.   No response to the allegations in Paragraph 293 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as

defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 293 and deny that this case is appropriate for class action treatment.

294. No response to the allegations in Paragraph 294 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny that any putative class members suffered any damages or suffered any wrongs and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 294. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

**XIII.    APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE**

295. No response to the allegations in Paragraph 295 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 295, except admit (i) that Plaintiffs maintain that they will rely on a presumption of reliance established by the fraud-on-the-market doctrine, (ii) sub-paragraphs (f) and (g), (iii) that Opendoor communicated with public investors through press releases and other means, and (iv) that Opendoor was followed by securities analysts, including at Wedbush and Oppenheimer.

296. No response to the allegations in Paragraph 296 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 296, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first

sentence of Paragraph 296.

297.   No response to the allegations in Paragraph 297 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 297.

298.   No response to the allegations in Paragraph 298 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 298.

299.   No response to the allegations in Paragraph 299 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 299.

## XIV.    NO SAFE HARBOR

300.   No response to the allegations in Paragraph 300 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 300.

301.   No response to the allegations in Paragraph 301 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 301 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 301.

UNDERWRITER DEFENDANTS' ANSWER

302.    No response to the allegations in Paragraph 302 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 302 states a legal conclusion.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 302.

303.    No response to the allegations in Paragraph 303 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 303.

304.    No response to the allegations in Paragraph 304 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 304.

## XV.    CAUSES OF ACTION

### COUNT I

**FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER AGAINST THE EXCHANGE ACT DEFENDANTS**

305.    No response to the allegations in Paragraph 305 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants repeat and incorporate each and every response as if fully set forth herein.

306.    No response to the allegations in Paragraph 306 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 306 states a legal conclusion. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 306, except admit that Plaintiffs claim to bring this action under the statutes cited therein.

307. No response to the allegations in Paragraph 307 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 307.

308. No response to the allegations in Paragraph 308 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 308.

309. No response to the allegations in Paragraph 309 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 309.

310. No response to the allegations in Paragraph 310 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 310, except admit that the Individual Defendants were senior employees at Opendoor and had knowledge of the company's business.

311. No response to the allegations in Paragraph 311 is required from the

Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) as to the third sentence of Paragraph 311, it states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 311, except admit that the Individual Defendants were senior employees at Opendoor.

312.    No response to the allegations in Paragraph 312 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 312, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 312.

313.    No response to the allegations in Paragraph 313 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 313.

314.    No response to the allegations in Paragraph 314 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 314.

**COUNT II**

**FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT AGAINST THE EXCHANGE ACT INDIVIDUAL DEFENDANTS**

315.    No response to the allegations in Paragraph 315 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see*

ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants repeat and incorporate each and every response as if fully set forth herein.

316. No response to the allegations in Paragraph 316 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 316, except admit that Plaintiffs claim to bring this action under the statutes cited therein.

317. No response to the allegations in Paragraph 317 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 317, except admit that the Individual Defendants were senior employees at Opendoor who participated in managing the company's business.

318. No response to the allegations in Paragraph 318 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims; and (iii) Paragraph 318 states a legal conclusion. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 318.

319. No response to the allegations in Paragraph 319 is required from the Underwriter Defendants because (i) the Exchange Act claims have been dismissed, *see* ECF Nos. 86 at 33; 97 at 3; and (ii) the Underwriter Defendants are not named as defendants in the Exchange Act claims. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 319.

UNDERWRITER DEFENDANTS' ANSWER

## XVI.    VIOLATIONS OF SECTIONS 11 AND 15 OF THE SECURITIES ACT

320.    Because Paragraph 320 (including footnote 10) contains no factual allegations, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 320 (including footnote 10).

## XVII.    BACKGROUND FOR THE SECURITIES ACT CLAIMS

321.    The Underwriter Defendants deny that the allegations in Paragraph 321 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters.

322.    The Underwriter Defendants deny that the allegations in Paragraph 322 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters.  The Underwriter Defendants admit that Opendoor (i) was founded in 2014 by, among others, Ian Wong and Eric Wu, (ii) was previously known as Opendoor Labs Inc., (iii) operated as a private company for several years, and (iv) uses artificial intelligence and has developed proprietary pricing algorithms to inform pricing decisions.  Although Paragraph 322 does not specify any public report as a source of its allegations, if and to the extent Paragraph 322 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

323.    The Underwriter Defendants deny that the allegations in Paragraph 323 provide a complete and accurate description of Opendoor and its business and operations, and respectfully refer the Court to the February 2021 Registration Statement for a complete and accurate description of those matters.  The Underwriter Defendants admit that (i) Opendoor uses artificial intelligence and has developed proprietary pricing algorithms to inform pricing decisions; and (ii) contribution margin is an important performance metric for Opendoor.  Although Paragraph 323 does not specify any public

report as a source of its allegations, if and to the extent Paragraph 323 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

324. The Underwriter Defendants deny the allegations in Paragraph 324, except admit that Opendoor Labs Inc. went public via a reverse merger with Social Capital Hedosophia Holdings Corp. II ("SCH") (the "de-SPAC Merger") in 2020.

