# Exhibit A

2024 WL 3748012
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

Asif MEHEDI, et al., Plaintiffs,

v.

VIEW, INC., et al., Defendants.

Case No. 21-cv-06374-BLF
|
Signed August 8, 2024

**Attorneys and Law Firms**

Pavithra Rajesh, Charles Henry Linehan, Robert Vincent Prongay, Glancy Prongay & Murray LLP, Los Angeles, CA, for Plaintiff Asif Mehedi.

Frederic S. Fox, Pro Hac Vice, Donald R. Hall, Jr., Pro Hac Vice, Jason Aron Uris, Pro Hac Vice, Kaplan Fox & Kilsheimer LLP, New York, NY, Laurence D. King, Blair Elizabeth Reed, Kathleen A. Herkenhoff, Kaplan Fox & Kilsheimer LLP, Oakland, CA, for Plaintiff Stadium Capital LLC.

Jason Aron Uris, Kaplan Fox & Kilsheimer LLP, New York, NY, Kathleen A. Herkenhoff, Laurence D. King, Kaplan Fox & Kilsheimer LLP, Oakland, CA, for Plaintiff David Sherman.

Brian Rivas Boessenecker, Henry Shreffler, John Willis Berry, John Michael Gildersleeve, Lauren Claire Barnett, Munger, Tolles & Olson LLP, Los Angeles, CA, for Defendants View, Inc., Rao Mulpuri.

Anna Erickson White, Ryan M. Keats, Lara McDonough, Michael Edward Komorowski, William Frentzen, Morrison & Foerster LLP, San Francisco, CA, for Defendant Vidul Prakash.

James P. Smith, III, Pro Hac Vice, Winston & Strawn LLP, New York, NY, Jeffrey Steinfeld, Winston & Strawn/ Chicago, Los Angeles, CA, for Defendants Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., CF Group Management, Inc.

**ORDER GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF CASE**

[Re: ECF No. 219]

BETH LABSON FREEMAN, United States District Judge

**\*1** Before the Court is Defendants' motion for certification of an interlocutory appeal of the Court's order granting Plaintiffs' motion to alter or amend the judgment and for relief from a final judgment. ECF No. 219 ("Mot."); ECF No. 212 ("Order"). Defendants also move for a stay pending appeal. Plaintiffs oppose the motion. ECF No. 223 ("Opp."). Defendants filed a reply. ECF No. 226 ("Reply"). The Court finds the motion suitable for submission without oral argument and VACATES the hearing scheduled for December 19, 2024. *See* Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS the motion, CERTIFIES an interlocutory appeal to the Ninth Circuit, and STAYS the case.

**I. LEGAL STANDARD**

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. However, a district court may certify an order for interlocutory review where (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The purpose of § 1292(b) is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Section 1292(b) certifications should be "applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

**II. DISCUSSION**

Defendants request that the Court certify its Order for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b) based on the following question: Whether a lead plaintiff who lacks a viable loss causation theory can still have Article III standing to bring securities fraud claims.

**A. Controlling Question of Law**

Defendants argue that Article III standing is a controlling question of law that will determine whether this case should proceed or be dismissed. Mot. at 4–5. Plaintiffs argue that the Article III standing issue is not a pure question of law, but rather the application of settled law to the facts of this case. Opp. at 2–5. Plaintiffs also argue that any question of law is not controlling because Stadium Capital would still have Article III standing to pursue its claim under Section 14(a). *Id.* at 5–6.

The Court agrees with Defendants. Whether a plaintiff that cannot plead loss causation might still have Article III standing is a pure question of law that does not depend on a material dispute of fact. Standing is a constitutional gateway issue, and as such it is a question of law. *See City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1280 (9th Cir. 2019). The Court also finds that this issue is controlling. A reversal on appeal would mean that Stadium Capital does not have standing to pursue any of its claims, which this Court already determined would require dismissal of the entire action under *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003). *See* ECF No. 200 at 16–19. Therefore, this action would be materially affected by the Ninth Circuit's resolution of the standing issue. *In re Cement Antitrust*, 673 F.2d at 1026 ("[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). The Court thus finds that the first requirement for § 1292(b) is satisfied.

