# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sam Alich, | No. CV-22-01717-PHX-MTL |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Opendoor Technologies Incorporated, et al., | |
| Defendants. | |

Pursuant to the Parties' Stipulated Protective Order (Doc. 120), and good cause appearing,

**IT IS ORDERED** that the Stipulated Protective Order (Doc. 120) is **granted** with modifications.[*]

**IT IS FURTHER ORDERED** that the Court will enforce the following Protective Order:

**1. THE FOLLOWING DEFINITIONS SHALL APPLY IN THIS ORDER:**

a. **Action**: *In re Opendoor Technologies, Inc. Securities Litigation*, Case No. 2:22-CV-01717-MTL.

b. **Challenging Party**: a Party or Non-Party who challenges the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" of information or items under this Order.

---

[*] Additional language was added to Section 12 on page thirteen.

c.  **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

d.  **"HIGHLY CONFIDENTIAL" Information or Items**: Any Discovery Material or portion of such Discovery Material that reflects highly sensitive non-public commercial, proprietary, financial, business, or personal information.

e.  **Counsel**: (1) attorneys who have been retained to represent or advise a Party to this Action, including support staff; and/or (2) attorneys who are employees of a Party to this Action.

f.  **Designating Party**: a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

g.  **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

h.  **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

i.  **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

j.  **Party**: any party to this Action and all of a party's officers, directors, employees, retained Experts (and their support staffs), and Counsel. For the avoidance of doubt, no putative class member other than a named plaintiff, the Lead Plaintiff, or class representative in the above-captioned litigation constitutes a Party to this Action, and no putative class member other than a named plaintiff, the Lead Plaintiff, or class

representative may be given access to Protected Material.

k.     **Producing Party**: a Party or Non-Party who produces Disclosure or Discovery Material in this Action.

l.     **Professional Vendors**: persons or entities who provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

m.     **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

n.     **Receiving Party**: a Party who receives Disclosure or Discovery Material from a Producing Party.

## 2.     SCOPE OF THE ORDER

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order, however, do not cover any information: (a) known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no contractual or legal obligation of confidentiality to the Designating Party; and (b) that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

## 3.     DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of:

(1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 4.    MANNER OF DESIGNATIONS

Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced (except that counsel for Defendants may reproduce any of the documents previously produced to Plaintiffs in this Action without any confidentiality designation, with the appropriate confidentiality designations added to the documents consistent with the provisions of this Order).

Designation in conformity with this Order requires:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material in a manner that will not interfere with the legibility of the document. In the case of electronic documents produced in native format, the Producing Party may produce a one-page tagged image file format or TIFF image affixing the word "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL." If a Producing Party so desires, they may include the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name.  A Party or Non-Party who makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL "or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

b.     For testimony given in depositions, the Designating Party may designate testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record, before the close of the deposition, or within thirty (30) days of the close of the deposition by service of a Notice of Designation to all parties identifying specific portions of the testimony as to which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" protection is sought.  The transcript of any deposition will be treated as if designated "HIGHLY CONFIDENTIAL" until this thirty (30) day period has elapsed.  If a Notice of Designation is timely served pursuant to this provision, the court reporter shall mark the designated portions of such deposition transcript(s) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

c.     For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d.     **Inadvertent Failures to Designate.** An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not waive or forfeit the right to so designate. If a Producing Party inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Producing Party may subsequently do so in writing promptly upon discovery of the inadvertent failure to designate, and that material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the date of such designation.

Upon correction of a designation, any Receiving Party shall use commercially reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and shall notify the Producing Party if it has previously

- 5 -

disclosed the previously undesignated material. The Receiving Party shall also use commercially reasonable efforts to ensure that any derivative work generated by or on behalf of the Receiving Party, including analyses, memoranda, or notes that were generated based upon such material before redesignation, shall immediately be treated in conformity with any such redesignation.

