**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Alich, | No. CV-22-01717-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Opendoor Technologies Incorporated, et al., | |
| Defendants. | |

On reconsideration of its order on Defendants' motions to dismiss, the Court denied Defendants' motion to dismiss Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933. (Doc. 97) Defendants argued that these claims failed at the pleading stage because "Defendants have established negative causation . . . they have demonstrated that Plaintiffs do not allege a corrective disclosure or any other indication of loss causation in their Consolidated Amended Complaint." (Doc. 86 at 31) Defendants now move to certify an interlocutory appeal on the following issue based on the Court's Order granting reconsideration: "Whether and under what circumstances a defendant can establish negative causation based on the plaintiff's failure to adequately plead loss causation?" (Doc. 104-1 at 2)[*]

---

[*] During oral argument on September, 4, 2024, the Court allowed Plaintiffs to file a written response to Defendants' Notice of Supplemental Authority (Doc 116.) The need for a response is mooted by this Order.

**I.**

An order denying a motion to dismiss is non-final and, ordinarily, non-appealable. Congress has enacted an exception, codified in Title 28, Section 1292 of the United States Code, providing for an interlocutory appeal of a non-final order. "A non-final order may be certified for interlocutory appeal where it '[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion' and [3] where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)). The moving party "bears the burden of demonstrating" that the statutory requirements for interlocutory certification are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The district court should resist certifying an order for interlocutory review except in "exceptional circumstances." *Harrington v. Cracker Barrel Old Country Store Inc.*, — F. Supp. 3d —, 2024 WL 342440, at *9 (D. Ariz. Jan. 30, 2024); *see also United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959).

**II.**

The Court agrees with Defendants that the issue of whether the negative causation defense can be adjudicated from the face of the complaint involves a controlling question of law and is one that presents substantial ground from difference of opinion. But Defendants cannot satisfy their burden of showing that an interlocutory appeal might "materially advance the ultimate termination of the litigation." *Reese*, 643 F.3d at 688. In its Order, the Court observed that "[h]ere, the Court is unable to find negative causation from the face of the Consolidated Amended Complaint, and if it were, Plaintiffs would be provided leave to amend." (Doc. 97 at 2) Thus, even if the Court of Appeals accepted this matter for interlocutory review *and* found in Defendants' favor, this Court—and very likely the Court of Appeals—would provide Plaintiffs with an opportunity to amend. *See*, *e.g.*, *Hoang v. ContextLogic, Inc.*, No. 21-CV-03930-BLF, 2023 WL 8879263, at *16 (N.D. Cal. Dec. 22, 2023) (dismissing complaint on the negative causation defense but providing leave to amend). Such a result would expend precious time and resources with no benefit

in the end.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Certify May 14 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) (Doc. 104) is **DENIED**.

Dated this 9th day of September, 2024

Michael T. Liburdi
United States District Judge