# Exhibit 1

EXECUTION VERSION

1   **CLARK HILL PLC**
    Darrell E. Davis, SBN #011442
2   Colin C. Quinn, SBN #037122
    14850 North Scottsdale Road, Suite 500
3   Scottsdale, Arizona 85254
    Telephone: 480-684-1100
4   Facsimile: 480-684-1199
    ddavis@clarkhill.com
5   cquinn@clarkhill.com

6   *Local Counsel for Plaintiffs and Settlement Class*

7   **LABATON KELLER SUCHAROW LLP**
    Michael P. Canty (admitted *pro hac vice*)
8   James T. Christie (admitted *pro hac vice*)
    Guillaume Buell (admitted *pro hac vice*)
9   Nicholas Manningham (admitted *pro hac vice*)
    140 Broadway
10  New York, New York 10005
    Telephone: (212) 907-0700
11  Facsimile: (212) 818-0477
    mcanty@labaton.com
12  jchristie@labaton.com
    gbuell@labaton.com
13  nmanningham@labaton.com

14  *Lead Counsel for Plaintiffs and Settlement Class*

15  [Additional Counsel on signature page]

16

17              **UNITED STATES DISTRICT COURT**

18                   **DISTRICT OF ARIZONA**

19

20                                          | Case No. 2:22-CV-01717-MTL
    IN RE OPENDOOR TECHNOLOGIES
21  INC. SECURITIES LITIGATION

22                                          | **STIPULATION AND AGREEMENT
                                            | OF SETTLEMENT**
23                                          | <u>CLASS ACTION</u>

24

25

26

27

28

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of June 13, 2025, is entered into between: (i) Court-appointed Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Hereford Graham ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below); (ii) Defendants Opendoor Technologies Inc. ("Opendoor" or the "Company"), and Defendants Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, the "Individual Defendants" and, together with the Company, the "Opendoor Defendants"); and (iii) Defendants Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter Defendants" and, together with the Opendoor Defendants, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned litigation (the "Action") pending in the United States District Court for the District of Arizona (the "Court"). This Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, relinquish, release, waive, and dismiss with prejudice, the Released Claims, upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A. All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B. On October 7, 2022, a class action complaint, *Alich v. Opendoor Technologies Incorporated*, Case No. 2:22-cv-01717-MTL (ECF No. 1), was filed against

certain of the Opendoor Defendants in the United States District Court for the District of Arizona (the "Court") alleging violations of Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

C.      On November 22, 2022, Plaintiffs Oakland County Voluntary Employees' Beneficiary Association and Oakland County Employees' Retirement System filed a related class action complaint, *Oakland County Voluntary Employees Beneficiary Association v. Opendoor Technologies Inc.*, Case No. 2:22-cv-1987-PHX-GMS (D. Ariz.), against the Opendoor Defendants and the Underwriter Defendants.

D.      The Court received five motions for appointment as lead plaintiff from five movant groups or individuals. ECF Nos. 9, 10, 11, 12, 13.  Three of the movants filed notices of non-opposition and one movant withdrew its motion. The remaining request for appointment as lead plaintiff was the request of Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees Beneficiary Association.

E.      By Order dated February 2, 2023, the Court: (i) consolidated the cases 2:22-CV-01717-MTL and 2:22-CV-01987-GMS for all purposes, including trial, and renamed the consolidated action as follows: *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL; (ii) appointed Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees Beneficiary Association as Lead Plaintiffs of the consolidated class action; and (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel. ECF No. 20.

F.      On April 17, 2023, Plaintiffs filed the Consolidated Amended Complaint for Violations of the Federal Securities Laws[1] (the "Complaint," ECF No. 39) asserting claims against Defendants Opendoor, Eric Wu, and Carrie Wheeler under Section 10(b) of the

---

[1] The Complaint added Stuart Hereford Graham as Additional Plaintiff.

1   Exchange Act and against Defendants Wu and Wheeler under Section 20(a) of the

2   Exchange Act.  The Complaint also alleged (i) claims under Section 11 of the Securities

3   Act against Opendoor, the Individual Defendants, and the Underwriter Defendants and (ii)

4   claims under Section 15 of the Securities Act against the Individual Defendants.  Among

5   other things, the Complaint alleged that Defendants made materially false and misleading

6   statements and omissions with respect to Opendoor's proprietary AI-powered pricing

7   algorithm and its ability to dynamically adjust to changing market conditions, including in

8   the Offering Documents (as defined below) issued in connection with the de-SPAC merger

9   on or about December 21, 2020 (the "de-SPAC Merger"), and the Offering Documents (as

10  defined below) issued in connection with Opendoor's secondary public offering on or

11  about February 4, 2021 (the "February 2021 Offering"). The Complaint further alleged that

12  the price of Opendoor common stock was artificially inflated as a result of Defendants'

13  allegedly false and misleading statements and omissions and declined when the truth was

14  allegedly revealed through a series of partial corrective disclosures.

15      G.      On June 30, 2023, the Opendoor Defendants and Underwriter Defendants

16  each filed a motion to dismiss the Complaint. ECF Nos. 48, 51.  On August 29, 2023,

17  Plaintiffs filed their responses in opposition to the motions to dismiss (ECF Nos. 55, 56),

18  and on October 13, 2023, the Opendoor Defendants and Underwriter Defendants each filed

19  their reply (ECF Nos. 60, 62).

20      H.      On October 13, 2023, the Opendoor Defendants filed a motion for an order

21  directing the submission of counsel and confidential witness affidavits (the "CW Motion"),

22  in which the Underwriter Defendants joined. ECF Nos. 57 and 61.  On October 26, 2023,

23  Plaintiffs filed an opposition to the CW Motion (ECF No. 63), and on November 2, 2023,

24  the Opendoor Defendants filed their reply in further support of the CW Motion (ECF No.

25  64).

26      I.      On January 17, 2024, the Court held oral argument on Defendants' motions

27  to dismiss and Defendants' CW Motion.

28

1    J.    On the same day, January 17, 2024, the Court denied the CW Motion. ECF

2  No. 75.

3    K.    On February 28, 2024, the Court granted Defendants' motions to dismiss the

4  Complaint, with leave to amend. ECF No. 86.

5    L.    On March 13, 2024, Plaintiffs filed a motion for reconsideration solely as to

6  the Court's dismissal of the Securities Act claims on the basis of negative causation.  ECF

7  87.

8    M.    Defendants opposed Plaintiffs' motion for reconsideration on March 28,

9  2024 (ECF No. 89), and on April 5, 2024, Plaintiffs filed their reply in further support of

10  their motion for reconsideration.  ECF No. 92.

11    N.    On May 14, 2024, the Court granted Plaintiffs' motion for reconsideration,

12  vacating in part and amending the Court's February 28, 2024 Order, and finding that

13  Plaintiffs adequately alleged claims under Sections 11 and 15 of the Securities Act with

14  respect to the alleged misstatement that Opendoor's pricing algorithms "can dynamically

15  adjust to leading market indicators and react to real-time macro- and micro-economic

16  conditions."  ECF No. 97.

17    O.    On May 31, 2024, Plaintiffs filed a Notice of Intent Not to File a Second

18  Amended Complaint.  ECF No. 100.

19    P.    On June 18, 2024, the Opendoor Defendants filed a motion to certify the

20  Court's May 14, 2024 Order for interlocutory appeal (the "Motion to Certify Appeal").

21  ECF No. 104.  The Motion to Certify Appeal was fully briefed on July 8, 2024. ECF Nos.

22  105, 106.  On September 9, 2024, the Court denied Defendants' Motion to Certify Appeal.

23  ECF No. 125.

24    Q.    On July 12, 2024, the Opendoor Defendants and Underwriter Defendants

25  each filed an answer to the Complaint (ECF Nos. 107, 108), denying all allegations of

26  wrongdoing or damages, and asserting numerous affirmative defenses.

27    R.    Formal discovery commenced on August 16, 2024. In connection with

28  discovery, the Parties held several meet and confers to discuss Defendants' responses and

1   objections to Plaintiffs' document requests and interrogatories, and Plaintiffs' responses

2   and objections to the Opendoor Defendants' document requests and interrogatories.

3       S.      In late November 2024, the Parties discussed the possibility of resolving the

4   Action and agreed to engage in mediation with David Murphy of Phillips ADR Services

5   (the "Mediator").  Thereafter, in partial response to Plaintiffs' pending document requests,

6   Defendants produced approximately 16,575 documents to Plaintiffs.  Plaintiffs also

7   produced certain documents to Defendants related to Plaintiffs' transactions in Opendoor

8   securities.

9       T.      On February 7, 2025, Lead Counsel and Defendants' Counsel, among others,

10  participated in a full-day, in-person mediation session before the Mediator.  In advance of

11  the session, the Parties submitted detailed mediation statements to the Mediator, together

12  with numerous supporting exhibits, which addressed both liability and damages issues. The

13  session ended without any agreement being reached. The Parties continued discussions

14  with the Mediator following the mediation to further explore the possibility of a settlement.

15      U.      On February 28, 2025, Plaintiffs filed their motion for class certification.

16  ECF No. 145.

17      V.      On March 26, 2025, the Parties, with the assistance of the Mediator, agreed

18  in principle to settle the Action subject to the Parties' execution of a settlement term sheet

19  ("Term Sheet") and formal settlement stipulation.  The Term Sheet was executed by the

20  Parties on May 2, 2025. This Stipulation (together with the exhibits hereto) reflects the

21  final and binding agreement between the Parties to settle the Action.

22      W.      Plaintiffs believe that the claims and allegations in the Action have merit and

23  that the information developed to date supports the claims and allegations asserted.

24  However, Plaintiffs and Lead Counsel have taken into account the uncertain outcome and

25  the risk of litigation, especially in complex actions such as the Action, as well as the

26  difficulties and delays inherent in such litigation.  Lead Counsel is mindful of the inherent

27  problems of proof and the defenses to the claims alleged in the Action.  Based upon their

28  investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have

1   concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate

2   to Plaintiffs and the other members of the Settlement Class, and in their best interests.

3          X.      By entering into the Term Sheet, the Settlement and the Stipulation,

4   Defendants, individually and collectively, do not admit or concede anything, including

5   without limitation any fault, liability or wrongdoing.  Plaintiffs acknowledge that each

6   Defendant denies all fault, liability or wrongdoing, including in connection with the

7   allegations set forth in the Action, or any facts related thereto.  Defendants have denied and

8   continue to deny each and every of the allegations, claims, and contentions alleged by

9   Plaintiffs, including all allegations, claims, and contentions alleged in the Complaint,

10  including without limitation, any liability arising out of any of the conduct, statements,

11  acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged

12  misstatements or omissions were made.  Defendants also have denied and continue to deny,

13  among other things, the allegations that the Offering Documents contained any

14  misstatements or omissions giving rise to any liability under the Securities Act or

15  otherwise.  Defendants further have denied and continue to deny that Plaintiffs or any other

16  Settlement Class Members were harmed or suffered any loss or damages as a result of any

17  of the conduct alleged in the Action or that could have been alleged in the Action, including

18  the conduct alleged in the Complaint.  In addition, Defendants maintain that they have

19  meritorious defenses to all claims alleged in the Action.  In addition, Defendants have

20  asserted and continue to assert that, at all times, they acted in good faith and in a manner

21  they reasonably believed to be in accordance with applicable rules, regulations, and laws.

22         Y.      Defendants are entering into the Settlement to eliminate the burden, expense,

23  uncertainty, distraction, and risk of further litigation. Defendants have taken into account

24  the expense, risks, and uncertainty inherent in any litigation and Defendants have

25  determined that it is desirable and beneficial to them that the Action be settled in the matter

26  and upon the terms and conditions set forth in this Stipulation.  This Stipulation, whether

27  or not consummated, any proceedings relating to any settlement, or any of the terms of any

28  settlement, whether or not consummated, shall in no event be construed as, or deemed to

1  be evidence of, an admission or concession on the part of any Defendant with respect to

2  any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity

3  in any defense that Defendants have or could have asserted.

4    Z.    This Stipulation (together with the exhibits hereto) reflects the final and

5  binding agreement to settle the Action between the Parties.

6    **NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks

7  merit, and without any admission or concession by Defendants of any fault, liability,

8  wrongdoing, or damages, or as to any lack of merit in their defenses, it is hereby

9  **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through

10  their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the

11  Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995

12  (the "PSLRA"), that, in consideration of the benefits flowing to the Parties hereto, all

13  Released Claims shall be fully, finally, and forever resolved, discharged, relinquished,

14  released, waived, and dismissed with prejudice, and without costs (except as provided for

15  herein), upon and subject to the following terms and conditions:

16    <u>**DEFINITIONS**</u>

17    1.    As used in this Stipulation, and solely for purposes of the Settlement, the

18  following terms shall have the meanings set forth below.  In the event of any inconsistency

19  between any definition set forth below and any definition in any other document related to

20  the Settlement, the definition set forth below shall control.

21    (a)    "Action" means the civil action captioned *In re Opendoor*

22  *Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL, pending in the United States

23  District Court for the District of Arizona before the Honorable Michael T. Liburdi.

24    (b)    "Alternative Judgment" means a form of final judgment that may be

25  entered by the Court in a form other than the form of Judgment provided for in this

26  Stipulation, so long as none of the Parties hereto elects to terminate the Settlement by

27  reason of such variance but instead, each Party consents to the form of the Alternative

28  Judgment.

1        (c)    "Authorized Claimant" means a Settlement Class Member who

2 submits a valid Claim Form to the Claims Administrator that is approved for payment

3 from the Net Settlement Fund.

4        (d)    "Claimant" means a person or entity who or which submits a Claim

5 Form to the Claims Administrator seeking to be eligible to share in the proceeds of the

6 Net Settlement Fund.

7        (e)    "Claims Administrator" means the firm to be retained by Lead

8 Counsel, subject to Court approval, to provide all notices approved by the Court to

9 potential Settlement Class Members, to process Claim Forms, and to administer the

10 Settlement.

11        (f)    "Class Counsel" (and "Lead Counsel," see below) means the law firm

12 of Labaton Keller Sucharow LLP.

13        (g)    "Class Representative(s)" (and "Plaintiff(s)," see below) means

14 Indiana Public Retirement System, Oakland County Employees' Retirement System,

15 Oakland County Voluntary Employees' Beneficiary Association, and Stuart Hereford

16 Graham, individually and together.

17        (h)    "Class Period" means the period from December 21, 2020 through

18 November 3, 2022, both dates inclusive.

19        (i)    "Defendant(s)" means Opendoor Technologies Inc., Eric Wu, Carrie

20 Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Adam Bain, David Spillane,

21 Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, Jonathan Jaffe, Citigroup

22 Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank

23 Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc.,

24 Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy

25 Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and

26 Siebert Williams Shank & Co. LLC, individually and together.

27

28

1           (j)     "Defendants' Counsel" means the law firms of Allen Overy

2    Shearman Sterling US LLP, Womble Bond Dickinson (US) LLP, O'Melveny & Myers

3    LLP, and Beyers Farrell PLLC.

4           (k)     "Effective Date" means the date upon which the Settlement shall

5    have become effective, as set forth in ¶ 40 below.

6           (l)     "Escrow Account" means the separate escrow account maintained at

7    Citibank, N.A. (Law Firm Group), controlled solely by Lead Counsel, wherein the

8    Settlement Amount shall be deposited and held for the benefit of the Settlement Class

9    pursuant to this Stipulation and subject to the jurisdiction of the Court.

10          (m)     "Escrow Agent" means Lead Counsel.

11          (n)     "Fee and Expense Application" means Lead Counsel's application,

12   to be filed on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment

13   of Litigation Expenses incurred in prosecuting the case, including any costs and expenses

14   of Plaintiffs pursuant to 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4) of the PSLRA.

