**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Alich, | No. CV-22-01717-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Opendoor Technologies Incorporated, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (Doc. 154).

WHEREAS, Plaintiffs in the above-captioned class action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the proposed settlement agreement (the "Settlement") in accordance with the stipulation (the "Stipulation") dated June 13, 2025, attached as Exhibit 1 to Plaintiffs' motion for preliminary approval (Doc. 154), which, together with the exhibits annexed thereto, sets forth the terms and conditions for proposed settlement and dismissals of the Action with prejudice; (ii) preliminarily certifying the Settlement Class for purposes of settlement; (iii) approving the form, content, and manner of notice to Settlement Class Members; (iv) setting a hearing date to consider final approval of the Settlement (the "Settlement Hearing"); and (v) appointing Verita as the Claims Administrator.

WHEREAS, all capitalized terms contained herein will have the same meanings as

set forth in the Settlement (unless otherwise defined herein); and

WHEREAS, the Court has read and considered Plaintiffs' motion for preliminary approval of the Settlement (Doc. 154), along with the exhibits annexed thereto, and arguments by counsel in favor of preliminary approval of the Settlement,

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (Doc. 154) is **GRANTED**.

2. The Court does hereby preliminarily approve the Stipulation and Settlement set forth therein, including the terms and conditions for settlement and dismissals with prejudice of the Action. The Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate and certify the Settlement Class, subject to further consideration at the Settlement Hearing.

3. Pursuant to Rules 23(a) an (b)(3) of the Federal Rules of Civil Procedure, the court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: (i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons and entities who or which, during the period from December 21, 2020 through November 3, 2022, inclusive (the "Class Period"), purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and the Immediate Family Members of any Individual Defendant; (ii) any person who was an officer, director, and/or control person of Opendoor, Social Capital Hedosophia Holdings Corp. II, or SCH Sponsor II LLC any time during the period of January 31, 2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which any Defendant (or Immediate Family Member of any Defendant) has or had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and

their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such; provided, however, that, notwithstanding anything set forth above, any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are those members of the Settlement Class who or which exclude themselves from the Settlement Class in accordance with the requirements set forth below and in the Notice.

   4. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

   a. the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

   b. there are questions of law and fact common to the Settlement class members;

   c. the claims of Plaintiffs are typical of the Settlement Class's claims;

   d. Plaintiffs and Lead counsel have fairly and adequately represented and protected the interests of the Settlement Class;

   e. the questions of law and fact common to Settlement Class members predominate over any individual questions; and

   f. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class

Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are preliminarily certified as Class Representatives for the Settlement Class. The law firm of Labaton Keller Sucharow LLP ("Labaton") is preliminarily appointed Class Counsel for the Settlement Class and the law firm of Clark Hill PLC is preliminarily appointed Liaison Counsel for the Settlement Class.

7. The Settlement Hearing will be held before the Court on **Tuesday, January 6, 2026, at 9:00 a.m.** before United States District Judge Michael T. Liburdi in Courtroom 504, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003, for the following purposes:

    a. to determine whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate, and should be finally approved by the Court;

    b. to determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit B attached to the Stipulation, should be entered, dismissing the Action with prejudice, and whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

    c. to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Plaintiffs should be finally certified as Class Representatives for the Settlement class, and whether the law firm of Labaton should be finally appointed as class Counsel for the Settlement Class;

    d. to determine whether the proposed Plan of Allocation for the proceeds

of the Settlement is fair and reasonable and should be approved by the Court;

        e.    to consider Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and expenses; and

        f.    to hear or consider

        d.    to hear, consider, or rule upon such other matters as the Court may deem necessary and appropriate.

    8.    The Court approves, as to form and content, the proposed Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") attached as Exhibit A-1 to the Stipulation, the Proof of Claim and Release form ("Claim Form") attached as Exhibit A-2 to the Stipulation, the Summary Notice attached as Exhibit A-3 to the Stipulation, and the Postcard Notice attached as Exhibit A-4 to the Stipulation. The court finds that the following manners are appropriate to provide notice: (i) individual mailing of the Postcard to all Settlement Class Members who can reasonably be identified and located; (ii) emailing of the Postcard; (iii) publication of the Summary Notice in *The Wall Street Journal* and dissemination of the Summary Notice on the internet using *PR Newswire*; and (iv) posting documents on the Claims Administrator's website. The form and content of the notice program and the methods set forth herein of notifying the Settlement Class of the Settlement (a) constitute the best notice to Settlement Class Members; (b) are reasonably calculated to describe the terms and effect of the Settlement and to apprise Class Members of their right to object or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA.

