# Exhibit 1

Docusign Envelope ID: 63E57475-FA9F-41D3-AF37-5A59909EDC0F

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: 480-684-1100
Facsimile: 480-684-1199
ddavis@clarkhill.com

*Local Counsel for Plaintiffs and Settlement Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and Settlement Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**DECLARATION OF JEFFREY GILL, GENERAL COUNSEL, IN SUPPORT OF (A) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |

I, JEFFREY GILL, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am General Counsel for the Indiana Public Retirement System ("INPRS"). INPRS is one of the Court-appointed Lead Plaintiffs in the above-captioned securities class action, together with the Oakland County Employees' Retirement System and Oakland County Employees Voluntary Employees' Beneficiary Association (collectively, "Lead Plaintiffs").[1]

2. I respectfully submit this declaration in support of (a) approval of the proposed Settlement of the Action and the Plan of Allocation for the distribution of the proceeds of the Settlement and (b) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, which includes INPRS's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. I have knowledge of the matters related to INPRS's application and of the other matters set forth in this declaration as I, and others who work with me, have been directly involved in overseeing and participating in the prosecution of the Action, and I could and would testify competently thereto.

### **Work Performed by INPRS on Behalf of the Settlement Class**

4. I understand that the PSLRA was intended to encourage institutional investors to seek to manage and direct securities fraud class actions. INPRS manages approximately $54 billion in retirement fund assets for its active and retired employees (or beneficiaries of retired employees).[2] INPRS committed itself to prosecuting this Action vigorously through trial, if necessary. In seeking appointment as a lead plaintiff in the case, INPRS understood its fiduciary duties to serve in the best interests of the class by participating in the management and prosecution of the case.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings provided in the Stipulation and Agreement of Settlement, dated as of June 13, 2025 (ECF No. 154-2) (the "Stipulation").

[2] This amount is as of June 30, 2025.

5.    In its capacity as a Lead Plaintiff, INPRS, among other things: (a) conferred with counsel on the overall strategy for prosecuting the Action and maximizing the recovery for the class; (b) reviewed material pleadings and court filings; (c) evaluated regular status reports from counsel regarding developments in the litigation; (d) responded to discovery requests propounded by Defendants, including interrogatories and requests for the production of documents; and (e) analyzed and responded to Defendants' settlement proposals over the course of the mediation efforts, including attending the mediation session, ultimately authorizing the acceptance of the Settlement.

### INPRS Endorses Approval of the Settlement

6.    INPRS was kept informed of the settlement negotiations as they progressed, and I attended the mediation session before David Murphy of Phillips ADR Enterprises that ultimately resulted in the proposed Settlement. Prior to and during the settlement negotiations and mediation process, I conferred with counsel regarding the Parties' respective positions.

7.    Based on its involvement throughout the prosecution and resolution of the Action, INPRS believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Because INPRS believes that the proposed Settlement represents a substantial recovery for the Settlement Class, particularly in light of the significant risks of continuing the Action, it endorses approval of the Settlement by the Court.

### INPRS Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses

8.    INPRS also believes that Lead Counsel's request for an award to Plaintiffs' Counsel of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. INPRS has evaluated the fee request in light of the extensive work performed, the risks and challenges in the Action, and the substantial recovery obtained for the Settlement Class. INPRS understands that counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund. INPRS

2

further believes that Lead Counsel's request for payment of Litigation Expenses of no more than $650,000 is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, INPRS fully supports Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses.

9. In addition, INPRS understands that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under the PSLRA, 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4). Consequently, in connection with Lead Counsel's request for Litigation Expenses, INPRS seeks reimbursement as explained below.

10. Since INPRS's appointment, I and the Executive Director, Steven Russo, monitored and were engaged in all material aspects of the prosecution and resolution of the litigation. We consulted with our attorneys regularly throughout the course of the Action, reviewed substantive Court filings, and discussed and responded to Defendants' discovery requests. We also regularly corresponded with our attorneys in connection with the mediation process, which I attended in New York, and analyzed settlement proposals. We ultimately authorized entry into the Settlement.

11. In total, I conservatively estimate that I dedicated approximately 62 hours to the prosecution of this Action over the course of the past three years. This was time that was not spent attending to INPRS's usual business and, accordingly, represented a cost to INPRS. Using an effective hourly rate of $150.00 per hour, based on my annual compensation, the total cost of this time is $9,300.00.

## Conclusion

12. In conclusion, INPRS endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Settlement Class.

3

INPRS further supports Lead Counsel's attorneys' fee and Litigation Expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks. Finally, INPRS requests reimbursement in the amount of $9,300.00 for the time it dedicated to this matter, pursuant to the PSLRA. Accordingly, INPRS respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of Litigation Expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of December, 2025.

DocuSigned by:

Jeffrey M. Gill

296FE2138E584D2...

General Counsel

4