# Exhibit 2

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
Colin C. Quinn, SBN #037122
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: 480-684-1100
Facsimile: 480-684-1199
ddavis@clarkhill.com
cquinn@clarkhill.com

*Local Counsel for Plaintiffs and Settlement Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and Settlement Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**DECLARATION OF JOSEPH ROZELL, CHAIRMAN IN SUPPORT OF (A) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |

I, JOSEPH ROZELL, declare as follows, pursuant to 28 U.S.C. § 1746:

1.     I am the Chairman of the Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association (together, the "Oakland County Funds"). The Oakland County Funds are Court-appointed Lead Plaintiffs in the above-captioned securities class action, together with Indiana Public Retirement System (collectively, "Lead Plaintiffs").[1]

2.     I respectfully submit this declaration in support of (a) approval of the proposed Settlement of this Action and the Plan of Allocation for the distribution of the proceeds of the Settlement and (b) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, which includes the Oakland County Funds' application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3.     I have knowledge of the matters related to the Oakland County Funds' application and of the other matters set forth in this declaration as I, and others who work with me, have been directly involved in overseeing and participating in the prosecution of the Action, and I could and would testify competently thereto.

**Work Performed by the Oakland County Funds on Behalf of the Settlement Class**

4.     I understand that the PSLRA was intended to encourage institutional investors to seek to manage and direct securities fraud class actions. The Oakland County Funds manage approximately $2.3 billion in retirement fund assets for their active and retired employees (or beneficiaries of retired employees).[2] The Oakland County Funds committed themselves to prosecuting this Action vigorously through trial, if necessary. In seeking appointment as lead plaintiffs in the case, the Oakland County Funds understood

---

[1]   All capitalized terms used herein that are not otherwise defined have the meanings provided in the Stipulation and Agreement of Settlement, dated as of June 13, 2025 (ECF No. 154-2) (the "Stipulation").

[2]   This amount is as of September 30, 2025.

1

their fiduciary duties to serve in the best interests of the class by participating in the management and prosecution of the case.

5.      In their capacities as Lead Plaintiffs, the Oakland County Funds, among other things: (a) conferred with counsel on the overall strategy for prosecuting the Action and maximizing the recovery for the class; (b) reviewed material pleadings and court filings; (c) evaluated regular status reports from counsel regarding developments in the litigation; (d) responded to discovery requests propounded by Defendants, including interrogatories and requests for the production of documents; and (e) analyzed and responded to Defendants' settlement proposals over the course of the mediation efforts, ultimately authorizing the acceptance of the Settlement.

**The Oakland County Funds Endorse Approval of the Settlement**

6.      The Oakland County Funds were kept informed of the settlement negotiations as they progressed, including during the course of the mediation session before David Murphy of Phillips ADR Enterprises and related discussions. Prior to and during the settlement negotiations and mediation process, I conferred with counsel regarding the Parties' respective positions.

7.      Based on their involvement throughout the prosecution and resolution of the Action, the Oakland County Funds believe that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Because the Oakland County Funds believe that the proposed Settlement represents a substantial recovery for the Settlement Class, particularly in light of the significant risks of continuing the Action, they endorse approval of the Settlement by the Court.

**The Oakland County Funds Support Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

8.      The Oakland County Funds also believe that Lead Counsel's request for an award to Plaintiffs' Counsel of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. The Oakland County Funds have evaluated the fee request in light

of the extensive work performed, the risks and challenges in the Action, and the substantial recovery obtained for the Settlement Class. Oakland County Funds understand that counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund. The Oakland County Funds further believe that Lead Counsel's request for payment of Litigation Expenses of no more than $650,000 is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, Oakland County Funds fully support Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses.

9. In addition, the Oakland County Funds understand that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under the PSLRA, 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4). Consequently, in connection with Lead Counsel's request for Litigation Expenses, the Oakland County Funds seek reimbursement as explained below.

10. I was the primary point of contact between the Oakland County Funds and Lead Counsel during the Action, and was assisted by Carly Webster (Retirement Administrator and Secretary to the Boards of the Oakland County Funds) and Kelly Pena (Retirement Specialist Lead and Assistant Secretary to the Boards of the Oakland County Funds).

11. My colleagues and I consulted with our attorneys regularly throughout the course of the Action, reviewed substantive Court filings, and discussed and responded to Defendants' discovery requests. My colleagues and I also regularly corresponded with our attorneys in connection with the mediation process and analyzed settlement proposals and, ultimately, authorized entry into the Settlement.

12. In total, I conservatively estimate that my colleagues and I dedicated approximately 44 hours to the prosecution of this Action over the course of the past three

Docusign Envelope ID: A08CF21C-313A-4E5A-AAFA-7514C9F93168

years. This was time that was not spent attending to the Oakland County Funds' usual business and, accordingly, represented a cost to the Oakland County Funds. Using an effective hourly rate of $78.82 per hour, the total cost of this time is $3,468.20.[3]

### Conclusion

13.    In conclusion, the Oakland County Funds endorse the Settlement as fair, reasonable, and adequate, and believe it represents a very favorable recovery for the Settlement Class. The Oakland County Funds further support Lead Counsel's attorneys' fee and Litigation Expense request and believe that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks. Finally, the Oakland County Funds request reimbursement in the amount of $3,468.20, pursuant to the PSLRA. Accordingly, the Oakland County Funds respectfully request that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of Litigation Expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of December, 2025.

Signed by:

JOSEPH ROZELL
Chairman

---

[3]  In arriving at an appropriate hourly rate, the Oakland County Funds considered our salary and benefit information.

4