# Exhibit 3

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
Colin C. Quinn, SBN #037122
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: 480-684-1100
Facsimile: 480-684-1199
ddavis@clarkhill.com
cquinn@clarkhill.com

*Local Counsel for Plaintiffs and Settlement Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and Settlement Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**DECLARATION OF STUART GRAHAM HEREFORD IN SUPPORT OF: (A) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |

I, Stuart Graham Hereford, declare as follows, pursuant to 28 U.S.C. § 1746:

1.     I am a named plaintiff and proposed class representative in the above-captioned securities class action (the "Action"), and I have pursued the claims in the Action with the Court-appointed Lead Plaintiffs.[1]

2.     I respectfully submit this declaration in support of: (a) approval of the proposed Settlement of the Action and the Plan of Allocation for the distribution of the proceeds of the Settlement; and (b) Lead Counsel's motion, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and Litigation Expenses, which includes my application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3.     I have knowledge of the matters in this declaration, as I have been directly involved in overseeing and participating in the prosecution of the Action, and I could and would testify competently thereto.

### Work Performed on Behalf of the Settlement Class

4.     As a result of the alleged misstatements in this case, I suffered financial harm of approximately $184,700. *See* ECF No. 10-4.  This is a substantial amount of money to me.   In joining as a named plaintiff in the consolidated complaint and later seeking appointment as a class representative in the case, I understood my fiduciary duty to serve in the best interests of the class by participating in the management and prosecution of the case.

5.     As a named plaintiff, I, among other things: (a) regularly communicated with counsel regarding the posture and progress of the case, as well as strategy; (b) compiled and produced trading records to my attorneys; (c) reviewed material pleadings and briefs filed in the Action; (d) reviewed Court Orders; (e) responded to discovery

---

[1]   All capitalized terms used herein that are not otherwise defined have the meanings provided in the Stipulation and Agreement of Settlement, dated as of June 13, 2025 (ECF No. 154-2).

requests propounded by Defendants, including requests for the production of documents and interrogatories; (f) prepared for the mediation by, among other things, discussing with counsel the mediation statements and mediation strategy; (g) made myself available during the mediation and consulted with counsel regarding settlement negotiations; (h) evaluated the Settlement Amount, conferred with counsel, and ultimately approved the Settlement; and (i) communicated with counsel regarding the process of finalizing the Settlement.

## **Endorsement of the Settlement**

6. I was kept informed of the settlement negotiations as they progressed, including during the course of the mediation session before David Murphy of Phillips ADR Enterprises and related discussions. Prior to and during the settlement negotiations and mediation process, I conferred with counsel regarding the Parties' respective positions.

7. Based on my involvement throughout the prosecution and resolution of the Action, I believe that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Because I believe that the proposed Settlement represents a substantial recovery for the Settlement Class, particularly in light of the significant risks of continuing the Action, I endorse approval of the Settlement by the Court.

## **Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

8. I also believe that Lead Counsel's request for an award to Plaintiffs' Counsel of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. I have evaluated the fee request in light of the extensive work performed, the risks and challenges in the Action, and the substantial recovery obtained for the Settlement Class. I understand that Glancy Prongay & Murray LLP ("GPM") is to receive 20% of the legal fees awarded by the Court to Lead Counsel after any payment to local counsel, and that GPM may share up to 5% of the legal fees it receives with The Law Offices of Frank R. Cruz. I understand that counsel will also devote additional time in the future to

2

administrating the Settlement and distributing the Net Settlement Fund.  I also believe that Lead Counsel's request for payment of Litigation Expenses of no more than $650,000 is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this case.  Based on the foregoing, and consistent with my interest in obtaining the best result at the most efficient cost on behalf of the Settlement Class, I fully support Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses.

9.    In addition, I understand that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under the PSLRA, 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4).  Consequently, in connection with Lead Counsel's request for Litigation Expenses, I seek reimbursement as explained below.

10.    As a named plaintiff, I, among other things, monitored and engaged with counsel in all material aspects of the prosecution and resolution of the litigation.  I consulted with my attorneys regularly throughout the course of the Action, reviewed substantive Court filings, and discussed and responded to Defendants' discovery requests. I made myself available during the mediation and consulted with counsel regarding settlement negotiations and analyzed settlement proposals.  I ultimately authorized entry into the Settlement.

11.    In total, I conservatively estimate that I dedicated approximately 75 hours to the prosecution of this Action over the course of the past three years.  This was time that I did not spend attending to my usual professional efforts as the manager of a bar, and, accordingly, represented a cost to me.  Using an effective hourly rate of $80.00 per hour, the total cost of this time is $6,000.[2]

---

[2] In arriving at an appropriate hourly rate, I considered my salary and benefit information.

## Conclusion

12. In conclusion, I endorse the Settlement as fair, reasonable, and adequate, and believe it represents a very favorable recovery for the Settlement Class. I further support Lead Counsel's attorneys' fee and Litigation Expense request, on behalf of Plaintiffs' Counsel, and believe that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks. Finally, I request reimbursement in the amount of $6,000, pursuant to the PSLRA. Accordingly, I respectfully request that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of Litigation Expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of December, 2025.

_____

STUART GRAHAM HEREFORD

4