# Exhibit 5

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Case No. 2:22-CV-01717-MTL

IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION

**DECLARATION OF LANCE CAVALLO REGARDING (A) DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET; (B) PUBLICATION OF SUMMARY NOTICE; (C) ESTABLISHMENT OF TELEPHONE HOTLINE AND SETTLEMENT WEBSITE; AND (D) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

CLASS ACTION

I, Lance Cavallo, declare and state as follows:

1. I am a Vice President of Class Actions at Verita Global, LLC ("Verita"). Pursuant to the Court's October 21, 2025 Order ("Preliminary Approval Order"), (ECF No. 156), the Court approved the retention of Verita as Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Action").[1] I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings given to them in the Stipulation and Agreement of Settlement, dated as of June 13, 2025 (the "Stipulation"). ECF No. 154-2.

## DISSEMINATION OF THE POSTCARD NOTICE AND NOTICE PACKET

2.      Pursuant to the Preliminary Approval Order, Verita is responsible for disseminating notice of the Settlement.  Specifically, Verita is responsible for disseminating the Postcard Notice to potential Settlement Class Members and disseminating the Postcard Notice, the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release ("Claim Form," together with the Notice, the "Notice Packet") to nominees and potential Settlement Class Members upon request. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibit A and B, respectively.

3.      In accordance with the Stipulation and Preliminary Approval Order, Lead Counsel provided Verita with lists of Opendoor Technologies Inc. ("Opendoor") record owners, provided by Defendants' Counsel, containing the names and addresses of 729 persons and entities who: (i) purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering; or (ii) purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, inclusive (the "Class Period"). On November 4, 2025, Verita mailed the Postcard Notice by first-class mail, postage prepaid, to the 729 shareholders of record.

4.      As in most class actions of this nature, a large majority of potential class members are beneficial owners whose securities are held in "street name" – *i.e.*, the

2

securities were purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial owner. Verita maintains a proprietary database with the names and addresses of the largest and most common banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database"). Verita's Nominee Database is updated from time to time as new nominees are identified, and others merge or cease to exist. At the time of the initial mailing, the Nominee Database contained 256 mailing records. On November 4, 2025, Verita caused Postcard Notices and Notice Packets to be mailed to the 256 mailing records contained in Verita's Nominee Database. Also on November 4, 2025, Verita mailed Postcard Notices and Notice Packets to the 4,413 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.

5.     The Notice directed those who purchased or otherwise acquired Opendoor common stock: (i) pursuant and/or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 18, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive, for the beneficial interest of persons or entities other than themselves, to provide Verita with the names and addresses (and, if available, email addresses) of each of the beneficial owners, so that Verita could mail (and email) Postcard Notices promptly to the beneficial owners. Alternatively, nominees

could (a) request copies of the Postcard Notice, in bulk, from Verita in order to mail them to the beneficial owners or (b) e-mail the Postcard Notice or link to the beneficial owners.

6.     Verita also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any broker or other nominee that participates in DTC's security settlement system. The Notice was posted on DTC's LENS on November 4, 2025.

7.     Following the initial mailing, through December 8, 2025, Verita has received an additional 10,777 unique names and addresses and 989 email addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed or emailed to such persons or entities. Additionally, Verita has received bulk requests from nominees for an additional 381,160 Postcard Notices for forwarding directly to their customers. Verita also was advised that a Nominee caused the Postcard Notice to be emailed directly to 5,780 potential Settlement Class Members. All such requests have been responded to in a timely manner, and Verita will continue to disseminate Postcard Notices (and Notice Packets) upon receipt of any additional requests and/or upon receipt of updated addresses.

8.     As a result of the efforts described above, as of December 8, 2025, a total of 404,104 Postcard Notices and 4,681 Notice Packets have been disseminated to potential Settlement Class Members and their nominees.

**PUBLICATION OF THE SUMMARY NOTICE**

9.      Pursuant to the Preliminary Approval Order, Verita caused the Summary Notice to be published in The Wall Street Journal and transmitted over PR Newswire on November 18, 2025.  Attached hereto as Exhibit C are confirmations of such publication and transmittal.

**TELEPHONE HOTLINE**

10.     Verita established and continues to maintain a toll-free telephone number (1-888-999-6212) for potential Settlement Class Members to call and obtain information about the Settlement, request a Postcard Notice or Notice Packet, and/or seek assistance from an operator during regular business hours.  The toll-free telephone number is set forth in the Postcard Notice, Notice, Claim Form, Summary Notice, and on the Settlement Website.

**SETTLEMENT WEBSITE**

11.     To further assist potential Settlement Class Members, Verita, in coordination with Lead Counsel, designed, implemented and currently maintains a website dedicated to the Settlement, www.OpendoorSecuritiesSettlement.com.The address for the Settlement Website is set forth in the Postcard Notice, Notice, Claim Form, and Summary Notice.   The Settlement Website became operational on November 4, 2025, and is accessible 24 hours a day, 7 days a week.

12.     The Settlement Website lists the exclusion, objection, and claim submission deadlines, as well as the date, time and location of the Court's final Settlement Hearing.  In addition, the Settlement Website contains links to copies of the Complaint,

5

Stipulation, the Preliminary Approval Order, the Postcard Notice, the Notice, and the Claim Form, all of which can be downloaded by potential Settlement Class Members. The Settlement Website also enables potential Settlement Class Members to file a claim online and contains detailed instructions for entities that wish to submit claims electronically. Verita will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of the claims administration process.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13.    Pursuant to Paragraph 15 of the Preliminary Approval Order, Settlement Class Members who wish to be excluded from the Settlement Class are required to mail a written request for exclusion addressed to: Opendoor Securities Settlement, c/o Verita Global, LLC, Exclusions, P.O. Box 301171, Los Angeles, CA 90030-1171, such that the request is received no later than December 16, 2025. As of December 8, 2025, Verita has received zero (0) requests for exclusion from the Settlement Class. Verita will submit a supplemental declaration after the December 16, 2025 exclusion deadline, which will report on any exclusion requests received.

14.    To date, Verita has not received any mis-directed objections, which must be filed with the Court and mailed to counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Wantagh, New York on December 9, 2025.

*Lance Cavallo*
_____
Lance Cavallo

6

# Exhibit A

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171

# LEGAL NOTICE

*In re Opendoor Tech. Inc. Sec. Litig.,*
No. 2:22-CV-01717-MTL (D. Ariz.)

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, or to review the detailed Notice, please visit www.OpendoorSecuritiesSettlement.com or call (888) 999-6212.**

# OPN



Postal Service: Please Do Not Mark Barcode

OPN -



***PLEASE VISIT WWW.OPENDOORSECURITIESSETTLEMENT.COM FOR MORE INFORMATION***

The Parties in the class action *In re Opendoor Tech. Inc. Sec. Litig.,* No. 2:22-CV-01717 (D. Ariz.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of §§ 11 and 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants deny all liability or wrongdoing. You received this postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **(i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock (OPEN) pursuant and/or traceable to the Offering Documents issued in Opendoor's de-SPAC Merger on or about December 21, 2020, and/or Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons and entities who or which purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform from December 21, 2020 through November 3, 2022, inclusive ("Class Period") and were damaged thereby.**

Defendants have agreed to pay $39,000,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the long-form Notice on the Settlement website, www.OpendoorSecuritiesSettlement.com.** Your *pro rata* share of the Settlement proceeds will depend on the value of valid claims submitted, and when you purchased shares of Opendoor. If all Settlement Class Members participate, the estimated average recovery will be approximately $0.04 per allegedly damaged share before deduction of fees and expenses and approximately $0.03 per share after such deductions. Your share will be determined by the plan of allocation in the Notice, or such other plan approved by the Court.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this postcard does not mean you are eligible.** The Claim Form can be found on the Settlement website, or you can request that one be mailed to you. You can also submit a claim via the website. **Claim Forms must be mailed to:** *Opendoor Securities Settlement***, c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or submitted online, by December 27, 2025. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by December 16, 2025**. If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by December 16, 2025**. The Notice provides instructions for submitting a Claim Form, excluding yourself, or objecting, and you must comply with all of the instructions in the Notice.

The Court will hold a final hearing on **January 6, 2026 at 9:00 a.m. (local time)**, to consider whether to approve the Settlement and a request by Plaintiffs' Counsel for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $650,000. You may attend the hearing and ask to speak, but do not have to.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>CLASS ACTION |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired Opendoor Technologies Inc. ("Opendoor" or "the Company") (NASDAQ: OPEN; CUSIP: 683712103) common stock (i) pursuant and/or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 ("de-SPAC Merger") and/or its February 2021 Offering on or about February 4, 2021 ("February 2021 Offering"), and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"), you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $39,000,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.04 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and approximately $0.03 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement will resolve a putative class action, *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL, led by Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Hereford Graham ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs") on behalf of the Settlement Class against Defendants Opendoor, Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, and Jonathan Jaffe (collectively, with the Company, the "Opendoor Defendants"); and Defendants Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter Defendants" and, together with the Opendoor Defendants, the "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated June 13, 2025 (the "Stipulation"), which can be viewed at www.OpendoorSecuritiesSettlement.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY DECEMBER 27, 2025** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY DECEMBER 16, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT BY DECEMBER 16, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON JANUARY 6, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR BY DECEMBER 16, 2025** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them—**are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

**WHAT THIS NOTICE CONTAINS**

**What Is this Notice About?** .................................................................................................... **Page 4**
**How do I know if I am part of the Settlement Class?** ...................................................... **Page 4**
**Are there exceptions to being included?** .......................................................................... **Page 5**
**Why is this a class action?** .................................................................................................. **Page 5**
**What is this case about and what has happened so far?**................................................. **Page 5**
**What are the reasons for the Settlement?** ......................................................................... **Page 6**
**What does the Settlement provide?**..................................................................................... **Page 7**
**How can I receive a payment?**............................................................................................. **Page 7**
**What am I giving up to receive a payment and by staying in the Settlement Class?**........................... **Page 7**
**How do I exclude myself from the Settlement Class?** ...................................................... **Page 8**
**If I do not exclude myself, can I sue Defendants and the other**
**Released Defendant Parties for the same reasons later?** ................................................ **Page 9**
**Do I have a lawyer in this case?**.......................................................................................... **Page 9**
**How will the lawyers be paid?** ............................................................................................ **Page 9**
**How do I tell the Court that I do not like something about the proposed Settlement?** ......................... **Page 9**
**What is the difference between objecting and seeking exclusion?** ............................... **Page 11**
**When and where will the Court decide whether to approve the Settlement?** ............... **Page 11**
**Do I have to come to the Settlement Hearing?** ................................................................. **Page 11**
**May I speak at the Settlement Hearing?**............................................................................ **Page 11**
**What happens if I do nothing at all?** .................................................................................. **Page 12**
**Are there more details about the Settlement?**.................................................................. **Page 12**
**How will my claim be calculated?** ...................................................................................... **Page 12**
**Special notice to securities brokers and nominees.**....................................................... **Page 18**

**SUMMARY OF THE NOTICE**

**Statement of the Settlement Class's Recovery**

1.      Plaintiffs have entered into the proposed Settlement with the Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $39,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Plaintiffs' consulting damages expert's estimate of the number of shares of Opendoor common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.04 per allegedly damaged share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Opendoor common stock the Settlement Class Member purchased or acquired, and whether the acquisitions were pursuant to the de-SPAC Merger, the February 2021 Offering, or on the open market during the Class Period; and (iv) whether and when the Settlement Class Member sold their Opendoor shares. *See* the Plan of Allocation beginning on page 12 for information about calculating your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim. The issues that the Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which unrelated or external factors, such as general market, economic, and industry conditions, influenced the trading prices of Opendoor shares at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[2] for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $11,700,000, plus accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $650,000 plus accrued interest, which may include an application pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.01 per allegedly damaged share of Opendoor common stock. A copy of the Fee and Expense Application will be posted on www.OpendoorSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may deny Plaintiffs' class certification motion or grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty inherent in the Parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties, costs, and delays inherent in complex class action litigation.

6.      For the Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

---

[2] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Clark Hill PLC, Glancy Prongay & Murray LLP, Keller Rohrback, L.L.P., The Law Offices of Frank R. Cruz, and VanOverbeke Michaud & Timmony P.C.

**Identification of Representatives**

7.      Plaintiffs and the Settlement Class are represented by Lead Counsel, Michael P. Canty, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Opendoor Securities Settlement*, c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, (888) 999-6212, info@OpendoorSecuritiesSettlement.com.

<u>**Please Do Not Call the Court with Questions About the Settlement.**</u>

**BASIC INFORMATION**

**1.      What Is this Notice About?**

9.      The Court authorized this Notice because you, or someone you represent, may have purchased or otherwise acquired Opendoor shares pursuant and/or traceable to the Offering Documents issued in connection with the de-SPAC Merger and/or the February 2021 Offering, or on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the Class Period), and been damaged thereby. **Receipt of this Notice or the separately issued Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit a Claim Form.** *See* **Question 8 below.**

10.      The Court authorized this Notice because Settlement Class Members have the right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the District of Arizona, and the case is known as *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL. The Action is assigned to the Honorable Michael T. Liburdi, United States District Judge.

**2.      How do I know if I am part of the Settlement Class?**

12.      The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**(i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021; and**

**(ii) all persons and entities who or which, during the period from December 21, 2020 through November 3, 2022, inclusive (the Class Period), purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform and were damaged thereby.**

13.      If one of your mutual funds purchased or otherwise acquired Opendoor shares, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased or otherwise acquired Opendoor shares. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. <u>The Parties do not independently have access to your trading information</u>.

4

**3.    Are there exceptions to being included?**

14.    Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants and the Immediate Family Members of any Individual Defendant; (ii) any person who was an officer, director, and/or control person of Opendoor, SCH,[3] or SCH Sponsor II LLC any time during the period of January 31, 2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which any Defendant (or Immediate Family Member of any Defendant) has or had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such. However, "Investment Vehicles" are not excluded from the Settlement Class.[4]

15.    Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

**4.    Why is this a class action?**

16.    In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this case, the Indiana Public Retirement System, Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Stuart Hereford Graham are Plaintiffs, and the Court has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

**5.    What is this case about and what has happened so far?**

17.    By Order dated February 2, 2023, the Court: (i) consolidated various cases filed against Defendants for all purposes, including trial, and renamed the consolidated action, "*In re Opendoor Technologies Inc. Sec. Litig.*", No. 2:22-CV-01717-MTL"; (ii) appointed Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees Beneficiary Association as Lead Plaintiffs of the consolidated class action, and (iii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel.

18.    The operative complaint in the Action is the Consolidated Amended Complaint for Violations of the Federal Securities Laws, which was filed after an investigation by Lead Counsel on April 17, 2023 (the "Complaint"). The Complaint alleges claims under Section 11 of the Securities Act of 1933 ("Securities Act") against Opendoor, the Individual Defendants, and the Underwriter Defendants, and claims under Section 15 of the Securities Act against the Individual Defendants. The Complaint also asserted claims against certain of the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). The Complaint added Stuart Hereford Graham as a named plaintiff.

19.    Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions with respect to Opendoor's proprietary AI-powered pricing algorithm and its ability to dynamically adjust to changing market conditions, including in the Offering Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and the Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021. The Complaint further alleged that the price of Opendoor common stock trading on the NASDAQ and other U.S.-based trading platforms was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was allegedly revealed through a series of partial corrective disclosures.

20.    On June 30, 2023, the Opendoor Defendants and Underwriter Defendants each filed a motion to dismiss the Complaint, which Plaintiffs opposed. On February 28, 2024, after oral argument, the Court granted Defendants' motions to dismiss the Complaint, with leave to amend.

---

[3] "SCH" is Social Capital Hedosophia Holdings Corp. II, the SPAC that reorganized to become Opendoor.

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

21.    On March 13, 2024, Plaintiffs filed a motion for reconsideration solely as to the Court's dismissal of the Securities Act claims on the basis of negative causation, which Defendants opposed. On May 14, 2024, the Court granted Plaintiffs' motion for reconsideration, vacating in part and amending the Court's February 28, 2024 dismissal Order, and finding that Plaintiffs had adequately alleged claims under Sections 11 and 15 of the Securities Act with respect to the alleged misstatement that Opendoor's pricing algorithms "can dynamically adjust to leading market indicators and react to real-time macro- and micro-economic conditions." On May 31, 2024, Plaintiffs filed a Notice of Intent Not to File a Second Amended Complaint at that time, with respect to the Exchange Act claims, and moved the case forward with the Securities Act claims.

22.    On June 18, 2024, the Opendoor Defendants filed a motion to certify the Court's May 14, 2024 Order for interlocutory appeal, which Plaintiffs opposed. On September 9, 2024, the Court denied Defendants' Motion. On July 12, 2024, the Opendoor Defendants and Underwriter Defendants each filed an answer to the Complaint, denying all allegations of wrongdoing or damages, and asserting numerous affirmative defenses.

23.    Formal discovery commenced on August 16, 2024.

24.    In late November 2024, the Parties discussed the possibility of resolving the Action and agreed to engage in mediation with David Murphy of Phillips ADR Services (the "Mediator"). Thereafter, in partial response to Plaintiffs' pending document requests, Defendants produced approximately 16,575 documents to Plaintiffs. Plaintiffs also produced certain documents to Defendants related to Plaintiffs' transactions in Opendoor securities.

25.    On February 7, 2025, Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of the session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any agreement being reached. The Parties continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

26.    On February 28, 2025, Plaintiffs filed their motion for class certification.

27.    On March 26, 2025, the Parties, with the assistance of the Mediator, agreed in principle to settle the Action subject to the Parties' execution of a settlement term sheet ("Term Sheet") and formal settlement stipulation. The Term Sheet was executed by the Parties on May 2, 2025, and a formal Stipulation and Agreement of Settlement was executed on June 13, 2025.

**6.    What are the reasons for the Settlement?**

28.    The Court did not finally decide in favor of Plaintiffs or the Defendants. Instead, both sides agreed to a settlement. Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.    Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. All of Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the federal securities laws or otherwise. Specifically, Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

**THE SETTLEMENT BENEFITS**

**7.     What does the Settlement provide?**

30.     In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Opendoor has agreed to cause a $39,000,000 cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.     How can I receive a payment?**

31.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. You may obtain one from the website dedicated to the Settlement: www.OpendoorSecuritiesSettlement.com, or from Lead Counsel's website www.labaton.com, or submit a claim online at www.OpendoorSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (888) 999-6212.

32.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than December 27, 2025.**

**9.     What am I giving up to receive a payment and by staying in the Settlement Class?**

33.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties." All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiffs' Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or Unknown Claims (as defined below), dismissed or not dismissed, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that any Plaintiff, or other members of the Settlement Class, or other Releasing Plaintiff Parties (defined below), in their capacities as such: (i) asserted in the Consolidated Amended Complaint for Violations of the Federal Securities Laws filed in the Action on April 17, 2023; or (ii) could have asserted, or could in the future assert, in any court, tribunal, forum, or proceeding, whether foreign or domestic, whether brought directly or indirectly against any of Defendants, that arise out of, are based upon, or relate to, in any way, (a) any of the allegations, acts, transactions, facts, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint or otherwise in the Action; ***and*** (b) the purchase, acquisition, holding, sale, or disposition of Opendoor common stock during the Class Period and/or pursuant or traceable to the de-SPAC Merger or the February 2021 Offering. Released Plaintiffs' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any claims brought derivatively on behalf of Opendoor in any of the following actions: *In re Opendoor Technologies, Inc. Stockholder Derivative Litigation*, Consol. C.A. No. 2023-0642 (Delaware Chancery Court), *Juul v. Wu, et al*., Case No. 1:23-cv-00705 (D. Del.), *Woods v. Bain, et al*., Case No. 1:23-cv-01158 (D. Del.), or *Gera v. Palihapitiya, et al*., Case No. 2:23-cv-02164-MTL (D. Ariz.); or (iii) any claims of any Person who submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

(b)     **"Released Defendant Party (Parties)"** means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, predecessors, predecessors-in-interest, successors, assigns, Spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(c)      "**Unknown Claims**" means any and all Released Plaintiffs' Claims that any Releasing Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each other Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, other Releasing Plaintiff Parties, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member and other Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have fully, finally, and forever waived, compromised, settled, discharged, extinguished, and released, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

34.      The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

35.      Upon the "Effective Date," Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36.      If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit. Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

**10.      How do I exclude myself from the Settlement Class?**

37.      To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717 (D. Ariz.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Opendoor common stock from December 18, 2020 through, and including, May 27, 2025; (iii) state the number of Opendoor shares received in the de-SPAC Merger from the conversion of shares of Opendoor Labs, Inc. ("Legacy Opendoor"); (iv) state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Social Capital Hedosophia Holdings Corp. II (SCH) from April 1, 2020 through and including December 17, 2020; (v) state the number of shares of SCH held as of the close of trading on December 17, 2020 and the number of shares of Opendoor common stock held as of the close of trading on May 27, 2025; and (vi) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed so that it is **received no later than December 16, 2025** at:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 301171
Los Angeles, CA 90030-1171

38.     The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The Claims Administrator or Lead Counsel may contact any purported Settlement Class Member requesting exclusion, or their attorney, to discuss the exclusion.

39.     This information is needed to determine whether you are a Settlement Class Member. Your exclusion request must comply with these requirements in order to be valid.

40.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.     If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

41.     No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **December 16, 2025.**

**THE LAWYERS REPRESENTING YOU**

**12.     Do I have a lawyer in this case?**

42.     Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

43.     Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 30% of the Settlement Fund, or $11,700,000, plus accrued interest. Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $650,000, plus accrued interest, which may include an application by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**14.     How do I tell the Court that I do not like something about the proposed Settlement?**

44.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

45.     To object, you must file and serve a written objection stating the nature of your objection to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV -01717 (D. Ariz.)." The objection must also include: (i) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) any and all documentation or evidence in support of the objection (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; (iv) proof of the objector's membership in the Settlement Class, such as documents showing the number of shares of Opendoor the person or entity purchased or acquired in the de-SPAC Merger, the February 2021 Offering, and on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (v) the identities of any cases, by name, court, and docket number, in which the objector or his, her, or its attorney has objected to a settlement in the last three years. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

9

46.    Your objection, and all of the above information, must be filed with the Court **no later than December 16, 2025 and** be mailed or delivered to the following counsel so that it is **received no later than December 16, 2025:**

**Court:**

**Clerk of the Court**
United States District
Court District of Arizona
U.S. Courthouse
Suite 130
401 W. Washington Street
Phoenix, AZ 85003

**Lead Plaintiff's Counsel:**

**Labaton Keller Sucharow LLP**
Michael P. Canty
James T. Christie
Guillaume Buell
Nicholas Manningham
140 Broadway
New York, NY 10005

**Opendoor Defendants' Counsel:**

**Allen Overy Shearman**
  **Sterling US LLP**
Lyle Roberts
George E. Anhang
1101 New York Ave., NW
Washington, DC 20005

Adam S. Hakki
599 Lexington Avenue
New York, NY 10022

Billy Marsh
2601 Olive St., Suite 1700
Dallas, TX 75201

**Womble Bond Dickinson (US) LLP**
John C. Gray
201 East Washington Street
Suite 1200
Phoenix, AZ 85004

**Underwriter Defendants' Counsel:**

**Beyers Farrell PLLC**
Michael J. Farrell
Maureen Beyers
99 East Virginia Avenue
Suite 220
Phoenix, AZ 85004

**O'Melveny & Myers LLP**
Jonathon Rosenberg
William J. Sushon
1301 Avenue of the Americas
Suite 1700
New York, NY 10019

47.      You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.      What is the difference between objecting and seeking exclusion?**

48.      Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.      When and where will the Court decide whether to approve the Settlement?**

49.      The Court will hold the Settlement Hearing on **January 6, 2026 at 9:00 a.m. (local time)** in Courtroom 504 at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, AZ 85003.

50.      At this hearing, the Honorable Michael T. Liburdi will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

51.      The Court may change the date and time of the Settlement Hearing, hold the hearing remotely, or change any of the deadlines in this Notice without further notice to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Settlement website at www.OpendoorSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed, or check the Court's calendar for any changes.

**17.      Do I have to come to the Settlement Hearing?**

52.      No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than December 16, 2025**.

**18.      May I speak at the Settlement Hearing?**

53.      You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than December 16, 2025,** file and serve, using the addresses noted in Question 14 above, a notice of appearance stating that you, or your attorney, intend to appear in "*In re Opendoor Technologies Inc. Sec. Litig.,* No. 2:22-CV -01717 (D. Ariz.)" and the basis for your appearance. If you intend to present evidence at the Settlement Hearing, you must also include with your notice of appearance (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify, a statement about the subjects of their testimony, and any documents you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to appear at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

11

**IF YOU DO NOTHING**

**19.      What happens if I do nothing at all?**

54.      If you do nothing and you are a Settlement Class Member, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

**20.      Are there more details about the Settlement?**

55.      This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the United States District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Suite 130, Phoenix, AZ 85003. (Please check the Court's website, www.azd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov.

56.      You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website dedicated to the Settlement, www.OpendoorSecuritiesSettlement.com, or the website of Lead Counsel, www.labaton.com. You may also call the Claims Administrator toll-free at (888) 999-6212 or write to the Claims Administrator at *Opendoor Securities Settlement,* c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or info@OpendoorSecuritiesSettlement.com. **Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**21.      How will my claim be calculated?**

57.      The Plan of Allocation explained below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.OpendoorSecuritiesSettlement.com and at www.labaton.com.

58.      The $39 million Settlement Amount and the interest earned thereon is the gross Settlement Fund. The gross Settlement Fund, less all Taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Claim Forms that are accepted for payment in accordance with the Plan of Allocation approved by the Court ("Authorized Claimants").

59.      The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws asserted in the Action with respect to shares of Opendoor common stock purchased or otherwise acquired: (i) pursuant and/or traceable to the de-SPAC Merger on or about December 21, 2020; (ii) pursuant and/or traceable to the February 2021 Offering on or about February 4, 2021 through February 9, 2021, both dates inclusive; and/or (iii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"). The only security eligible for a recovery under this Plan of Allocation is Opendoor common stock (ticker: OPEN, CUSIP: 683712103).[5]

60.      To design this Plan, Lead Counsel has conferred with its damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for purposes of making *pro rata* allocations of the Net Settlement Fund.

---

[5] Shares of Opendoor Labs, Inc. ("Legacy Opendoor"), including shares of Opendoor common stock (OPEN) received from the conversion of Legacy Opendoor, are not eligible for recovery.  Shares of Social Capital Hedosophia Holdings Corp. II ("SCH") that were not held through the de-SPAC Merger and converted to shares of Opendoor are not eligible securities.

61.     Claims asserted in the Action pursuant to Section 11 of the Securities Act ("Section 11") and Section 10(b) of the Exchange Act ("Section 10(b)") serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision. The Section 11 formulas stated below, which were developed by Lead Counsel's damages expert, generally track the statutory formula with respect to purchases pursuant or traceable to the de-SPAC Merger and the February 2021 Offering.

62.     With respect to claims asserted in the Action pursuant to Section 10(b), for losses to be compensable, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Opendoor common stock. It is alleged that corrective information released after market close on February 24, 2022, during market hours on September 19, 2022, and after market close on November 3, 2022, impacted the market price of Opendoor common stock on February 25, 2022, September 19, 2022, and November 4, 2022 in a statistically significant manner and removed the alleged artificial inflation from the Opendoor common stock share price on those days. Accordingly, in order to have a compensable Section 10(b) loss in this Settlement, shares of Opendoor common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

63.     Pursuant to the Plan, a Settlement Class Member may have a claim under Section 11 and/or Section 10(b). Claims pursuant to Section 11 do not require a plaintiff to prove "scienter," which is a difficult element to allege and prove at trial. In addition, here, the Court dismissed the Section 10(b) claims, although Plaintiffs anticipated moving for permission to amend the Complaint at the close of discovery to restore the claims. Given these factors, the Section 10(b) claims are being discounted by 90%.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

64.     A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase/acquisition of eligible Opendoor common stock that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim." An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

65.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of eligible Opendoor publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase/acquisition or sale of Opendoor common stock during the relevant time periods, all purchases/acquisitions and sales shall be matched on a FIFO basis. Sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant time periods.

66.     Any transactions in Opendoor common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### SECTION 11 CLAIMS ARISING FROM DE-SPAC MERGER

67. **For each eligible share of Opendoor common stock purchased or otherwise acquired from on or about December 18, 2020, through and including February 3, 2021, pursuant and/or traceable to the de-SPAC Merger:**[6]

A. Sold before the opening of trading on October 7, 2022,[7] the Merger Recognized Loss Amount for each such share shall be the initial purchase/acquisition price[8] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** the sale price.

B. Sold after the opening of trading on October 7, 2022, through the close of trading on May 27, 2025,[9] the Merger Recognized Loss Amount for each such share shall be the initial purchase/acquisition price[10] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** the greater of (i) the sale price or (ii) $2.81 (the closing price on October 7, 2022).

C. Retained as of the close of trading on May 27, 2025, the Merger Recognized Loss Amount for each such share shall be the initial purchase/acquisition price[11] (not to exceed the issue price in the de-SPAC Merger of $29.00) ***minus*** $2.81 (the closing price on October 7, 2022).

### SECTION 11 CLAIMS ARISING FROM THE FEBRUARY 2021 OFFERING

68. The Action asserts claims on behalf of Settlement Class Members who purchased or otherwise acquired Opendoor common stock after the de-SPAC Merger and pursuant and/or traceable to the February 2021 Offering, *i.e.*, those who purchased newly issued shares "in" the February 2021 Offering rather than historical Opendoor shares on the open market. Given the difficulty of tracing such newly issued shares to an additional offering, the Plan of Allocation presumes that shares of Opendoor common stock purchased/acquired (i) at the February 2021 Offering price of $27.00 per share during the period from February 4, 2021, through and including February 9, 2021 (the date the February 2021 Offering closed), or (ii) from an Underwriter Defendant during the period from February 4, 2021, through and including February 9, 2021, were purchased/acquired in the February 2021 Offering.[12] Claimants must provide adequate documentation of these conditions. Claimants that cannot establish a claim under this provision may have a Section 10(b) claim for their purchase, as explained below.

69. **For each eligible share of Opendoor common stock purchased or otherwise acquired pursuant and/or traceable to the February 2021 Offering and:**

A. Sold before the opening of trading on October 7, 2022,[13] the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** the sale price.

B. Sold after the opening of trading on October 7, 2022, through the close of trading on May 27, 2025,[14] the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** the greater of (i) the sale price or (ii) $2.81 (the closing price on October 7, 2022).

C. Retained as of the close of trading on May 27, 2025, the February Offering Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price in the February Offering of $27.00) ***minus*** $2.81 (the closing price on October 7, 2022).

---

[6] As stated above, Legacy Opendoor shares converted to Opendoor common stock (OPEN) in the de-SPAC Merger are not eligible for a recovery.

[7] For purposes of the Section 11 statutory calculations, October 7, 2022, the date the first complaint in the Action was filed, is the date of suit.

[8] For holders of SCH shares that converted to Opendoor shares in the Merger or Claimants that privately purchased Opendoor shares through subscriptions in connection with the Merger (*i.e.*, "PIPE" shares), this initial purchase/acquisition price is the price paid for the SCH shares or the PIPE shares.

[9] For purposes of the Section 11 statutory calculations, May 27, 2025 is the proxy date for the date of judgment.

[10] For holders of SCH shares that converted to Opendoor shares in the Merger or Claimants that privately purchased Opendoor shares through subscriptions in connection with the Merger (*i.e.*, "PIPE" shares), this initial purchase/acquisition price is the price paid for the SCH shares or the PIPE shares.

[11] *See* footnote above.

[12] If a Claimant provides other evidence showing that their acquisition/purchase can be tied to the February 2021 Offering, their claim for a recovery under this provision will be examined on a case-by-case basis.

[13] For purposes of the statutory calculations, October 7, 2022, the date the first complaint was filed in the Action, is the date of suit.

[14] For purposes of the statutory calculations, May 27, 2025 is the proxy date for the date of judgment.

**SECTION 10(B) CLAIMS FOR OTHER PURCHASES DURING
THE CLASS PERIOD**

70.     The Plan of Allocation applies a 90% discount to claims based on purchases/acquisitions of Opendoor common stock on the open market from February 10, 2021, through and including November 3, 2022, that are not traceable, as set forth above, to the February 2021 Offering.[15] The discount reflects the difficulty that such Settlement Class Members would have in "tracing" their shares to the de-SPAC Merger or February 2021 Offering, but nevertheless recognizes a loss for these claims given their release in the Settlement.

71.     **For each eligible share of Opendoor common stock purchased or otherwise acquired from February 10, 2021, through and including November 3, 2022, that is not traceable, as set forth above, to the de-SPAC Merger or the February 2021 Offering, and was:**

A.  Sold before the opening of trading on February 25, 2022, the 10(b) Recognized Loss Amount for each such share will be $0.00.

B.  Sold after the opening of trading on February 25, 2022, through the close of trading on November 3, 2022, the 10(b) Recognized Loss Amount for each such share shall be *the lesser of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below *minus* the amount of artificial inflation per such share on the date of sale as stated in **Table A** below, multiplied by 0.10; or (ii) the purchase/acquisition price *minus* the sale price, multiplied by 0.10.

C.  Sold from November 4, 2022, through the close of trading on February 1, 2023, the 10(b) Recognized Loss Amount for each such share shall be *the least of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition, as stated in **Table A** below, multiplied by 0.10; (ii) the purchase/acquisition price *minus* the average closing price between November 4, 2022 and the date of sale, as stated in **Table B** below, multiplied by 0.10; or (iii) the purchase/acquisition price *minus* the sale price, multiplied by 0.10.

D.  Retained as of the close of trading on February 1, 2023, the 10(b) Recognized Loss Amount for each such share shall be *the lesser of*: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below, multiplied by 0.10; or (ii) the purchase/acquisition price *minus* $1.57, the average closing price between November 4, 2022 and February 1, 2023, as stated in **Table B** below, multiplied by 0.10.[16]

**Table A**

**Opendoor Common Stock Artificial Inflation for Purposes of
Calculating Purchase and Sale Inflation for Section 10(b) Claims**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| 12/21/2020 - 2/24/2022 | $2.86 |
| 2/25/2022 - 9/18/2022 | $0.53 |
| 9/19/2022- 11/03/2022 | $0.32 |
| 11/04/2022 - Present | $0.00 |

---

[15]  Purchases/acquisitions before February 4, 2021 are presumed to be pursuant or traceable to the de-SPAC Merger and calculated under Section 11.

[16]  Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Opendoor common stock during the "90-day look-back period," November 4, 2022 through and including February 1, 2023. The mean (average) closing price for Opendoor common stock during this 90-day look-back period was $1.57.

15

**Table B**

**Opendoor Common Stock Closing Price and Average Closing Price**

**November 4, 2022 through February 1, 2023**

| Date | Closing Price | Average Closing Price Between November 4, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between November 4, 2022 and Date Shown |
|---|---|---|---|---|---|
| 11/4/2022 | $2.02 | $2.02 | 12/19/2022 | $1.33 | $1.68 |
| 11/7/2022 | $1.74 | $1.88 | 12/20/2022 | $1.26 | $1.66 |
| 11/8/2022 | $1.64 | $1.80 | 12/21/2022 | $1.14 | $1.65 |
| 11/9/2022 | $1.51 | $1.73 | 12/22/2022 | $1.03 | $1.63 |
| 11/10/2022 | $1.91 | $1.76 | 12/23/2022 | $1.02 | $1.61 |
| 11/11/2022 | $2.08 | $1.82 | 12/27/2022 | $0.97 | $1.59 |
| 11/14/2022 | $1.87 | $1.82 | 12/28/2022 | $1.05 | $1.58 |
| 11/15/2022 | $2.05 | $1.85 | 12/29/2022 | $1.13 | $1.57 |
| 11/16/2022 | $1.92 | $1.86 | 12/30/2022 | $1.16 | $1.56 |
| 11/17/2022 | $1.87 | $1.86 | 1/3/2023 | $1.10 | $1.55 |
| 11/18/2022 | $1.72 | $1.85 | 1/4/2023 | $1.19 | $1.54 |
| 11/21/2022 | $1.69 | $1.83 | 1/5/2023 | $1.09 | $1.53 |
| 11/22/2022 | $1.64 | $1.82 | 1/6/2023 | $1.15 | $1.52 |
| 11/23/2022 | $1.93 | $1.83 | 1/9/2023 | $1.20 | $1.51 |
| 11/25/2022 | $2.07 | $1.84 | 1/10/2023 | $1.24 | $1.51 |
| 11/28/2022 | $1.82 | $1.84 | 1/11/2023 | $1.42 | $1.50 |
| 11/29/2022 | $1.75 | $1.84 | 1/12/2023 | $1.63 | $1.51 |
| 11/30/2022 | $1.85 | $1.84 | 1/13/2023 | $1.66 | $1.51 |
| 12/1/2022 | $1.86 | $1.84 | 1/17/2023 | $1.73 | $1.51 |
| 12/2/2022 | $1.71 | $1.83 | 1/18/2023 | $1.62 | $1.52 |
| 12/5/2022 | $1.54 | $1.82 | 1/19/2023 | $1.49 | $1.52 |
| 12/6/2022 | $1.41 | $1.80 | 1/20/2023 | $1.60 | $1.52 |
| 12/7/2022 | $1.29 | $1.78 | 1/23/2023 | $1.74 | $1.52 |
| 12/8/2022 | $1.32 | $1.76 | 1/24/2023 | $1.63 | $1.52 |
| 12/9/2022 | $1.30 | $1.74 | 1/25/2023 | $1.61 | $1.52 |
| 12/12/2022 | $1.45 | $1.73 | 1/26/2023 | $1.77 | $1.53 |
| 12/13/2022 | $1.53 | $1.72 | 1/27/2023 | $2.03 | $1.54 |
| 12/14/2022 | $1.52 | $1.71 | 1/30/2023 | $2.07 | $1.55 |
| 12/15/2022 | $1.40 | $1.70 | 1/31/2023 | $2.19 | $1.56 |
| 12/16/2022 | $1.26 | $1.69 | 2/1/2023 | $2.40 | $1.57 |

## ADDITIONAL PROVISIONS

72.    Purchases, acquisitions, and sales of Opendoor common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Opendoor common stock during the relevant time periods shall not be deemed a purchase, acquisition, or sale of these shares for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares, unless (i) the donor or decedent purchased such shares of Opendoor common stock during the relevant time periods; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

73.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant newly establishes a short position during the relevant time periods, the earliest subsequent purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

74.    With respect to Opendoor common stock purchased/acquired or sold through the exercise of an option, the purchase/sale date of the Opendoor common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

75.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

76.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

77.    Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

78.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

79.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of such funds shall be re-distributed to Settlement Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid Taxes, costs or fees incurred in administering the Net Settlement Fund for such re-distribution. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund and Taxes, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian 501(c) organization, or such other organization approved by the Court.

80.    Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties shall have no responsibility for, or liability whatsoever for, the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

17

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

81.     If, for the beneficial interest of a person or entity other than yourself, you purchased or otherwise acquired Opendoor common stock (NASDAQ: OPEN; CUSIP: 683712103): **(i)** pursuant and/or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 18, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or **(ii)** on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive, the Court has directed that **WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR THIS NOTICE**, **YOU MUST EITHER: (A)** provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or **(B) WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of notice **(i)** request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or **(ii)** email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners **WITHIN FOURTEEN (14) CALENDAR DAYS**. Nominees who elect to send the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

82.     All communications concerning the foregoing should be addressed to the Claims Administrator:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
info@OpendoorSecuritiesSettlement.com
(888) 999-6212

Dated: November 4, 2025

BY ORDER OF THE U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL |

**PROOF OF CLAIM AND RELEASE**

## A.     GENERAL INSTRUCTIONS

1.     To recover as a Settlement Class Member based on your claims in the class action entitled *In re Opendoor Technologies Inc. Sec. Litig.*, No. 2:22-CV-01717-MTL (D. Ariz.) (the "Action"), you must complete and, on page 6 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.     Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.

3.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.OPENDOORSECURITIESSETTLEMENT.COM NO LATER THAN DECEMBER 27, 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN DECEMBER 27, 2025, ADDRESSED AS FOLLOWS:**

*Opendoor Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.OpendoorSecuritiesSettlement.com
(888) 999-6212

If you are NOT a Settlement Class Member (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), available at www.OpendoorSecuritiesSettlement.com, DO NOT submit a Claim Form.

4.     If you are a Settlement Class Member and you have not timely requested exclusion in response to the Postcard Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## B.     CLAIMANT IDENTIFICATION

1.     If you purchased or otherwise acquired Opendoor Technologies Inc. common stock (NASDAQ: OPEN; CUSIP: 683712103): (i) pursuant or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the Class Period), and held the shares in your name, you are the beneficial purchaser as well as the record purchaser.[2] If, however, you purchased or acquired the Opendoor shares through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     For purposes of the Settlement, shares of Opendoor common stock purchased or otherwise acquired from on or about December 18, 2020, through and including February 3, 2021, will be considered pursuant or traceable to the de-SPAC Merger. Shares of Opendoor common stock purchased or otherwise acquired (i) at the February 2021 Offering price of $27.00 per share during the period from February 4, 2021, through and including February 9, 2021 (the date the February 2021 Offering closed), or (ii) from an Underwriter Defendant[3] during the period from February 4, 2021, through and including February 9, 2021, will be considered pursuant or traceable to the February 2021 Offering.[4] Claimants must provide adequate documentation of these conditions.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given them in the Stipulation and Agreement of Settlement ("Stipulation") available at www.OpendoorSecuritiesSettlement.com.

[2] Shares of Opendoor Labs, Inc. ("Legacy Opendoor") are not eligible securities.  Shares of Social Capital Hedosophia Holdings Corp. II ("SCH") that were not held through the de-SPAC Merger and converted to shares of Opendoor are not eligible securities.

[3] Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC are the Underwriter Defendants.

[4] If a Claimant provides other evidence showing that their acquisition/purchase can be tied to the February 2021 Offering, their claim for a recovery on this basis will be examined on a case-by-case basis.

3.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser/acquirer of Opendoor common stock that forms the basis of this claim, as well as the purchaser/acquirer of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

4.      All joint purchasers must sign this claim. Executors, administrators, legal representatives, guardians, conservators, and trustees filing this Claim Form must complete and sign on behalf of persons represented by them and their authority must accompany this Claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.      IDENTIFICATION OF TRANSACTIONS

1.      Use Parts II and III of this form called "Schedule of Transactions" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases/acquisitions. Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of Opendoor common stock. The date of a "short sale" is deemed to be the date of sale of Opendoor common stock.

4.      Copies of trade confirmations or other broker documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. THE PARTIES DO NOT HAVE INFORMATION ABOUT ALL YOUR TRANSACTIONS IN OPENDOOR COMMON STOCK.

5.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than submitting a claim using the Settlement website.) All such Claimants MUST also submit a manually signed paper Claim Form whether or not they submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (888) 999-6212 or visit www.OpendoorSecuritiesSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

*IN RE OPENDOOR TECHNOLOGIES INC.
SECURITIES LITIGATION*

Case No. 2:22-CV-01717-MTL

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than December 27, 2025**

# OPN

<u>Please Type or Print in the Boxes Below</u>
Must use Black or Blue Ink or your claim
may be deemed deficient.

**The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address on page 7. Complete names of all persons and entities must be provided.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ Individual(s)    ○ Corporation    ○ UGMA-Custodian    ○ IRA
○ Partnership    ○ Estate    ○ Trust    ○ Other (describe):

Entity Name (Beneficial Owner - If Claimant is not an Individual)

Representative or Custodian Name (if Claim is not submitted by Beneficial Owner(s))

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Last Four Digits of Social Security Number    Taxpayer Identification Number

or                    —

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

—    —        —    —

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City                State    ZIP Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ATP KE ICI | BE DR EM | FL ME ND | OP RE SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II. SCHEDULE OF TRANSACTIONS IN SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II**

1. **PURCHASES/ACQUISITIONS OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) FROM APRIL 1, 2020 THROUGH DECEMBER 17, 2020** – Separately list each and every purchase and acquisition of SCH shares from April 1, 2020 through and including the close of trading on December 17, 2020. (Must be documented.)

### PURCHASES

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |

○ IF NONE CHECK HERE

2. **SALES OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) FROM APRIL 1, 2020 THROUGH DECEMBER 17, 2020** – Separately list each and every sale of SCH shares from April 1, 2020 through and including the close of trading on December 17, 2020. (Must be documented.)

### SALES

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |
| / / | | $     . | $     . | Y N |

○ IF NONE CHECK HERE

3. **HOLDINGS OF SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. II (SCH) AS OF DECEMBER 17, 2020** – State the total number of SCH shares held as of the close of trading on December 17, 2020. (Must submit documentation.)

Proof Enclosed? ○ Y  ○ N

○ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND FILL IN THIS CIRCLE.**



## PART III: SCHEDULE OF TRANSACTIONS IN OPENDOOR TECHNOLOGIES INC.

**1.** **OPENDOOR COMMON STOCK (OPEN) RECEIVED FROM CONVERSION OF OPENDOOR LABS, INC. (LEGACY OPENDOOR) IN THE DE-SPAC MERGER –** State the total number of OPEN common stock shares received from the conversion of Legacy Opendoor.[5] (Must be documented.)

Proof Enclosed?  ◯ Y   ◯ N

**2.** **PURCHASES/ACQUISITIONS OF OPENDOOR COMMON STOCK (OPEN) FROM DECEMBER 18, 2020 THROUGH NOVEMBER 3, 2022 –** Separately list each and every purchase and acquisition of OPEN common stock from the opening of trading on December 18, 2020 through and including the close of trading on November 3, 2022. (Must be documented.)

**PURCHASES**

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |

◯ IF NONE CHECK HERE

**3.** **PURCHASES/ACQUISITIONS OF OPENDOOR COMMON STOCK (OPEN) FROM NOVEMBER 4, 2022 THROUGH MAY 27, 2025.** State the total number of shares of OPEN common stock you purchased from the opening of trading on November 4, 2022 through May 27, 2025.[6] (Must be documented.)

Proof Enclosed?  ◯ Y   ◯ N

**4.** **SALES OF OPENDOOR COMMON STOCK (OPEN) FROM DECEMBER 18, 2020 THROUGH MAY 27, 2025 –** Separately list each and every sale of OPEN common stock from after the opening of trading on December 18, 2020 through and including the close of trading on May 27, 2025. (Must be documented.)

**SALES**

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| M M / D D / Y Y Y Y | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |
| / / | | $  . | $  . | ◯ Y  ◯ N |

◯ IF NONE CHECK HERE

**5.** **HOLDINGS OF OPENDOOR COMMON STOCK (OPEN) AS OF CLOSE OF TRADING ON MAY 27, 2025 –** State the total number of shares of OPEN common stock held as of the close of trading on May 27, 2025. If none, write "zero" or "0." (Must be documented.)

Proof Enclosed?  ◯ Y   ◯ N

◯ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND FILL IN THIS CIRCLE.**

---

[5] Your acquisitions of Opendoor common stock (OPEN) received from the conversion of Legacy Opendoor in the de-SPAC Merger are needed in order to balance and calculate your claim. However, they are not acquisitions eligible for a recovery.

[6] Your purchases/acquisitions from November 4, 2022 through May 27, 2025 (a day during the finalization of the Settlement) are needed in order to balance and calculate your claim. However, they are not purchases/acquisitions eligible for a recovery.



## PART IV.  ACKNOWLEDGMENTS AND RELEASE

### YOU MUST READ AND SIGN THE RELEASE BELOW.
### FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**A.      SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated June 13, 2025 and Plan of Allocation, described in the notices of the Settlement available at www.OpendoorSecuritiesSettlement.com. I (We) also submit to the jurisdiction of the United States District Court for the District of Arizona with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to provide additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Opendoor common stock and other securities, if required to do so. I (We) have not submitted any other claim covering the same transactions as stated herein and know of no other person having done so on my (our) behalf.

**B.      RELEASES, WARRANTIES, AND CERTIFICATION**

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Stipulation). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Opendoor common stock and Social Capital Hedosophia Holdings Corp. II shares that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
(Month/Year)                                    (City/State/Country)

_____          _____
Signature of Claimant                                            Print Claimant Name Here

_____          _____
Signature of Joint Claimant (if any)                           Print Name of Joint Claimant (if any)

_____          _____
Signature of person signing on behalf of Claimant        Print Name of person signing on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.,* executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant.)



**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

*Opendoor Securities Settlement*
c/o Verita Global LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.OpendoorSecuritiesSettlement.com
(888) 999-6212

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation. Must use Black or Blue Ink or your claim may be deemed deficient.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN DECEMBER 27,2025 ADDRESSED AS FOLLOWS:**

*Opendoor Securities Settlement*
c/o Verita Global LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.OpendoorSecuritiesSettlement.com
(888) 999-6212



THIS PAGE INTENTIONALLY LEFT BLANK



# Exhibit C

**B6** | Tuesday, November 18, 2025

# BIGGEST 1,000 STOCKS

## How to Read the Stock Tables

The following explanations apply to NYSE, NYSE Arca, NYSE American and Nasdaq Stock Market listed securities. Prices are consolidated from trades reported by various market centers, including securities exchanges, Finra, electronic communications networks and other broker-dealers. The list comprises the 1,000 largest companies based on market capitalization.

**Underlined** quotations are those stocks with large changes in volume compared with the issue's average trading volume.

**Boldfaced** quotations highlight those issues whose price changed by 5% or more if their previous closing price was $2 or higher.

Footnotes:
↓-New 52-week high; ↑-New 52-week low; dd-Indicates loss in the most recent four quarters.

Stock tables reflect composite regular trading as of 4 p.m. ET and changes in the official closing prices from 4 p.m. ET the previous day.

Monday, November 17, 2025

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| **A B C** | | | |
| AECOM | ACM | 131.92 | -1.60 |
| AES | AES | 13.92 | 0.10 |
| Aflac | AFL | 112.27 | -2.07 |
| AGNC Invt | AGNC | 10.10 | -0.05 |
| APA | APA | 24.38 | -0.41 |
| ASE Tech | ASX | 14.30 | -0.31 |
| ASML | ASML | 1020.00 | 13.02 |
| AST Space | ASTS | 56.60 | -4.80 |
| AT&T | T | 25.47 | -0.12 |
| ATI | ATI | 98.75 | -0.62 |
| AXIAEnergia | AXIA | 11.45 | 0.01 |
| AbbottLabs | ABT | 130.03 | -0.56 |
| AbbVie | ABBV | 234.00 | 1.64 |
| Abivax | ABVX | 113.62 | 3.23 |
| Accenture | ACN | 241.33 | -3.88 |
| Acuity | AYI | 342.59 | -7.88 |
| Adobe | ADBE | 325.07 | -6.04 |
| AdvDrainageSys | WMS | 140.89 | -3.35 |
| AdvMicroDevices | AMD | 240.52 | -6.29 |
| Aegon | AEG | 7.63 | -0.17 |
| AerCap | AER | 132.97 | -3.89 |
| AeroVironment | AVAV | 283.66 | -7.53 |
| AffirmA | AFRM | 68.17 | -2.34 |
| AgilentTechs | A | 144.52 | -2.30 |
| AgnicoEagleMines | AEM | 164.94 | -3.17 |
| AgreeRealty | ADC | 73.82 | 0.04 |
| AirProducts | APD | 253.09 | -6.25 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| Airbnb | ABNB | 117.60 | -4.42 |
| AkamaiTech | AKAM | 87.62 | 0.45 |
| AlamosGold | AGI | 33.07 | -0.28 |
| Albemarle | ALB | 117.70 | 2.56 |
| Albertsons | ACI | 18.12 | -0.09 |
| Alcoa | AA | 35.78 | -1.31 |
| Alcon | ALC | 76.61 | -1.04 |
| AlexandriaREst | ARE | 50.84 | -1.45 |
| Alibaba | BABA | 157.71 | 3.91 |
| AlignTech | ALGN | 132.61 | -4.52 |
| Allegion | ALLE | 150.17 | -3.29 |
| AlliantEnergy | LNT | 68.10 | 0.77 |
| Allstate | ALL | 209.21 | -5.09 |
| AllyFinancial | ALLY | 37.71 | -1.58 |
| AlnylamPharm | ALNY | 460.54 | 11.38 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| Alphabet C | GOOG | 285.60 | 0.62 |
| Alphabet A | GOOGL | 285.02 | 0.61 |
| Altria | MO | 58.13 | -0.06 |
| Amazon.com | AMZN | 232.87 | -1.82 |
| Ambev | ABEV | 2.54 | -0.01 |
| Amcor | AMCR | 8.45 | -0.03 |
| Amdocs | DOX | 75.05 | -2.69 |
| AmerSports | AS | 30.76 | 0.39 |
| Ameren | AEE | 105.37 | 0.35 |
| AmericaMovil | AMX | 23.14 | -0.08 |
| AmerAirlines | AAL | 12.34 | -0.42 |
| AEP | AEP | 123.72 | 2.42 |
| AmerExpress | AXP | 341.25 | -15.93 |
| AmericanFin | AFG | 138.89 | -1.55 |
| AmerHlthcrREIT | AHR | 47.91 | -0.41 |
| AmHomes4Rent | AMH | 31.91 | -0.08 |
| AIG | AIG | 76.46 | -1.29 |
| AmerTowerREIT | AMT | 180.47 | -3.12 |
| AmerWaterWorks | AWK | 132.68 | 1.06 |
| Ameriprise | AMP | 440.80 | -17.20 |
| Ametek | AME | 191.19 | -2.17 |
| Amgen | AMGN | 332.33 | -1.41 |
| Amphenol | APH | 132.33 | -1.41 |
| Amrize | AMRZ | 48.06 | -1.95 |
| AnalogDevices | ADI | 229.94 | -4.95 |
| AngloGoldAsh | AU | 77.76 | -1.63 |
| AB InBev | BUD | 62.12 | -1.71 |
| AnnalyCap | NLY | 21.50 | -0.15 |
| AnteroMidstream | AM | 17.62 | -0.04 |
| AnteroResources | AR | 33.64 | -0.72 |
| Aon | AON | 350.02 | -0.11 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| API Group | APG | 37.40 | 0.05 |
| ApolloGblMgmt | APO | 124.34 | -5.75 |
| Apple | AAPL | 267.46 | -4.95 |
| AppliedIndlTechs | AIT | 240.63 | -8.33 |
| ApplMaterials | AMAT | 228.71 | 2.70 |
| AppLovin | APP | 539.27 | -18.43 |
| Aptiv | APTV | 76.85 | -2.04 |
| Aramark | ARMK | 36.04 | -1.99 |
| ArcelorMittal | MT | 39.27 | -0.20 |
| ArchCapital | ACGL | 91.81 | -0.71 |
| AresMgmt | ARES | 142.06 | -4.34 |
| argenx | ARGX | 929.61 | 21.63 |
| AristaNetworks | ANET | 127.26 | -4.11 |
| Arm | ARM | 140.26 | 0.49 |
| AscendisPharma | ASND | 216.16 | 12.16 |
| Assurant | AIZ | 224.83 | -3.76 |
| AstraZeneca | AZN | 89.40 | 0.30 |
| Atlassian | TEAM | 146.02 | -5.77 |
| AtmosEnergy | ATO | 175.68 | 0.56 |
| Autodesk | ADSK | 291.96 | -7.43 |
| Autoliv | ALV | 117.12 | -3.64 |
| AutoNation | AN | 229.94 | -4.95 |
| AutoZone | AZO | 3895.26 | -1.61 |
| Avalonbay | AVB | 177.51 | -0.19 |
| AveryDennison | AVY | 170.76 | -2.15 |
| AvidityBio | RNA | 70.68 | -0.12 |
| AxonEnterprise | AXON | 543.23 | -11.14 |
| BCE | BCE | 23.04 | 0.21 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| Bio-RadLab B | BIO.B | 310.70 | -3.70 |
| Biogen | BIIB | 164.68 | -2.47 |
| BioMarinPharm | BMRN | 54.46 | -0.27 |
| BioNTech | BNTX | 102.67 | -0.42 |
| BitMineImmersion | BMNR | 30.95 | -3.45 |
| BlackRock | BLK | 1023.80 | -34.14 |
| Blackstone | BX | 138.42 | -3.02 |
| Block | XYZ | 58.89 | -1.59 |
| BlueOwlCapital | OWL | 13.77 | -0.85 |
| Boeing | BA | 191.81 | -2.71 |
| Booking | BKNG | 4884.01 | -244.00 |
| BoozAllen | BAH | 91.08 | -2.14 |
| BorgWarner | BWA | 43.61 | -1.37 |
| BostonSci | BSX | 101.76 | -0.93 |
| BristolMyers | BMY | 46.81 | 0.16 |
| BritishAmTob | BTI | 54.71 | 0.58 |
| Broadcom | AVGO | 342.65 | 0.19 |
| BroadridgeFinl | BR | 224.77 | -1.29 |
| BrookfieldAsset | BAM | 49.41 | -2.15 |
| Brookfield | BN | 36.96 | -0.07 |
| BrookfieldInfr | BIP | 35.26 | -0.14 |
| BrookWealth | BNT | 42.14 | -0.96 |
| Brown&Brown | BRO | 80.71 | 0.01 |
| BerkHathaw B | BRK.B | 755020 | 846.71 |
| BerkHathaw A | BRK.A | 755.26 | -0.66 |
| BestBuy | BBY | 74.65 | -1.07 |
| Bilibili | BILI | 22.16 | -0.46 |
| Bio-Techne | TECH | 58.61 | -0.69 |
| Bio-RadLab A | BIO | 304.06 | -9.09 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| CACI Intl | CACI | 536.31 | -4.52 |
| CBRE Group | CBRE | 149.41 | -4.25 |
| CDW | CDW | 140.24 | -4.84 |
| CF Industries | CF | 80.69 | -4.35 |
| CGI A | GIB | 86.11 | -0.74 |
| CH Robinson | CHRW | 152.64 | -0.16 |
| CME Group | CME | 279.13 | -5.91 |
| CMS Energy | CMS | 74.46 | 0.52 |
| CNA Fin | CNA | 45.79 | -0.06 |
| CNH Indl | CNH | 9.76 | -0.29 |
| CRH | CRH | 109.24 | -0.33 |
| CSX | CSX | 34.01 | -0.89 |
| CVS Health | CVS | 78.41 | 0.60 |
| CadenceDesign | CDNS | 311.29 | -3.64 |
| CAE | CAE | 25.87 | -0.54 |
| CamdenProperty | CPT | 102.15 | -0.51 |
| Cameco | CCJ | 83.03 | -1.73 |
| Campbell's | CPB | 30.73 | -0.16 |
| CIBC | CM | 86.83 | -0.34 |
| CanNtlRlwy | CNI | 95.48 | -0.67 |
| CanadianNatRscs | CNQ | 33.33 | -0.24 |
| CdnPacKC | CP | 70.34 | -0.16 |
| CapitalOne | COF | 201.01 | -9.34 |
| CardinalHealth | CAH | 206.18 | 0.81 |
| Carlisle | CSL | 300.16 | -6.38 |
| CarlyleGp | CG | 51.38 | -1.95 |
| Carnival | CCL | 25.36 | -0.66 |
| Carnival | CUK | 23.14 | -0.62 |
| Carrier | CARR | 53.13 | -0.97 |
| CarrierGlobal | CARR | 53.13 | -0.97 |
| Carvana | CVNA | 323.12 | 4.81 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| CaseysGenStores | CASY | 536.34 | -1.85 |
| Caterpillar | CAT | 552.05 | -1.98 |
| Celestica | CLS | 309.37 | -1.51 |
| CelsiusHldg | CELH | 40.16 | -2.63 |
| Cemex | CX | 10.00 | -0.11 |
| Cencora | COR | 365.00 | 3.06 |
| CenovusEnergy | CVE | 17.97 | -0.16 |
| Centene | CNC | 37.08 | 0.70 |
| CenterPointEner | CNP | 40.18 | 0.44 |
| ChartIndustries | GTLS | 203.54 | ... |
| CharterComms | CHTR | 201.84 | -1.26 |
| CheckPoint | CHKP | 192.10 | -5.42 |
| Chemed | CHE | 3225.93 | -32.51 |
| CheniereEnergy | LNG | 215.21 | 0.02 |
| ChenereEnerPtrs | CQP | 52.60 | -1.24 |
| Chevron | CVX | 154.82 | -2.63 |
| Chewy | CHWY | 34.67 | 1.16 |
| Chipotle | CMG | 30.53 | -1.04 |
| Chubb | CB | 295.58 | 0.09 |
| ChunghwaTel | CHT | 42.19 | -0.19 |
| Church&Dwight | CHD | 83.02 | -1.00 |
| Cigna | CI | 291.78 | 0.07 |
| CincinnatiFinl | CINF | 161.44 | -2.46 |
| Cintas | CTAS | 183.76 | -2.96 |
| CircleInternet | CRCL | 76.59 | -5.30 |
| CiscoSystems | CSCO | 77.78 | -0.22 |
| Citigroup | C | 98.19 | -2.11 |
| CitizensFin | CFG | 49.71 | -1.64 |
| CleanHarbors | CLH | 201.73 | -4.12 |
| Clorox | CLX | 101.21 | -2.47 |

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| Cloudflare | NET | 202.25 | -8.35 |
| Coca-Cola | KO | 70.68 | -0.48 |
| Coca-ColaCon | COKE | 159.65 | 0.11 |
| CocaColaEuropac | CCEP | 90.00 | -0.36 |
| CoeurMining | CDE | 14.46 | -0.35 |
| CognizantTech | CTSH | 71.17 | -1.45 |
| Coherent | COHR | 139.07 | -0.26 |
| CoinbaseGlbl | COIN | 263.95 | -20.05 |
| ColgatePalm | CL | 78.81 | 0.76 |
| Comcast A | CMCSA | 27.22 | -0.29 |
| Comerica | CMA | 75.75 | -2.56 |
| ComfortSystems | FIX | 919.82 | 10.22 |
| SABESP | SBS | 26.14 | -0.69 |
| ConagraBrands | CAG | 17.12 | -0.33 |
| ConocoPhillips | COP | 88.72 | -1.81 |
| ConEd | ED | 103.85 | 2.19 |
| ConstBrands A | STZ | 130.96 | 1.80 |
| ConstellationEner | CEG | 338.67 | 0.54 |
| Cooper | COO | 71.35 | -0.78 |
| Copart | CPRT | 41.33 | -0.25 |
| Core&Main | CNM | 44.95 | -2.20 |
| CorebridgeFin | CRBG | 27.83 | -1.29 |
| CoreWeave | CRWV | 75.33 | -2.03 |
| Corning | GLW | 81.06 | -1.00 |
| Corpay | CPAY | 274.18 | -4.89 |
| Corteva | CTVA | 63.88 | -1.22 |
| CoStar | CSGP | 67.00 | -1.05 |
| Costco | COST | 912.59 | -10.39 |
| CoterraEnergy | CTRA | 25.97 | -0.37 |
| Coupang | CPNG | 27.91 | -0.41 |

Continued on Page B8

---

**ADVERTISEMENT**

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** CLASS ACTION |

**To:** all persons and entities who or which purchased or otherwise acquired Opendoor Technologies Inc. ("Opendoor") (NASDAQ: OPEN; CUSIP: 683721103) common stock (i) pursuant and/or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21, 2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Arizona, that Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Opendoor and the other defendants (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-referenced class action (the "Action") in the amount of $39,000,000 (the "Settlement").

A hearing will be held before the Honorable Michael T. Liburdi, either in person or remotely in the Court's discretion, on January 6, 2026, at 9:00 a.m. at the United States District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Courtroom 504, Phoenix, AZ 85003 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 13, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting www.OpendoorSecuritiesSettlement.com or by contacting the Claims Administrator at:

*Opendoor Securities Settlement*
c/o Verita Global, LLC
Claims Administrator
P.O. Box 301171
Los Angeles, CA 90030-1171
info@OpendoorSecuritiesSettlement.com
1-888-999-6212

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
1-888-219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than December 27, 2025.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, available at www.OpendoorSecuritiesSettlement.com and www.labaton.com, and such request must be *received no later than December 16, 2025.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, available at www.OpendoorSecuritiesSettlement.com and www.labaton.com, such that they are *received no later than December 16, 2025.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: November 18, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

---

## COMMERCIAL REAL ESTATE

**UCC PUBLIC SALE NOTICE**

PLEASE TAKE NOTICE THAT Newmark ("**Newmark**"), on behalf of DC Franklin Lender LLC, as assignee of G4 18228, LLC (the "**Secured Party**") will offer for sale at public auction ("**Sale**") 100% of the limited liability company membership interests (the "**Interests**") held by Bahram Benaresh (the "**Pledgor**") in Franklin 175 LLC, a New York limited liability company (the "**Pledged Entity**") as set forth in that certain Ownership Interests Pledge and Security Agreement dated April 13, 2022 (the "**Pledge Agreement**"), together with certain rights and property representing, relating to, or arising from the Interests (collectively, the "**Collateral**").

The Sale will take place on December 3, 2025 at 3:00 p.m. Eastern Time in compliance with New York Uniform Commercial Code Section 9-610 (i) in person at the offices of Moritt Hock & Hamroff LLP, 1407 Broadway, 39th Floor New York, NY 10018 and (ii) virtually via online video conference. The URL address and password for the online video conference will be provided to all registered participants.

The Sale is being made in connection with the foreclosure on a pledge of the Collateral to the Secured Party by Pledgor under the Pledge Agreement, pursuant to which Pledgor has granted to Secured Party a first priority lien on the Collateral as collateral for the loan in the original principal amount of $11,200,000.00 (the "**Loan**") from Secured Party to Pledged Entity. The Loan was made pursuant to (a) that certain Consolidated, Amended and Restated Mortgage Assignment or Leases and Rents and Security Agreement covering the premises located at 175 Franklin Street, New York, New York 10013 (the "**Property**"), (b) an Amended and Restated Secured Promissory Note and (c) Conditional Guaranty executed by Pledgor in favor of Secured Party, each dated as of April 13, 2022 (together with the Pledge Agreement and any other documents executed attendant to the Loan, the "**Loan Documents**"). It is the understanding of Secured Party (but without representation or warranty of any kind by Secured Party as to the accuracy of the following) that the Loan is in default.

Based upon information provided by Pledgor, it is the understanding of Secured Party (but without representation or warranty of any kind by Secured Party as to the accuracy of the following) that (i) Pledgor owns the Interests, (ii) the Interests constitute an asset of the Pledgor, (iii) the Pledged Entity is the owner of the Property, (iv) the principal assets of the Pledged Entity are the Property and certain related rights, and (v) the Property is encumbered by a mortgage lien granted by the Pledged Entity as further security for the Loan.

An online datasite for the Sale (the "**Datasite**") is available at the following link: https://bit.ly/43jzh87. The Datasite will include certain relevant information that Secured Party possesses concerning the Pledgor, the Pledged Entity, the Property, the Loan (collectively, the "**Disclosed Materials**") as well as the Terms of Sale for Public Auction relating to the Sale of the Collateral (the "**Terms of Sale**"). Access to such information will be conditioned upon execution of a confidentiality agreement which can be found on the Datasite. To participate in the auction, prospective bidders must confirm their ability to satisfy the Requirements in the manner described in the Terms of Sale, and following such confirmation, such qualified participants will be provided a URL and password enabling access to the video conference for the Sale. No information provided, whether in the Datasite or otherwise, shall constitute a representation or warranty of any kind with respect to such information, the Collateral or the Sale. Participants are encouraged to review all Disclosed Materials and perform such due diligence as they deem necessary in advance of the Sale.

The Interests will be offered in a single lot. The Interests are being sold strictly on an "AS IS AND WHERE IS" BASIS, AND (i) WITHOUT ANY REPRESENTATIONS OR WARRANTIES (WHETHER EXPRESSED OR IMPLIED) OF ANY KIND MADE BY THE SECURED PARTY, OR ANY OTHER PERSON ACTING FOR OR ON BEHALF OF THE SECURED PARTY), INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO THE EXISTENCE OR NONEXISTENCE OF OTHER LIENS, THE QUANTITY, QUALITY, CONDITION OR DESCRIPTION OF THE INTERESTS, THE PROPERTY, AND/OR THE VALUE OF ANY OF THE FOREGOING, AND (ii) WITHOUT ANY RECOURSE WHATSOEVER AGAINST THE SECURED PARTY (OR ANY OTHER PERSON ACTING FOR OR ON BEHALF OF THE SECURED PARTY). Without limiting the foregoing, any purchaser must purchase the Interests subject to the terms of the Relevant Documents (defined in the Terms of Sale) and the governing documents of the Pledged Entity (including its operating agreement).

There are specific requirements for any potential bidder in connection with obtaining information, bidding on the Collateral and purchasing the Collateral (collectively, the "**Requirements**"), including without limitation complying with: (1) the Pledged Entity's governing documents, and (2) the Terms of Sale.

The Secured Party reserves the right to require a showing of financial ability from prospective bidders prior to the date of the Sale. If a prospective bidder is a special purpose entity or an entity with creditworthiness that is, in the Secured Party's reasonable judgment, insufficient to support the requirements herein, the Secured Party reserves the right to require additional credit support in the form of a guaranty by a creditworthy affiliate of such prospective bidder or other appropriate credit support.

The Collateral includes unregistered securities under the Securities Act of 1933, as amended (the "**Securities Act**"), and Secured Party reserves the right to restrict participation in the Sale to prospective bidders that represent that the Collateral will not be sold, assigned, pledged, disposed of, hypothecated or otherwise transferred without the prior registration in accordance with the Securities Act and the securities laws of all other applicable jurisdictions, unless an exemption from such registration is available.

Secured Party may, prior to the Sale described herein, assign all of its right, title and interest in and to the Loan to an affiliate, and in the case of such assignment the assignee shall be considered the "Secured Party" for all purposes hereunder. Secured Party reserves the right to credit bid, set a minimum reserve price, reject all bids and terminate or adjourn the sale to another time, without further notice. All bids (other than credit bids of Secured Party) must be for cash with no financing conditions and the successful bidder must deliver immediately available good funds (1) for the Required Deposit (as defined in the Terms of Sale) on the date of the Sale, and (2) for the balance of the purchase price for the Collateral on the closing date prescribed by the Terms of Sale. The winning bidder must pay all transfer taxes, recording fees, stamp duties and similar taxes as may be required to be paid under applicable law in connection with the purchase of the Collateral.

Questions may be directed to Brock Cannon at +1 212-372-2066 or Brock.Cannon@nmrk.com.

---

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | |
|---|---|
| In re: LION RIBBON TEXAS CORP., *et al.*, Debtors.[1] | Chapter 11 Case No. 25-90164 (CML) (Jointly Administered) |

**NOTICE OF (I) COMBINED HEARING ON JOINT CHAPTER 11 PLAN AND RELATED MATTERS AND (II) VOTING AND OBJECTION DEADLINE**

**YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS AND DOCUMETS DESCRIBED HEREIN, PLEASE TAKE NOTICE THAT:**

The above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") commenced cases under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas (the "*Court*") on July 3, 2025 (the "*Petition Date*").

On November 6, 2025, the Debtors filed the *Joint Plan of Liquidation of Lion Ribbon Texas Corp. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 667] (as may be amended, modified or supplemented from time to time in accordance with the terms thereof, the "*Plan*"). The Plan is attached as *Exhibit A* to the *Disclosure Statement for Joint Plan of Liquidation of Lion Ribbon Texas Corp. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*, dated November 6, 2025 [Docket No. 668] (as may be amended, modified, or supplemented from time to time, the "*Disclosure Statement*").

On November 13, 2025, the Court entered the *Order (I) Conditionally Approving Disclosure Statement, (II) Establishing Voting Record Date, Voting Deadline, and Other Confirmation-Related Deadlines, (III) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on Plan, (IV) Approving Form and Manner of Related Notices and Other Documents, and (V) Granting Related Relief* [Docket No. **]  (the "*Solicitation Procedures Order*").[2]

The Solicitation Procedures Order, among other things, (i) authorizes the Debtors to commence solicitation of the Plan, (ii) conditionally approves the Disclosure Statement, and (iii) establishes certain key dates and deadlines, including scheduling a combined hearing (the "*Combined Hearing*") to be held on December 15, 2025, at 1:00 p.m. (prevailing Central Time), at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement.

Certain of the other key dates and deadlines approved by the Solicitation Procedures Order are:

| Event | Date/Deadline |
|---|---|
| Voting Record Date | November 10, 2025 |
| Deadline to file Plan Supplement and proposed order approving the Disclosure Statement on a final basis and confirming the Plan | December 3, 2025, at 11:59 p.m. (prevailing Central Time) |
| Voting and Objection Deadline | December 10, 2025, at 4:00 p.m. (prevailing Central Time) |
| Combined Hearing | December 15, 2025, at 1:00 p.m. (prevailing Central Time) |

**You should read and carefully review the Plan and Disclosure Statement to understand how the Plan and the transactions proposed to be effectuated thereby may affect your rights. You should read and carefully review the Solicitation Procedures Order to understand how to comply with the deadlines set forth in the Confirmation Schedule, especially with respect to: (i) voting to accept or reject the Plan, (ii) opting out of the releases contained in the Plan, and (iii) objecting to the confirmation of the Plan.**

Copies of the Plan, the Disclosure Statement, and the Solicitation Procedures Order, along with all other documents filed in these Chapter 11 Cases, are available free of charge by (a) visiting the Debtors' restructuring website at: https://cases.ra.kroll.com/DGA; (b) calling the Debtors' restructuring hotline at (877) 306-2977 (U.S./Canada, toll free) or (646) 290-6127 (international); or (c) sending an email to dgainfo@ra.kroll.com with "DGA Solicitation Inquiry" in the subject line.

Dated: November 18, 2025, Respectfully submitted, */s/ Caroline A. Reckler* , **LATHAM & WATKINS LLP**, Ray C. Schrock (NY Bar No. 4860631), Adam S. Ravin (NY Bar No. 4079190), Randall Carl Weber-Levine (NY Bar No. 5673330), Jaclyn F. Kleban (NY Bar No.5833975), 1271 Avenue of the Americas, New York, NY 10020, Telephone: (212) 906-1200, Email: ray.schrock@lw.com, adam.ravin@lw.com, randall.weber-levine@lw.com, jaclyn. kleban@lw.com –and– Caroline A. Reckler (IL Bar No. 6275746), 330 N. Wabash Avenue, Suite No. 2800, Chicago, IL 60611, Telephone: (312) 876-7700, Email: caroline.reckler@lw.com. *Counsel for the Debtors and Debtors-in-Possession*

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DGA. The Debtors' mailing address for the purposes of these cases is 2015 West Front Street, Berwick, PA 18603.
[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Solicitation Procedures Order.

---

## COMMERCIAL REAL ESTATE

**NOTICE OF UCC PUBLIC AUCTION SALE**

PLEASE TAKE NOTICE, that in accordance with applicable provisions of the Uniform Commercial Code as in effect in the State of New York and all other applicable jurisdictions, Fordham North Preferred Investor LLC, a New York limited liability company, as successor-in-interest to CPIF MRA, LLC, a Delaware limited liability company (the "**Secured Party**"), will sell at one or more public auctions all limited liability company interests held by Fordham Landing Preferred LLC, a Delaware limited liability company ("**Fordham Landing Preferred**") and Fordham Landing Preferred Sponsor LLC, a Delaware limited liability company ("**Sponsor**", and together with Fordham Landing Preferred, the "**Pledgors**"), in Fordham Landing Preferred, MDBZJGGS, LLC, a New York limited liability company ("**MDBZJGGS**"), DS Fordham Landing 2, LLC, a Delaware limited liability company ("**DS 2**"), and DS Fordham Landing 4 LLC, a Delaware limited liability company ("**DS 4**", and together with Fordham Landing Preferred, MDBZJGGS, DS 2, and DS 4, the "**Pledged Entities**"; such interests, collectively, the "**Equity Interests**"). The Equity Interests secure indebtedness owing by Fordham Landing Preferred to Secured Party in a principal amount of not less than $18,917,999.77 plus unpaid interest (including default rate interest), attorneys' fees and other charges including the costs to sell the Equity Interests ("**Debt**").

The public auction(s) and sale(s) will be held at 11:00 a.m. (EDT) on Tuesday, December 2, 2025 ("**Public Sale**") by virtual bidding via Zoom via the following Zoom meeting link: https://bit.ly/FordhamCSX (case sensitive), meeting ID: 839 5272 2069, passcode: 119512 (or by telephone at +1-646-931-3860 (US), using same meeting ID and passcode). The Public Sale will be conducted by auctioneer Matthew D. Mannion, of Mannion Auctions, LLC.

At or prior to the Public Sale, Secured Party reserves the right to: (i) credit bid up to the amount of the Debt; (ii) set minimum price(s) for the Equity Interests; (iii) reject bids, in whole or in part; (iv) cancel or adjourn the Public Sale, in whole or in part; and (v) establish the terms and conditions of the Public Sale, including scheduling one or more auctions for the Equity Interests ("**Terms of Public Sale**").

Secured Party's understanding, without making any representation or warranty as to accuracy or completeness, is that the principal assets of each of the Pledged Entities are the parcels of real property detailed below:

| Location | Pledged Entities |
|---|---|
| 2371 Exterior St., Bronx, NY (Block 3244, Lot 130) | DS 2 |
| 2391 & 2401 Exterior St., Bronx, NY (Block 3244, Lots 145 & 160) | DS 4 |
| Landing Road a/k/a 2444 Exterior St., Bronx, NY (Block 3244, Lot 1) West 192nd St. a/k/a Exterior St., Bronx, NY (Block 3245, Lot 3) | MDBZJGGS |

Prospective and winning bidder(s) will be required to represent in writing to Secured Party that they will adhere to the Terms of Public Sale and are purchasing the Equity Interests for their own account, not acquiring them with a view toward the sale or distribution thereof and will not resell the Equity Interests unless pursuant to a valid registration under applicable federal and/or state securities laws, or a valid exemption from the registration thereunder. The Equity Interests have not been registered under such securities laws and cannot be sold by the winning bidder(s) without registration or application of a valid exemption. The Equity Interests will be offered for sale at the Public Auction "as-is, where-is", and there are no express or implied warranties or representations relating to title, possession, quiet enjoyment, merchantability, fitness, or the like as to the Equity Interests. THIS NOTICE DOES NOT CONSTITUTE AN OFFER TO SELL, NOR THE SOLICITATION OF AN OFFER TO BUY, THE EQUITY INTERESTS TO OR FROM ANYONE IN ANY JURISDICTION IN WHICH SUCH AN OFFER OR SOLICITATION IS NOT AUTHORIZED.

Parties interested in bidding on the Equity Interests must contact Stephen Schwalb at NEWMARK ("**Broker**"), Secured Party's Broker, at +1-469-467-2084 or stephen.schwalb@nmrk.com. Upon execution of a standard non-disclosure agreement, additional documentation and information will be available. Interested parties who do not contact Broker and register before the Public Sale may not be permitted to participate in bidding at the Public Sale. Additional information can be found at https://tinyurl.com/2ha34ewc.

*The above publication notice supersedes all previous publications which occurred in the Wall Street Journal prior to October 15, 2025.*

---

**NOTICE OF UCC PUBLIC AUCTION SALE**

PLEASE TAKE NOTICE, that in accordance with the applicable provisions of the Uniform Commercial Code of the States of Texas and New York (as applicable), Graystreet/Kem Exchange, LLC, a Texas limited liability company (the "Secured Party"), will sell at public auction all limited liability company interests held by The Vic on Park Row Holdings, LLC, a Texas limited liability company (the "Pledgor") in The Vic on Park Row, LLC, a Texas limited liability company (the "Pledged Entity"; such interests, the "Equity Interests"). The Equity Interests secure indebtedness owing by Pledgor to Secured Party in a principal amount of not less than $6,000,000, plus advances to pay sums owed on the Senior Loan, unpaid interest, attorneys ' fees and other charges, including the costs to sell the Equity Interests (the "Debt").

Secured Party's understanding, without making any representation or warranty as to accuracy or completeness, is that the principal asset of the Pledged Entity is the real property located at 18210 Park Row Boulevard, Houston, Texas 77084 (the "Property").

The public sale (the "Public Sale") will be held in person on December 2, 2025 on the steps of the New York Supreme Court in New York City at 3:00 p.m. EST.

At the Sale, the Secured Party reserves the right to: (i) credit bid up to the amount of the Debt; (ii) set minimum price(s) for the Equity Interests; (iii) reject bids, in whole or in part; (iv) cancel or adjourn the Public Sale, in whole or in part; and (v) establish the terms and conditions of the Public Sale (the "Terms of Public Sale") which shall comply with all restrictions and obligations pursuant to the Intercreditor Agreement dated as of December 10, 2021 by and between the Secured Party and the holder of the mortgage encumbering the Property.

Prospective and winning bidder(s) will be required to represent in writing to Secured Party that they will adhere to the Terms of Public Sale and are purchasing the Equity Interests for their own account, not acquiring them with a view toward the sale or distribution thereof and will not resell the Equity Interests unless pursuant to a valid registration under the applicable federal and/or state securities laws, or a valid exemption from the registration thereunder. The Equity Interests have not been registered under such securities laws and cannot be sold by the winning bidder(s) without registration or application for a valid exemption. The Equity Interests will be offered for sale at the Auction "as-is, where-is," and there are not express or implied warranties or representations relating to title possession, quiet enjoyment, merchantability, fitness, or the like as to the Equity Interests. THIS NOTICE DOES NOT CONSTITUTE AN OFFER TO SELL, NOR THE SOLICITATION OF AN OFFER TO BUY, THE DISPOSITION OF ASSETS TO OR FROM ANYONE IN ANY JURISDICTION IN WHICH SUCH AN OFFER OR SOLICITATION IS NOT AUTHORIZED.

All bids (other than credit bid of Secured Party) must be for cash, and the successful bidder must be prepared to deliver immediately available good funds in the amount of twenty percent (20%) of the successful bid within 24 hours after the sale, with the balance to be delivered within five (5) business days of the Public Sale and otherwise comply with the bidding requirements, including the payment of transfer taxes, stamp duties and similar taxes incurred in connection with the purchase of the Equity Interests. Failure to consummate the purchase of the Equity Interests will result in the forfeiture of the deposit.

Parties interested in bidding on the Equity Interests must contact Joseph Lubertazzi, Jr., Secured Party 's lawyer, via e-mail at jlubertazzi@mccarter.com. Upon execution of a standard non-disclosure agreement additional documentation and information will be available. Interested parties who do not contact Mr. Lubertazzi and register for the Public Sale will not be permitted to participate in the bidding at the Public Sale.

Secured Party reserves the right to adjourn the sale, or to modify the Terms of Public Sale.

---

**NOTICE OF UCC PUBLIC AUCTION SALE**

PLEASE TAKE NOTICE, that in accordance with applicable provisions of the Uniform Commercial Code as in effect in the State of New York and all other applicable jurisdictions, Fordham South Lender LLC, a New York limited liability company, as successor-in-interest to CPIF Lending, LLC, a Washington limited liability company (the "**Secured Party**"), will sell at public auction all limited liability company interests held by Dynamic Star LLC, a Delaware limited liability company ("**DS Pledgor**"), DS 1 GP Inc., a New York corporation ("**DS GP Pledgor**"), and Namdar Fordham South LLC, a New York limited liability company ("**Namdar Pledgor**" and together with DS Pledgor and DS GP Pledgor, the "**Pledgors**"), in DS Fordham Landing 1 LLC, a New York limited liability company (such entity, the "**Pledged Entity**"; such interests, the "**Equity Interests**"). The Equity Interests secure indebtedness owing by Pledged Entity to Secured Party in a principal amount of not less than $55,189,025.74 plus unpaid interest (including default rate interest), attorneys' fees and other charges including the costs to sell the Equity Interests ("**Debt**").

The public auction sale will be held at 10:00 a.m. (EDT) on Tuesday, December 2, 2025 ("**Public Sale**") by virtual bidding via Zoom via the following Zoom meeting link: https://bit.ly/FordhamLaSala (case sensitive), meeting ID: 831 9806 2354, passcode: 529092 (or by telephone at +1-646-931-3860 (US), using same meeting ID and passcode). The Public Sale will be conducted by auctioneer Matthew D. Mannion, of Mannion Auctions, LLC.

At or prior to the Public Sale, Secured Party reserves the right to: (i) credit bid up to the amount of the Debt; (ii) set minimum price(s) for the Equity Interests; (iii) reject bids, in whole or in part; (iv) cancel or adjourn the Public Sale, in whole or in part; and (v) establish the terms and conditions of the Public Sale ("**Terms of Public Sale**").

Secured Party's understanding, without making any representation or warranty as to accuracy or completeness, is that the principal asset of the Pledged Entity is the real property located at 320 W. Fordham Road, Bronx, New York 10468.

Prospective and winning bidder(s) will be required to represent in writing to Secured Party that they will adhere to the Terms of Public Sale and are purchasing the Equity Interests for their own account, not acquiring them with a view toward the sale or distribution thereof and will not resell the Equity Interests unless pursuant to a valid registration under applicable federal and/or state securities laws, or a valid exemption from the registration thereunder. The Equity Interests have not been registered under such securities laws and cannot be sold by the winning bidder(s) without registration or application of a valid exemption. The Equity Interests will be offered for sale at the Public Auction "as-is, where-is," and there are no express or implied warranties or representations relating to title, possession, quiet enjoyment, merchantability, fitness, or the like as to the Equity Interests. THIS NOTICE DOES NOT CONSTITUTE AN OFFER TO SELL, NOR THE SOLICITATION OF AN OFFER TO BUY, THE EQUITY INTERESTS TO OR FROM ANYONE IN ANY JURISDICTION IN WHICH SUCH AN OFFER OR SOLICITATION IS NOT AUTHORIZED.

Parties interested in bidding on the Equity Interests must contact Stephen Schwalb at NEWMARK ("Broker"), Secured Party's Broker, at +1-469-467-2084 or stephen.schwalb@nmrk.com. Upon execution of a standard non-disclosure agreement, additional documentation and information will be available. Interested parties who do not contact Broker and register before the Public Sale may not be permitted to participate in bidding at the Public Sale. Additional information can be found at https://tinyurl.com/6f6u2n9w.

---

**THE WALL STREET JOURNAL.**

# THE MARKETPLACE

**ADVERTISE TODAY**

**(800) 366-3975**

For more information visit:
**wsj.com/classifieds**

© 2025 Dow Jones & Company, Inc. All Rights Reserved.



**THE WALL STREET JOURNAL.**
# SHOWROOM
(800) 366-3975
wsj.com/classifieds

© 2025 Dow Jones & Company, Inc. All Rights Reserved.

# Labaton Keller Sucharow LLP Announces a Proposed Class Action Settlement Involving Purchasers of the Publicly Traded Common Stock of Opendoor Technologies Inc.

NEWS PROVIDED BY
**Labaton Keller Sucharow LLP** ➝
Nov 18, 2025, 08:00 ET

NEW YORK, Nov. 18, 2025 /PRNewswire/ -- The following statement is being issued by Labaton Keller Sucharow LLP regarding notice of a proposed class action settlement.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>CLASS ACTION |

**To: all persons and entities who or which purchased or otherwise acquired Opendoor Technologies Inc. ("Opendoor") (NASDAQ: <u>OPEN</u>; CUSIP: 683712103) common stock (i) pursuant and/or traceable to the Offering Documents issued in connection with Opendoor's de-SPAC Merger on or about December 21,**

**2020 and/or its February 2021 Offering on or about February 4, 2021, and/or (ii) on the NASDAQ or any U.S.-based trading platform during the period from December 21, 2020 through November 3, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Arizona, that Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Opendoor and the other defendants (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-referenced class action (the "Action") in the amount of $39,000,000 (the "Settlement").

A hearing will be held before the Honorable Michael T. Liburdi, either in person or remotely in the Court's discretion, on January 6, 2026, at 9:00 a.m. at the United States District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Courtroom 504, Phoenix, AZ 85003 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 13, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting **www.OpendoorSecuritiesSettlement.com** or by contacting the Claims Administrator at:

*Opendoor Securities Settlement*

c/o Verita Global, LLC

Claims Administrator

P.O. Box 301171

Los Angeles, CA 90030-1171

**info@OpendoorSecuritiesSettlement.com**

1-888-999-6212

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**

Michael P. Canty Esq.

140 Broadway

New York, NY 10005

**www.labaton.com**

**settlementquestions@labaton.com**

1-888-219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than December 27, 2025***. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, available at **www.OpendoorSecuritiesSettlement.com** and **www.labaton.com**, and such request must be ***received no later than December 16, 2025***. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, available at **www.OpendoorSecuritiesSettlement.com** and **www.labaton.com**, such that they are ***received no later than December 16, 2025***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS'**

**COUNSEL REGARDING THIS NOTICE**

DATED:  November 18, 2025

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

SOURCE Labaton Keller Sucharow LLP