# Exhibit 11

# Compendium of Unreported Cases

*In re Alphabet Inc. Sec. Litig.*,
   No. 18-cv-06245, slip op. (N.D. Cal. Sept. 30, 2024) ...................................................1

*Laborers Dist. Council Const. Indus. Pension Fund, et al., v. Sea Limited,*
   *et al.*, No. CV-23-01455-PHX-DLR, slip op. (D. Ariz. July 11, 2025)........................2

*In re Sandisk LLC Sec. Litig.*,
   No. 3:15-cv-01455-VC, slip op. (N.D. Cal. Oct. 23, 2019)...........................................3

*In re Twitter Inc. Sec. Litig.*,
   No. 4:16-cv-05314, ECF No. 661 (N.D. Cal. Oct. 13, 2022) .......................................4

*In re Twitter Inc. Sec. Litig.*,
   No. 4:16-cv-05314, ECF No. 670 (N.D. Cal. Nov. 21, 2022)........................................5

# TAB 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION. | Case No. 18-cv-06245-TLT |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT; GRANTING MOTION FOR ATTORNEY FEES, COSTS, REALLOCATION OF REMAINDER AND DE MINIMUS DONATION**

Re: Dkt. Nos. 233, 234

The Court previously granted a motion for preliminary approval of a Class Action Settlement between Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer, on behalf of the Employees' Retirement System of Rhode Island, individually and on behalf of all others similarly situated, and Defendants Alphabet, Inc. et. al., on April 2, 2024 and April 9, 2024. ECF 228; ECF 232. As directed by the Court's preliminary approval orders, Plaintiffs filed their motion for attorneys' fees and costs. ECF 234.

In their Final Settlement, Plaintiffs submitted a declaration indicating that there were 58 timely opt out members and two untimely opt out members. ECF 238, Declaration of Ross D. Murray ¶ 6. There were no objectors to the final settlement, but three objectors to the attorneys' fee award. Id. ¶ 7. The Court held a hearing and took arguments from the parties on September 24, 2024. ECF 241.

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval.

The Court finds the settlement fair, adequate, and reasonable. The provisional

appointments of the class representative and class counsel are confirmed.

The Motion for Attorney Fees and Expenses is **GRANTED**.  The Court **ORDERS** that class counsel shall be paid $66,500,000 (19% of the Settlement Amount) in attorneys' fees; and $1,540,059.57 in litigation costs.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff Adam Wicks initiated this securities class action and filed a complaint against defendants Alphabet, Lawrence E. Page, Sundar Pichai, and Ruth Porat on October 11, 2018 ("Wicks Action").  Compl., ECF 1.  On October 12, 2018, the case was assigned to Judge Jeffrey S. White.  ECF 3.  On November 19, 2018, *El Mawardy v. Alphabet, Inc., et al.*, No. 18-cv-5704, ("El Mawardy Action") was transferred to this Court from the U.S. District Court for the Eastern District of New York.  ECF 15, at 2 n.1.

On December 10, 2018, Plaintiffs the Retirement System, Adam Wick, Theodoros Vaskopulos, Richard R. Costa UDT ("Costa"), and Ironworkers Locals 40,361 & 417 Union Security Funds (the "Ironworkers") each separately moved for consolidation of the actions, appointment as lead plaintiff, and approval of lead Counsel.  ECFs. 15, 18, 25, 42.  Plaintiff Vaskopulos withdrew his motion on December 14, 2018.  ECF 33.  On December 18, 2018, Plaintiff Wicks filed a joint administrative motion for consideration of whether the El Mawardy Action was related to the Wicks Action.  ECF 34.  The motion was granted on December 20, 2018.  ECF 36.  On December 24, 2018, Plaintiff the Retirement System filed an opposition to the motions for consolidation of related actions, appointment as Lead Plaintiff, and approval as Lead Counsel against Plaintiffs Ironworkers and Costa.  ECF 39.  On December 31, 2018, Plaintiff the Retirement System filed a notice of unopposed motion.  ECF 40.

On January 7, 2019, Judge White granted Plaintiff the Retirement System's motion for consolidation of related actions and captioned the action "In re ALPHABET, INC. SECURITIES LITIGATION."[1]  ECF 44.  The Court also appointed the Retirement system as Lead Plaintiff and

---

[1] Judge White consolidated *Wicks v. Alphabet, Inc.*, No. 18-cv-06245 (filed Oct. 11, 2018); and *El Mawardy v. Alphabet, Inc.*, No. 18-cv-07018 (transferred to this District on Nov. 1, 2018).

United States District Court
Northern District of California

appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.* at 2 (first citing 15 U.S.C. § 78u4(a)(3)(B); and then citing 15 U.S.C. §78u-4(a)(3)(B)(v)). On January 25, 2019, Plaintiff Bao filed an administrative motion to consider whether cases should be related. ECF 45. The motion was granted, and the cases were related on February 6, 2019.[2] ECF 46.

On April 26, 2019, Plaintiffs filed their consolidated amended class action complaint against defendants Alphabet, Page, Pichai, Google, Enright, and Walker. ECF 62. On April 30, 2019, plaintiffs Ian Green, Leo Shumacher, Steve Stims and Joseph Lipovich, and Scott Galbiati filed a motion for administrative relief to consider whether their cases were related or for consideration of a sua sponte judicial referral for purpose of determining relationship. ECF 65; Civ. L.R. 3-12. On May 13, 2019, the cases were related to the Wicks Action. ECF 66. On June 21, 2022, Plaintiffs moved to certify class, appoint a class representative, and appoint class counsel. ECF 102. On September 8, 2022, Plaintiffs filed a motion for leave to file a supplement to their consolidated amended complaint. ECF 136. The motion for leave was granted and the motion to certify the class was stricken. ECF 153. Plaintiffs filed a supplement to their consolidated amended complaint on February 28, 2023. ECF 154. Plaintiffs refiled their motion to certify class on May 2, 2023. ECF 165. Defendants filed an opposition to the motion on June 30, 2023. ECF 181.

On July 24, 2023, Judge White recused himself from this matter. ECF 188. The case was reassigned to the Court on July 25, 2023. ECF 189. The Court ordered Lead Plaintiff to re-notice the motion to certify the class on July 31, 2023. ECF 192. Lead Plaintiff filed a notice of conditional withdrawal of the motion for class certification without prejudice on July 31, 2023. ECF 193. On the same day, Defendants responded with a request to finish briefing the class certification motion. ECF 194. The Court held a case management conference and published a case management scheduling order on August 1, 2023. ECF 196. The Court set the hearing on the motion to certify class for October 24, 2023. *Id*. Lead Plaintiff filed a reply for the motion to

_____

ECF 44. The Wicks Action serves as the master filed for every action in the consolidated action. *Id.* at 1.

[2]The Court related, *Bao v. Page*, No. 19-cv-00314, and *Cordeiro v. Page*, No. 19-cv-00447 to the instant case. ECF 46.

3

certify class on August 14, 2023.  ECF 198.[3]

On October 20, 2023, the Class Certification hearing set for October 24, 2023, was vacated at the request of counsel and reset for March 5, 2024.  ECF 218.

On February 4, 2024, the parties reached a settlement prior to class certification with the assistance of an experienced mediator at arm's-length under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips").

On April 2, 2024, the Court granted preliminary approval of the class action settlement, but requested additional information, including information on objections, exclusions, deadlines for notice, and questions for the final hearing.  ECF 228.  On April 9, 2024, the Court again granted the preliminarily approval of the class action settlement and provided for notice.  ECF 232.

On July 19, 2024, Lead Plaintiff filed this settlement for final approval and approval of plan of allocation.  ECF 233.  It also filed a motion for attorney fees and expenses.  ECF 234.  Defendants filed a response and reply.  ECF 237; 239.  Lead Plaintiff filed its reply.  ECF 238.

The Settlement Class is described as follows: "all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive.  Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliated of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class."  ECF 239.

### B.     Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $350,000,000.00 into a common settlement fund, without admitting liability.  This amount includes attorneys' fees and costs and the cost of class notice and settlement administration.

### i.     Attorneys' Fees and Costs

---

[3]On October 4, 2023, the Court granted a motion for leave for Joseph A. Grundfest to file a brief as amicus curae.  ECF 216.  However, the Court rescinded the order on October 5, 2023, as the filing was untimely and did not comply with Civil Local Rule 7-3(d).  *Id.*  The Court did not consider the supplemental brief in consideration of the instant motion.

United States District Court
Northern District of California

Under the Settlement Agreement, Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, agreed to seek an award of attorneys' fees not to exceed 19% of the Settlement Amount, $66,500,000.00, and no more than $1,540,059.57,[4] in litigation costs. ECF 234, at 3.

### ii.    Class Relief

After deductions from the common fund for fees and costs, approximately $289,300,000 will remain to be distributed among the participating class members. Class members will be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts. ECF 222, Ex. A-1.

### iii.    Remainder

The Settlement Agreement provides that "[i]f there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion." ECF 222, Ex. 1, at 21. "These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust." *Id.*

### C.    Class Notice and Claims Administration

The Settlement Agreement is being administered by Gilardi & Co. LLC ("Gilardi"). Following the Court's preliminary approval and conditional certification of the settlement, Gilardi, the Class Administrator, mailed or emailed more than 1.2 million copies of the Summary Notice to potential Settlement Class Members and nominees. ECF 236, Murray Decl. ¶ 11. The Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*, and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. *Id.* ¶ 12; ECF 233, at 7-8. If mail was returned as undeliverable for which new addresses were identified, they were re-mailed to those new addresses. ECF 236, Murray Decl. ¶ 4.

---

[4]This amount is lower than the $1,750,000 provided in the Notice. ECF 234, at 16.

United States District Court
Northern District of California

Class members were given until August 23, 2024 to object or exclude themselves from the Settlement Agreement. ECF 236, Murray Decl. ¶ 2. Since the Initial Mailing Declaration, 58 persons filed timely requests to opt out of the Settlement Class. *Id.* ¶ 6. Two persons filed late requests. *Id.* The 58 opt-out members represent a total of 5,983 shares while the two untimely opt-out members represent a total of 37 shares out of an estimated 113,850,000 damaged shares. ECF 238-1, at 2. The opt-out members' shares represent 0.005% of the total shares. *Id.*

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Analysis

#### i. The Settlement Class Meets the Prerequisites for Certification

As the Court found in its order granting preliminary approval and conditional certification

of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class.  ECF 228.

### ii.    Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class Members of the settlement and their rights to object or exclude themselves.  Pursuant to those procedures, more than 1.2 million copies of the Summary Notice were mailed or emailed to potential Settlement Class Members and nominees; the Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*; and the website created for the Settlement ([www.AlphabetSecuritiesSettlement.com](www.AlphabetSecuritiesSettlement.com)) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order.  ECF 233, at 7-8.  The Claims Administrator also mailed or emailed 254 Claim Packages to potential Settlement Class Members and nominees, resulting in 948,245 asserted claims.  ECF 238, at 1.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### iii.    The Settlement is Fair and Reasonable

7

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); ECF 232.

The reaction of the class was mostly positive. The Court received 3 objections, 58 timely exclusions, and two untimely exclusions as of the August 23, 2024 deadline. The objections and exclusions constitute 0.005% of the total damaged shares. ECF 238-1, at 2. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. ECF 232. That plan is: Class members are bound by the determinations and judgments in this Action unless they timely request to be excluded or "opt out" from the Settlement Class no later than August 23, 2024. *Id.* ¶ 19. The Court should find the plan of allocation to be fair and reasonable and that it treats class members equitably and it should approve that plan of allocation. *Id.*

### iv.   Objections

Three individuals submitted objections: Faris Sabri Azzouni; Richard A. Hauser; Larry D. Killion. ECF 238, Ex. A. The Court has considered all objections and overrules them for the reasons stated on the record at oral argument, and as further explained below. The Court addresses each objector's arguments in turn.

Objector Azzouni filed an objection indicating that Class C shareholder pay would drop from $2.85 per share to $0.56 if the Court were to grant the request attorneys' fee award. ECF 238, Ex. A. Plaintiff responds that these numbers are incorrect because $0.56 represents the estimated cost per share, not the price per share. Accordingly, because Azzouni's understanding of the numbers is incorrect, the Court overrules this objection.

Objector Hauser submitted a boilerplate objection stating that the fee is disproportionate to the work necessary to this settlement. ECF 238, Ex. A. Hauser, however, does not suggest what

8

would be an "appropriate amount" of fees.  *Id.*  The Court therefore overrules this objection as well.

Finally, objector Killion objected to the Plaintiffs' attorneys use of a contingency fee and argued that counsel should "base their fee on defendable court approved reasonable time and hourly rates actually spent on the case."  ECF 238, Ex. A.  Because the Court can determine that the attorney fee award is fair, reasonable, and based on both the percentage-of-recovery method and the lodestar method, as analyzed below, the Court overrules this last objection.  *See* Section III.

### v.    Certification is Granted and Settlement is Approved

After reviewing all the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper.  The remainder recipient, Investor Protection Trust, is **APPROVED**.

## III.    MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

### A.    Attorneys' Fee Award

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h).  Such fees must be found "fair, reasonable, and adequate" to be approved.  Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963.  "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise.  *Id.* at 964.

The Court analyzes an attorneys' fee request based on either a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief, or the "lodestar" method.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  The Ninth Circuit encourages courts to use another method as a cross-check to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45

(citing *Vizcaino,* 290 F.3d at 1050–51).

### i. Percentage-of-Recovery Method

When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

Class counsel here requests an attorneys' fee award of $66,500,000. Applying the percentage of recovery method, the parties determined the total settlement value to be $350,000,000. The attorneys' fees requested would come to 19% of this total. This amount is below the 25% benchmark. Given the size of this settlement, and that it occurred before class certification, the Court must give additional scrutiny to the attorneys' fee request. First, the Court looks at the results achieved. Plaintiffs' counsel achieved a settlement of 25% of the stretch damages, significantly higher than the median securities class action recovery of damages. *See* LAARNI T. BULAN & LAURA E. SIMMONS, SECURITIES CLASS ACTION SETTLEMENTS: 2023 REVIEW AND ANALYSIS 7 (Cornerstone Research 2024) (providing research on median settlements as a percentage of damages and finding that the median recovery is at most around 8%); *Hefler v.*

10

*Wells Fargo & Co.*, N0. 16-cv-05479-JST, 2018 WL 6619983, at \*8 (N.D. Cal. Dec. 18, 2018) (finding the median recoveries in securities fraud class actions was 2.5 percent between 2008 and 2016 and 3 percent in 2017); ECF 234, at 7.  Lead Counsel alleges that Plaintiffs' counsel achieved an outstanding result for the Settlement Class.  *Id.* at 8.  Indeed, Plaintiffs achieved the largest privacy and cybersecurity-related securities class action lawsuit settlement in this district.[5]

Next, this case was risky because it contained a complex issue that resulted in six years of litigation.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 416 (S.D.N.Y. 2018) (finding that "securities actions are highly complex" and that "securities class litigation is notably difficult and notoriously uncertain").  Plaintiffs' counsel put in over 20,000 hours into the settlement, which involved an appeal before the Ninth Circuit.  Furthermore, Plaintiffs' counsel handled the case on a contingency fee basis and has received no compensation thus far, which weighs in favor of granting higher attorney fees.  *See Vizcaino*, 290 F.3d at 1050 (holding that representing class counsel on a contingency fee basis required counsel to forgo other work and resulted in a decline of the firm's annual income).

Additionally, an award of 19% is below the typical 25% benchmark in the Northern District of California.  *In re Wells Fargo & Co. Shareholder Derivative Litigation*, 445 F. Supp. 3d 508, 525 (N.D. Cal. 2020).  It is also lower than the traditional mean and median fee awards in this district.  *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2018 WL 4030558, at \* (N.D. Cal. Aug. 23, 2018) (providing a chart graphing attorneys' fees from 2009 to 2013 that begins at 22% and ends at 32%, and then providing that between 2006 and 2007 the mean attorney fee award for a high recovery settlement was 18.4% and the median was 19%).  In one outlier case, a court in this district awarded class counsel a 13.5% attorneys' fee, but this award was at the counsel's request due to low recovery in the action.  *In re LDK Solar Securities Litigation*, No. C 07-5182-WHA, 2010 WL 3001384, at \*4 (N.D. Cal. July 29, 2010).

Although Lead Counsel in the present case requests $66,500,000, this request is similar to

---

[5]*Google Parent Alphabet Agrees to Pay Shareholders $350 Million Over Data Leak*, ISS INSIGHTS (March 12, 2024), https://insights.issgovernance.com/posts/google-parent-alphabet-agrees-to-pay-shareholders-350-million-over-data-leak/.

United States District Court
Northern District of California

the $52,800,000 attorneys' fee award in *Wells Fargo*, which came to 22% of the total settlement. *In re Wells Fargo*, 445 F. Supp. 3d at 526. Accordingly, after careful analysis of attorney fee trends and similar cases, the Court finds that a fee award of 19% is fair, reasonable, and adequate.

### ii. Lodestar Cross-Check

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'").

The Court has considered a cross-check using the lodestar method. Here, the lodestar multiplier is approximately 4.58, which the Court finds reasonable. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (approving a fee award with a lodestar multiplier of 4.71); ECF 234, at 14. Plaintiffs' attorneys worked 23,026.30 hours at rates ranging from $110 per hour to $1400 per hour for a total of $14,514,240.00. ECF 234, Ex. A. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. *See Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates between $760 and $1,325 for partners and $175 and $520 for associates). The Court also finds that Class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

### iii. Objections

Defendants do not oppose the fee request, although three individual objectors do. These objectors challenge the fee amount because they argue not much will be left to shareholders. For instance, the first objector believes that the Lead Counsel is concerned that Class C shareholder pay will drop from $2.85 per share to $0.56. ECF 238, Ex. A, at 1. This objector, however, confused these number: $2.85 per share is the estimated recovery number while $0.56 is the cost of expenses that will be subtracted from the $2.85. The total estimated cost per Class C share

12

remains $0.56. The second objector submitted a boilerplate objection arguing that a fee of 19% is excessive. *Id.* at 27. The third objector objects to contingency payment structures, arguing that counsel should base their fees on their time and hourly rates rather than the contingency fee agreement. *Id.* at 30. The Court takes these objectors' concerns into consideration, but determines that the attorneys' fee award is fair, reasonable, and adequate based on the foregoing.

Accordingly, the Court finds an award of attorneys' fees in the amount of $66,500,000 to be fair, reasonable, and adequate.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $1,540,059.57. The Court finds this cost amount reasonable, fair, and adequate.

## IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees and costs is **GRANTED** as follows: Class Counsel is awarded $66,500,000 in attorneys' fees and $1,540,059.57 in litigation costs.

After deductions from the common fund for fees and costs, approximately $289,300,000 shall remain to be distributed among the participating class members. Class members shall be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts.

With respect to residuals, the Net Settlement Fund and Lead Counsel shall reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.

These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection

Trust.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 5, 2024 (ECF 222), and this order.

This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than April 10, 2025. The Court **SETS** a compliance deadline on May 6, 2025, on the Court's 2:00 pm. calendar, to verify timely filing of the post-distribution accounting.

This order terminates Docket Nos. 233 and 234.

**IT IS SO ORDERED.**

Dated: September 30, 2024

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

14

# TAB 2

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., | No. CV-23-01455-PHX-DLR |
| Plaintiffs, | Consolidated with: Case No. CV-23-01889-PHX-DLR |
| v. | **CLASS ACTION** |
| Sea Limited, et al., | |
| Defendants. | **ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE** |

This matter having come before the Court on July 1, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Class Representative (Doc. 78) (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 14, 2025 (Doc. 73-1) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order, over the subject matter of this Litigation, and over all of the Settling Parties and all Class Members.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees of 25% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund. Lead Counsel is also awarded litigation expenses in the amount of $123,264.33, plus interest at the same rate earned by the Settlement Fund. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The award of attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order and the Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) the Settlement has created a fund of $46,000,000 in cash, pursuant to the terms of the Stipulation, and Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Litigation;

(c) over 200,000 copies of the Notice and/or Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses

in an amount not to exceed $200,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(d)     Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)     Lead Counsel pursued the Litigation on a contingent basis;

(f)     the claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(i)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j)     the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

7.     Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $7,720 to Lead Plaintiff Laborers District Council Construction Industry Pension Fund for the time and expenses it spent representing the Class.

8.     Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

. . .

. . .

. . .

- 3 -

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2025.

_____
Douglas L. Rayes
Senior United States District Judge

- 4 -

# TAB 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION | Case No. 3:15-cv-01455-VC<br>Hon. Vince Chhabria<br><br>**REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES** |

THIS MATTER having come before the Court for hearing on September 26, 2019 (the "Settlement Hearing") to determine, among other things, whether and in what amount to award (i) Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses in connection with their representation of the Class; and (ii) Class Representatives their costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); the Court, having considered all papers filed and proceedings had herein and otherwise being fully informed;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order operates by reference to the definitions in the Revised Stipulation and Agreement of Settlement filed on May 20, 2019 (ECF No. 274-1) (the "Stipulation"), and all capitalized terms used, but not defined, herein shall have the same meanings as those set forth in the Stipulation.

2.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Class Members who could be identified with reasonable effort, advising them of Class Counsel's motion for an award of attorneys' fees, payment of litigation expenses and reimbursement of Class Representatives' costs and expenses and their right to object thereto, and

a full and fair opportunity was accorded to Persons who are Class Members to be heard. There were no objections to Class Counsel's motion.

3.      Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of 25% of the Settlement Fund, plus accrued interest, and $885,149.36, plus accrued interest, in payment of Plaintiffs' Counsel's litigation expenses, which sums the Court finds to be fair and reasonable. Consistent with this Court's established practice, 10% of the total amount of attorneys' fees awarded is the percentage, proposed by Class Counsel given their demonstrated commitment to the Class and hereby deemed an appropriate amount, that shall be withheld until after a distribution of the Net Settlement Fund to Authorized Claimants has been made. Otherwise, the attorneys' fees and expenses awarded shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein by reference.

4.      Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      the Settlement has created a fund of $50,000,000 in cash, and Class Members who submit acceptable Claim Forms will benefit from the Settlement that has been achieved as a result of the efforts of Plaintiffs' Counsel;

(b)      the attorneys' fees sought by Class Counsel have been reviewed and approved as reasonable by Class Representatives, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c)      copies of the revised Settlement Notice (ECF No. 274-3) were mailed to over 203,000 potential Class Members and nominees, stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and litigation expenses in an amount not to exceed $1,000,000, and there were no objections

to the requested attorneys' fees and expenses, which are less than the amounts stated in the revised Settlement Notice;

      (d)    the Action raised a number of complex issues;

      (e)    had Plaintiffs' Counsel not achieved the Settlement, there was a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing at all from Defendants;

      (f)    Plaintiffs' Counsel have devoted nearly 30,000 hours with a lodestar value of $15,950,994.50 to this Action and have advanced $885,149.36 in litigation expenses to achieve the Settlement; and

      (g)    the amount of attorneys' fees and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    In accordance with the PSLRA, Class Representative City of Bristol Pension Fund is hereby awarded $7,300 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.    In accordance with the PSLRA, Class Representative Pavers and Road Builders Pension, Annuity and Welfare Funds is hereby awarded $7,717.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.    In accordance with the PSLRA, Class Representative the City of Newport News Employees' Retirement Fund is hereby awarded $7,474.44 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9.    In accordance with the PSLRA, Class Representative Massachusetts Laborers' Pension Fund is hereby awarded $8,557.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10.    Any appeal of or challenge to this Court's award of attorneys' fees, payment of litigation expenses, and reimbursement of Class Representatives' costs and expenses in

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND
REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

3

connection with their representation of the Class shall in no way disturb or affect the finality of the Judgment.

11. Exclusive jurisdiction is hereby retained over the Parties and Class Members for all matters relating to this Action, including administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

Dated: October 23, 2019

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

4

# TAB 4

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. GEIGER (322937)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 4:16-cv-05314-JST (SK) |
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) | CLASS COUNSEL'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF |
| ALL ACTIONS. | ) ) ) | ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES |
| | | PURSUANT TO 15 U.S.C. §78u-4(a)(4) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

JUDGE: Hon. Jon S. Tigar
DATE: November 17, 2022
TIME: 2:00 p.m. (via videoconference)

4856-0560-4661.v1

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ..................................................................................1

STATEMENT OF ISSUES TO BE DECIDED .....................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................1

I.      INTRODUCTION ....................................................................................................1

II.     HISTORY OF THE LITIGATION ..........................................................................3

III.    THE REQUESTED FEE IS FAIR AND REASONABLE......................................4

        A.      The Court Should Award Attorneys' Fees Using the
                Percentage-of-the-Fund Method ..................................................................4

        B.      A Fee of 22.5% of the Settlement Fund Is Reasonable Under Either the
                Percentage or Lodestar Method ....................................................................6

                1.      The Requested Attorneys' Fees Are Reasonable Under the
                        Percentage Method............................................................................6

                2.      The Requested Attorneys' Fees Are Reasonable Under the
                        Lodestar Method ...............................................................................8

        C.      The Factors Considered by Courts in the Ninth Circuit Support the
                Requested Fee ..............................................................................................11

                1.      Class Counsel Achieved an Excellent Result for the Class .......11

                2.      The Litigation Was Uncertain and Highly Complex .................12

                3.      The Skill Required and Quality of Work.....................................15

                4.      The Contingent Nature of the Fee and the Financial Burden
                        Carried by Class Counsel.............................................................15

                5.      Awards Made in Similar Cases Support the Fee Request..........17

                6.      The Class's Reaction to Date Supports the Fee Request ...........18

IV.     COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE
        APPROVED ............................................................................................................19

V.      COUNSEL'S AWARDED FEES AND EXPENSES SHOULD BE PAID UPON
        THE COURT'S ORDER GRANTING THE AWARD ...........................................20

VI.     CLASS REPRESENTATIVES' REQUEST FOR AWARDS PURSUANT TO 15
        U.S.C. §78u-4(a)(4) IS REASONABLE ...............................................................22

VII.    CONCLUSION.......................................................................................................24

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- i -

4856-0560-4661.v1

**2.      The Requested Attorneys' Fees Are Reasonable Under the Lodestar Method**

To assess the reasonableness of a fee awarded under the percentage-of-the-fund method, courts may (but are not obligated to) cross-check the proposed award against counsel's lodestar. *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020) (refusing to mandate "a [cross-check] requirement"); *Plains All Am.*, 2022 WL 4453864, at *2 (finding a cross-check unnecessary given the circumstances); *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (noting that "analysis of the lodestar is not required for an award of attorneys' fees in the Ninth Circuit"). A lodestar cross check is "neither mathematical precision nor bean counting." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 264 (N.D. Cal. 2015); *accord Hefler*, 2018 WL 6619983, at *14 (Tigar, J.) (confirming that "'trial courts need not, and indeed should not, become green-eyeshade accountants'" in context of lodestar crosscheck, and noting that "the Court seeks to 'do rough justice, not to achieve auditing perfection'").

"Courts 'calculate[] the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation.'" *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (alteration in original) (quoting *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). Moreover, it is appropriate to use counsel's current hourly rates, rather than historical ones, which compensates for the delay in payment and the loss of interest on the funds. *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1010 (9th Cir. 2002).[5] This Court has previously applied current rates when evaluating lodestars. *See Hefler*, 2018 WL 6619983, at *14 n.17.

As detailed here and in the accompanying declarations of Plaintiffs' Counsel, 73,445.11 hours of attorney and para-professional time were expended prosecuting the Litigation for the benefit of the Class for over five years, through January 7, 2022. Plaintiffs' Counsel's lodestar, derived by multiplying the hours spent on the Litigation by each attorney and litigation professional by their

---

[5]    In any event, the differences here between the lodestars under current or historical rates is minimal, and under either approach the resulting multiplier is within the range of court-approved multipliers.

current hourly rates, is \$43,931,080.75. At historical rates, Plaintiffs' Counsel's lodestar is \$42,057,929.75. Accordingly, the requested fee of 22.5% represents a multiplier of 4.14 Plaintiffs' Counsel's lodestar at current rates and 4.33 at historical rates. Here, the hours spent to obtain the results are more than reasonable. Class Counsel obtained a landmark settlement by pushing the case to the brink of trial. As detailed in the Joint Declaration and in Plaintiffs' Counsel's Declarations, there is no question that the hours expended were necessary. *See also* Rubenstein Decl., ¶¶46-48.[6]

Class Counsel's hourly rates, too, are reasonable. Rubenstein Decl., ¶¶17-38. For attorneys with 16 years of experience or less, Plaintiffs' Counsel's average rate is lower than the average approved in settlements in this District. *Id.*, ¶24, Ex. D. For the senior attorneys with supervisory roles, the rate is slightly higher than average. *Id.* That is unsurprising, considering that Class Counsel have been recognized as among the top in their profession. *Id.* Further, Class Counsel's rates have recent judicial approval by other members of this Court. *See Fleming v. Impax Labs. Inc.*, 2022 WL 2789496, at \*9 (N.D. Cal. July 15, 2022) (approving hourly rates of \$760 to \$1,325 for partners, \$895 to \$1,150 for counsel, and \$175 to \$520 for associates, and finding Robbins Geller's "billing rates in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834, at \*5 (N.D. Cal. Mar. 17, 2017) (approving "blended average hourly billing rate" of \$529 per hour "for all work performed and projected" and "billing rates ranging from \$275 to \$1,600 for partners, \$150 to \$790 for associates, and \$80 to \$490 for paralegals" for Motley Rice and other plaintiffs' firms); *State of Wash. v. McKesson Drug Corp. et al.*, No. 19-2-06975-9, Findings of Fact and Conclusions of Law and Order Awarding Plaintiffs' Attorney Fees And Costs Associated with State's Fee Petition, at 5 (King Cnty. Super. Ct. Sept. 1, 2021) (noting "Motley Rice sets its hourly rates for attorneys practicing in complex civil litigation consistent with the rates charged nationally for similar services by lawyers of reasonably comparable skill, experience, and reputation").

---

[6] The actual realized multiplier has already, and will continue to decline over time as Class Counsel devote additional attorney time to preparing final approval materials as well as overseeing processing of claims by the Claims Administrator and the distribution of the Settlement funds to Class Members with valid claims. No additional counsel fees will be sought for such work.

The last piece of the cross-check analysis is the risk multiplier. "Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (citing *Vizcaino*, 290 F.3d at 1052-54); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (noting "ample authority" for multiplier of 5.2 and collecting cases with substantially higher multipliers); *see also In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (awarding fee in $650 million common fund settlement representing 4.71 multiplier, finding that "the results obtained and the risks at trial warrant a higher-end multiplier"), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022); *McKnight v. Uber Techs., Inc.*, 2021 WL 4205055, at *7 (N.D. Cal. Sept. 2, 2021) (Tigar, J.) (noting that a "fee award [that] results in a multiplier of 4.14" is not "remarkable" when "the settlement represented an 'excellent result' for the class"); *Kang v. Wells Fargo Bank, N.A.*, 2021 WL 5826230, at *18 (N.D. Cal. Aug. 12, 2021) (awarding class counsel 22% of the Settlement Fund with a resulting multiplier of 5.2); *Perez v. Rash Curtis & Assocs.*, 2021 WL 4503314, at *5 (N.D. Cal. Oct. 1, 2021) (approving a multiplier of 4.8); *Thompson. v. Transamerica Life Ins. Co.*, 2020 WL 6145104, at *4 (C.D. Cal. Sept. 16, 2020) ("The Court's lodestar cross-check analysis of the fee award yields a current multiplier of 4.2, which is within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *7 (N.D. Cal. May 21, 2015) (approving a 5.5 multiplier in a $203 million settlement); *In re Verifone Holdings, Inc. Sec. Litig.*, 2014 WL 12646027, at *2 (N.D. Cal. Feb. 18, 2014) ("[A]lthough the lodestar cross-check reveals a high multiplier – 4.3 . . . the Court finds that the multiplier here is acceptable in light of the very substantial risks involved."). Moreover, Ninth Circuit has determined in the context of a cross-check that a multiplier of 6.85 was "well within the range of multipliers that courts have allowed." *Steiner v. Am. Broad. Co., Inc.*, 248 F. Appx 780, 783 (9th Cir. 2007).

As more fully explained in the Joint Declaration, this is not a typical case in terms of either the risk undertaken by Class Counsel or the results achieved for the Class. Accordingly, if the lodestar cross-check returns a multiplier above the average – but well within the range deemed permissible by the Ninth Circuit – it would serve to confirm the appropriateness of the instant fee

request.  Here, the cross-check calculation, without accounting for the substantial amount of work that remains to be done to complete this Settlement, results in a risk multiplier of 4.14, which is reasonable under the circumstances.

### C.    The Factors Considered by Courts in the Ninth Circuit Support the Requested Fee

Application of the factors that courts in this Circuit consider when determining whether a fee is fair also strongly support the reasonableness of the requested 22.5% fee.  These include: (1) the results achieved; (2) the risks of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and financial burden carried by the plaintiffs; (5) awards made in similar cases; (6) the reaction of the class; and (7) a lodestar cross-check.  *Vizcaino*, 290 F.3d at 1048-50.

### 1.    Class Counsel Achieved an Excellent Result for the Class

Courts have consistently recognized that the result achieved is "the most critical factor" to consider in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Hefler*, 2018 WL 6619983, at *13.  Here, against substantial risks, Class Counsel obtained an excellent recovery for the Class, both in terms of overall amount ($809,500,000.00) and as a percentage of the estimated recoverable damages (24%-30%).  *See, e.g.*, *In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 1481424, at *4 (N.D. Cal. Apr. 19, 2011) (Alsup, J.) (observing that $200 million settlement represented 35.9% of the estimated damages and remarking that when "a substantial percentage of [the class's] requested damages" was obtained, "this is a good settlement for the class"); *Peace Officers' Annuity & Benefit Fund of Ga. v. Davita Inc.*, 2021 U.S. Dist. LEXIS 131699, at *7 (D. Colo. July 15, 2021) (underscoring that settlement which recovered "between 31% and 43% of the Class's damages – eight to eleven times greater than the median 3.9% recovery in similar actions," was "a significant achievement which, in the Court's view, further supports granting the fee request").  Indeed, this recovery is more than 7.5 times the median percentage recovery for cases settled with estimated damages of $1 billion or more in 2021, and at least 18 times the median ratio of settlements-to-investor losses in 2021.[7]  The $809,500,000.00 recovery places the Settlement in

---

[7]   *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements – 2021 Review and Analysis* at 6, 14 (Cornerstone Research 2022) (finding median settlements as a percentage of estimated damages was 4.2% in 2021 for Rule 10b-5 cases involving over $1 billion in damages and

# TAB 5

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 4:16-cv-05314-JST (SK) |
| | ) |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: | ) |
| | ) ORDER AWARDING ATTORNEYS' FEES |
| ALL ACTIONS. | ) AND EXPENSES *AS MODIFIED* |
| | ) |
| | ) |

THIS MATTER having come before the Court on November 17, 2022, on Class Counsel's motion for an award of attorneys' fees, expenses, and awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 661) in the above-captioned action. The Court here addresses Class Counsel's requests for fees and expenses, and issues a separate order concerning awards to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4). The Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation"). ECF 653-4.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees of 22.5% of the Settlement Amount, plus expenses in the amount of $3,570,056.21, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES - 4:16-cv-05314-JST (SK)     - 1 -

involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5. Ninety percent of the awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel from the Settlement Fund immediately upon entry of the Judgment and this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein. The remaining 10% of the awarded attorneys' fees and expenses and interest earned thereon will be withheld until a post-distribution accounting has been filed. A post-distribution accounting must be filed within 21 days after the distribution of settlement funds.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $809,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Class Counsel;

(b) over 464,450 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees not to exceed 22.5% of the Settlement Amount and for expenses in an amount not to exceed $4,000,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c) Class Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Class Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)      had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)      Plaintiffs' Counsel have devoted over 73,400 hours, with a lodestar value of $43,931,080.75 to achieve the Settlement;

(i)      Class Representatives approved the amount of attorneys' fees awarded as fair and reasonable; and

(j)      the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

IT IS SO ORDERED.

DATED:  November 21, 2022

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE