**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Facsimile: (480) 684-1199
ddavis@clarkhill.com

*Local Counsel for Plaintiffs and Settlement Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and Settlement Class*

[Additional Counsel on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION | Case No. 2:22-CV-01717-MTL<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br><u>CLASS ACTION</u> |

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS............................................................................... 2

ARGUMENT ....................................................................................................................... 3

I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY
        SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF
        ALLOCATION ........................................................................................................ 3

II.     THE REACTION OF THE SETTLEMENT CLASS STRONGLY
        SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE
        APPLICATION ....................................................................................................... 5

III.    CLAIM SUBMISSIONS TO DATE......................................................................... 6

CONCLUSION ................................................................................................................... 6

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Graham Hereford (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and Lead Counsel Labaton Keller Sucharow LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 157) and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 158) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

Now that the December 16, 2025 deadline for objecting or seeking exclusion from the Settlement Class has passed, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application has been overwhelmingly positive.

A total of 404,107 Postcard Notices have been mailed to potential Settlement Class Members or their nominees through December 29, 2025. *See* Supplemental Declaration of Lance Cavallo Regarding (A) Update on Dissemination of Notice and (B) Report on Requests for Exclusion, dated December 30, 2025, at ¶2, filed herewith ("Suppl. Mailing Decl."). Additionally, the long-form Notice and Claim Form were posted on the website created for the Settlement on November 4, 2025, and the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire* on November 18, 2025. *See* Declaration of Lance Cavallo Regarding (A) Dissemination of Postcard Notice and Notice Packet; (B) Publication of Summary Notice; (C) Establishment of Telephone Hotline and Settlement Website; and (D) Report on Requests for Exclusion Received to Date, dated

---

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated June 13, 2025 (the "Stipulation", ECF No. 154-2). All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein. Unless otherwise noted, citations and internal quotations have been omitted.

December 9, 2025, ("Initial Mailing Decl.") at ¶¶9-11; ECF No. 159-5. There have been *no objections* to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application, and *no requests for exclusion*.

Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

### STATEMENT OF RELEVANT FACTS

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 404,107 copies of the Postcard Notice to all potential Settlement Class Members and/or their nominees identified to date. *See* Suppl. Mailing Decl. at ¶2. In addition, copies of the long-form Notice, Claim Form, Stipulation, and other Court documents were posted on the website maintained for the Action, www.OpendoorSecuritiesSettlement.com, as well as the website of Lead Counsel. Further, on November 18, 2025, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* (*see* Initial Mailing Decl. at ¶9).

Collectively, the notices provided important information about the Action and the Settlement and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $650,000. *See* Initial Mailing Decl. Exs. A-C. The notices also apprised Settlement Class Members of their right to seek exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and the December 16, 2025 deadline for doing so. The long-form Notice provided more detailed information about the Action and Settlement, including the Plan of Allocation. Plaintiffs and Lead Counsel also filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 157-159), the case website (www.OpendoorSecuritiesSettlement.com), and Lead

Counsel's firm website—described Plaintiffs' and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested.

No objections have been filed with the Court or received by the Claims Administrator or Lead Counsel, and no one has requested exclusion from the Settlement Class.

To date, approximately 131,000 claims have been received by the Claims Administrator. Suppl. Mailing Decl. at ¶5. The Claim deadline was December 27, 2025, and processing and review are ongoing.

**ARGUMENT**

**I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." *In re ImmunityBio, Inc. Sec. Litig.*, No. 3:23-CV-01216-GPC-VET, 2025 WL 1686263, at *11 (S.D. Cal. June 16, 2025) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)); *Szymborski v. Ormat Techs., Inc.*, No. 3:10–CV–132–RCJ, 2012 WL 4960098, at *3 (D. Nev. Oct. 16, 2012) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citation omitted).

The absence of objections from institutional investors and pension funds is also noteworthy. That these sophisticated Settlement Class Members—which have the resources to carefully evaluate the Settlement and object if it were appropriate to do so— have not objected to the Settlement (or the Plan of Allocation or Fee and Expense Application) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 518 (N.D. Cal. 2020),

*aff'd*, 845 F. App'x 563 (9th Cir. 2021) (finding the presumption that terms of the proposed class action settlement are favorable to class members "is further enhanced where 'not one sophisticated institutional investor objected to the Proposed Settlement.'"); *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv- 4883-BLF, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.") (citation omitted).

The lack of objections also supports approval of the proposed Plan of Allocation. *See ImmunityBio*, 2025 WL 1686263, at *12 ("the lack of any objections to the Plan of Allocation after distributing the Notice further evinces that it is fair."); *In re Heritage Bond Litig.*, No. 02–ML–1475 DT, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) (noting the "predominantly positive response" to the plan of allocation where only two objections to it were submitted).

Similarly, the lack of requests for exclusion reflects favorably on approval of the Settlement and offers clear support for the Court's final approval. *See, e.g.*, *Ali v. Franklin Wireless Corp.*, No. 21-cv-00687-AJB-MSB, 2024 WL 5179910, at *8 (S.D. Cal. Dec. 19, 2024) ("The absence of opt outs and objections weighs in favor of settlement. . . . That unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *Szymborski*, 2012 WL 4960098, at *3 (finding that a low number of requests for exclusion supports the fairness, reasonableness, and adequacy of the settlement).

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD <u>COUNSEL'S FEE AND EXPENSE APPLICATION</u>

Not one Settlement Class Member has objected to Lead Counsel's Fee and Expense Application.  The fact that there have been no objections is strong evidence that the requests are fair and reasonable.  *See, e.g., Bernstein v. Gongko Bioworks Holdings, Inc*, 2024 WL 5112227, at *7 (N.D. Cal. Dec. 13, 2024) ("the fee award is appropriate . . . given the results obtained, the case itself, the lack of objections to the settlement, and counsel's litigating the case on a contingency basis."); *Smilovits v. First Solar, Inc.*, No. CV-12-00555-PHX-DGC, 2020 WL 3636773, at *2 (D. Ariz. June 30, 2020) ("in making this award of fees and expenses, the Court finds that . . . over 848,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees . . . and no substantive objections were made"); *Jiangchen v. Rentech, Inc.,* No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) ("Lead Counsel point out that there have been no objections filed to the requested attorney's fees. . . . This also supports granting the requested fees."); *Wood v. Ionatron, Inc.*, No. CV 06-354-TUC-CKJ, 2009 WL 10673479, at *9 (D. Ariz. Sept. 28, 2009) (approving fee and expense award after finding that "[a]pproximately 8,360 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33 1/3% of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $235,000 and no objections were filed").

* * *

Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## III.    CLAIM SUBMISSIONS TO DATE

The notices and Claim Form notified Settlement Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim Form must be submitted to the Claims Administrator by December 27, 2025.  As of December 29, 2025, the Claims Administrator has received approximately 131,000 claims.  *See* Suppl. Mailing Decl. at ¶5.   Of the claims received, approximately 50 are paper claims that were mailed, approximately 3,450 were uploaded through the Settlement website's claim portal, and approximately 127,500 were submitted electronically by institutional and nominee filers. *See id*.

These figures are preliminary and provided for informational purposes only. Claims processing and review is ongoing, and subject to further analysis, quality assurance reviews, audits, and change.  *Id*.   Verita is still receiving claims and typically the vast majority of claims are submitted right before or on the submission deadline.

## CONCLUSION

For the reasons set forth herein and in the opening papers filed in support of the Motions, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the Fee and Expense Application.  Plaintiffs respectfully request that the Court enter the (i) proposed Final Order and Judgment, negotiated by the Parties; (ii) proposed Order Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees and Expenses.

Dated: December 30, 2025                    Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: /s/ *Michael P. Canty*
Michael P. Canty (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
Guillaume Buell (admitted *pro hac vice*)
Nicholas Manningham (admitted *pro hac vice*)
140 Broadway

New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
gbuell@labaton.com
nmanningham@labaton.com

*Lead Counsel for Plaintiffs and
Settlement Class*

**CLARK HILL PLC**
Darrell E. Davis, SBN #011442
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Facsimile: (480) 684-1199
ddavis@clarkhill.com

*Local Counsel for Plaintiffs and
Settlement Class*

**VANOVERBEKE MICHAUD &
TIMMONY P.C.**

Aaron L. Castle (admitted *pro hac vice*)
79 Alfred Street
Detroit, Michigan 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com


**GLANCY PRONGAY & MURRAY LLP**

Casey E. Sadler (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List served via ECF on all registered participants only.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2025

/s/ *Michael P. Canty*
Michael P. Canty