# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

IN RE OPENDOOR TECHNOLOGIES INC. SECURITIES LITIGATION

Case No. 2:22-CV-01717-MTL

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**WHEREAS**

A.    Lead Plaintiffs Indiana Public Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association ("Lead Plaintiffs") and additional plaintiff Stuart Graham Hereford ("Additional Plaintiff" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and (i) Opendoor Technologies Inc. ("Opendoor" or the "Company"); (ii) Eric Wu, Carrie Wheeler, Chamath Palihapitiya, Steven Trieu, Ian Osborne, David Spillane, Adam Bain, Cipora Herman, Pueo Keffer, Glenn Solomon, Jason Kilar, Jonathan Jaffe (collectively, the "Individual Defendants" and, together with the Company, the "Opendoor Defendants"); and (iii) Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Oppenheimer & Co. Inc., BTIG, LLC, KeyBanc Capital Markets Inc., Wedbush Securities Inc., TD Securities (USA) LLC, Zelman Partners LLC, Academy Securities, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co., LLC (collectively, the "Underwriter Defendants" and, together with the  Opendoor Defendants, "Defendants") on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of June 13, 2025, in the above-captioned litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on October 21, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for January 6, 2026 at 9:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on a website developed for the Settlement, from which copies of the Notice and Claim Form could be downloaded,, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by December 16, 2025, and that requests for exclusion from the Settlement Class were to be mailed to the Claims Administrator and received by December 16, 2025;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. As required by the Preliminary Approval Order, Plaintiffs moved for final approval of the Settlement. The Settlement Hearing was duly held before this Court on January 6, 2026, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof,

the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 13, 2025; and (ii) the notices, which were filed with the Court on December 9, 2025. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement.** The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: (i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger Documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons and entities who or which, during the period from December 21, 2020 through November 3, 2022, inclusive, purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and the Immediate Family Members of any Individual Defendant; (ii) any person who was an officer, director, and/or control person of Opendoor, SCH, or SCH Sponsor II LLC any time during the period of January 31, 2020 through November 3, 2022; (iii) any firm, trust, corporation, or other entity in which any Defendant (or Immediate Family Member of any Defendant) has or had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants

or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such; provided, however, that, notwithstanding anything set forth above, any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class is any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.  No requests for exclusion have been received.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5.    **Notice.**  The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the

notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), and Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

6.      **Objections.**  There have been no objections to the Settlement.

7.      **Final Settlement Approval and Dismissal of Claims.**  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Consolidated Amended Complaint for Violations of the Federal Securities Laws, filed on April 17, 2023 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.    **Rule 11. Findings.**  In accordance with the PSLRA, the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    **Releases.**  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein by reference.

11.    Upon the Effective Date of the Settlement, Plaintiffs, each and every other Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund), and any other Releasing Plaintiff Party, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims against any or all of the Released Defendant Parties.  Claims to enforce the terms of the Stipulation are not released.

12.    Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and legal representatives, in their capacities as such, shall have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished,  discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the

Released Defendants' Claims against any or all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

13.    Notwithstanding paragraphs 11-12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.    **Binding Effect.**  Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 11 above. [The Persons listed on Exhibit A hereto are excluded from the Settlement Class pursuant to request and are not so bound.]

15.    **No Admissions.**  This Judgment, the Term Sheet, and the Stipulation, whether or not consummated, effective, or terminated, and any discussion, negotiation, proceeding, or agreement relating to the Term Sheet, Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered into evidence or otherwise used in this Action or any other action or proceeding, or received against or to the prejudice of the Parties or their respective counsel, for any purpose, other than in an action to enforce the terms of the Settlement, and in particular, but without limitation:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or

a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    **Termination of the Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated pursuant to the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    **Fee Order and Order on Plan of Allocation.**  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.