325. The Underwriter Defendants deny the allegations in Paragraph 324, except (i) admit that on December 21, 2020, Opendoor's common stock began publicly trading on NASDAQ under the ticker symbol "OPEN" and Opendoor's warrants traded under the ticker symbol "OPENW" and (ii) admit that SCH filed a registration statement with the SEC as part of the merger transaction between SCH and Legacy Opendoor and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of its contents, including the details of the merger transaction.

326. The Underwriter Defendants deny the allegations in Paragraph 326.

327. The Underwriter Defendants deny the allegations in Paragraph 327, except admit that Opendoor conducted a secondary offering on February 9, 2021 (the "February 2021 SPO"), that generated approximately $886 million in gross proceeds of which Opendoor received approximately $859.5 million.

**A.      Opendoor Goes Public Through a SPAC Called SCH**

328. The Underwriter Defendants admit that (i) Opendoor went public through a reverse-merger with SCH; and (ii) Paragraph 328 provides a generally accurate description of how SPACs work, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 328 concerning every SPAC that has ever existed.

329. The Underwriter Defendants deny the allegations in Paragraph 329, except (i) admit that the first two sentences of Paragraph 329 provide a generally accurate description of how SPACs work and (ii) deny knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations in Paragraph 329 concerning every SPAC that has ever existed.

330.    The Underwriter Defendants deny the allegations in Paragraph 330, except admit that the first sentence provides a generally accurate description of how SPACs work.

331.    The Underwriter Defendants admit the allegations in Paragraph 331.

332.    The Underwriter Defendants admit that Paragraph 332 provides a generally accurate description of how SPACs work, but (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 332 concerning every SPAC that has ever existed and (ii) respectfully refer the Court to Aaron Ross Sorkin's article for a complete and accurate description of its contents.

333.    The Underwriter Defendants deny the allegations in Paragraph 333, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 12, and admit (i) the allegations in footnote 13, (ii) that SCH Sponsor II LLC subscribed for an aggregate of 8,625,000 Class B ordinary shares for an aggregate purchase price of $25,000, (iii) that at a $10 per share value, 10,350,000 shares of SCH stock would be worth more than $100 million after the SPAC's IPO, (iv) Opendoor stock traded at a high of $39.24 during the alleged Class Period, and (v) at a $39 per share value, SCH stock would be worth 3.9 times as much as its value at $10 per share.  If and to the extent Paragraph 333 is describing information contained in the November 2020 Registration Statement, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

**B.    Summary of the December 2020 Offering**

334.    The Underwriter Defendants deny that the allegations in Paragraph 334 provide a complete and accurate description of the September 15, 2020 SCH announcement and Merger Agreement and respectfully refer the Court to those documents for a complete and accurate description of their contents, and admit that (i) SCH issued a

press release on September 15, 2020; and (ii) the merger between Opendoor Labs Inc. and SCH was governed by a merger agreement.

335.    The Underwriter Defendants deny the allegations in Paragraph 335, except admit that (i) SCH issued a press release on September 15, 2020, and respectfully refer the Court to that press release for a complete and accurate description of its contents; and (ii) SCH made an announcement on September 15, 2020, and respectfully refer the Court to that announcement for a complete and accurate description of its contents.

336.    The Underwriter Defendants admit the allegations in Paragraph 336.

337.    The Underwriter Defendants deny that the allegations in Paragraph 337 provide a complete and accurate description of the merger transaction or the November 2020 Registration Statement and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of these matters.

338.    The Underwriter Defendants deny that the allegations in Paragraph 338 provide a complete and accurate description of the merger transaction or the November 2020 Registration Statement and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of these matters.

339.    The Underwriter Defendants deny that the allegations in Paragraph 339 provide a complete and accurate description of the November 2020 Registration Statement and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of its contents.

340.    The Underwriter Defendants admit the allegations in Paragraph 340.

341.    The Underwriter Defendants admit the allegations in Paragraph 341.

342.    The Underwriter Defendants deny the allegations in Paragraph 342 and footnote 17, except admit that John Coates issued a statement on April 8, 2021, and respectfully refer the Court to that statement for a complete and accurate description of its contents.

UNDERWRITER DEFENDANTS' ANSWER

**C.    Summary of the February 2021 Secondary Public Offering**

343.    The Underwriter Defendants admit the allegations in Paragraph 343 (including footnote 18).

344.    The Underwriter Defendants admit the allegations in Paragraph 344.

345.    Because Paragraph 345 contains no factual allegations, no response is required.

346.    The Underwriter Defendants deny the allegations in Paragraph 346.

**D.    Summary of the February 2021 Secondary Public Offering**

347.    The Underwriter Defendants deny the allegations in Paragraph 347.

348.    The Underwriter Defendants deny the allegations in Paragraph 348, except admit that Opendoor issued a press release on February 24, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

349.    The Underwriter Defendants deny the allegations in Paragraph 349, except admit that Bloomberg published an article on September 19, 2022, and respectfully refer the Court to that article for a complete and accurate description of its contents.

350.    The Underwriter Defendants deny the allegations in Paragraph 350, except admit that Opendoor issued a press release on November 3, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

351.    The Underwriter Defendants deny the allegations in Paragraph 351, except admit that (i) Opendoor made an earnings announcement on November 3, 2022; (ii) Opendoor's stock price closed at $31.25 per share on December 21, 2020; (iii) Opendoor's stock price closed at $2.34 per share on November 3, 2022; and (iv) Opendoor's stock price closed at $1.74 per share on November 7, 2022.

**XVIII.    JURISDICTION**

352.    Paragraph 352 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in

UNDERWRITER DEFENDANTS' ANSWER

Paragraph 352, except admit that Plaintiffs purport to bring this action under the statutes cited therein.

353. Paragraph 353 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 353, except admit that Plaintiffs claim this Court has jurisdiction over this action under the statutes cited therein.

354. The Underwriter Defendants deny the allegations in Paragraph 354, except (i) aver that the first sentence of Paragraph 354 states a legal conclusion to which no response is required (and to the extent a response is required, deny the allegations in Paragraph 354); and (ii) admit that Plaintiffs maintain that venue is proper pursuant to the statutes cited therein.

355. The Underwriter Defendants deny the allegations in Paragraph 355.

## XIX.    THE SECURITIES ACT PARTIES

### A.    Plaintiffs

356. The Underwriter Defendants admit the allegations in Paragraph 356.

357. The Underwriter Defendants deny the allegations in Paragraph 357, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 357.

358. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358, except admit the allegations in the last sentence of Paragraph 358.

### B.    Defendants

#### 1.    Corporate Defendants

359. The Underwriter Defendants admit the allegations in Paragraph 359.

360. The Underwriter Defendants admit the allegations in Paragraph 360.

361. Because Paragraph 361 contains no factual allegations, no response is required.

UNDERWRITER DEFENDANTS' ANSWER

## 2. Individual Defendants

362. The Underwriter Defendants deny the allegations in Paragraph 362, except admit that Defendant Wu (i) signed the February 2021 SPO Documents and (ii) resigned as CEO of Opendoor on December 1, 2022.

363. The Underwriter Defendants deny the allegations in Paragraph 363, except admit that Defendant Wheeler (i) signed the February 2021 SPO Documents and (ii) served as Opendoor's Chief Financial Officer ("CFO") following the consummation of the Merger until December 1, 2022, when she was appointed as CEO of Opendoor.

364. The Underwriter Defendants deny the allegations in Paragraph 364, except admit that Defendant Bain (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

365. The Underwriter Defendants deny the allegations in Paragraph 365, except admit that Defendant Herman (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

366. The Underwriter Defendants deny the allegations in Paragraph 366, except admit that Defendant Keffer (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

367. The Underwriter Defendants deny the allegations in Paragraph 367, except admit that Defendant Solomon (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

368. The Underwriter Defendants deny the allegations in Paragraph 368, except admit that Defendant Kilar (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

369. The Underwriter Defendants deny the allegations in Paragraph 369, except admit that Defendant Jaffe (i) signed the February 2021 SPO Documents and (ii) served as a Director of Opendoor from at least December 21, 2020, through the SPO.

370. The Underwriter Defendants deny the allegations in Paragraph 370, except

admit that Defendant Palihapitiya (i) signed the November 2020 Registration Statement and (ii) served as a SCH's CEO and Chairman of the Board of Directors.

371.    The Underwriter Defendants deny the allegations in Paragraph 371, except admit that Defendant Trieu (i) signed the November 2020 Registration Statement and (ii) served as a SCH's CFO.

372.    The Underwriter Defendants deny the allegations in Paragraph 372, except admit that Defendant Osborne (i) signed the November 2020 Registration Statement and (ii) served as a SCH's President and a Director.

373.    The Underwriter Defendants deny the allegations in Paragraph 373, except admit that Defendant Spillane (i) signed the November 2020 Registration Statement and (ii) served as a Director of SCH.

374.    Because Paragraph 374 contains no factual allegations, no response is required.

375.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 375, except admit that various members of Opendoor senior management participated in communications with shareholders regarding the Merger and the February 2021 SPO.

### 3.    Underwriter Defendants

376.    The Underwriter Defendants deny the allegations in Paragraph 376, except admit that Citigroup Global Markets Inc. is a financial services company incorporated in the state of New York that acted as an underwriter for the February 2021 SPO.

377.    The Underwriter Defendants deny the allegations in Paragraph 377, except admit that Goldman Sachs & Co. LLC is a financial services company incorporated in the state of New York that acted as an underwriter for the February 2021 SPO.

378.    The Underwriter Defendants deny the allegations in Paragraph 378, except admit that Barclays Capital Inc. is a financial services company incorporated in the state of Connecticut that acted as an underwriter for the February 2021 SPO.

379.    The Underwriter Defendants deny the allegations in Paragraph 379, except admit that Deutsche Bank Securities Inc. is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

380.    The Underwriter Defendants deny the allegations in Paragraph 380, except admit that Oppenheimer & Co. Inc. is a financial services company incorporated in the state of New York that acted as an underwriter for the February 2021 SPO.

381.    The Underwriter Defendants deny the allegations in Paragraph 381, except admit that BTIG, LLC is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

382.    The Underwriter Defendants deny the allegations in Paragraph 382, except admit that KeyBanc Capital Markets Inc. is a financial services company incorporated in the state of Ohio that acted as an underwriter for the February 2021 SPO.

383.    The Underwriter Defendants deny the allegations in Paragraph 383, except admit that Wedbush Securities Inc. is a financial services company incorporated in the state of California that acted as an underwriter for the February 2021 SPO.

384.    The Underwriter Defendants deny the allegations in Paragraph 384, except admit that TD Securities (USA) LLC is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

385.    The Underwriter Defendants deny the allegations in Paragraph 385, except admit that Zelman Partners LLC is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

386.    The Underwriter Defendants deny the allegations in Paragraph 386, except admit that Academy Securities, Inc. is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

387.    The Underwriter Defendants deny the allegations in Paragraph 387, except admit that Loop Capital Markets LLC is a financial services company incorporated in the state of Delaware that acted as an underwriter for the February 2021 SPO.

388.    The Underwriter Defendants deny the allegations in Paragraph 388, except

admit that Samuel A. Ramirez & Company, Inc. is a financial services company incorporated in the state of New York that acted as an underwriter for the February 2021 SPO.

389. The Underwriter Defendants deny the allegations in Paragraph 389, except admit that Siebert Williams Shank & Co., LLC is a financial services company formed in the state of Delaware that acted as an underwriter for the February 2021 SPO.

390. The Underwriter Defendants deny the allegations in Paragraph 390, except admit that each of the Underwriter Defendants served as an underwriter for the February 2021 SPO.

391. Because Paragraph 391 contains no factual allegations, no response is required.

392. Because Paragraph 392 contains no factual allegations, no response is required.

**C.    Defendants**

393. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 393.

394. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 394.

395. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 395.

396. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 396.

397. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 397.

398. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 398.

399. The Underwriter Defendants deny knowledge or information sufficient to

UNDERWRITER DEFENDANTS' ANSWER

form a belief as to the truth or falsity of the allegations in Paragraph 399.

400.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 400.

## XX.    THE MATERIALLY FALSE STATEMENTS IN THE OFFERING MATERIALS

### A.    Materially False Statements Contained in the December 2020 Offering Documents

401.    These allegations are not directed to the Underwriter Defendants, and so no response from them is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 401, except admit the allegations in the first two sentences of Paragraph 401 and that Opendoor's post-merger common stock began publicly trading on the NASDAQ on December 21, 2020.

402.    No response to Paragraph 402 is required because (i) the allegations concern alleged misstatements that the Court has already dismissed, *see* ECF Nos. 86 at 7–11, 29; 97 at 3; and (ii) these allegations are not directed to the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 402, and respectfully refer the Court to the November 2020 Offering Documents for a complete and accurate description of their contents, including the identities of any signatories.

403.    These allegations are not directed to the Underwriter Defendants, and so no response from them is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 403, except (i) deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said, and (ii) admit that the Federal Trade Commission filed a complaint against Opendoor and respectfully refer the Court to that complaint for a complete and accurate description of its contents.

404.    These allegations are not directed to the Underwriter Defendants, and so no response from them is required.  To the extent a response is required, the Underwriter

Defendants deny the allegations in Paragraph 404.

405.   No response to Paragraph 405 is required because (i) the allegations concern alleged misstatements that the Court has already dismissed, *see* ECF Nos. 86 at 7–11, 29; 97 at 3; and (ii) these allegations are not directed to the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 405 and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of its contents.

406.   No response to Paragraph 406 is required because (i) the allegations concern alleged misstatements that the Court has already dismissed, *see* ECF Nos. 86 at 7–11, 29; 97 at 3; and (ii) these allegations are not directed to the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 406 and respectfully refer the Court to the FTC Complaint for a complete and accurate description of its contents, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

407.   No response to Paragraph 407 is required because (i) the allegations concern alleged misstatements that the Court has already dismissed, *see* ECF Nos. 86 at 7–11, 29; 97 at 3; and (ii) these allegations are not directed to the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 407 and respectfully refer the Court to the November 2020 Registration Statement for a complete and accurate description of its contents.

408.   No response to Paragraph 408 is required because (i) the allegations concern alleged misstatements that the Court has already dismissed, *see* ECF Nos. 86 at 7–11, 29; 97 at 3; and (ii) these allegations are not directed to the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 408 and respectfully refer the Court to the FTC Complaint for a complete and accurate description of its contents.

UNDERWRITER DEFENDANTS' ANSWER

**B.    Materially False Statements Contained in the February 2021 SPO Documents**

409.    The Underwriter Defendants deny the allegations in Paragraph 409, except aver that Opendoor filed the February 2021 SPO Documents with the SEC on February 4, 2021, and respectfully refer the Court to the February 2021 SPO Documents for a complete and accurate description of their contents.

410.    The Underwriter Defendants deny the allegations in Paragraph 410 and respectfully refer the Court to the February 2021 SPO Documents for a complete and accurate description of their contents, including the identities of the signatories thereto.

411.    The Underwriter Defendants deny the allegations in Paragraph 411 and incorporate by reference their responses to Paragraphs 403–04, *supra*.

412.    No response to Paragraph 412 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 412 and respectfully refer the Court to the February 2021 SPO Documents for a complete and accurate description of their contents.

413.    No response to Paragraph 413 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 413 and incorporate by reference their responses to Paragraph 406, *supra*.

414.    No response to Paragraph 414 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 414, and respectfully refer the Court to the February 2021 SPO Documents for a complete and accurate description of their contents.

415.    No response to Paragraph 415 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29;

UNDERWRITER DEFENDANTS' ANSWER

97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 415 and incorporate by reference their responses to Paragraph 408, *supra*.

### C. Statements in the Offering Documents Were Materially False

#### 1. Former Opendoor Employees Reveal that the Pricing Algorithm Was Largely Inaccurate and Humans Drove Pricing Decisions

416. The Underwriter Defendants deny the allegations in Paragraph 416, except deny knowledge or information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

417. The Underwriter Defendants deny the allegations in Paragraph 417, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 417 regarding who CW 5 is and what CW 5 might have said.

418. The Underwriter Defendants deny the allegations in Paragraph 418, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 418 regarding who CW 6 is and what CW 6 might have said

419. The Underwriter Defendants deny the allegations in Paragraph 419, except deny knowledge and information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

420. The Underwriter Defendants deny the allegations in paragraph 420, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 420 regarding who CW 2 is and what CW 2 might have said.

421. The Underwriter Defendants deny the allegations in Paragraph 421, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 421 regarding who CW 2 is and what CW 2 might have said.

422. The Underwriter Defendants deny the allegations in Paragraph 422, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 422 regarding who CW 2 is and what CW 2 might have said.

423. The Underwriter Defendants deny the allegations in Paragraph 423, except

deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 423 regarding who CW 2 is and what CW 2 might have said.

424. The Underwriter Defendants deny the allegations in Paragraph 424, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 424 regarding who CW 2 is and what CW 2 might have said.

425. The Underwriter Defendants deny the allegations in Paragraph 425, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 425 regarding who CW 2 is and what CW 2 might have said.

426. The Underwriter Defendants deny the allegations in Paragraph 426, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 426 regarding who CW 2 is and what CW 2 might have said.

427. The Underwriter Defendants deny the allegations in Paragraph 427, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 427 regarding who CW 2 is and what CW 2 might have said.

**2. The FTC Investigation Reveals Human Involvement and Deceptive Practices Designed to Drive Contribution Margin**

428. The Underwriter Defendants admit the allegations in Paragraph 428.

429. The Underwriter Defendants deny the allegations in Paragraph 429 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

430. The Underwriter Defendants deny the allegations in Paragraph 430 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

431. The Underwriter Defendants deny the allegations in Paragraph 431 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

432. The Underwriter Defendants deny the allegations in Paragraph 432 and

respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

433.    The Underwriter Defendants deny the allegations in Paragraph 433 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

434.    The Underwriter Defendants deny the allegations in Paragraph 434 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

435.    The Underwriter Defendants deny the allegations in Paragraph 435 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

436.    The Underwriter Defendants deny the allegations in Paragraph 436 and respectfully refer the Court to the FTC's Complaint for a complete and accurate description of its contents.

437.    The Underwriter Defendants deny the allegations in Paragraph 437, except admit that (i) Opendoor paid $62 million in connection with the settlement agreement with the FTC; and (ii) the Director of the FTC's Bureau of Consumer Protection, Samuel Levine, issued a press release announcing the settlement and respectfully refer the Court to the FTC's press release for a complete and accurate description of its contents, including the amount of the settlement.

438.    No response to Paragraph 438 is required because the allegations concern alleged misstatements that the Court has already dismissed.  *See* ECF Nos. 86 at 14–15, 21–22; 97 at 3.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 438.

> **3.    Former Employees Reveal that Opendoor Charged Sellers for Unnecessary Repairs and Pocketed the Extra Money as Profit**

439.    No response to Paragraph 439 is required because the allegations concern alleged misstatements that the Court has already dismissed.  *See* ECF Nos. 86 at 7–11, 29;

97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 439, except deny knowledge and information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

440. No response to Paragraph 440 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 440, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 440 regarding who CW 4 is and what CW 4 might have said.

441. No response to Paragraph 441 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 441, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 441 regarding who CW 3 is and what CW 3 might have said.

442. No response to Paragraph 442 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 442, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 442 regarding who CW 3 is and what CW 3 might have said.

443. No response to Paragraph 443 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 443, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 443 regarding who CW 3 is and what CW 3 might have said.

444. No response to Paragraph 444 is required because the allegations concern

alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 444, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 444 regarding who CW 3 is and what CW 3 might have said.

445. No response to Paragraph 445 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 446, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 445 regarding who CW 3 is and what CW 3 might have said.

446. No response to Paragraph 446 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 446 regarding who CW 3 is and what CW 3 might have said.

447. No response to Paragraph 447 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 447, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 447 regarding who CW 3 is and what CW 3 might have said.

448. No response to Paragraph 448 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 7–11, 29; 97 at 3. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 448 regarding who CW 3 is and what CW 3 might have said.

**4.      Former Employees Reveal that the Algorithm Could Not Adapt**

**to the Changing Housing Market in 2022**

449.   The Underwriter Defendants deny the allegations in Paragraph 449, except deny knowledge and information sufficient to form a belief as to what any confidential witness referenced in the CAC might have said.

450.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 450 regarding who CW 4 is and what CW 4 might have said.

451.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 451 regarding who CW 1 is and what CW 1 might have said.

452.   The Underwriter Defendants deny the allegations in Paragraph 452, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 452 regarding who CW 1 is and what CW 1 might have said.

453.   No response to Paragraph 453 is required because (i) it is not alleged against the Underwriter Defendants; and (ii) the allegations concern claims that the Court has already dismissed, *see* ECF Nos. 86 at 33; 97 at 3.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 453, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Defendants Wu and Wheeler may have said at unspecified "company-wide conferences."

454.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 454 regarding who CW 7 is and what CW 7 might have said.

455.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 455 regarding who CW 8 is and what CW 8 might have said.

456.   The Underwriter Defendants deny knowledge or information sufficient to

UNDERWRITER DEFENDANTS' ANSWER

form a belief as to the truth or falsity of the allegations in Paragraph 456 regarding who CW 3 is and what CW 3 might have said.

457. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 457 regarding who CW 7 is and what CW 7 might have said.

458. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 458 regarding who CW 7 is and what CW 7 might have said.

459. The Underwriter Defendants deny the allegations in the first sentence of Paragraph 459, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 459 regarding who CW 1 is and what CW 1 might have said.

460. The Underwriter Defendants deny the allegations in the first sentence of Paragraph 459, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 460 regarding who CW 7 is and what CW 7 might have said.

**D.      The Underwriter Defendants Failed to Perform Adequate Due Diligence**

461. The Underwriter Defendants admit the allegations in Paragraph 461.

462. The Underwriter Defendants deny the allegations in Paragraph 462, except admit that the Underwriter Defendants underwrote the SPO.

463. Paragraph 463 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 463 present a complete and accurate description of what underwriter due diligence involves, except admit that the treatise "Due Diligence - Periodic Reports and Securities Offerings," which was published by Clark Boardman Callaghan in 2004, exists and respectfully refer the Court to that treatise for a complete and accurate description of its contents.

464.   Paragraph 464 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 464 present a complete and accurate description of what underwriter due diligence involves.

465.   Paragraph 465 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 465 present a complete and accurate description of what underwriter due diligence involves.

466.   Paragraph 466 states legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 466 present a complete and accurate description of what underwriter due diligence involves, except admit that the treatise "Due Diligence in Business Transactions," which was published by ALM in 1994, exists and respectfully refer the Court to that publication for a complete and accurate description of its contents.

467.   Paragraph 467 states legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 467 present a complete and accurate description of what underwriter due diligence involves.

468.   No response to Paragraph 468 is required because the allegations concern alleged misstatements that the Court has already dismissed. *See* ECF Nos. 86 at 14–15, 21–22; 97 at 3. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 468.

469.   The Underwriter Defendants deny the allegations in Paragraph 469.

**E.     News About Declining Contribution Margins and Profitability Cause Opendoor's Stock to Crash**

470.   The Underwriter Defendants deny the allegations in Paragraph 470, except admit that (i) Opendoor issued a press release announcing its fourth quarter and full year 2021 financial results on February 24, 2022; and (ii) *The Real Deal* published an article

titled "Opendoor stock plunges as losses soar along with revenue" on February 25, 2022. The Underwriter Defendants respectfully refer the Court to the February 24, 2022 press release and February 25, 2022 article in *The Real Deal* for a complete and accurate description of their contents.

471.    The Underwriter Defendants deny the allegations in Paragraph 471, except admit that Bloomberg published an article about Opendoor on September 19, 2022, and respectfully refer the Court to the September 19, 2022 Bloomberg article for a complete and accurate description of its contents.

472.    The Underwriter Defendants deny the allegations in Paragraph 472, except admit that Opendoor issued a press release announcing its third quarter 2022 financial results on November 3, 2022, and respectfully refer the Court to the November 3, 2022 press release for a complete and accurate description of its contents.

473.    The Underwriter Defendants deny the allegations in Paragraph 473, except admit that Opendoor's stock price closed at $1.74 per share on November 7, 2022, and that its closing price on December 21, 2020, was $31.25.

## XXI.    CLASS ALLEGATIONS

474.    Paragraph 474 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 474.

475.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 475, except admit that 546,787,019 shares of Opendoor common stock were registered through the November 2020 Registration Statement and 27,600,000 shares of Opendoor common stock were registered through the February 2021 Registration Statement.  The Underwriter Defendants further deny that this case is appropriate for class action treatment.

476.    The Underwriter Defendants deny the allegations in Paragraph 476.

477.    The Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 477. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

478. The Underwriter Defendants deny the allegations in Paragraph 478 and deny that this case is appropriate for class action treatment.

479. The Underwriter Defendants deny that any putative class members suffered any damages or suffered any wrongs and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 479. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

## XXII.   CAUSES OF ACTION

### COUNT III

**FOR VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT AGAINST OPENDOOR, SCH, THE SECURITIES ACT INDIVIDUAL DEFENDANTS, AND THE UNDERWRITER DEFENDANTS**

480. The Underwriter Defendants incorporate by reference their responses to Paragraphs 320–479 as if fully set forth herein.

481. Paragraph 481 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 481.

482. The Underwriter Defendants deny the allegations in Paragraph 482.

483. The Underwriter Defendants deny the allegations in Paragraph 483.

484. The Underwriter Defendants deny the allegations in Paragraph 484.

485. The Underwriter Defendants deny the allegations in Paragraph 485, except admit that the Corporate Defendants were issuers of the common stock of Opendoor.

486. The Underwriter Defendants deny the allegations in Paragraph 486.

487. The Underwriter Defendants deny the allegations in Paragraph 487, except (i) admit the allegations in the first sentence of Paragraph 487 and (ii) aver that the second and third sentences of Paragraph 487 require no response because they state legal

conclusions and are not directed against the Underwriter Defendants, and deny those allegations to the extent a response is required.

488.    The Underwriter Defendants deny the allegations in Paragraph 488, except (i) admit that they served as underwriters for the February 2021 SPO and (ii) aver that the second, third, and fourth sentences of Paragraph 388 state legal conclusions to which no response is required, and, to the extent a response is required, deny those allegations.

489.    The Underwriter Defendants deny the allegations in Paragraph 489.

490.    The Underwriter Defendants deny the allegations in Paragraph 490.

491.    The Underwriter Defendants deny the allegations in Paragraph 491.

492.    The Underwriter Defendants deny the allegations in Paragraph 492, except admit that this action was commenced less than three years after the SPO.

**COUNT IV**

**FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT AGAINST THE SECURITIES ACT INDIVIDUAL DEFENDANTS**

493.    Paragraph 493 is not alleged against the Underwriter Defendants, and therefore no response is required.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 320–479 as if fully set forth herein.

494.    No response to Paragraph 494 is required because (i) the allegations are not directed against the Underwriter Defendants; and (ii)  Paragraph 494 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 494, except admit that Plaintiffs purport to bring this action under the statutes cited therein.

495.    Paragraph 495 is not alleged against the Underwriter Defendants, and therefore no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 495.

496.    No response to Paragraph 496 is required because it (i) is not alleged against the Underwriter Defendants and (ii) states a legal conclusion.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 496.

497. Paragraph 497 is not alleged against the Underwriter Defendants, and therefore no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 497.

498. Paragraph 498 is not alleged against the Underwriter Defendants, and therefore no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 498.

499. Paragraph 499 is not alleged against the Underwriter Defendants, and therefore no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 499, except admit that this action was commenced less than three years after the SPO.

## XXIII. PRAYER FOR RELIEF

500. The Underwriter Defendants deny that Plaintiffs or the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss the claims against them with prejudice and order such further relief as the Court deems just and proper.

## XXIV. JURY TRIAL DEMANDED

501. The Underwriter Defendants state that no response to Plaintiffs' demand for trial by jury is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to the Underwriter Defendants as to any element of Plaintiffs' claims, brought individually and on behalf of the putative class, the Underwriter Defendants assert the following defenses:

## FIRST DEFENSE

The Section 11 claim asserted against the Underwriter Defendants fails to allege facts sufficient to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs and the putative class lack standing to sue under the Securities Act, or to assert the Section 11 claim against the Underwriter Defendants.

**THIRD DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs or the putative class because the February 2021 SPO Documents did not contain any false or misleading statements of material fact or omissions of material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statement not contained in the February 2021 SPO Documents and materials incorporated therein.

**FOURTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted from the February 2021 SPO Documents, or to correct any information disclosed in the February 2021 SPO Documents.

**FIFTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the alleged omissions of material fact in the February 2021 SPO Documents were not material to the investment decisions of a reasonable investor.

**SIXTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act because any allegedly material information allegedly omitted from the February 2021 SPO Documents was already disclosed and/or publicly known.

**SEVENTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter

Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the February 2021 SPO Documents became effective, that the statements in the February 2021 SPO Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## EIGHTH DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## NINTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the February 2021 SPO Documents purporting to be made on the authority of experts retained to assist in preparing such documents, including independent auditors, tax specialists, and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, including that the Underwriter Defendants were entitled to rely on and did rely reasonably and in good faith upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Registration Statement that, subject to the conditions therein, the Registration Statement did not violate Section 11 of the Securities Act.

## TENTH DEFENSE

Any damages or injuries suffered by the Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

## ELEVENTH DEFENSE

Damages or injuries suffered by Plaintiffs or the putative class, if any, are the

proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## TWELFTH DEFENSE

To the extent the February 2021 SPO Documents and materials incorporated therein are determined to have contained false or misleading statements or material omissions (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## THIRTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the February 2021 SPO Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FOURTEENTH DEFENSE

Any damages or injuries suffered by Plaintiffs, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants, because any loss or diminution in value of Opendoor stock, or any alleged damages or injuries suffered by Plaintiffs, are not the result of any alleged misrepresentations or omissions in the February 2021 SPO Documents, and instead are the result of superseding, intervening, or independent cause unrelated to any act or omission on the part of the Underwriter Defendants, and are the proximate result, either in whole or in part, of actions or omissions of persons or entitles other than the Underwriter Defendants.

## FIFTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are

barred in whole or in part by laches, estoppel, waiver, unclean hands, Plaintiffs' inequitable conduct, Plaintiffs' actions, omissions, or negligence, or other equitable doctrine.

## SIXTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs, the putative class, or others over which the Underwriter Defendants had no control.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased Opendoor securities with actual or constructive knowledge of the risks involved in an investment in Opendoor securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## NINETEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased Opendoor securities with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto.

## TWENTIETH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class would have purchased Opendoor securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

UNDERWRITER DEFENDANTS' ANSWER

**TWENTY-FIRST DEFENSE**

The putative class is not certifiable under Federal Rule of Civil Procedure 23.

**TWENTY-SECOND DEFENSE**

Plaintiffs do not meet the adequacy or typicality requirements of Federal Rule of Civil Procedure 23.

**TWENTY-THIRD DEFENSE**

Plaintiffs and the putative class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

**TWENTY-FOURTH DEFENSE**

Plaintiffs and the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**TWENTY-FIFTH DEFENSE**

Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint, and are barred from recovering any damages which might reasonably have been avoided.

**TWENTY-SIXTH DEFENSE**

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

**TWENTY-SEVENTH DEFENSE**

Any amounts to which Plaintiffs or the putative class may be entitled must be set off by any amounts received or benefits gained.

**TWENTY-EIGHTH DEFENSE**

The Underwriter Defendants reserve the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**JURY TRIAL DEMANDED**

The Underwriter Defendants hereby respectfully demand a jury trial.

UNDERWRITER DEFENDANTS' ANSWER

**WHEREFORE**, the Underwriter Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1.      That this action may not be maintained as a class action.

2.      That the Complaint, and each purported cause of action, is dismissed with prejudice;

3.      That the Court grant the Underwriter Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.      That the Court award the Underwriter Defendants any such other and further relief as the Court may deem just and proper.

Respectfully submitted: July 12, 2024    BEYERS FARRELL PLLC

By:  /s/ *Michael J. Farrell*
    Michael J. Farrell

Michael J. Farrell, AZ 015056
mfarrell@bfazlaw.com
Maureen Beyers, AZ 017134
mbeyers@bfazlaw.com
BEYERS FARRELL PLLC
99 East Virginia Avenue, Suite 220
Phoenix AZ 85004
Telephone: (602) 738-3022

Jonathan Rosenberg (*pro hac vice*)
jrosenberg@omm.com
William J. Sushon (*pro hac vice*)
wsushon@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
17th Floor
New York, New York 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Amy S. Park (*pro hac vice*)
apark@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

*Attorneys for the Underwriters*