**B. Substantial Ground for Difference of Opinion**

**\*2** Defendants argue that a substantial ground for difference of opinion exists because other courts have reached different conclusions on whether a plaintiff that fails to allege loss causation has Article III standing and that this Court has issued two different rulings on the issue. Mot. at 6–8. Plaintiffs argue that the controlling law is clear and that other courts reached different outcomes than this Court were presented with different facts. Opp. at 6–8.

The Court finds a substantial ground for difference of opinion. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Ninth Circuit has not addressed whether a plaintiff that fails to plead loss

causation has Article III standing, and this Court clearly struggled in analyzing the question, issuing two orders that reached opposition conclusions. To the extent that Plaintiffs argue that the controlling law is clear, and the Court's Order granting the motion to alter or amend the judgment merely applied settled law to existing facts, Plaintiffs oversimplify the legal issue. The Court's analysis relied on cases that stand for the general proposition that the "fairly traceable" element of Article III standing is distinct from a showing of proximate cause, but these authorities did not address the interplay between loss causation and Article III standing. *See* Order at 7. The Court thus finds that the second requirement for § 1292(b) is satisfied.

**C. Material Advance of the Ultimate Termination of the Litigation**

Defendants argue that an interlocutory appeal would materially advance the termination of the litigation because the Article III standing issue could resolve the entire case. Mot. at 8–9. Plaintiffs argue that an interlocutory appeal would not advance the litigation but would instead delay termination of the litigation given the time it will take to resolve the appeal. Opp. at 9.

The Court finds that a successful interlocutory appeal would materially advance the termination of the litigation because, as the Court noted above, a successful appeal regarding this constitutional gateway issue would require dismissal of the entire case. Under these circumstances, the Court finds that the third § 1292(b) requirement is satisfied. *See Core Optical Techs., LLC v. Juniper Networks Inc.*, No. 21-CV-02428-VC, 2021 WL 5978761, at \*1 (N.D. Cal. Dec. 17, 2021) (noting that the third § 1292(b) requirement is met where a reversal on appeal would likely terminate the litigation).

**D. Request for a Stay**

Defendants request that the Court stay this case while Defendants pursue an appeal because a stay would preserve judicial and party resources and that the equities favor a stay. Mot. at 9–10. Plaintiffs argue that Stadium Capital was not responsible for any delay in this case, and any further delay of this case would prejudice Plaintiffs and the putative class. Opp. at 9–10.

The Court agrees with Defendants that this case should be stayed pending resolution by the Ninth Circuit. Although the Court acknowledges that a stay would briefly delay the resolution of this case, if the parties were required to continue

litigating this case, much of the efficiency and benefit of an interlocutory appeal would be lost. Accordingly, the Court STAYS this case pending a decision by the Ninth Circuit.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

**\*3** 1. Defendants' motion for certification of interlocutory appeal (ECF No. 219) of the Court's order granting Plaintiffs' motion to alter or amend the judgment and for relief from a final judgment is GRANTED.

   a. The Court certifies the following issue of controlling law, as to which there are substantial grounds for difference of opinion, the immediate appeal of which will materially advance the ultimate determination of the litigation, thus satisfying the statutory requirements of 28 U.S.C. § 1292(b): Whether a lead plaintiff who lacks a viable loss causation theory can still have Article III standing to bring securities fraud claims.

   b. The Court's order granting Plaintiff's motion to alter or amend the judgment and for relief from a final judgment (ECF No. 211) is hereby amended to include this Order.

   c. Defendants SHALL petition the Ninth Circuit for leave to proceed with the interlocutory appeal within 14 days of the date of this Order.

2. Defendants' request for a stay pending appeal is hereby GRANTED. This case is hereby STAYED. The parties SHALL file a joint status report within 14 days of the earlier of a Ninth Circuit decision denying leave to proceed with the interlocutory appeal or a Ninth Circuit decision ruling on the certified question.

**All Citations**

Slip Copy, 2024 WL 3748012

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.