### 5.    CHALLENGING CONFIDENTIAL DESIGNATIONS

Any Party seeking to challenge a designation of confidentiality must do so at a time consistent with any scheduling orders agreed to by the Parties or entered by the Court.  To initiate a challenge, the Challenging Party shall request to meet and confer with the Designating Party, and the Challenging Party and Designating Party shall meet and confer in good faith to address the Challenging Party's concerns.  The Challenging Party may seek resolution by the Court in the absence of agreement. While a challenge is pending, unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to treat the material in question as Protected Material under this order until the Court rules on the challenge.

### 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

a.    **Basic Principles.** A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and for no other purpose. Further, Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

b.    **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.    the Parties' Counsel in this Action, as well as employees and outside vendors of said Counsel;

- 6 -

ii.    the Parties in the Action, as well as the officers, directors, and employees (including in-house counsel) of the Parties;

iii.    the counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

iv.    Experts (as defined in this Order) who are assisting Counsel for a Party, provided that they have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and provided that no Discovery Material designated as "CONFIDENTIAL" may be disclosed to any expert or consultant who is currently employed or retained by a competitor of Opendoor Technologies, Inc., except by written agreement of the parties or by order of the Court;

v.    the Court and any appellate court, and their personnel;

vi.    court reporters and videographers and their staff;

vii.    professional jury or trial consultants (and their staff), mock jurors, and Professional Vendors who are assisting Counsel for a Party, provided that they have signed Exhibit A;

viii.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

ix.    any person reasonably believed by the Receiving Party to have or have had access to the Confidential Discovery Material;

x.    witnesses, noticed or subpoenaed deponents, and their counsel provided that Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any witness or deponent (excluding Parties or current employees of a Party), unless such witness or deponent is permitted to receive the document or information under this Order, signs Exhibit A, the Designating Party agrees, or otherwise ordered by the Court. Those witnesses or deponents who are shown Discovery Material designated as "CONFIDENTIAL" shall not be allowed to retain copies;

xi.    any mediator or settlement officer, and his or her supporting

personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

xii.    any person as may be authorized by written agreement of the Designating Party, oral agreement of the Designating Party on the record during a deposition or Court hearing, or by order of the Court.

c.    **Disclosure of "HIGHLY CONFIDENTIAL" Information or Items**: Except as required by law, Highly Confidential Discovery Material shall be treated in the same manner as Confidential Discovery Material, except that it shall not be disclosed to executives or other personnel of the Parties (including in-house legal counsel for the Parties).

d.    Prior to the use of any Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a hearing to be held in open court, Counsel who desires to use such Protected Material shall take reasonable steps to afford Counsel for the Designating Party a reasonable opportunity to object to the disclosure in open court of such Protected Material.

**7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a person receiving documents protected by this Order (the "Subpoenaed Person") is served with a subpoena, document demand, or other similar legal process, or a court order issued in another proceeding (including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body) that seeks or compels disclosure of any information or items designated in this Action as Protected Material by a Designating Party other than the Subpoenaed Person, unless otherwise prohibited by law, that Subpoenaed Person must: (a) promptly notify in writing the Designating Party and provide a copy of the subpoena, document demand, or court order; (b) promptly notify in writing the party who caused the subpoena, document demand, or order to issue in the other proceeding that some or all of the material covered by the subpoena, document demand, or order is subject to this Order, providing a copy of this

Order; and (c) refrain from producing any material that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from the Designating Party that such party does not object to production of the designated material in question or (ii) resolution of any objection asserted by the Designating Party either by agreement or by order of a court with jurisdiction over the objection of the Designating Party. Notwithstanding the foregoing, unless the Designating Party submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person prior to the production date required pursuant to the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date.

Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any material designated as Confidential shall not constitute a violation of this Order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order, and a Non-Party may designate information it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as if it were producing that information as a Party. Even if a Non-Party does not designate information it is producing as Protected Material, a Party may so designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if such designation would be proper under the terms of this Order had that information been produced by that Party. Nothing in

these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall, unless otherwise prohibited by law: (1) notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and (2) provide the Non-Party with the relevant discovery request(s) and a reasonably specific description of the information requested. If the Non-Party seeks a protective order, the Party in receipt of a valid discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court or consent by the Non-Party. Absent a court order or agreement to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

**10.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR OTHERWISE PROTECTED MATERIAL**

In the event that a Producing Party believes in good faith that Discovery Materials subject to a valid claim of attorney-client privilege or work product protection has been produced inadvertently, the Producing Party shall notify the Receiving Party in writing after so learning or discovering that such production has been made. When a Producing

Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The disclosure or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections, whether inadvertent or otherwise, shall not be a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Where it is reasonably apparent to a Receiving Party that the documents or information was inadvertently sent or produced, and the Receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product doctrine, the Receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product doctrine, (b) promptly notify the Producing Party, and (c) promptly return, sequester, or destroy the specified information and any copies it has.

**11.    MISCELLANEOUS**

a.    **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b.    **Right to Assert Other Objections.**  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

c.  **Right to Assert Other Objections.**  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this proceedings.

d.  **Control of Documents.**  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material, including storing and maintaining Protected Material at a location and in a reasonably secure manner so that access is limited to the persons authorized under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after final disposition of these proceedings.

e.  **All Discovery Material to be used only for this Action.**  All Discovery Material must be used by the Receiving Party solely for the purpose of this Action.  Discovery Material produced to a Party or Parties, or their Counsel, shall not be used by any Party, or their Counsel, in any other litigation, or for any purpose other than the prosecution or defense of this Action.  Prior to any court proceeding in which Protected Material is to be used, counsel for the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Material.

12.  **FILING UNDER SEAL AND SERVICE**

Before any Protected Material is filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal. The parties must follow the procedural requirements of LRCiv 5.6. Nothing in this Order shall be construed as automatically permitting a party to file under seal. Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling

- 12 -

reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Id.* Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

Leave of Court is not required to redact any information allowed to be redacted by the Federal Rules of Civil Procedure.

A party shall serve a copy of this Protective Order with a subpoena for documents or deposition testimony that is directed to any non-party to this action.

## 13.    TRIAL OR HEARING(S)

Should the need arise for any Party to disclose Protected Material in connection with any trial or hearing in this Action, including through argument or the presentation of evidence, such party may do so only after giving written notice to the Producing Party.  In the event a Party determines during a trial or hearing that it needs to disclose Protected Material that it did not anticipate using before such trial or hearing, the Party shall orally advise the producing Party, and state on the record that the Party desires to disclose Protected Material.  The Producing Party shall be provided reasonable time to seek relief from the Court.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 3, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material.  As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  If requested by a Producing Party in writing within one year of final disposition of this Action, each Receiving Party must submit a written confirmation to that Producing Party stating that the Receiving Party has complied with this paragraph by the later of the 60-day deadline set forth above or 7 days after receiving the Producing Party's written request.

Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 6 above.  Additionally, outside counsel may use work product from this Action in subsequent litigation, provided that counsel does not use or disclose another Party's Protected Material.

Dated this 9th day of September, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 14 -

**EXHIBIT A**

I, _____, declare and say that:

1.  I am employed as _____ by _____.

2.  I have read the Stipulated Protective Order (the "Order") entered in *In re Opendoor Technologies, Inc. Securities Litigation*, Case No. 2:22-CV-01717-MTL and have received a copy of the Order.

3.  I promise that I will use any and all "Confidential" or "HIGHLY CONFIDENTIAL" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "Confidential" or "HIGHLY CONFIDENTIAL" information with anyone other than the persons described in paragraphs 4, 6 and 7 of the Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.  I understand that any disclosure or use of "Confidential" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.  I will return all "Confidential" or "HIGHLY CONFIDENTIAL" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "HIGHLY CONFIDENTIAL" Materials.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Date: _____                    _____