15          (o)     "Final," with respect to a court order, including the Judgment or

16   Alternative Judgment, means the later of: (i) if there is an appeal from a court order, the

17   date of final affirmance on appeal (or on any remand) and the expiration of the time for

18   any further judicial review whether by appeal, request for reconsideration or petition for a

19   *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order

20   following review pursuant to the grant; or (ii) the date of final dismissal of any appeal

21   from the order or the final dismissal of any proceeding on, or denial of any petition for

22   *writ of certiorari* to review, the order; or (iii) the expiration of the time for the filing or

23   noticing of any appeal or petition for certiorari from the order (or, if the date for taking an

24   appeal or seeking review of the order shall be extended beyond this time by order of the

25   issuing court, by operation of law or otherwise, or if such extension is requested, the date

26   of expiration of any extension if any appeal or review is not sought), without any such

27   filing or noticing being made. However, approval of this Stipulation and entry of final

28   Judgment or Alternative Judgment thereon pursuant to Rule 54(b) is not conditioned on

1   and need not await any ruling by the Court pertaining solely to the Plan of Allocation, or

2   the Court's award of attorneys' fees or expenses; and any appeal or proceeding seeking

3   subsequent judicial review pertaining solely to the Plan of Allocation or the award of

4   attorneys' fees and expenses shall not in any way delay or affect the time set forth above

5   for the Judgment or Alternative Judgment to become Final or otherwise preclude the

6   Judgment or Alternative Judgment from becoming Final.

7           (p)    "Immediate Family Member(s)" means, as set forth in the Instruction

8   to 17 C.F.R. § 229.404(a), children, stepchildren, parents, stepparents, Spouses, siblings,

9   mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and

10  sisters-in-law.  "Spouse" as used herein means a husband, a wife, or a partner in a state-

11  recognized domestic relationship, partnership, civil union, or marriage.

12          (q)    "Individual Defendant(s)" means Eric Wu, Carrie Wheeler, Chamath

13  Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman,

14  Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe, individually and together.

15          (r)    "Investment Vehicle" means any investment company or pooled

16  investment fund, including but not limited to, mutual fund families, exchange traded

17  funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or

18  may have a direct or indirect interest, or as to which any of their affiliates may act as an

19  investment advisor, but in which any Defendant alone or together with its, his, or her

20  respective affiliates is not a majority owner or does not hold a majority beneficial interest.

21          (s)    "Judgment" means the proposed final order and judgment to be

22  entered by the Court approving the Settlement and dismissing the Complaint with

23  prejudice, substantially in the form attached hereto as Exhibit B.

24          (t)    "Lead Counsel" means the law firm of Labaton Keller Sucharow

25  LLP.

26          (u)    "Lead Plaintiff(s)" means Indiana Public Retirement System,

27  Oakland County Employees' Retirement System, and Oakland County Voluntary

28  Employees' Beneficiary Association, individually and together.

1        (v)    "Liaison Counsel" means Clark Hill PLC and Keller Rohrback,

2        L.L.P.

3        (w)    "Litigation Expenses" means Plaintiffs' Counsel's expenses incurred

4        in connection with commencing, prosecuting, and settling the Action (which may include

5        the costs and expenses of Plaintiffs directly related to their representation of the Settlement

6        Class pursuant to the PSLRA) for which Lead Counsel intends to apply to the Court for

7        payment from the Settlement Fund.  Litigation Expenses do not include Notice and

8        Administration Expenses (defined below), Taxes (defined below), or Plaintiffs' Counsel's

9        attorneys' fees.

10       (x)    "Mediator" means David Murphy of Phillips ADR Services.

11       (y)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-

12      awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration

13      Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

14       (z)    "Notice" means the long-form Notice of Pendency of Class Action,

15      Proposed Settlement, and Motion for Attorneys' Fees and Expenses, which, subject to

16      approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

17       (aa)    "Notice and Administration Expenses" means all costs, fees, and

18      expenses incurred in connection with providing notice to the Settlement Class and the

19      administration of the Settlement, including but not limited to: (i) providing notice of the

20      proposed Settlement by mail, publication, and other means to Settlement Class Members;

21      (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv)

22      communicating with Persons regarding the Settlement and claims administration process;

23      (v) distributing the proceeds of the Settlement; and (vi) fees and costs related to the Escrow

24      Account and investment of the Settlement Fund.  Notice and Administration Expenses

25      shall not include the cost or expense of the provision of any required notice relating to the

26      Settlement under the Class Action Fairness Act of 2005 ("CAFA Notice"), or the provision

27      of a shareholder list of members of the Settlement Class pursuant to ¶¶ 22 and 38 herein.

28

1    (bb)    "Offering Documents" means all documents filed with the SEC in
2    connection with the de-SPAC Merger between Social Capital Hedosophia Holdings Corp.
3    II ("SCH") and Opendoor on or about December 21, 2020, including a Form S-4, which
4    was declared effective by the SEC on November 27, 2020, and a November 30, 2020
5    proxy on Form 424B3, which formed part of the November 2020 registration statement
6    ("de-SPAC Merger Documents"); and the documents filed with the SEC in connection
7    with Opendoor's February 2021 Offering of common stock on or about February 4, 2021,
8    including a Form S-1, which was declared effective by the SEC on February 4, 2021, and
9    a February 8, 2021 proxy on Form 424B3, which formed part of the February 2021
10   registration statement ("February 2021 Offering Documents").   Offering Documents
11   refers collectively to the de-SPAC Merger Documents and the February 2021 Offering
12   Documents.

13   (cc)    "Person(s)" means any individual, corporation (including all
14   divisions and subsidiaries), general or limited partnership, association, joint stock
15   company, joint venture, limited liability company, corporation, professional corporation,
16   estate, legal representative, trust, unincorporated association, government or any political
17   subdivision or agency thereof, and any other business or legal entity, as well as each of
18   their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates,
19   administrators, executors, or assignees.

20   (dd)    "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Clark
21   Hill PLC, Glancy Prongay & Murray LLP, Keller Rohrback, L.L.P., The Law Offices of
22   Frank R. Cruz, and VanOverbeke Michaud & Timmony P.C.

23   (ee)    "Plan of Allocation" means the Plan of Allocations for the Net
24   Settlement Fund, which, subject to approval of the Court, shall be substantially in the form
25   described in the Notice or any other plan of allocating the Net Settlement Fund approved
26   by the Court.

27

28

(ff)     "Postcard Notice" means the postcard notice concerning the Action and Settlement to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(gg)     "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(hh)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim for recovery from the Settlement Fund, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

(ii)     "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

(jj)     "Released Defendant Party (Parties)" means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, predecessors, predecessors-in-interest, successors, assigns, Spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or

1  member(s) of his or her family, and the legal representatives, heirs, successors in interest

2  or assigns of Defendants.

3         (kk)    "Released Defendants' Claims" means all claims and causes of action

4  of any and every nature and description, including both known claims and Unknown

5  Claims (as defined below), whether arising under federal, state, common, or foreign law,

6  or any other law, that arise out of or relate in any way to the institution, prosecution, or

7  settlement of the claims against Defendants in the Action, except for claims relating to the

8  enforcement of the Settlement or any claim against any Person who submits a request for

9  exclusion that is accepted by the Court.

10        (ll)    "Released Parties" means the Released Defendant Parties and the

11 Released Plaintiff Parties.

12        (mm)  "Released Plaintiff Party (Parties)" means each and every Settlement

13 Class Member, Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present

14 trustees, officers, directors, partners, members, employees, contractors, auditors,

15 principals, agents, attorneys, predecessors, successors, assigns, insurers, parents,

16 subsidiaries, general or limited partners or partnerships, limited liability companies, heirs,

17 trustees, administrators, and any of their legal representatives (and the predecessors, heirs,

18 executors, administrators, trustees, successors, Immediate Family Members, purchasers,

19 and assigns of each of the foregoing), in their capacities as such.  Released Plaintiff Parties

20 does not include any Person who submits a request for exclusion that is accepted by the

21 Court.

22        (nn)    "Released Plaintiffs' Claims" means any and all claims, demands,

23 losses, rights, and causes of action of every nature and description, whether known or

24 Unknown Claims (as defined below), dismissed or not dismissed, contingent or absolute,

25 mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or

26 hidden, regardless of legal or equitable theory and whether arising under federal, state,

27 common, or foreign law, that any Plaintiff, or other members of the Settlement Class, or

28 other Releasing Plaintiff Parties (defined below), in their capacities as such: (i) asserted in

1    the Consolidated Amended Complaint for Violations of the Federal Securities Laws filed

2    in the Action on April 17, 2023; or (ii) could have asserted, or could in the future assert,

3    in any court, tribunal, forum, or proceeding, whether foreign or domestic, whether brought

4    directly or indirectly against any of Defendants, that arise out of, are based upon, or relate

5    to, in any way, (a) any of the allegations, acts, transactions, facts, matters, occurrences,

6    representations or omissions involved, set forth, alleged or referred to in the Complaint or

7    otherwise in the Action; ***and*** (b) the purchase, acquisition, holding, sale, or disposition of

8    Opendoor common stock during the Class Period and/or pursuant or traceable to the de-

9    SPAC Merger or the February 2021 Offering.  Released Plaintiffs' Claims do not cover,

10   include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any

11   claims brought derivatively on behalf of Opendoor in any of the following actions: *In re*

12   *Opendoor Technologies, Inc. Stockholder Derivative Litigation*, Consol. C.A. No. 2023-

13   0642 (Delaware Chancery Court), *Juul v. Wu, et al*., Case No. 1:23-cv-00705 (D. Del.),

14   *Woods v. Bain, et al*., Case No. 1:23-cv-01158 (D. Del.), or *Gera v. Palihapitiya, et al*.,

15   Case No. 2:23-cv-02164-MTL (D. Ariz.); or (iii) any claims of any Person who submits a

16   timely and valid request for exclusion from the Settlement Class that is accepted by the

17   Court.

18          (oo)   "Releasing Plaintiff Party (Parties)" means Plaintiffs, Class

19   Members, and each of their respective current and former direct and indirect parents,

20   owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, shareholders,

21   officers, directors, principals, partners, members, heirs, spouses, trustees, estates,

22   administrators, and legal representatives, in their capacities as such.  Releasing Plaintiff

23   Parties does not include any Person who submits a timely and valid request for exclusion

24   from the Settlement Class that is accepted by the Court.

25          (pp)   "Settlement" means the resolution of the Action in accordance with

26   the terms and provisions of this Stipulation.

27

28

1   (qq)  "Settlement Amount" means the total principal amount of thirty-nine

2  million U.S. dollars ($39,000,000) that Opendoor agrees to pay or cause the payment of,

3  in consideration of the Settlement.

4   (rr)  "Settlement Class" means: (i) all persons and entities who or which

5  purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the

6  de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about

7  December 21, 2020, and/or the February 2021 Offering Documents issued in connection

8  with Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons

9  and entities who or which, during the period from December 21, 2020 through November

10  3, 2022, inclusive, purchased the publicly traded common stock of Opendoor on the

11  NASDAQ or any U.S.-based trading platform and were damaged thereby. Excluded from

12  the Settlement Class are: (i) Defendants and the Immediate Family Members of any

13  Individual Defendant; (ii) any person who was an officer, director, and/or control person

14  of Opendoor, SCH, or SCH Sponsor II LLC any time during the period of January 31,

15  2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which

16  any Defendant (or Immediate Family Member of any Defendant) has or had a controlling

17  interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants or

18  beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal

19  representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded

20  person, in their capacity as such; provided, however, that, notwithstanding anything set

21  forth above, any "Investment Vehicle" (as defined in the Stipulation) shall not be excluded

22  from the Settlement Class.  Also excluded from the Settlement Class are any Persons who

23  submit a timely and valid request for exclusion from the Settlement Class that is accepted

24  by the Court.

25   (ss)  "Settlement Class Member" means any member of the Settlement

26  Class.

27   (tt)  "Settlement Fund" means the Settlement Amount and any interest or

28  income earned thereon.

- 16 -

1              (uu)    "Settlement Hearing" means the final hearing to be held by the Court

2 to determine, among other things, whether: (i) the Settlement is fair, reasonable, and

3 adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and

4 adequate and should be approved; and (iii) Lead Counsel's application for an award of

5 attorneys' fees and Litigation Expenses should be approved.

6              (vv)    "Stipulation" means this Stipulation and Agreement of Settlement.

7              (ww)    "Summary Notice" means the Summary Notice of Pendency and

8 Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for

9 publication, which, subject to approval of the Court, shall be substantially in the form

10 attached hereto as Exhibit A-3.

11              (xx)    "Taxes" means all federal, state, or local taxes of any kind on any

12 income earned by the Settlement Fund, including any interest or penalties thereon, and the

13 expenses and costs incurred in connection with the taxation of the Settlement Fund

14 (including, without limitation, the expenses of tax attorneys and accountants and expenses

15 relating to the filing of any tax return, information return or other tax document).

16              (yy)    "Unknown Claims" means any and all Released Plaintiffs' Claims

17 that any Releasing Plaintiff Party does not know or suspect to exist in his, her, or its favor

18 at the time of the release of the Released Defendant Parties, and any and all Released

19 Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its

20 favor at the time of the release of the Released Plaintiff Parties, which if known by him,

21 her, or it might have affected his, her, or its decision(s) with respect to the Settlement,

22 including the decision to object to the terms of the Settlement or to exclude himself,

23 herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs'

24 Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the

25 Effective Date, the Parties shall expressly, and each other Releasing Plaintiff Party shall

26 be deemed to have, and by operation of the Judgment or Alternative Judgment shall have,

27 to the fullest extent permitted by law, expressly waived and relinquished any and all

28 provisions, rights, and benefits conferred by any law of any state or territory of the United

States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, other Releasing Plaintiff Parties, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member and other Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist,  without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## <u>SCOPE AND EFFECT OF SETTLEMENT</u>

2.     The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and to the Judgment, or Alternative Judgment, reflecting such

approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.    For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(rr); (ii) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.    By operation of the Judgment (or Alternative Judgment, if any), as of the Effective Date, Plaintiffs, each and every other Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund), and any other Releasing Plaintiff Party, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall be deemed to have, and by operation of the Judgment (or Alternative Judgment, if any) shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims against any or all of the Released Defendant Parties.  Claims to enforce the terms of the Stipulation are not released.

5.    By operation of the Judgment (or Alternative Judgment, if any), as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and

- 19 -

1  every one of the Released Plaintiff Parties and shall forever be barred and enjoined from

2  commencing, instituting, prosecuting, or maintaining any action or other proceeding, in

3  any forum, asserting any or all of the Released Defendants' Claims against any or all of

4  the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not

5  released.

**THE SETTLEMENT CONSIDERATION**

6.    In full settlement of the claims in the Action against Defendants and in

8  consideration of the releases specified in ¶¶ 4-5, above, all of which the Parties agree are

9  good and valuable consideration, Opendoor agrees to pay or cause the payment of the

10  Settlement Amount into the Escrow Account no later than thirty (30) calendar days after

11  the date of entry of the Preliminary Approval Order, provided that Lead Counsel, no later

12  than three (3) business days after Plaintiffs file a motion for preliminary approval of

13  Settlement, provides Opendoor with the information necessary to effectuate a transfer of

14  the Settlement Amount to the Escrow Account, including, but not limited to, complete wire

15  transfer instructions, an executed Form W-9 for the Settlement Fund, and a contact with

16  whom the payors may telephonically confirm the veracity of the wire transfer information

17  provided by Lead Counsel.  Defendants other than Opendoor bear no responsibility for

18  payment of the Settlement Amount.

7.    With the sole exception of Opendoor's obligation to pay or cause the

20  payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6,

21  Opendoor's obligation pursuant to ¶ 22 with respect to any CAFA Notice, and Opendoor's

22  obligation pursuant to ¶ 38 with respect to a shareholder list of Settlement Class Members,

23  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability

24  whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the

25  Claims Administrator, or any of their respective designees or agents, in connection with

26  the administration of the Settlement or otherwise; (ii) the management, investment, or

27  distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

28  administration, calculation, or payment of any claims asserted against the Settlement Fund;

(v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.      Other than the obligation of Opendoor to pay or cause the payment of the Settlement Amount pursuant to ¶ 6, Defendants shall have no obligation to make any other payments into the Escrow Account, to Plaintiffs, to any Settlement Class Member, Plaintiffs' Counsel, or anyone else pursuant to this Stipulation.  Under no circumstances shall Defendants be required to contribute more to the Settlement Fund than the Settlement Amount.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.      The Settlement Amount is an all-in settlement amount and, accordingly, the Settlement Fund shall be used to pay, without limitation: (i) any Taxes; (ii) all Notice and Administration Expenses incurred; (iii) any costs, attorneys' fees of Plaintiffs' Counsel, and Litigation Expenses awarded by the Court, pursuant to the PSLRA or otherwise; and (iv) the claims of Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 23–36 hereof.  The Net Settlement Fund shall remain in the Escrow Account before and until the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.

11.     The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever

1    with respect to investment decisions executed by the Escrow Agent.  All risks related to

2    the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

3         12.    After the Settlement Amount has been paid into the Escrow Account, the

4    Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the

5    meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted

6    in a manner that is consistent with the Settlement Fund being a "qualified settlement fund"

7    within the meaning of Treasury Regulation § 1.468B-1.  In addition, Lead Counsel shall

8    timely make, or cause to be made by the Escrow Agent, such elections as necessary or

9    advisable to carry out the provisions of this paragraph 12, including the "relation-back

10   election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such

11   election shall be made in compliance with the procedures and requirements contained in

12   such regulations.  It shall be the sole responsibility of Lead Counsel to timely and properly

13   prepare and deliver, or cause to be prepared and delivered by the Escrow Agent, the

14   necessary documentation for signature by all necessary parties, and thereafter to take all

15   such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely

16   occur.  Consistent with the foregoing:

17        (a)    For the purposes of Section 468B of the Internal Revenue Code of

18   1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator"

19   shall be Lead Counsel or its successors, which shall timely and properly file, or cause to

20   be filed, all federal, state, or local tax returns and information returns (together, "Tax

21   Returns") necessary or advisable with respect to the Settlement Fund or earnings on the

22   funds deposited in the Escrow Account (including without limitation the returns described

23   in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above)

24   shall be consistent with this subparagraph and in all events shall reflect that all Taxes

25   (including any estimated taxes, earnings, or penalties) on the income earned on the funds

26   deposited in the Escrow Account shall be paid out of such funds as provided in

27   subparagraph (c) of this paragraph 12.

28

(b)     All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for any Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority in respect of the Settlement Fund or the Escrow Account, or any liability or responsibility for any taxes or governmental charges of any kind (or interest or penalties imposed with respect thereto) imposed on any Claimant or other Person in connection with the Settlement Fund or Escrow Account. Defendants shall have no liability or responsibility for any Taxes or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority in respect of the Settlement Fund or the Escrow Account, shall have no responsibility for, and no liability with respect to, the acts or omissions of Lead Counsel, its successor or any other Person with regard to Taxes or the tax administration of the Settlement Fund or the Escrow Account.  In the event any Taxes are owed by any Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     All Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants.  Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 12.

13.     This is not a claims-made settlement.  If the Settlement become effective as set forth in ¶ 40 below, then there will be no reversion of any settlement funds to Defendants, their insurance carriers, or any other person or entity who or which funded the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

14.     Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses, plus any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  The Fee and Expense Application is not the subject of any agreement between the Defendants and Plaintiffs other than what is set forth in this Stipulation.

15.     The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund to Lead Counsel immediately after the Order awarding such attorneys' fees and Litigation Expenses and the Judgment (or Alternative Judgment, if any) both have been entered, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

16.     Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶ 14–15 above shall be subject to Lead Counsel's obligation to make full refunds or repayments to the Escrow Account (which shall be credited to the Settlement Fund) of any paid amounts, plus accrued earnings at the same rate as is earned by the Escrow Account, if any, if the Judgment (or Alternative Judgment, if any) approving the Settlement does not become Final and/or the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced, vacated, or reversed by Final non-appealable court order.   Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction, vacatur, or

- 24 -

1    reversal of the award of attorneys' fees and/or expenses by Final non-appealable court

2    order.

3        17.    The Settlement Fund shall be the sole source of payment for any award of

4    attorneys' fees and Litigation Expenses.  With the sole exception of Opendoor's obligation

5    to pay, or cause the payment of, the Settlement Amount into the Escrow Account as

6    provided for in ¶ 6, the Released Defendant Parties shall have no responsibility for, and no

7    liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the

8    Action, or to any Settlement Class Member or any other Person who may assert some claim

9    thereto.

10        18.    The Released Defendant Parties shall have no responsibility for, and no

11    liability whatsoever with respect to, any allocation of any attorneys' fees or expenses

12    among Plaintiffs' Counsel in the Action or to any other Person who may assert some claim

13    thereto, or any fee or expense awards the Court may make.

14        19.    The Released Defendant Parties shall have no responsibility for, and no

15    liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by, on

16    behalf of, or awarded to Plaintiffs or Settlement Class Members, whether or not paid from

17    the Escrow Account.

18        20.    The Settlement is not conditioned upon any award of attorneys' fees and

19    expenses. The procedure for and the allowance or disallowance by the Court of any Fee

20    and Expense Application are not part of the Settlement set forth in this Stipulation, and any

21    order or proceeding relating to any Fee and Expense Application, including any award of

22    attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel,

23    or any appeal from any order relating thereto or reversal, vacatur, or modification thereof,

24    shall not operate to terminate or cancel the Stipulation, or affect or delay entry or the

25    finality of the Judgment or Alternative Judgment approving this Stipulation and the

26    Settlement set forth herein.  Plaintiffs and Lead Counsel may not cancel or terminate the

27    Stipulation or the Settlement in accordance with ¶ 41, or otherwise, based on the Court's

28    or any appellate court's ruling with respect to fees and expenses in the Action.

**NOTICE AND ADMINISTRATION EXPENSES**

21.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

22.    All Notice and Administration Expenses will be paid out of the Settlement Fund.  Notwithstanding the fact that the Settlement has not reached the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may pay from the Escrow Account all reasonable costs, fees, and expenses in connection with notice and settlement administration.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid by Lead Counsel as incurred, without further approval of Defendants or further order of the Court. Opendoor (on behalf of itself and all other Defendants) shall be responsible for providing CAFA Notice, if any, at its own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS**

23.    Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

24.    The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be ordered, or otherwise necessary, or as circumstances may require, shall administer and calculate the claims submitted by Claimants, subject to the jurisdiction of the Court, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Except as provided for in ¶¶ 22 and 38 hereof, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no responsibility or liability to the Settlement Class in connection with such administration.

25.    The Claims Administrator shall receive claims and determine, *inter alia*, whether each claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss,

1   as defined in the Plan of Allocation included in the Notice, or in such other plan of

2   allocation as the Court may approve.

3       26.    Defendants shall have no role in the development of, and will take no position

4   with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and

5   apart from the Settlement, and any decision by the Court concerning the Plan of Allocation

6   shall not affect the validity or finality of, or delay entry of, the Judgment (or Alternative

7   Judgment, if any) approving the proposed Settlement set forth herein.  This Stipulation and

8   the Settlement are not conditioned upon approval of a Plan of Allocation, or any particular

9   Plan of Allocation, and any objection to or appeal in connection with the Plan of Allocation

10  shall not affect the finality of the Settlement or the Final Judgment (or Alternative

11  Judgment, if any). Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation

12  or the Settlement in accordance with ¶ 41, or otherwise, based on the Court's or any

13  appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in

14  the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability

15  for the Plan of Allocation, reviewing or challenging claims, the allocation of the Net

16  Settlement Fund, or the distribution of the Net Settlement Fund.

17      27.    Upon the Effective Date and thereafter, and in accordance with the terms of

18  the Stipulation, the Plan of Allocation, or such further approval or order(s) of the Court as

19  may be necessary or as circumstances may require, the Net Settlement Fund shall be

20  distributed to Authorized Claimants.

21      28.    If there is any balance remaining in the Net Settlement Fund (whether by

22  reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the

23  date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and

24  economical, redistribute such balance among Authorized Claimants who have cashed their

25  checks in an equitable and economic fashion, after payment of outstanding Notice and

26  Administration Expenses, Taxes, attorneys' fees, and Litigation Expenses, if any.  These

27  redistributions shall be repeated, upon the same conditions, until the balance in the Net

28  Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance

that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian 501(c) organization, or such other organization approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

29.    Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in its discretion, but shall otherwise be bound in all respects by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternative Judgment, if any) to be entered in the Action and all releases provided for herein, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any action or proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims against any or all of the Released Defendant Parties.

30.    Lead Counsel shall be solely responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted.  The Defendants, the other Released Defendant Parties, and Defendants' Counsel shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or reviewing or challenging the claims of Claimants.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

31.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

1    (a)    Each Claimant shall be required to submit a Claim Form,
2  substantially in the form attached hereto as Exhibit A-2, supported by such documents as
3  are designated therein, including proof of the Claimant's loss, or such other documents or
4  proof as the Claims Administrator or Lead Counsel, in their discretion, may deem
5  acceptable;

6    (b)    All Claim Forms must be submitted by the date set by the Court in
7  the Preliminary Approval Order and specified in the notices, unless such deadline is
8  extended by Lead Counsel in its discretion or by Order of the Court.  Any Settlement Class
9  Member who fails to submit a Claim Form by such date shall be barred from receiving
10  any distribution from the Net Settlement Fund or payment pursuant to this Stipulation
11  (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms
12  are accepted), but shall in all other respects be bound by all of the terms of this Stipulation
13  and the Settlement, including the terms of the Judgment or Alternative Judgment and all
14  releases provided for herein, and shall forever be barred and enjoined from commencing,
15  instituting, prosecuting, or maintaining any action or other proceeding, in any forum,
16  asserting any or all of the Released Plaintiffs' Claims against any or all of the Released
17  Defendant Parties.  A Claim Form shall be deemed to be submitted when mailed, if
18  received with a postmark on the envelope and if mailed by first-class or overnight U.S.
19  Mail and addressed in accordance with the instructions thereon.  In all other cases, the
20  Claim Form shall be deemed to have been submitted when actually received by the Claims
21  Administrator;

22    (c)    Each Claim Form shall be submitted to and reviewed by the Claims
23  Administrator, under such supervision of Lead Counsel as necessary, which shall
24  determine in accordance with this Stipulation the extent, if any, to which each claim shall
25  be allowed;

26    (d)    Claim Forms that do not meet the submission requirements may be
27  rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator
28  shall communicate with the Claimant in writing to give the Claimant the chance to remedy

1   any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under

2   such supervision of Lead Counsel as necessary, shall notify, in a timely fashion and in

3   writing, all Claimants whose claims the Claims Administrator proposes to reject in whole

4   or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in

5   such notice that the claimant whose claim is to be rejected has the right to a review by the

6   Court if the Claimant so desires and complies with the requirements of subparagraph (e)

7   below; and

8           (e)    If any Claimant whose timely claim has been rejected in whole or in

9   part for curable deficiency desires to contest such rejection, the Claimant must, within

10  twenty (20) calendar days after the date of mailing of the notice required in subparagraph

11  (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims

12  Administrator a notice and statement of reasons indicating the Claimant's grounds for

13  contesting the rejection along with any supporting documentation, and requesting a review

14  thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead

15  Counsel shall thereafter present the request for review to the Court.  Claimants bear the

16  burden of establishing the sufficiency of their claim.

17         32.    Each Claimant who submits a Claim Form shall be deemed to have submitted

18  to the jurisdiction of the Court with respect to the Claimant's claim, including but not

19  limited to, all releases provided for herein and in the Judgment (or Alternative Judgment,

20  if any), and the claim will be subject to investigation and discovery under the Federal Rules

21  of Civil Procedure, provided that such investigation and discovery shall be limited to the

22  Claimant's status as a Settlement Class Member and the validity and amount of the

23  Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be

24  allowed on the merits of the Action or the Settlement, and no discovery in any form may

25  be taken from Defendants or Defendants' Counsel related to a Claimant's disputed claim.

26         33.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation

27  shall be deemed final and conclusive against any and all Claimants.  All Settlement Class

28  Members whose claims are not approved shall be barred from participating in distributions

1  from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this

2  Stipulation and the Settlement, including the terms of the Judgment or Alternative

3  Judgment to be entered in the Action and the releases provided for herein and therein, and

4  shall forever be barred and enjoined from commencing, instituting, prosecuting, or

5  maintaining any action or other proceeding, in any forum, asserting any or all of the

6  Released Plaintiffs' Claims against any or all of the Released Defendant Parties.

7      34.     All proceedings with respect to the administration, processing, and

8  determination of claims described by this Stipulation and the determination of all

9  controversies relating thereto, including disputed questions of law and fact with respect to

10  the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any

11  event delay or affect entry of, or the finality of, the Judgment or (Alternative Judgment, if

12  any).

13      35.     No Person shall have any claim of any kind against the Released Defendant

14  Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*,

15  ¶¶ 29–36) or any of its subsections, or otherwise related in any way to the administration

16  of the Settlement, including, without limitation, the processing, review, determination,

17  calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation;

18  the determination, administration, calculation, processing, review or payment of any claim;

19  nonperformance of the Claims Administrator; the payment or withholding of Taxes

20  (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred

21  in connection therewith.

22      36.     No Person shall have any claim against Plaintiffs, Lead Counsel, or the

23  Claims Administrator, or other agent designated by Lead Counsel, based on decisions and

24  distributions made substantially in accordance with this Stipulation and the Settlement

25  contained herein, the Plan of Allocation, or further order(s) of the Court.

26      **TERMS OF THE PRELIMINARY APPROVAL ORDER**

27      37.     Lead Counsel shall use best efforts to, within ten (10) business days of the

28  execution of this Stipulation by all Parties, apply to the Court for preliminary approval of

1    the Settlement contemplated by this Stipulation and entry of the Preliminary Approval

2    Order, which shall be substantially in the form annexed hereto as Exhibit A.    The

3    Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the

4    date for the Settlement Hearing, approve the form of notice, and prescribe the method for

5    giving notice of the Settlement to the Settlement Class.

6        38.    Opendoor shall make a reasonable, good faith effort to provide and/or to

7    facilitate provision by its transfer agent to Lead Counsel or the Claims Administrator, at

8    no cost to Plaintiffs or the Settlement Class, any reasonably and readily available

9    shareholder list of members of the Settlement Class, in electronic format (such as Excel),

10   for purposes of providing notice to the Settlement Class.

11                    **TERMS OF THE JUDGMENT**

12       39.    If the Settlement contemplated by this Stipulation is approved by the Court,

13   Lead Counsel shall request (and Defendants' Counsel shall consent to such request) that

14   the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

15                 **EFFECTIVE DATE OF SETTLEMENT**

16       40.    The Effective Date of this Settlement shall be the first business day on which

17   all of the following shall have occurred or been waived:

18           (a)    entry of the Preliminary Approval Order, which shall be in all

19   material respects substantially in the form set forth in Exhibit A annexed hereto;

20           (b)    payment of the Settlement Amount into the Escrow Account;

21           (c)    Opendoor has not exercised its option to terminate the Settlement

22   pursuant to ¶ 42 and the Supplemental Agreement (as defined below), and the option to

23   do so has expired in accordance with the terms of this Stipulation and the Supplemental

24   Agreement;

25           (d)    Final approval by the Court of the Settlement, following notice to the

26   Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

27           (e)    a Judgment, which shall be in all material respects substantially in the

28   form set forth in Exhibit B, annexed hereto, has been entered by the Court and has become

Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## **WAIVER OR TERMINATION**

41. Defendants and Plaintiffs, respectively, shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties' failure, following a meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect, unless Defendants and Plaintiffs each, in their sole and unfettered discretion, consent to entry of an Alternative Judgment and such Alternative Judgment is entered by the Court; or (iv) the date upon which the Judgment or Alternative Judgment is modified, vacated or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States (including following any proceedings on remand). For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to either the Fee and Expense Application or any plan of allocation. For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

42. In addition to the foregoing, Opendoor shall also have the right to terminate, at its sole option and discretion, the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Contemporaneously with the execution of this Stipulation, Defendants' Counsel and Lead Counsel are executing a Supplemental Agreement

1  Regarding Requests for Exclusion, which will be kept strictly confidential ("Confidential

2  Supplemental Agreement").

3          (b)    The Confidential Supplemental Agreement sets forth certain

4  conditions under which Opendoor shall have the sole option to terminate the Settlement

5  and render this Stipulation null and void as to all Parties in the event that requests for

6  exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination

7  Threshold").

8          (c)    The Parties agree to maintain the confidentiality of the Confidential

9  Supplemental Agreement, and the Termination Threshold, and the Confidential

10  Supplemental Agreement and its terms shall only be disclosed to, or filed with, the Court

11  if a dispute arises as to the terms of the Confidential Supplemental Agreement, or as

12  otherwise ordered by the Court.  The Supplemental Agreement and the Termination

13  Threshold shall not otherwise be disclosed to any Person unless ordered by the Court.  If

14  submission of the Supplemental Agreement to the Court is required for resolution of a

15  dispute or is otherwise ordered by the Court, the Parties will use reasonable best efforts to

16  have the Confidential Supplemental Agreement submitted to the Court *in camera* or under

17  seal.   In the event of a termination of this Settlement pursuant to the Supplemental

18  Agreement, this Stipulation shall become null and void and of no further force and effect,

19  with the exception of the provisions of this paragraph and ¶¶ 46–48, which shall continue

20  to apply.

21          (d)    The Preliminary Approval Order, attached hereto as Exhibit A, shall

22  provide that requests for exclusion from the Settlement Class shall be received no later

23  than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any

24  request for exclusion, Lead Counsel shall promptly, and in no event no later than five (5)

25  calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to

26  the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request

27  for exclusion and provide copies of such request for exclusion and any documentation

28  accompanying it by email.

43. In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement, by providing written notice of the election to terminate to all other Parties, in the event that (a) the Settlement Amount has not been paid in the time period provided for in ¶ 6 above and (b) thereafter, there is a failure to pay the Settlement Amount within fifteen (15) business days of receipt of Plaintiffs' written notice.

44. If, before the Effective Date, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and replacement funding for such amount is not deposited into the Settlement Fund by others within fourteen (14) calendar days of receipt of Plaintiffs' written notice that such replacement funding is required, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of that Defendant, or all Defendants, as the case may be, and that Defendant or all Defendants, as the case may be, and Plaintiffs and the members of the Settlement Class shall be restored to their respective statuses and litigation positions as they were immediately prior to the Parties' execution of the Term Sheet on May 2, 2025. All releases and the Judgment (or Alternative Judgment, if any) as to other Defendants shall remain unaffected. Opendoor warrants, as to itself and the payments to the Settlement Fund made pursuant to this Stipulation, that, at the time of such payment, it will not be insolvent, nor will such payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 41–44 above: (i) neither Defendants nor Plaintiffs (as the case may

1    be) will be required for any reason or under any circumstance to exercise that option; and

2    (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered

3    discretion of Defendants or Plaintiffs, as applicable.

4         46.     With the exception of the provisions of this paragraph and ¶¶ 47-48, which

5    shall survive termination of this Settlement and continue to apply, if at any time the

6    Settlement is terminated as set forth herein or cannot, or for any reason does not, become

7    effective under the terms of this Stipulation, then at such time: (i) the Term Sheet, this

8    Stipulation and the Settlement shall each immediately become a nullity and without

9    prejudice, and none of the terms of or provisions in the Term Sheet and the Stipulation

10   shall be effective or enforceable except as otherwise specifically provided herein; (ii) the

11   Parties shall be deemed to have immediately reverted to their respective statuses and

12   litigation positions in the Action as they were immediately prior to the Parties' execution

13   of the Term Sheet on May 2, 2025; (iii) except as specifically provided herein, the Parties

14   shall immediately proceed in all respects as if this Stipulation had not been executed and

15   any related proceedings had not occurred and any related order had not been entered, apart

16   from any order to the extent that it stayed the Action and/or suspended any deadlines in

17   connection with the Action; and (iv) the Settlement Amount or any and all portions thereof

18   that Opendoor previously paid or caused to be paid into the Escrow Account, together with

19   any earnings thereon, less any Taxes paid or due as of such time, less Notice and

20   Administration Expenses actually incurred and paid or payable from the Settlement

21   Amount as of such time, shall be returned by Plaintiffs to the payor or payors of such

22   Settlement Amount or portions thereof.  Such Settlement Amount or portions thereof shall

23   be paid by Plaintiffs to the payor or payors within thirty (30) calendar days of receiving

24   written instructions from Defendants with respect to such payment. At the request of

25   Defendants' Counsel, Lead Counsel or its designee shall apply for any tax refund owed on

26   the amounts in the Escrow Account and shall pay the proceeds, after any deduction of any

27   fees or expenses incurred in connection with such application(s), of such refund to those

28   who funded the Settlement or as otherwise directed by Defendants.

**NO ADMISSION**

47.     Except as set forth in ¶ 48 below, the Term Sheet, and this Stipulation and the Settlement, whether or not consummated, effective, or terminated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Term Sheet, Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered into evidence or otherwise used in this Action or any other action or proceeding, or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Settlement, and in particular, but without limitation:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence,

fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

48.    Notwithstanding ¶ 47 above, the Parties, and any Released Party, and their respective counsel, may file and rely on this Stipulation and/or the Judgment or Alternative Judgment in any action or proceeding that may be brought by or against them, as to any claim or argument asserted by or against them, in order to support a defense, argument, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense, argument, claim, or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All Parties and Settlement Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

**MISCELLANEOUS PROVISIONS**

49.      Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

50.      All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51.      The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with the applicable requirements of good faith litigation under the Securities Act, the Exchange Act, and the Federal Rules of Civil Procedure. The Parties and their respective counsel shall not take the position that the litigation was brought or defended in bad faith or in violation of Rule 11 of the Federal Rules of Civil Procedure, and, pursuant to the PSLRA, the Judgment shall reflect the foregoing.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

52.      In all events, Plaintiffs and their counsel and Defendants and their counsel shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by the Court or a jury, and shall not otherwise suggest that the Settlement constitutes an admission or other evidence of any claim or defense alleged or of any other wrongdoing by any person.  The Parties and their counsel agree that they will not intentionally assist or cooperate with any Person to publicly disparage Defendants, Plaintiffs, or any of the other Released Parties with respect to any matter relating to the subject matter of this Action.

53.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its or their provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation and the Judgment or Alternative Judgment.

56.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach by that or any other Party to this Stipulation.

57.     This Stipulation, its exhibits, the Supplemental Agreement, and the Term Sheet constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no other agreement exists that is enforceable as to its subject matter.   No representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents, and the existence and materiality of and reliance upon any such other representation, warranty, or inducement are hereby disclaimed by all Parties.

58.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, work product protection, or mediation privilege.

59.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and entry of the Judgment or Alternative Judgment.

61.    This Stipulation may be executed in one or more counterparts but no Party shall be bound unless and until it has been executed and delivered by all Parties.  All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format, or via DocuSign, shall be deemed originals.

62.    The Released Parties who do not appear on the signature lines below are acknowledged and agreed by the Parties to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

63.    This Stipulation shall be binding when signed, but the Settlement shall be effective only upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, and subject only to the condition that the Effective Date will have occurred.

64.    This Stipulation shall be binding upon, and inure to the benefit of, the respective successors and assigns of the Parties and of the Released Parties.

65.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of Arizona without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

66.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

67.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have

the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

68.     Plaintiffs and Plaintiffs' Counsel represent and warrant that each Plaintiff is a Settlement Class Member and that none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

69.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement, entry of the Judgment, approval of the Plan of Allocation, and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

70.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

71.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

72.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 37 above, the Parties agree to confer in good faith to resolve them, and, if they are unable to do so, to mediate the dispute with the Mediator.   In the event that the Parties are still not able to resolve any such dispute,

they agree to submit the matter to the Mediator for a binding, non-appealable determination, within seven (7) calendar days of written notice of such dispute.

73.     Except as otherwise provided herein, each Party shall bear its own costs and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 13, 2025.

**LABATON KELLER SUCHAROW LLP**

_____
Michael P. Canty
James T. Christie
Guillaume Buell
Nicholas Manningham
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Counsel for Plaintiffs and Proposed Settlement Class*

**WOMBLE BOND DICKINSON (US) LLP**

_____
John C. Gray (028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5331
John.gray@wbd-us.com

1  they  agree  to  submit  the  matter  to  the  Mediator  for  a  binding,  non-appealable

2  determination, within seven (7) calendar days of written notice of such dispute.

3      73.    Except as otherwise provided herein, each Party shall bear its own costs and

4  legal fees.

5      **IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed,

6  by their duly authorized attorneys, as of June 13, 2025.

7

8                          **LABATON KELLER SUCHAROW LLP**

9

10                         _____

11                         Michael P. Canty
                           James T. Christie
12                         Guillaume Buell
                           Nicholas Manningham
13                         140 Broadway
                           New York, NY 10005
14                         Telephone: (212) 907-0700
15                         mcanty@labaton.com
                           jchristie@labaton.com
16                         gbuell@labaton.com
                           nmanningham@labaton.com
17

18                         *Counsel for Plaintiffs and Proposed*
                           *Settlement Class*
19

20

21                         **WOMBLE BOND DICKINSON (US) LLP**

22

23                         _____

24                         John C. Gray (028454)
                           201 East Washington Street, Suite 1200
25                         Phoenix, AZ 85004
                           Telephone: 602-262-5331
26                         John.gray@wbd-us.com

27

28

- 43 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ALLEN OVERY SHEARMAN STERLING
US LLP**

_____

Lyle Roberts
George E. Anhang
1101 New York Ave., NW
Washington, DC 20005
Telephone: (202) 508-8000
lyle.roberts@aoshearman.com
george.anhang@aoshearman.com

Adam S. Hakki
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
ahakki@aoshearman.com

Billy Marsh
2601 N. Olive St., Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5348
billy.marsh@aoshearman.com

*Counsel for Defendants
Opendoor Technologies Inc., Eric Wu,
Carrie Wheeler, Chamath Palihapitiya,
Steven Trieu, Ian Osborne, Adam Bain,
David Spillane, Cipora Herman, Pueo Keffer,
Glenn Solomon, Jason Kilar, and Jonathan
Jaffe*

**BEYERS FARRELL PLLC**

Michael J. Farrell, AZ 015056
Maureen Beyers, AZ 017134
 99 East Virginia Avenue, Suite 220
Phoenix AZ 85004
Telephone: (602) 738-3022
mfarrell@bfazlaw.com

mbeyers@bfazlaw.com

**O'MELVENY & MYERS LLP**

*William Sushon / with permission*
                              AM₂

Jonathon Rosenberg
William J. Sushon
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
jrosenberg@omm.com
wsushon@omm.com

*Counsel for Underwriter Defendants*

# Exhibit A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

IN RE OPENDOOR TECHNOLOGIES
INC. SECURITIES LITIGATION

Case No. 2:22-CV-01717-MTL

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT,
APPROVING FORM AND
MANNER OF NOTICE, AND
SETTING DATE FOR HEARING
ON FINAL APPROVAL OF
SETTLEMENT**

**WHEREAS,** Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Hereford Graham ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and (i) Opendoor Technologies Inc. ("Opendoor" or the "Company"); (ii) Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, Jonathan Jaffe (collectively, the "Individual Defendants" and, together with the Company, the "Opendoor Defendants"); and (iii) Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter Defendants" and, together with the Opendoor Defendants, "Defendants") on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of June 13, 2025, in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation, and directing notice of the Settlement to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

1    WHEREAS, the Parties to the Stipulation have consented to the entry of this order;

2  and

3    WHEREAS, all capitalized terms used in this order that are not otherwise defined

4  herein have the meanings defined in the Stipulation;

5    **NOW, THEREFORE, IT IS HEREBY ORDERED that:**

6    1.    **Preliminary Approval of the Settlement.**   The Court has reviewed the

7  Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1),

8  that the Court will likely be able to approve the proposed Settlement as fair, reasonable,

9  and adequate pursuant to Rule 23(e)(2) and certify the Settlement Class pursuant to Rule

10  23(a) and (b)(3), subject to further consideration at the Settlement Hearing described

11  below.

12    2.    **Certification of the Settlement for Purposes of Settlement.**  Pursuant to

13  Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily

14  certifies, for purposes of the Settlement only, the Settlement Class of: (i) all persons and

15  entities who or which purchased or otherwise acquired Opendoor common stock pursuant

16  and/or traceable to the de-SPAC Merger Documents issued in connection with the de-

17  SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering

18  Documents issued in connection with Opendoor's February 2021 Offering on or about

19  February 4, 2021; and (ii) all persons and entities who or which, during the period from

20  December 21, 2020 through November 3, 2022, inclusive (the "Class Period"), purchased

21  the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based

22  trading platform and were damaged thereby. Excluded from the Settlement Class are: (i)

23  Defendants and the Immediate Family Members of any Individual Defendant; (ii) any

24  person who was an officer, director, and/or control person of Opendoor, Social Capital

25  Hedosophia Holdings Corp. II, or SCH Sponsor II LLC any time during the period of

26  January 31, 2020 through November 3, 2022; (iii) any firm, trust, corporation, or other

27  entity in which any Defendant (or Immediate Family Member of any Defendant) has or

28  had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and

their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such; provided, however, that, notwithstanding anything set forth above, any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are those members of the Settlement Class who or which exclude themselves from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Plaintiffs are typical of the Settlement Class's claims;

(d)      Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class

1    Members in the Action are substantially similar and would, if tried, involve substantially

2    identical proofs and may therefore be efficiently litigated and resolved on an aggregate

3    basis as a class action; the amounts of the claims of many of the Settlement Class

4    Members are too small to justify the expense of individual actions; and it does not appear

5    that there is significant interest among Settlement Class Members in individually

6    controlling the litigation of their claims.

7        4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

8    purposes of the Settlement only, Plaintiffs are preliminarily certified as Class

9    Representatives for the Settlement Class. The law firm of Labaton Keller Sucharow LLP

10   ("Labaton") is preliminarily appointed Class Counsel for the Settlement Class and the

11   law firm of Clark Hill PLC is preliminarily appointed Liaison Counsel for the Settlement

12   Class.

13       5.    **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to

14   Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before

15   the Court, either in person or remotely at the Court's discretion, at the United States

16   District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West

17   Washington Street, Courtroom 504, Phoenix, AZ 85003 on _____, 2025 at

18   __:___ __.m. for the following purposes:

19       (a)    to determine whether the proposed Settlement is fair, reasonable and

20   adequate, and should be approved by the Court;

21       (b)    to determine whether the proposed Final Order and Judgment

22   ("Judgment"), as provided for under the Stipulation, should be entered, and to determine

23   whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth

24   in the Stipulation, should be provided to the Released Defendant Parties;

25       (c)    to determine, for purposes of the Settlement only, whether the

26   Settlement Class should be finally certified; whether Plaintiffs should be finally certified

27   as Class Representatives for the Settlement Class; and whether the law firm of Labaton

28   should be finally appointed as Class Counsel for the Settlement Class;

1    (d)    to determine whether the proposed Plan of Allocation for the
2    proceeds of the Settlement is fair and reasonable and should be approved by the Court;

3    (e)    to consider Lead Counsel's application, on behalf of Plaintiffs'
4    Counsel, for an award of attorneys' fees and expenses (which may include an application
5    for awards to Plaintiffs for reimbursement of their reasonable costs and expenses directly
6    related to their representation of the Settlement Class, pursuant to the Private Securities
7    Litigation Reform Act of 1995 ("PSLRA")); and

8    (f)    to rule upon such other matters as the Court may deem appropriate.

9    6.    The Court reserves the right to approve the Settlement with or without
10   modification and with or without further individual notice to the Settlement Class.  The
11   Court further reserves the right to enter the Judgment approving the Settlement regardless
12   of whether it will approve the proposed Plan of Allocation or award attorneys' fees and
13   expenses.  The Court may also adjourn or continue the Settlement Hearing or modify any
14   of the dates herein without further individual notice to members of the Class.  Any
15   changes shall be posted on the website for the Settlement.

16   7.    **Approval of Form and Manner of Giving Notice**.  The Court approves
17   the form, substance and requirements of the long-form Notice of Pendency of Class
18   Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the
19   "Notice"), the Proof of Claim and Release form ("Claim Form"), Summary Notice, and
20   the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3 and 4
21   respectively, and finds they: (a) constitute the best notice to Settlement Class Members
22   practicable under the circumstances; (b) are reasonably calculated, under the
23   circumstances, to describe the terms and effect of the Settlement and to apprise Class
24   Members of their right to object to the proposed Settlement or to exclude themselves from
25   the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice
26   to all persons entitled to receive such notice; and (d) satisfy all applicable requirements
27   of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process
28   Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange

1 | Act of 1934, 15 U.S.C. § 78u-4(a)(7) and Section 27 of the Securities Act of 1933, 15

2 | U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the rules of this Court.

3 |     **8.**    **Retention of Claims Administrator and Notice Date.**   The Court

4 | approves the retention of Verita Global, LLC ("Verita") as the Claims Administrator. The

5 | Claims Administrator shall cause the Postcard Notice, substantially in the form annexed

6 | hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before ten

7 | (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all

8 | Settlement Class Members who can be identified with reasonable effort. The Claims

9 | Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard

10 | Notice (or Notice) to Settlement Class Members, to the extent it is provided with email

11 | addresses. Opendoor, to the extent it has not already done so, shall make a reasonable,

12 | good faith effort to provide, and/or to facilitate provision by its transfer agent, to Lead

13 | Counsel or the Claims Administrator, at no cost to Lead Counsel, the Settlement Class,

14 | or the Claims Administrator, on or before seven (7) calendar days of entry of this

15 | Preliminary Approval Order, any reasonably and readily available shareholder lists of the

16 | names and addresses (and emails to the extent available) of members of the Settlement

17 | Class, in electronic format (such as excel).

18 |     **9.**    **Nominee Procedures**. The Claims Administrator shall use reasonable

19 | efforts to give notice to nominee purchasers, such as brokerage firms and other persons

20 | or entities who purchased or otherwise acquired Opendoor common stock pursuant and/or

21 | traceable to the Offering Documents or who purchased Opendoor common stock on the

22 | NASDAQ, or any U.S. based trading platform, during the Class Period as record owners

23 | but not as beneficial owners. Such nominees SHALL EITHER: (A) WITHIN

24 | FOURTEEN (14) CALENDAR DAYS of receipt of the Postcard Notice or Notice,

25 | provide a list of the names, addresses, and emails (to the extent available) of all such

26 | beneficial owners to the Claims Administrator and the Claims Administrator is ordered

27 | to mail the Postcard Notice promptly to such identified beneficial owners; or (B) WITHIN

28 | FOURTEEN (14) CALENDAR DAYS of receipt of the Postcard Notice or Notice, either

(i) request from the Claims Administrator sufficient copies of the Postcard Notice to mail to all such beneficial owners and WITHIN FOURTEEN (14) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners, or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners WITHIN FOURTEEN (14) CALENDAR DAYS.  Nominees who elect to mail or email the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and Claim Form upon request.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.    **Approval of Summary Notice.**  The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed

hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    **Claims Process.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 15 of this order.

(b)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    **Exclusion from Settlement Class.**  Settlement Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state

that the sender requests to be "excluded from the Settlement Class in *In re Opendoor Technologies Inc. Securities Litigation*, No. 22-CV-01717 (D. Ariz.)," and must be signed by such Person, as well as their representative, if any. Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: (i) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock pursuant and/or traceable to the Offering Documents through, and including, May 27, 2025; and (ii) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock on the NASDAQ or any U.S.-based trading platform during the Class Period through, and including, February 1, 2023. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17. **Objections to Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objection must state: (a) the name, address, and telephone number of the objector and must be signed by the objector, as well as their representative, if any; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense Application in *In re Opendoor Technologies Inc. Securities Litigation*, No. 22-CV-01717 (D. Ariz.)"; (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to establish the objector's membership in the Settlement Class, such as those showing the number of Opendoor shares of common stock purchased or acquired pursuant and/or traceable to the Offering Documents, and the dates and prices

of each such purchase, acquisition, and sale, as well as the number of Opendoor shares of common stock purchased or acquired on the NASDAQ or any U.S.-based trading platform during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider a Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days prior to the Settlement Hearing, upon Lead Counsel: Michael P. Canty, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel Representative: Lyle Roberts, Allen Overy Shearman Sterling US LLP, 1101 New York Ave., NW, Washington, DC 20005, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, Suite 130, 401 West Washington Street, Phoenix, Arizona 85003.

18.    Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19.    Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement,

1  to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless

2  otherwise ordered by the Court, but in all respects shall otherwise be bound by the

3  Judgment to be entered and the releases to be given.

4     21.    Pending final determination of whether the Settlement should be approved,

5  Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or

6  purports to act on their behalf, shall not institute, commence or prosecute any action

7  which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

8     22.    **Supporting Papers.**  All papers in support of the Settlement, Plan of

9  Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses

10 shall be filed with the Court and served on or before thirty-five (35) calendar days prior

11 to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are

12 to be filed with the Court and served no later than seven (7) calendar days prior to the

13 Settlement Hearing.  Plaintiffs' Counsel may file exhibits delineating their time and

14 expenses under seal, to the extent needed to protect confidential attorney work product or

15 attorney client communications.

16    23.    **Settlement Fund.**  All funds held in the Settlement Fund shall be deemed

17 and considered to be in *custodia legis* of the Court, and shall remain subject to the

18 jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the

19 Stipulation and/or further order of the Court.

20    24.    Neither Defendants nor their counsel shall have any responsibility for or

21 liability with respect to the Plan of Allocation or any application for attorney's fees or

22 expenses submitted by Lead Counsel or Plaintiffs, and such matters shall be considered

23 separately from the fairness, reasonableness and adequacy of the Settlement.

24    25.    **Termination of Settlement.**  If the Settlement fails to become effective as

25 defined in the Stipulation or is terminated, then both the Stipulation, including any

26 amendment(s) thereof, except as expressly provided in the Stipulation, and this

27 Preliminary Approval Order shall be null and void, of no further force or effect, and

28 without prejudice to any Party, and may not be introduced as evidence or used in any

1   actions or proceedings by any person or entity against the Parties, and the Parties shall be

2   deemed to have reverted to their respective litigation positions in the Action as of May 1,

3   2025.

4       26.    **Use of this Order**.  Neither this Order, the Stipulation (whether or not

5   finally approved or consummated, and including any exhibits thereto, any Plan of

6   Allocation contained therein or approved by the Court, and the Supplemental Agreement),

7   nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered

8   against any of the Released Defendant Parties as evidence of, or construed as, or deemed

9   to be evidence of any presumption, concession, or admission by any of the Released

10  Defendant Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity

11  of any claim that was or could have been asserted, or the deficiency of any defense that

12  has been or could have been asserted in this Action or in any litigation, or of any liability,

13  negligence, fault, or other wrongdoing of any kind by any of the Released Defendant

14  Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of,

15  or construed as, or deemed to be evidence of, any presumption, concession, or admission

16  with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way

17  referred to for any other reason as against any of the Released Plaintiff Parties in any civil,

18  criminal, or administrative action or proceeding, other than such proceedings as may be

19  necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against

20  any of the Released Parties as an admission, concession, or presumption that the

21  consideration to be given represents the amount which could be or would have been

22  recovered after trial; provided, however, that if the Stipulation is approved by the Court,

23  the Released Parties and their respective counsel may refer to it to effectuate the

24  protections from liability granted hereunder or otherwise to enforce the terms of the

25  Settlement.

26  /

27  /

28

# Exhibit A-1

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
Colin C. Quinn, SBN #037122
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Facsimile: (480) 684-1199
ddavis@clarkhill.com
cquinn@clarkhill.com

*Local Counsel for Plaintiffs and Settlement Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and Settlement Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>CLASS ACTION |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired Opendoor Technologies Inc. ("Opendoor" or "the Company") (NASDAQ: OPEN; CUSIP: 683712103) common stock (i) pursuant or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 ("de-SPAC Merger") and/or its February 2021 Offering on or about February 4, 2021 ("February 2021 Offering"), and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"), you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $39,000,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.04 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and approximately $0.03 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement will resolve a putative class action, *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL, led by Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Hereford Graham ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs") on behalf of the Settlement Class against Defendants Opendoor, Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, with the Company, the "Opendoor Defendants"); and Defendants Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated June ___, 2025 (the "Stipulation"), which can be viewed at www.OpendoorSecuritiesSettlement.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

Defendants" and, together with the Opendoor Defendants, the "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY ____ ___, 2025** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY ____ ___, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT BY ____ ___, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY ____ ___, 2025** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

### WHAT THIS NOTICE CONTAINS

What Is this Notice About?                                    Page __

How do I know if I am part of the Settlement Class?           Page __

Are there exceptions to being included?                                   Page __

Why is this a class action?                                               Page __

What is this case about and what has happened so far?                     Page __

What are the reasons for the Settlement?                                  Page __

What does the Settlement provide?                                         Page __

How can I receive a payment?                                              Page __

What am I giving up to receive a payment and by staying in the Settlement
Class?                                                                    Page __

How do I exclude myself from the Settlement Class?                        Page __

If I do not exclude myself, can I sue Defendants and the other Released
Defendant Parties for the same reasons later?                             Page __

Do I have a lawyer in this case?                                          Page __

How will the lawyers be paid?                                             Page __

How do I tell the Court that I do not like something about the proposed
Settlement?                                                               Page __

What is the difference between objecting and seeking exclusion?           Page __

When and where will the Court decide whether to approve the Settlement?   Page __

Do I have to come to the Settlement Hearing?                              Page __

May I speak at the Settlement Hearing?                                    Page __

What happens if I do nothing at all?                                      Page __

Are there more details about the Settlement?                              Page __

How will my claim be calculated?                                          Page __

Special notice to securities brokers and nominees.                        Page __

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Plaintiffs have entered into the proposed Settlement with the Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $39,000,000 in cash (the "Settlement Amount"), which will be

deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Plaintiffs' consulting damages expert's estimate of the number of shares of Opendoor common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.04 per allegedly damaged share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Opendoor common stock the Settlement Class Member purchased or acquired, and whether the acquisitions were pursuant to the de-SPAC Merger, the February 2021 Offering, or on the open market during the Class Period; and (iv) whether and when the Settlement Class Member sold their Opendoor shares. *See* the Plan of Allocation beginning on page [___] for information about calculating your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim. The issues that the Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which unrelated or external factors, such as general market, economic, and industry conditions, influenced the trading prices of Opendoor shares at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[2] for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $11,700,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $650,000 plus accrued interest, which may include an application pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.01 per allegedly damaged share of Opendoor.  A copy of the Fee and Expense Application will be posted on www.OpendoorSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may deny Plaintiffs' class certification motion or grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty inherent in the Parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties, costs, and delays inherent in complex class action litigation.

---

[2] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Clark Hill PLC, Glancy Prongay & Murray LLP, Keller Rohrback, L.L.P., The Law Offices of Frank R. Cruz, and VanOverbeke Michaud & Timmony P.C.

6.      For the Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Plaintiffs and the Settlement Class are represented by Lead Counsel, Michael P. Canty, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Opendoor Securities Settlement* c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, (888) 999-6212, info@OpendoorSecuritiesSettlement.com.

<u>**Please Do Not Call the Court with Questions About the Settlement.**</u>

**BASIC INFORMATION**

**1.    What Is this Notice About?**

9.      The Court authorized this Notice because you, or someone you represent, may have purchased or otherwise acquired Opendoor shares pursuant and/or traceable to the Offering Documents issued in connection with the de-SPAC Merger and/or the February 2021 Offering, or on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the Class Period), and been damaged thereby. **Receipt of this Notice or the separately issued Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit a Claim Form.** *See* **Question 8 below.**

10.     The Court authorized this Notice because Settlement Class Members have the right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the District of Arizona, and the case is known as *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL.  The Action is assigned to the Honorable Michael T. Liburdi, United States District Judge.

**2.    How do I know if I am part of the Settlement Class?**

12.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **(i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021; and**

> **(ii) all persons and entities who or which, during the period from December 21, 2020 through November 3, 2022, inclusive (the Class Period), purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform and were damaged thereby.**

13.    If one of your mutual funds purchased or otherwise acquired Opendoor shares, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Opendoor shares.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  <u>The Parties do not independently have access to your trading information.</u>

**3.    Are there exceptions to being included?**

14.    Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants and the Immediate Family Members of any Individual Defendant; (ii) any person who was an officer, director, and/or control person of Opendoor, SCH,[3] or SCH Sponsor II LLC any

---

[3] "SCH" is Social Capital Hedosophia Holdings Corp. II, the SPAC that reorganized to become Opendoor.

time during the period of January 31, 2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which any Defendant (or Immediate Family Member of any Defendant) has or had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such.  However, "Investment Vehicles" are not excluded from the Settlement Class.[4]

15.    Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

**4.    Why is this a class action?**

16.    In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this case, the Indiana Public Retirement System, Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Stuart Hereford Graham are Plaintiffs, and the Court has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

**5.    What is this case about and what has happened so far?**

17.    By Order dated February 2, 2023, the Court: (i) consolidated various cases filed against Defendants for all purposes, including trial, and renamed the consolidated

---

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

action, "*In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL; (ii) appointed Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees Beneficiary Association as Lead Plaintiffs of the consolidated class action, and (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel.

18.    The operative complaint in the Action is the Consolidated Amended Complaint for Violations of the Federal Securities Laws, which was filed after an investigation by Lead Counsel on April 17, 2023 (the "Complaint").  The Complaint alleges claims under Section 11 of the Securities Act of 1933 ("Securities Act") against Opendoor, the Individual Defendants, and the Underwriter Defendants, and claims under Section 15 of the Securities Act against the Individual Defendants.  The Complaint also asserted claims against certain of the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  The Complaint added Stuart Hereford Graham as a named plaintiff.

19.    Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions with respect to Opendoor's proprietary AI-powered pricing algorithm and its ability to dynamically adjust to changing market conditions, including in the Offering Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and the Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021. The Complaint further alleged that the price of Opendoor common stock trading on the NASDAQ and other U.S.-based trading platforms was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was allegedly revealed through a series of partial corrective disclosures.

20.    On June 30, 2023, the Opendoor Defendants and Underwriter Defendants each filed a motion to dismiss the Complaint, which Plaintiffs opposed.  On February 28, 2024, after oral argument, the Court granted Defendants' motions to dismiss the Complaint, with leave to amend.

21.     On March 13, 2024, Plaintiffs filed a motion for reconsideration solely as to the Court's dismissal of the Securities Act claims on the basis of negative causation, which Defendants opposed. On May 14, 2024, the Court granted Plaintiffs' motion for reconsideration, vacating in part and amending the Court's February 28, 2024 dismissal Order, and finding that Plaintiffs had adequately alleged claims under Sections 11 and 15 of the Securities Act with respect to the alleged misstatement that Opendoor's pricing algorithms "can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions."  On May 31, 2024, Plaintiffs filed a Notice of Intent Not to File a Second Amended Complaint at that time, with respect to the Exchange Act claims, and moved the case forward with the Securities Act claims.

22.     On June 18, 2024, the Opendoor Defendants filed a motion to certify the Court's May 14, 2024 Order for interlocutory appeal, which Plaintiffs opposed. On September 9, 2024, the Court denied Defendants' Motion.  On July 12, 2024, the Opendoor Defendants and Underwriter Defendants each filed an answer to the Complaint, denying all allegations of wrongdoing or damages, and asserting numerous affirmative defenses.

23.     Formal discovery commenced on August 16, 2024.

24.     In late November 2024, the Parties discussed the possibility of resolving the Action and agreed to engage in mediation with David Murphy of Phillips ADR Services (the "Mediator").  Thereafter, in partial response to Plaintiffs' pending document requests, Defendants produced approximately 16,575 documents to Plaintiffs.  Plaintiffs also produced certain documents to Defendants related to Plaintiffs' transactions in Opendoor securities.

25.     On February 7, 2025, Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator.  In advance of the session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any agreement being reached. The Parties continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

26.    On February 28, 2025, Plaintiffs filed their motion for class certification.

27.    On March 26, 2025, the Parties, with the assistance of the Mediator, agreed in principle to settle the Action subject to the Parties' execution of a settlement term sheet ("Term Sheet") and formal settlement stipulation.  The Term Sheet was executed by the Parties on May 2, 2025, and a formal Stipulation and Agreement of Settlement was executed on _____, 2025.

**6.    What are the reasons for the Settlement?**

28.    The Court did not finally decide in favor of Plaintiffs or the Defendants.  Instead, both sides agreed to a settlement.  Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.    Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  All of Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the federal securities laws or otherwise.  Specifically, Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Defendants have concluded that continuation of the Action would

1  be protracted and expensive, and have taken into account the uncertainty and risks inherent
2  in any litigation, especially a complex case like this Action.

3  **THE SETTLEMENT BENEFITS**

4  **7.    What does the Settlement provide?**

5        30.    In exchange for the Settlement and the release of the Released Plaintiffs'
6  Claims against the Released Defendant Parties (*see* Question 9 below), Opendoor has
7  agreed to cause a $39,000,000 cash payment to be made, which, along with any interest
8  earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation
9  Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses
10 approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who
11 submit valid and timely Claim Forms and are found to be eligible to receive a distribution
12 from the Net Settlement Fund.

13 **8.    How can I receive a payment?**

14       31.    To qualify for a payment from the Net Settlement Fund, you must submit a
15 timely and valid Claim Form.  You may obtain one from the website dedicated to the
16 Settlement: www.OpendoorSecuritiesSettlement.com, or from Lead Counsel's website
17 www.labaton.com, or submit a claim online at www.OpendoorSecuritiesSettlement.com.
18 You can also request that a Claim Form be mailed to you by calling the Claims
19 Administrator toll-free at (888) 999-6212.

20       32.    Please read the instructions contained in the Claim Form carefully, fill out
21 the Claim Form, include all the documents the form requests, sign it, and mail or submit it
22 to the Claims Administrator so that it is **postmarked or received no later than ____ ___,**
23 **2025.**

24 **9.    What am I giving up to receive a payment and by staying in the Settlement**
25 **Class?**

26       33.    If you are a Settlement Class Member and do not timely and validly exclude
27 yourself from the Settlement Class, you will remain in the Settlement Class and that means
28 that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs'

Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiffs' Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or Unknown Claims (as defined below), dismissed or not dismissed, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that any Plaintiff, or other members of the Settlement Class, or other Releasing Plaintiff Parties (defined below), in their capacities as such: (i) asserted in the Consolidated Amended Complaint for Violations of the Federal Securities Laws filed in the Action on April 17, 2023; or (ii) could have asserted, or could in the future assert, in any court, tribunal, forum, or proceeding, whether foreign or domestic, whether brought directly or indirectly against any of Defendants, that arise out of, are based upon, or relate to, in any way, (a) any of the allegations, acts, transactions, facts, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint or otherwise in the Action; ***and*** (b) the purchase, acquisition, holding, sale, or disposition of Opendoor common stock during the Class Period and/or pursuant or traceable to the de-SPAC Merger or the February 2021 Offering.  Released Plaintiffs' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any claims brought derivatively on behalf of Opendoor in any of the following actions: *In re Opendoor Technologies, Inc. Stockholder Derivative Litigation*, Consol. C.A. No. 2023-0642 (Delaware Chancery Court), *Juul v. Wu, et al.*, Case No. 1:23-cv-00705 (D. Del.), *Woods v. Bain, et al.*, Case No. 1:23-cv-01158 (D. Del.), or *Gera v. Palihapitiya, et al.*, Case No. 2:23-cv-02164-MTL (D. Ariz.); or (iii) any claims of any Person who submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions,

branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, predecessors, predecessors-in-interest, successors, assigns, Spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(c)     "**Unknown Claims**" means any and all Released Plaintiffs' Claims that any Releasing Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each other Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign

14

law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, other Releasing Plaintiff Parties, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member and other Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist,  without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

34.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

15

35.     Upon the "Effective Date," Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit. Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

**10.     How do I exclude myself from the Settlement Class?**

37.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717 (D. Ariz.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock from December 18, 2020 through, and including, May 27, 2025; (iii) state the number of Opendoor shares received in the de-SPAC Merger from the conversion of shares of Opendoor Labs, Inc. ("Legacy Opendoor"); (iv) state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Social Capital Hedosophia Holdings Corp. II (SCH) from April 1, 2020 through, and including, December 17, 2020; (v) state the number of shares of SCH held as of the close of trading on December 17, 2020 and the number of shares of Opendoor common stock held as of the close of trading on May 27, 2025; and (vi) be signed by the person or

entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than \_\_\_\_ \_\_\_, 2025** at:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

38.    The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court.  The Claims Administrator or Lead Counsel may contact any purported Settlement Class Member requesting exclusion, or their attorney, to discuss the exclusion.

39.    This information is needed to determine whether you are a Settlement Class Member.  Your exclusion request must comply with these requirements in order to be valid.

40.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

41.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is \_\_\_\_ \_\_\_, **2025.**

17

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

42.     Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

43.     Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 30% of the Settlement Fund, or $11,700,000, plus accrued interest. Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $650,000, plus accrued interest, which may include an application by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**14.     How do I tell the Court that I do not like something about the proposed Settlement?**

44.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

45.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV -01717 (D. Ariz.)."  The objection must also state: (i) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Opendoor the person or entity purchased or acquired in the de-SPAC Merger, the February 2021 Offering, and on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive, as well as the dates and prices of each purchase, acquisition, and sale of such shares.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than ____ ___, 2025 and** be mailed or delivered to the following counsel so that it is **received no later than ____ ___, 2025:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representative** |
|---|---|---|
| **Clerk of the Court** United States District Court District of Arizona U.S. Courthouse Suite 130 401 West Washington Street Phoenix, Arizona 85003 | **Labaton Keller Sucharow LLP** Michael P. Canty Esq. 140 Broadway New York, NY 10005 | **Allen Overy Shearman Sterling US LLP** Lyle Roberts, Esq. 1101 New York Ave., NW Washington, DC 20005 |

46.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has

complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.    What is the difference between objecting and seeking exclusion?**

47.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16.    When and where will the Court decide whether to approve the Settlement?**

48.    The Court will hold the Settlement Hearing on ____ ___, 2025 at _:_ _.m. in Courtroom 504 at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003.

49.    At this hearing, the Honorable Michael T. Liburdi will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

50.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website

at www.OpendoorSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

**17.    Do I have to come to the Settlement Hearing?**

51.    No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than __ __, 2025**.

**18.    May I speak at the Settlement Hearing?**

52.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than ____ ___, 2025,** submit a statement that you, or your attorney, intend to appear in "*In re Opendoor Technologies Inc. Sec. Litig.,* No. 2:22-CV -01717 (D. Ariz.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.    What happens if I do nothing at all?**

53.    If you do nothing and you are a Settlement Class Member, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released

1   Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself

2   from the Settlement Class (*see* Question 10 above).

3                           **GETTING MORE INFORMATION**

4   **20.    Are there more details about the Settlement?**

5          54.    This Notice summarizes the proposed Settlement.  More details are contained

6   in the Stipulation.  You may review the Stipulation and other documents filed in the case

7   during business hours at the Office of the Clerk of the United States District Court, District

8   of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Suite

9   130, Phoenix, AZ 85003.  (Please check the Court's website, www.azd.uscourts.gov, for

10  information about Court closures before visiting.)  Subscribers to PACER, a fee-based

11  service, can also view the papers filed publicly in the Action through the Court's on-line

12  Case Management/Electronic Case Files System at https://www.pacer.gov.

13         55.    You can also get a copy of the Stipulation, and other documents related to

14  the Settlement, as well as additional information about the Settlement, by visiting the

15  website dedicated to the Settlement, www.OpendoorSecuritiesSettlement.com, or the

16  website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator

17  toll free at (888) 999-6212 or write to the Claims Administrator at *Opendoor Securities*

18  *Settlement,* c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or

19  info@OpendoorSecuritiesSettlement.com.  **Please do not call the Court with questions**

20  **about the Settlement.**

21         **PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

22  **21.    How will my claim be calculated?**

23         56.    The Plan of Allocation explained below is the plan for calculating claims and

24  distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Lead

25  Counsel to the Court for approval.  The Court may approve this Plan of Allocation or

26  modify it without additional individual notice to the Settlement Class.  Any order

27  modifying the Plan of Allocation will be posted on the Settlement website at:

28  www.OpendoorSecuritiesSettlement.com and at www.labaton.com.

57.     The $39 million Settlement Amount and the interest earned thereon is the gross Settlement Fund. The gross Settlement Fund, less all Taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Claim Forms that are accepted for payment in accordance with the Plan of Allocation approved by the Court ("Authorized Claimants").

58.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws asserted in the Action with respect to shares of Opendoor common stock purchased or otherwise acquired: (i) pursuant or traceable to the de-SPAC Merger on or about December 21, 2020; (ii) pursuant or traceable to the February 2021 Offering on or about February 4, 2021 through February 9, 2021, both dates inclusive; and/or (iii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"). The only security eligible for a recovery under this Plan of Allocation is Opendoor common stock (ticker: OPEN, CUSIP: 683712103).[5]

59.     To design this Plan, Lead Counsel has conferred with its damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for purposes of making *pro rata* allocations of the Net Settlement Fund.

---

[5] Shares of Opendoor Labs, Inc. ("Legacy Opendoor"), including shares of Opendoor common stock (OPEN) received from the conversion of Legacy Opendoor, are not eligible for recovery.  Shares of Social Capital Hedosophia Holdings Corp. II ("SCH") that were not held through the de-SPAC Merger and converted to shares of Opendoor are not eligible securities.

60.    Claims asserted in the Action pursuant to Section 11 of the Securities Act ("Section 11") and Section 10(b) of the Exchange Act ("Section 10(b)") serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision.  The Section 11 formulas stated below, which were developed by Lead Counsel's damages expert, generally track the statutory formula with respect to purchases pursuant or traceable to the de-SPAC Merger and the February 2021 Offering.

61.    With respect to claims asserted in the Action pursuant to Section 10(b), for losses to be compensable, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Opendoor common stock. It is alleged that corrective information released after market close on February 24, 2022, during market hours on September 19, 2022, and after market close on November 3, 2022, impacted the market price of Opendoor common stock on February 25, 2022, September 19, 2022, and November 4, 2022 in a statistically significant manner and removed the alleged artificial inflation from the Opendoor common stock share price on those days. Accordingly, in order to have a compensable Section 10(b) loss in this Settlement, shares of Opendoor common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

62.    Pursuant to the Plan, a Settlement Class Member may have a claim under Section 11 and/or Section 10(b).  Claims pursuant to Section 11 do not require a plaintiff to prove "scienter," which is a difficult element to allege and prove at trial.  In addition, here, the Court dismissed the Section 10(b) claims, although Plaintiffs anticipated moving for permission to amend the Complaint at the close of discovery to restore the claims. Given these factors, the Section 10(b) claims are being discounted by 90%.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

63.    A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase/acquisition of a share of eligible Opendoor common stock that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim."  An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

64.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of eligible Opendoor publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase/acquisition or sale of Opendoor common stock during the relevant time periods, all purchases/acquisitions and sales shall be matched on a FIFO basis. Sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant time periods.

65.    Any transactions in Opendoor common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## SECTION 11 CLAIMS ARISING FROM DE-SPAC MERGER

66.    **For each eligible share of Opendoor common stock purchased or otherwise acquired from on or about December 18, 2020, through and including February 3, 2021, pursuant or traceable to the de-SPAC Merger:[6]**

A. Sold before the opening of trading on October 7, 2022,[7] the Merger Recognized

---

[6] As stated above, Legacy Opendoor shares converted to Opendoor common stock (OPEN) in the de-SPAC Merger are not eligible for a recovery.

[7] For purposes of the Section 11 statutory calculations, October 7, 2022, the date the first complaint in the Action was filed, is the date of suit.

Loss Amount for each such share shall be the initial purchase/acquisition price[8] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** the sale price.

B. Sold after the opening of trading on October 7, 2022, through the close of trading on May 27, 2025,[9] the Merger Recognized Loss Amount for each such share shall be the initial purchase/acquisition price[10] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** the greater of (i) the sale price or (ii) $2.81 (the closing price on October 7, 2022).

C. Retained as of the close of trading on May 27, 2025, the Merger Recognized Loss Amount for each such share shall be the initial purchase/acquisition price[11] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** $2.81 (the closing price on October 7, 2022).

## SECTION 11 CLAIMS ARISING FROM THE FEBRUARY 2021 OFFERING

67.    The Action asserts claims on behalf of Settlement Class Members who purchased or otherwise acquired Opendoor common stock after the de-SPAC Merger and pursuant or traceable to the February 2021 Offering, *i.e.*, those who purchased newly issued shares "in" the February 2021 Offering rather than historical Opendoor shares on the open market. Given the difficulty of tracing such newly issued shares to an additional offering, the Plan of Allocation presumes that shares of Opendoor common stock purchased/acquired (i) at the February 2021 Offering price of $27.00 per share during the period from February 4, 2021, through and including February 9, 2021 (the date the February 2021 Offering closed), or (ii) from an Underwriter Defendant during the period from February 4, 2021, through and including February 9, 2021, were purchased/acquired

---

[8] For holders of SCH shares that converted to Opendoor shares in the Merger or Claimants that privately purchased Opendoor shares through subscriptions in connection with the Merger (*i.e.*, "PIPE" shares), this initial purchase/acquisition price is the price paid for the SCH shares or the PIPE shares.

[9] For purposes of the Section 11 statutory calculations, May 27, 2025 is the proxy date for the date of judgment.

[10] For holders of SCH shares that converted to Opendoor shares in the Merger or Claimants that privately purchased Opendoor shares through subscriptions in connection with the Merger (*i.e.*, "PIPE" shares), this initial purchase/acquisition price is the price paid for the SCH shares or the PIPE shares.

[11] *See* footnote above.

in the February 2021 Offering.[12] Claimants must provide adequate documentation of these conditions.    Claimants that cannot establish a claim under this provision may have a Section 10(b) claim for their purchase, as explained below.

68.    **For each eligible share of Opendoor common stock purchased or otherwise acquired pursuant or traceable to the February 2021 Offering and:**

A. Sold before the opening of trading on October 7, 2022,[13] the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** the sale price.

B. Sold after the opening of trading on October 7, 2022, through the close of trading on May 27, 2025,[14] the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** the greater of (i) the sale price or (ii) $2.81 (the closing price on October 7, 2022).

C. Retained as of the close of trading on May 27, 2025, the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** $2.81 (the closing price on October 7, 2022).

## SECTION 10(B) CLAIMS FOR OTHER PURCHASES DURING
## THE CLASS PERIOD

69.    The Plan of Allocation applies a 90% discount to claims based on purchases/acquisitions of Opendoor common stock on the open market from February 10, 2021, through and including November 3, 2022, that are not traceable, as set forth above, to the February 2021 Offering.[15]   The discount reflects the difficulty that such Settlement Class Members would have in "tracing" their shares to the de-SPAC Merger or February

---

[12] If a Claimant provides other evidence showing that their acquisition/purchase can be tied to the February 2021 Offering, their claim for a recovery under this provision will be examined on a case-by-case basis.

[13] For purposes of the statutory calculations, October 7, 2022, the date the first complaint was filed in the Action, is the date of suit.

[14] For purposes of the statutory calculations, May 27, 2025 is the proxy date for the date of judgment.

[15] Purchases/acquisitions before February 4, 2021 are presumed to be pursuant or traceable to the de-SPAC Merger and calculated under Section 11.

2021 Offering, but nevertheless recognizes a loss for these claims given their release in the Settlement.

70.    **For each eligible share of Opendoor common stock purchased or otherwise acquired from February 10, 2021, through and including November 3, 2022, that is not traceable, as set forth above, to the de-SPAC Merger or the February 2021 Offering, and was:**

A.  Sold before the opening of trading on February 25, 2022, the 10(b) Recognized Loss Amount for each such share will be $0.00.

B.  Sold after the opening of trading on February 25, 2022, through the close of trading on November 3, 2022, the 10(b) Recognized Loss Amount for each such share shall be *the lesser of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below *minus* the amount of artificial inflation per such share on the date of sale as stated in **Table A** below, multiplied by 0.10; or (ii) the purchase/acquisition price *minus* the sale price, multiplied by 0.10.

C.  Sold from November 4, 2022, through the close of trading on February 1, 2023, the 10(b) Recognized Loss Amount for each such share shall be *the least of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition, as stated in **Table A** below, multiplied by 0.10; (ii) the purchase/acquisition price *minus* the average closing price between November 4, 2022 and the date of sale, as stated in **Table B** below, multiplied by 0.10; or (iii) the purchase/acquisition price *minus* the sale price, multiplied by 0.10.

D.  Retained as of the close of trading on February 1, 2023, the 10(b) Recognized Loss Amount for each such share shall be *the lesser of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below, multiplied by 0.10; or (ii) the purchase/acquisition price *minus* $1.57, the average closing price between November 4, 2022 and February 1, 2023, as stated in **Table B** below, multiplied by 0.10.[16]

---

[16] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Opendoor common stock during the "90-day look-back period," November 4, 2022 through and including February 1, 2023. The

*Footnote continued on next page*

**Table A**

**Opendoor Common Stock Artificial Inflation for Purposes of
Calculating Purchase and Sale Inflation for Section 10(b) Claims**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| 12/21/2020 - 2/24/2022 | $2.86 |
| 2/25/2022 - 9/18/2022 | $0.53 |
| 9/19/2022- 11/03/2022 | $0.32 |
| 11/04/2022 - Present | $0.00 |

**Table B**

**Opendoor Common Stock Closing Price and Average Closing Price
November 4, 2022 through February 1, 2023**

| Date | Closing Price | Average Closing Price Between November 4, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between November 4, 2022 and Date Shown |
|---|---|---|---|---|---|
| 11/4/2022 | $2.02 | $2.02 | 12/19/2022 | $1.33 | $1.68 |
| 11/7/2022 | $1.74 | $1.88 | 12/20/2022 | $1.26 | $1.66 |
| 11/8/2022 | $1.64 | $1.80 | 12/21/2022 | $1.14 | $1.65 |
| 11/9/2022 | $1.51 | $1.73 | 12/22/2022 | $1.03 | $1.63 |
| 11/10/2022 | $1.91 | $1.76 | 12/23/2022 | $1.02 | $1.61 |
| 11/11/2022 | $2.08 | $1.82 | 12/27/2022 | $0.97 | $1.59 |
| 11/14/2022 | $1.87 | $1.82 | 12/28/2022 | $1.05 | $1.58 |
| 11/15/2022 | $2.05 | $1.85 | 12/29/2022 | $1.13 | $1.57 |
| 11/16/2022 | $1.92 | $1.86 | 12/30/2022 | $1.16 | $1.56 |
| 11/17/2022 | $1.87 | $1.86 | 1/3/2023 | $1.10 | $1.55 |
| 11/18/2022 | $1.72 | $1.85 | 1/4/2023 | $1.19 | $1.54 |
| 11/21/2022 | $1.69 | $1.83 | 1/5/2023 | $1.09 | $1.53 |
| 11/22/2022 | $1.64 | $1.82 | 1/6/2023 | $1.15 | $1.52 |
| 11/23/2022 | $1.93 | $1.83 | 1/9/2023 | $1.20 | $1.51 |
| 11/25/2022 | $2.07 | $1.84 | 1/10/2023 | $1.24 | $1.51 |

mean (average) closing price for Opendoor common stock during this 90-day look-back period was $1.57.

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/28/2022 | $1.82 | $1.84 | | 1/11/2023 | $1.42 | $1.50 |
| 11/29/2022 | $1.75 | $1.84 | | 1/12/2023 | $1.63 | $1.51 |
| 11/30/2022 | $1.85 | $1.84 | | 1/13/2023 | $1.66 | $1.51 |
| 12/1/2022 | $1.86 | $1.84 | | 1/17/2023 | $1.73 | $1.51 |
| 12/2/2022 | $1.71 | $1.83 | | 1/18/2023 | $1.62 | $1.52 |
| 12/5/2022 | $1.54 | $1.82 | | 1/19/2023 | $1.49 | $1.52 |
| 12/6/2022 | $1.41 | $1.80 | | 1/20/2023 | $1.60 | $1.52 |
| 12/7/2022 | $1.29 | $1.78 | | 1/23/2023 | $1.74 | $1.52 |
| 12/8/2022 | $1.32 | $1.76 | | 1/24/2023 | $1.63 | $1.52 |
| 12/9/2022 | $1.30 | $1.74 | | 1/25/2023 | $1.61 | $1.52 |
| 12/12/2022 | $1.45 | $1.73 | | 1/26/2023 | $1.77 | $1.53 |
| 12/13/2022 | $1.53 | $1.72 | | 1/27/2023 | $2.03 | $1.54 |
| 12/14/2022 | $1.52 | $1.71 | | 1/30/2023 | $2.07 | $1.55 |
| 12/15/2022 | $1.40 | $1.70 | | 1/31/2023 | $2.19 | $1.56 |
| 12/16/2022 | $1.26 | $1.69 | | 2/1/2023 | $2.40 | $1.57 |

## **ADDITIONAL PROVISIONS**

71.     Purchases, acquisitions, and sales of Opendoor common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Opendoor common stock during the relevant time periods shall not be deemed a purchase, acquisition, or sale of these shares for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares, unless (i) the donor or decedent purchased such shares of Opendoor common stock during the relevant time periods; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

72.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position

during the relevant time periods, the earliest subsequent purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

73.     With respect to Opendoor common stock purchased/acquired or sold through the exercise of an option, the purchase/sale date of the Opendoor common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

74.     If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

75.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

76.     Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

77.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

78.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their

distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid Taxes, costs or fees incurred in administering the Net Settlement Fund for such re-distribution. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund and Taxes, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian 501(c) organization, or such other organization approved by the Court.

79.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties shall have no responsibility for, or liability whatsoever for, the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

80.     If, for the beneficial interest of a person or entity other than yourself, you purchased or acquired Opendoor Technologies Inc. common stock (NASDAQ: OPEN; CUSIP: 683712103): **(i)** pursuant or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 18, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or **(ii)** on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November

3, 2022, both dates inclusive, the Court has directed that **WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR THIS NOTICE**, **YOU MUST EITHER**: **(A)** provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or **(B) WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of notice **(i)** request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or **(ii)** email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners **WITHIN FOURTEEN (14) CALENDAR DAYS**.  Nominees who elect to send the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

81.    All communications concerning the foregoing should be addressed to the Claims Administrator:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
info@OpendoorSecuritiesSettlement.com

(888) 999-6212

Dated: _____, 2025   BY ORDER OF THE U.S. DISTRICT COURT
             DISTRICT OF ARIZONA

# Exhibit A-2

1

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
2  Colin C. Quinn, SBN #037122
14850 North Scottsdale Road, Suite 500
3  Scottsdale, Arizona 85254
Telephone: 480-684-1100
4  Facsimile: 480-684-1199
ddavis@clarkhill.com
5  cquinn@clarkhill.com

6  *Local Counsel for Plaintiffs and Settlement Class*

7  **LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
8  James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
9  Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
10  New York, New York 10005
Telephone: (212) 907-0700
11  Facsimile: (212) 818-0477
mcanty@labaton.com
12  jchristie@labaton.com
gbuell@labaton.com
13  nmanningham@labaton.com

14  *Lead Counsel for Plaintiffs and Settlement Class*

15

16

17                    **UNITED STATES DISTRICT COURT**

18                         **DISTRICT OF ARIZONA**

19

20                                              Case No. 2:22-CV-01717-MTL

21  IN RE OPENDOOR TECHNOLOGIES
INC. SECURITIES LITIGATION
22                                              **PROOF OF CLAIM AND RELEASE**

23

24

25

26

27

28

## PROOF OF CLAIM AND RELEASE

**A.    GENERAL INSTRUCTIONS**

1.    To recover as a Settlement Class Member based on your claims in the class action entitled *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL (D. Ariz.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.    Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.

3.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.____ NO LATER THAN _____, 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*Opendoor Securities Settlement*

c/o Verita Global, LLC

_____

_____

____ - _____

www._____.com

If you are NOT a Settlement Class Member (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), available at www._____.com, DO NOT submit a Claim Form.

4.    If you are a Settlement Class Member and you have not timely requested exclusion in response to the Postcard Notice, you are bound by the terms of any judgment

---

[1] All capitalized terms not defined in this Claim Form have the meanings given them in the Stipulation and Agreement of Settlement ("Stipulation") available at www._____.com.

entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

**B.    CLAIMANT IDENTIFICATION**

1.    If you purchased or acquired Opendoor Technologies Inc. common stock (NASDAQ: OPEN; CUSIP: 683712103): (i) pursuant or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the Class Period), and held the shares in your name, you are the beneficial purchaser as well as the record purchaser.[2]  If, however, you purchased or acquired the Opendoor shares through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    For purposes of the Settlement, shares of Opendoor common stock purchased or otherwise acquired from on or about December 18, 2020, through and including February 3, 2021, will be considered pursuant or traceable to the de-SPAC Merger.  Shares of Opendoor common stock purchased or otherwise acquired (i) at the February 2021 Offering price of $27.00 per share during the period from February 4, 2021, through and including February 9, 2021 (the date the February 2021 Offering closed), or (ii) from an Underwriter Defendant[3] during the period from February 4, 2021, through and including February 9, 2021, will be considered pursuant or traceable to the February 2021 Offering.[4] Claimants must provide adequate documentation of these conditions.

---

[2] Shares of Opendoor Labs, Inc. ("Legacy Opendoor") are not eligible securities. Shares of Social Capital Hedosophia Holdings Corp. II ("SCH") that were not held through the de-SPAC Merger and converted to shares of Opendoor are not eligible securities.

[3] Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC are the Underwriter Defendants.

[4] If a claimant provides other evidence showing that their acquisition/purchase can be tied to the February 2021 Offering, their claim for a recovery on this basis will be examined on a case-by-case basis.

3.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser/acquirer of Opendoor common stock that forms the basis of this claim, as well as the purchaser/acquirer of record if different.    THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

4.      All joint purchasers must sign this claim.  Executors, administrators, legal representatives, guardians, conservators, and trustees filing this Claim Form must complete and sign on behalf of persons represented by them and their authority must accompany this Claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.      IDENTIFICATION OF TRANSACTIONS

1.      Use Parts II and III of this form called "Schedule of Transactions" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases/acquisitions.  Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of Opendoor common stock.  The date of a "short sale" is deemed to be the date of sale of Opendoor common stock.

4.      Copies of trade confirmations or other broker documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  THE PARTIES DO NOT HAVE INFORMATION ABOUT ALL YOUR TRANSACTIONS IN OPENDOOR COMMON STOCK.

1        5.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with

2    large numbers of transactions may request to, or may be asked to, submit information

3    regarding their transactions in electronic files.  (This is different than submitting a claim

4    using the Settlement website.)  All such claimants MUST also submit a manually signed

5    paper Claim Form whether or not they submit electronic copies.  If you wish to submit

6    your claim electronically, you must contact the Claims Administrator at (___) ___-___ or

7    visit www. ___.com to obtain the required file layout.  No electronic files will be

8    considered to have been properly submitted unless the Claims Administrator issues to the

9    claimant a written acknowledgment of receipt and acceptance of electronically submitted

10   data.

# **PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner

First Name                                                    Last Name

| | | | | | | | | | | | | | | | | | | | | | | | |

Joint Beneficial Owner (*if applicable*)

First Name                                                    Last Name

| | | | | | | | | | | | | | | | | | | | | | | | |

If this claim is submitted for an IRA, and if you would like any check that you might be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

| | | | | | | | | | | | | | | | | | | | | | | | | | |

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

| | | | | | | | | | | | | | | | | | | | | | | | | | |

Last 4 digits of Social Security Number or Taxpayer Identification Number

| | | | |

Street Address

| | | | | | | | | | | | | | | | | | | | | | | | | | |

City                                                    State/Province    Zip Code

| | | | | | | | | | | | | | | | | | | | | | | | | | |

Foreign Postal Code (if applicable)    Foreign Country (if applicable)

| | | | | | | | | | | | | | | | | | | | | | | | | | |

Telephone Number (Day)                          Telephone Number (Evening)

| | | | | | | | | | | | | | | | | | | | |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Type of Beneficial Owner (specify one of the following):

☐ Individual(s)    ☐ Corporation    ☐ UGMA-Custodian    ☐ IRA

☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other (describe: _____)

**PART II – SCHEDULE OF TRANSACTIONS IN SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II**

**1. PURCHASES/ACQUISITIONS OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) FROM APRIL 1, 2020 THROUGH DECEMBER 17, 2020**– Separately list each and every purchase and acquisition of SCH shares from April 1, 2020, through and including the close of trading on December 17, 2020.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |

| **2.  SALES OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) FROM APRIL 1, 2020 THROUGH DECEMBER 17, 2020** – Separately list each and every sale of SCH shares from April 1, 2020, through and including the close of trading on December 17, 2020. (Must be documented.) | IF NONE, CHECK HERE ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |

**3. HOLDINGS OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) AS OF DECEMBER 17, 2020 –** State the total number of SCH shares held as of the close of trading on December 17, 2020 _____ . (Must be documented.)

Confir
Positi
☐

## PART III – SCHEDULE OF TRANSACTIONS IN OPENDOOR TECHNOLOGIES INC.

**1. OPENDOOR COMMON STOCK (OPEN) RECEIVED FROM CONVERSION OF OPENDOOR LABS, INC. (LEGACY OPENDOOR) IN THE DE-SPAC MERGER –** State the total number of Opendoor common stock shares received from the conversion of Legacy Opendoor.[5] _____. (Must be documented.)

**2. PURCHASES/ACQUISITIONS OF OPENDOOR COMMON STOCK (OPEN) FROM DECEMBER 18, 2020 THROUGH NOVEMBER 3, 2022** – Separately list each and every purchase and acquisition of OPEN common stock from the opening of trading on December 18, 2020 through and including the close of trading on November 3, 2022.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |
| /    / | | $ | $ | • |

**3.  PURCHASES/ACQUISITIONS OF OPENDOOR COMMON STOCK (OPEN) FROM NOVEMBER 4, 2022 THROUGH MAY 27, 2025.**  State the total number of shares of OPEN common stock you purchased from the opening of trading on November 4, 2022 through May 27, 2025.[6] _____ (Must be documented.)

**4.  SALES OF OPENDOOR COMMON STOCK (OPEN) FROM DECEMBER 18, 2020 THROUGH MAY 27, 2025** – Separately list each and every sale of OPEN common stock from after the opening of trading on December 18, 2020 through and including the close of trading on May 27, 2025. (Must be documented.)    IF NONE, CHECK HERE ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | • |

---

[5] Your acquisitions of Opendoor common stock (OPEN) received from the conversion of Legacy Opendoor in the de-SPAC Merger are needed in order to balance and calculate your claim.  However, they are not acquisitions eligible for a recovery.

[6] Your purchases/acquisitions from November 4, 2022 through May 27, 2025 (a day during the finalization of the Settlement) are needed in order to balance and calculate your claim.  However, they are not purchases/acquisitions eligible for a recovery.

| / / | | $ | $ | • |
|---|---|---|---|---|
| / / | | $ | $ | • |
| / / | | $ | $ | • |

| | |
|---|---|
| **5. HOLDINGS OF OPENDOOR COMMON STOCK (OPEN) AS OF CLOSE OF TRADING ON MAY 27, 2025 –** State the total number of shares of OPEN common stock held as of the close of trading on May 27, 2025.  If none, write "zero" or "0." _____. (Must be documented.) | Confirm Proof of Position Enclosed ☐ |
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX ☐.** | |

## PART IV – ACKNOWLEDGMENTS AND RELEASE

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**A.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated _____, 2025 and Plan of Allocation, described in the notices of the Settlement available at www.____.com.  I (We) also submit to the jurisdiction of the United States District Court for the District of Arizona with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to provide additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Opendoor common stock and other securities, if required to do so.  I (We) have not submitted any other claim covering the same transactions as stated herein and know of no other person having done so on my (our) behalf.

**B.     RELEASES, WARRANTIES, AND CERTIFICATION**

1.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

2.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Stipulation).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.     I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Opendoor common stock and Social Capital Hedosophia Holdings Corp. II shares that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

5.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.

(Month / Year)              (City)              (State/Country)


_____          _____

Signature of Claimant                    Signature of Joint Claimant, if any

11

1

_____     _____

2     Print Name of Claimant                       Print Name of Joint Claimant, if any

3

4     _____

5     (Capacity of person(s) signing, *e.g.*, beneficial purchaser, executor, or legal representative)

6

7

8

9

10

11     **REMINDER CHECKLIST**

12     1.  Please sign the above release and acknowledgement.

13     2.  If this Claim is being made on behalf of Joint Claimants, then both must sign.

14     3.  Remember to attach copies of supporting documentation, if available.

15     4.  **Do not send** originals of certificates.

16     5.  Keep a copy of your Claim and all supporting documentation for your records.

6.  If you desire an acknowledgment of receipt of your Claim, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send your new address to:

17     *Opendoor Securities Settlement*

18     c/o Verita Global LLC

19     _____

20     www._____

21     (___) ___-____

8.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

22

23

24

25

26

27

28

# Exhibit A-3

1  **CLARK HILL PLC**
   Darrell E. Davis, SBN #011442
2  Colin C. Quinn, SBN #037122
   14850 North Scottsdale Road, Suite 500
3  Scottsdale, Arizona 85254
   Telephone: 480-684-1100
4  Facsimile: 480-684-1199
   ddavis@clarkhill.com
5  cquinn@clarkhill.com

6  *Local Counsel for Plaintiffs and Settlement Class*

7  **LABATON KELLER SUCHAROW LLP**
   Michael P. Canty (admitted *pro hac vice*)
8  James T. Christie (admitted *pro hac vice*)
   Guillaume Buell (admitted *pro hac vice*)
9  Nicholas Manningham (admitted *pro hac vice*)
   140 Broadway
10 New York, New York 10005
   Telephone: (212) 907-0700
11 Facsimile: (212) 818-0477
   mcanty@labaton.com
12 jchristie@labaton.com
   gbuell@labaton.com
13 nmanningham@labaton.com

14 *Lead Counsel for Plaintiffs and Settlement Class*

15

16                    **UNITED STATES DISTRICT COURT**

17                         **DISTRICT OF ARIZONA**

18

19
                                          | Case No. 2:22-CV-01717-MTL
20
   IN RE OPENDOOR TECHNOLOGIES
21 INC. SECURITIES LITIGATION
                                          | **SUMMARY NOTICE OF**
22                                        | **PENDENCY AND PROPOSED**
                                          | **SETTLEMENT OF CLASS ACTION**
23                                        | **AND MOTION FOR ATTORNEYS'**
                                          | **FEES AND EXPENSES**
24
                                          | CLASS ACTION
25

26

27

28

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: all persons and entities who or which purchased or otherwise acquired Opendoor Technologies Inc. ("Opendoor") (NASDAQ: OPEN; CUSIP: 683712103) common stock (i) pursuant or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) purchased or otherwise acquired Opendoor publicly traded common stock during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Arizona, that Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Opendoor and the other defendants (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-referenced class action (the "Action") in the amount of $39,000,000 (the "Settlement").

A hearing will be held before the Honorable Michael T. Liburdi, either in person or remotely in the Court's discretion, on _____, 2025, at _____ __.m. at the United States District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Courtroom 504, Phoenix, AZ 85003 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____ ___, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU**

- 1 -

**MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting www.OpendoorSecuritiesSettlement.com or by contacting the Claims Administrator at:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
info@OpendoorSecuritiesSettlement.com
(888) 999-6212

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty Esq., Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than _____ __, 2025.*** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, available at www.OpendoorSecuritiesSettlement.com and www.labaton.com, and such request must be ***received no later than _____ __, 2025.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether

- 2 -

1  favorable or unfavorable, and you will not be eligible to share in the distribution of the Net
2  Settlement Fund.

3      Any objections to the proposed Settlement, Lead Counsel's Fee and Expense
4  Application, and/or the proposed Plan of Allocation must be filed with the Court, either by
5  mail or in person, and be mailed to counsel for the Parties in accordance with the
6  instructions in the Notice, available at www.OpendoorSecuritiesSettlement.com and
7  www.labaton.com, such that they are ***received no later than _____ __, 2025***.

8       **PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR**
**DEFENDANTS' COUNSEL REGARDING THIS NOTICE**
9

10  DATED: _____, 2025    BY ORDER OF THE COURT
11                                     UNITED STATES DISTRICT COURT
                                       DISTRICT OF ARIZONA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A-4

**PLEASE VISIT WWW.OPENDOORSECURITIESSETTLEMENT.COM FOR MORE INFORMATION**

The parties in the class action *In re Opendoor Tech. Inc. Sec. Litig.,* No. 2:22-CV-01717 (D. AZ.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of §§ 11 and 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants deny all liability or wrongdoing. You received this postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **(i) all persons and entities who or which purchased or acquired Opendoor common stock (OPEN) pursuant and/or traceable to the Offering Documents issued in Opendoor's de-SPAC Merger on or about December 21, 2020, and/or Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform from December 21, 2020 through November 3, 2022, inclusive ("Class Period") and were damaged thereby.**

Defendants have agreed to pay $39,000,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the long-form Notice on the Settlement website, www.OpendoorSecuritiesSettlement.com.** Your *pro rata* share of the Settlement proceeds will depend on the value of valid claims submitted, and when you purchased shares of Opendoor. If all Settlement Class Members participate, the estimated average recovery will be approximately $0.04 per allegedly damaged share before deduction of fees and expenses and approximately $0.03 per share after such deductions. Your share will be determined by the plan of allocation in the Notice, or such other plan approved by the Court.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found on the Settlement website, or you can request that one be mailed to you. You can also submit a claim via the website. **Claim Forms must be mailed to:** *Opendoor Securities Settlement,* **c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or submitted online, by XXXXXXX XX, 2025. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by XXXXXXX XX, 2025**. If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by XXXXXXX XX, 2025**. The Notice provides instructions for submitting a Claim Form, excluding yourself, or objecting, and you must comply with all of the instructions in the Notice.

The Court will hold a final hearing on **XXXXXXX XX, 2025 at __:__ _.m.**, to consider whether to approve the Settlement and a request by Plaintiffs' Counsel for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $650,000. You may attend the hearing and ask to speak, but do not have to.

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171

### *COURT-ORDERED LEGAL NOTICE*

*In re Opendoor Tech. Inc. Sec. Litig.*,
No. 2:22-CV-01717-MTL (D. AZ.)

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, or to review the detailed Notice, please visit www.OpendoorSecuritiesSettlement.com or call (888) 999-6212**

[add QR code]

# Exhibit B

1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**
7                  **DISTRICT OF ARIZONA**
8                                              Case No. 2:22-CV-01717-MTL
9
   IN RE OPENDOOR TECHNOLOGIES
10 INC. SECURITIES LITIGATION                  **[PROPOSED] FINAL ORDER AND**
11                                             **JUDGMENT**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   **WHEREAS**

2   A. Lead Plaintiffs Indiana Public Retirement System, Oakland County

3 Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary

4 Association ("Lead Plaintiffs") and additional plaintiff Stuart Hereford Graham

5 ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of

6 themselves and all other members of the proposed Settlement Class (defined below), on

7 the one hand, and (i) Opendoor Technologies Inc. ("Opendoor" or the "Company"); (ii)

8 Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David

9 Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, Jonathan

10 Jaffe (collectively, the "Individual Defendants" and, together with the Company, the

11 "Opendoor Defendants"); and (iii) Citigroup Global Markets Inc., Goldman Sachs & Co.

12 LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc.,

13 BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA)

14 LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel

15 A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the

16 "Underwriter Defendants" and, together with the  Opendoor Defendants, "Defendants") on

17 the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated

18 as of _____, 2025, in the above-captioned litigation (the "Action");

19   B. Pursuant to the Order Granting Preliminary Approval of Class Action

20 Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final

21 Approval of Settlement, entered on _____, 2025 (the "Preliminary Approval

22 Order"), the Court scheduled a hearing for _____, 2025 at __:__ __.m. (the

23 "Settlement Hearing") to, among other things: (i) determine whether the proposed

24 Settlement of the Action on the terms and conditions provided for in the Stipulation is fair,

25 reasonable, and adequate, and should be approved by the Court; (ii) determine whether a

26 judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead

27 Counsel's Fee and Expense Application;

28

C.     The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on a website developed for the Settlement, from which copies of the Notice and Claim Form could be downloaded, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.     The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2025, and that requests for exclusion from the Settlement Class were to be mailed to the Claims Administrator and received by _____, 2025;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     As required by the Preliminary Approval Order, Plaintiffs moved for final approval of the Settlement.  The Settlement Hearing was duly held before this Court on _____ , 2025, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof,

1    the Stipulation, and all of the submissions and arguments presented with respect to the

2    proposed Settlement;

3        NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

4    DECREED that:

5        1.    **Incorporation of Settlement Documents.**  This Judgment incorporates

6    and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2025; and

7    (ii) the notices, which were filed with the Court on _____, 2025.  Capitalized terms

8    not defined in this Judgment shall have the meanings set forth in the Stipulation.

9        2.    **Jurisdiction.**  This Court has jurisdiction over the subject matter of the

10    Action and all matters relating to the Settlement, as well as personal jurisdiction over all

11    Parties to the Action, including all Settlement Class Members.

12        3.    **Class Certification for Purposes of Settlement.** The Court hereby affirms

13    its determinations in the Preliminary Approval Order and finally certifies, for purposes of

14    the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

15    Procedure, the Settlement Class of: (i) all persons and entities who or which purchased or

16    otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC

17    Merger Documents issued in connection with the de-SPAC Merger on or about December

18    21, 2020, and/or the February 2021 Offering Documents issued in connection with

19    Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons

20    and entities who or which, during the period from December 21, 2020 through November

21    3, 2022, inclusive, purchased the publicly traded common stock of Opendoor on the

22    NASDAQ or any U.S.-based trading platform and were damaged thereby. Excluded from

23    the Settlement Class are: (i) Defendants and the Immediate Family Members of any

24    Individual Defendant; (ii) any person who was an officer, director, and/or control person

25    of Opendoor, SCH, or SCH Sponsor II LLC any time during the period of January 31,

26    2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which

27    any Defendant (or Immediate Family Member of any Defendant) has or had a controlling

28    interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants

1    or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal

2    representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded

3    person, in their capacity as such; provided, however, that, notwithstanding anything set

4    forth above, any "Investment Vehicle" shall not be excluded from the Settlement Class.

5    "Investment Vehicle" means any investment company or pooled investment fund,

6    including but not limited to, mutual fund families, exchange traded funds, fund of funds,

7    and hedge funds, in which Defendants, or any of them, have, has or may have a direct or

8    indirect interest, or as to which any of their affiliates may act as an investment advisor,

9    but in which any Defendant alone or together with its, his, or her respective affiliates is

10   not a majority owner or does not hold a majority beneficial interest.  [Exhibit A attached

11   hereto lists the Persons whose requests for exclusion from the Settlement Class are

12   accepted by the Court.]

13          4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for

14   purposes of the Settlement only, the Court hereby affirms its determinations in the

15   Preliminary Approval Order and finally appoints Plaintiffs as Class Representatives for

16   the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP

17   as Class Counsel for the Settlement Class.

18          5.      **Notice.**  The Court finds that the dissemination of the Postcard Notice,

19   Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval

20   Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted

21   notice that was reasonably calculated to apprise Settlement Class Members of the effect

22   of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement,

23   of Lead Counsel's request for an award of attorney's fees and payment of Litigation

24   Expenses incurred in connection with the prosecution of the Action, of Settlement Class

25   Members' right to object or seek exclusion from the Settlement Class, and of their right

26   to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice

27   to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the

28   notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

1  Constitution (including the Due Process Clause), Section 27 of the Securities Act of 1933,
2  15 U.S.C. §77z-1(a)(7), and Section 21D(a)(7) of the Securities and Exchange Act of
3  1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act
4  of 1995.

5      6.    **Objections.**  [There have been no objections to the Settlement.]

6      7.    **Final Settlement Approval and Dismissal of Claims.**  Pursuant to Rule
7  23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the
8  Settlement and finds that in light of the benefits to the Settlement Class, the complexity
9  and expense of further litigation, the risks of establishing liability and damages, and the
10 costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and
11 adequate, having considered and found that: (a) Plaintiffs and Lead Counsel have
12 adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-
13 length between experienced counsel; (c) the relief provided for the Settlement Class is
14 adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii)
15 the effectiveness of any proposed method of distributing relief to the Settlement Class,
16 including the method of processing Settlement Class Member claims; (iii) the terms of
17 any proposed award of attorneys' fees, including timing of payment; and (iv) any
18 agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of
19 Allocation treats Settlement Class Members equitably relative to each other.
20 Accordingly, the Settlement is hereby approved in all respects (including, without
21 limitation: the amount of the Settlement; the releases provided for in the Stipulation; and
22 the dismissal with prejudice of the claims asserted against Defendants) and shall be
23 consummated in accordance with the terms and provisions of the Stipulation.

24     8.    The Consolidated Amended Complaint for Violations of the Federal
25 Securities Laws, filed on April 17, 2023 (the "Complaint"), is dismissed in its entirety,
26 with prejudice, and without costs to any Party, except as otherwise provided in the
27 Stipulation.

28

9.     **Rule 11. Findings.**  In accordance with the PSLRA, the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     **Releases.**  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein by reference.

11.     Upon the Effective Date of the Settlement, Plaintiffs, each and every other Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund), and any other Releasing Plaintiff Party, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims against any or all of the Released Defendant Parties.  Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished,  discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the

1    Released Defendants' Claims against any or all of the Released Plaintiff Parties. Claims

2    to enforce the terms of the Stipulation are not released.

3        13.    Notwithstanding paragraphs 11-12 above, nothing in this Judgment shall

4    bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation

5    or this Judgment.

6        14.    **Binding Effect.**  Each Settlement Class Member, whether or not such

7    Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment,

8    including, without limitation, the release of claims as set forth in the Stipulation and

9    paragraph 11 above. [The Persons listed on Exhibit A hereto are excluded from the

10   Settlement Class pursuant to request and are not so bound.]

11       15.    **No Admissions.**  This Judgment, the Term Sheet, and the Stipulation,

12   whether or not consummated, effective, or terminated, and any discussion, negotiation,

13   proceeding, or agreement relating to the Term Sheet, Stipulation, the Settlement, and any

14   matter arising in connection with settlement discussions or negotiations, proceedings, or

15   agreements, shall not be offered into evidence or otherwise used in this Action or any

16   other action or proceeding, or received against or to the prejudice of the Parties or their

17   respective counsel, for any purpose, other than in an action to enforce the terms of the

18   Settlement, and in particular, but without limitation:

19       (a)    do not constitute, and shall not be offered or received against or to

20   the prejudice of any of the Defendants or the Released Defendant Parties as evidence of,

21   or construed as, or deemed to be evidence of, any presumption, concession, or admission

22   by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement

23   Class, or the validity of any claim that has been or could have been asserted in the Action

24   or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any

25   liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity

26   whatsoever, or of any infirmity in any defenses of Defendants;

27       (b)    do not constitute, and shall not be offered or received against or to

28   the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or

a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    **Termination of the Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated pursuant to the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    **Fee Order and Order on Plan of Allocation.**  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

/

/

1

**Exhibit A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28