    9.    The Court approves the retention of Verita Global, LLC ("Verita") as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice,

substantially in the form annexed as Exhibit A-4 to the Stipulation, to be mailed, by first-class mail, postage prepaid, on or before fourteen (14) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. The Claims Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided with email addresses. Opendoor, to the extent it has not already done so, shall make a reasonable, good faith effort to provide, and/or to facilitate provision by its transfer agent, to Lead Counsel or the Claims Administrator, at no cost to Lead Counsel, the Settlement Class, or the Claims Administrator, on or before seven (7) calendar days of entry of this Preliminary Approval Order, any reasonably and readily available shareholder lists of the names and addresses (and emails to the extent available) of members of the Settlement Class, in electronic format (such as excel).

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other persons or entities who purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the Offering Documents or who purchased Opendoor common stock on the NASDAQ, or any U.S. based trading platform, during the Class Period as record owners but not as beneficial owners. Such nominees shall either: (a) within fourteen (14) calendar days of receipt of the Postcard Notice or Notice, provide a list of the names, addresses, and emails (to the extent available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail the Postcard Notice promptly to such identified beneficial owners; or (b) within fourteen (14) calendar days of receipt of the Postcard Notice or Notice, either (i) request from the Claims Administrator sufficient copies of the Postcard Notice to mail to all such beneficial owners and within fourteen (14) calendar days of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners, or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners within fourteen (14) calendar days. Nominees who elect to mail or email the Postcard Notice to their beneficial owners must also send a statement to the

Claims Administrator confirming that the Postcard was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11. Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached as Exhibits A-1 and A-2 to the Stipulation, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded. The Claims Administrator shall also mail copies of the Notice and Claim Form upon request. Lead Counsel must, no later than ten (10) calendar days prior to the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

12. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed as Exhibit A-3 of the Stipulation, and directs Lead Counsel to cause the Summary Notice to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel must, no later than (10) calendar days prior to the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set

forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

a. A properly executed Claim Form, substantially in the form annexed as Exhibit A-2 to the Stipulation, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Settlement Hearing. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Settlement Class Member who does not submit a Claim Form within the time provided for is barred from sharing in the distribution of the Net Settlement Fund but will remain bound by all determinations and judgments in this Action concerning the Settlement, as provided herein.

b. The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Any Settlement Class Member may enter an appearance in this Action. If

any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in In re Opendoor Technologies Inc. Securities Litigation, No. 22-CV-01717 (D. Ariz.)," and must be signed by such Person, as well as their representative, if any. Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: (i) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock pursuant and/or traceable to the Offering Documents through, and including, May 27, 2025; and (ii) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock on the NASDAQ or any U.S.-based trading platform during the Class Period through, and including, February 1, 2023. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17. Any Settlement Class Members may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the fee and expense amount, should not be finally approved, provided, however, unless otherwise

ordered by the Court, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Stipulation, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses amount, unless that Settlement Class member has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of the objector's membership in the Settlement Class, such as showing the number of Opendoor shares of common stock purchased or acquired pursuant and/or traceable to the Offering Documents, and the dates and prices of each such purchase, acquisition, and sale, as well as the number of Opendoor shares of common stock purchased or acquired on the NASDAQ or any U.S.-based trading platform during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Settlement Class Member intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Settlement Class Member files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such member files with the Court (either by hand delivery or by first class mail) upon each of the following:

*Counsel for Plaintiff Plaintiffs and Proposed Settlement Class*

LABATON KELLER SUCHAROW LLP
Michael P. Canty
James T. Christie
Guillaume Buell
Nicholas Manningham
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Counsel for Defendants Opendoor Technologies Inc., Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Adam Bain, David Spillane, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe*

WOMBLE BOND DICKINSON (US) LLP
John C. Gray
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5331
John.gray@wbd-us.com

ALLEN OVERY SHEARMAN STERLING US LLP
Lyle Robers
George E. Anhang
1101 New York Ave., NW
Washington, DC 20005
Telephone: (202) 508-8000
lyle.roberts@aoshearman.com
george.anhang@aoshearman.com

Adam S. Hakki
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
ahakki@aoshearman.com

Billy Marsh
2601 N. Olive St., Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5348
Billy.marsh@aoshearman.com

*Counsel for Underwriter Defendants*

BEYERS FARRELL PLLC
Michael J. Farrell
Maureen Beyers
99 East Virginia Avenue, Suite 220
Phoenix, AZ 85004
Telephone: (602) 738-3022
mfarrell@bfazlaw.com
mbeyers@bfazlaw.com

O'MELVENY & MYERS LLP
Jonathon Rosenberg
William J. Sushon
1301 Avenue of the Americas,
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
jrosenberg@omm.com
wsushon@omm.com

18. Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or any fee and expense amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall forever be bound by the Judgment to be

1  entered, the dismissal of the Action with prejudice, and any and all of the releases set forth
2  in the Stipulation.

3　　　　20.　　Pending final determination of whether the Settlement should be approved,
4  Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or
5  purports to act on their behalf, shall not institute, commence or prosecute any action which
6  asserts Released Plaintiffs' Claims against the Released Defendant Parties.

7　　　　21.　　All papers in support of the Settlement, Plan of Allocation, and Plaintiffs'
8  Counsel's request for an award of attorneys' fees and expenses must be filed with the Court
9  and served at least twenty-eight (28) days prior to the date set herein for the Settlement
10 Hearing Settlement Hearing, and any reply papers must be filed with the Court no later
11 than seven (7) days prior to the Settlement Hearing.

12　　　　22.　　Plaintiffs' Counsel may file exhibits delineating their time and expenses
13 under seal, to the extent needed to protect confidential attorney work product or attorney
14 client communications.

15　　　　23.　　All funds held in the Settlement Fund shall be deemed and considered to be
16 in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until
17 such time as such funds shall be disbursed pursuant to the Stipulation and/or further order
18 of the Court.

19　　　　24.　　Neither Defendants nor their counsel shall have any responsibility for or
20 liability with respect to the Plan of Allocation or any application for attorney's fees or
21 expenses submitted by Lead Counsel or Plaintiffs, and such matters shall be considered
22 separately from the fairness, reasonableness and adequacy of the Settlement.

23　　　　25.　　Neither the Settlement, the Stipulation (including any exhibits attached
24 hereto) nor any act performed or document executed pursuant to or in furtherance of the
25 Stipulation or Settlement: (a) is or may be deemed to be or may be offered, attempted to
26 be offered, or used in any way as a presumption, a concession, admission, or evidence of
27 the validity or infirmity of any Released Claims, or of any fault, wrongdoing or liability of
28 the Released Defendant Parties or Defendants; (b) is, may be deemed to be, or may be used

as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Parties or Defendants in any civil, criminal, or administrative, or other proceeding in any court, administrative agency, tribunal, or other forum; or (c) is or may be deemed an admission by any Settling Party as to the merits or lack thereof of any claim, allegation, or defense.

26. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement in court, and except that the Released Parties may file or use the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may decide to hold the Settlement Hearing telephonically or by videoconference without further notice to Settlement Class Members. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Settlement Class Members.

28. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation

1  positions in the Action as of May 1, 2025.

2      29.    The Court sets the following schedule of events:

| EVENT | DEADLINE |
|---|---|
| Deadline for Lead Counsel to file proof of dissemination of the Postcard Notice, Notice, and Claim Form. | No later than ten (10) calendar days before the Settlement Hearing. |
| Deadline to file papers in support of final approval of the Settlement and the fee and expense amount. | No later than twenty-eight (28) calendar days prior to the Settlement Hearing. |
| Deadline for Settlement Class Members to object to the Settlement. | No later than twenty-one (21) calendar days prior to the Settlement Hearing. |
| Any reply brief in further support of final approval of the Settlement and the fee and expense amount. | No later than seven (7) calendar days prior to the Settlement Hearing. |
| Settlement Hearing. | January 6, 2026, at 9:00 a.m. |

Dated this 20th day of October, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge