**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Alich, | No. CV-22-01717-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Opendoor Technologies Incorporated, et al., | |
| Defendants. | |

This matter comes before the Court to determine whether to approve Plaintiffs' settlement. The Court, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc.157) and Motion for Attorneys' Fees (Doc. 158), the Settlement as set forth in the Stipulation (Doc. 154-2), the pleadings, and other papers on file in this action, and the statements of counsel and the parties, including at the Fairness Hearing, hereby finds that the proposed settlement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc.157) and Motion for Attorneys' Fees (Doc. 158), are **GRANTED** as provided herein:

1. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Stipulation (Doc. 154-2) and Proposed Orders (Docs. 161-1, 161-2, 161-3).

2. The Court has jurisdiction over the subject matter of this Action and all

matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: (i) all persons and entities who or which purchased or otherwise acquired Opendoor common stock pursuant and/or traceable to the de-SPAC Merger documents issued in connection with the de-SPAC Merger on or about December 21, 2020, and/or the February 2021 Offering Documents issued in connection with Opendoor's February 2021 Offering on or about February 4, 2021; and (ii) all persons and entities who or which, during the period from December 21, 2020 through November 3, 2022, inclusive, purchased the publicly traded common stock of Opendoor on the NASDAQ or any U.S.-based trading platform and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and the Immediate Family Members of any Individual Defendant; (ii) any person who was an officer, director, and/or control person of Opendoor, SCH, or SCH Sponsor II LLC any time during the period of January 31, 2020 through November 3, 2022; (ii) any firm, trust, corporation, or other entity in which any Defendant (or Immediate Family member of any Defendant) has or had a controlling interest; (iv) Opendoor's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, in their capacity as such; provided, however, that, notwithstanding anything set forth above, any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchanges traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1  Also excluded from the Settlement Class is any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court. No requests for exclusion have been received.

4.  Pursuant to rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5.  The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class members of the effect of the Settlement, of the proposed Plan of Allocation of the proceeds of the Settlement, of Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), and Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

6.  There have been no objections to the Settlement or Lead counsel's Fee and Expense Application.

7.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Lead

Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Court specifically finds and concludes that the Plan of Allocation, as set forth in the Notice, is fair, reasonable, and adequate, and the Court approves the Plan of Allocation.

8.  The Consolidated Amended Complaint for Violations of the Federal Securities Laws, filed on April 17, 2023 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.  In accordance with the PSLRA, the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein by reference.

11. Upon the Effective Date of the Settlement, Plaintiffs, each and every other Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund), and any other Releasing Plaintiff Party, on behalf of themselves and each of their respective heirs, executors,

trustees, administrators, predecessors, successors, assignees, and legal representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims against any or all of the Released Defendant Parties. Claims to enforce the terms of the Stipulation are not released.

12. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assignees, and legal representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any or all of the Released Defendants' Claims against any or all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

13. Notwithstanding paragraphs 11-12 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or Judgment.

14. Each Settlement Class member, whether or not such Settlement Class member executes and delivers a Claim Form, is bound by the Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 11 above.

15. This Order, the Judgment, the Term Sheet, and the Stipulation, whether or not consummated, effective, or terminated, and any discussion, negotiation, proceeding, or

agreement relating to the Term Sheet, Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered into evidence or otherwise used in this Action or any other action or proceeding, or received against or to the prejudice of the Parties or their respective counsel, for any purpose, other than in an action to enforce the terms of the Settlement, and in particular, but without limitation:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the

provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Compliant would not have exceeded the Settlement Amount.

(e) do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then the Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated pursuant to the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and

administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $9,750,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 25% of the Settlement Fund, and payment of Litigation Expenses in the amount of $502,887.04, plus accrued interest, which sums the Court finds to be fair and reasonable.

21. Lead Plaintiff INPRS is hereby awarded $9,300 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its efforts on behalf of the Settlement Class.

22. Lead Plaintiffs the Oakland County Funds are hereby awarded $3,468.20 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for their reasonable costs and expenses directly related to their efforts on behalf of the Settlement Class.

23. Lead Plaintiff Mr. Hereford is hereby awarded $6,000 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for his reasonable costs and expenses directly related to his efforts on behalf of the Settlement Class.

24. The awarded attorneys' fees, expenses, and PSLRA awards may be paid from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

25. In making this award of attorneys' fees and Litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and this District and found that:

(a) The Settlement has created a substantial common fund of $39,000,000 in case and likely thousands of Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and Litigation Expenses have been reviewed and approved as fair and reasonable by Plaintiffs, who were directly involved in the prosecution and resolution of the Action and have a substantial interest in ensuring that

any fees paid to counsel are duly earned and not excessive;

    (c)  The amount of attorneys' fees requested is fair and reasonable and is consistent with the 25% benchmark established by the Ninth Circuit Court of Appeals, as well as fee awards approved by courts within the Ninth Circuit with similar recoveries;

    (d)  The Action involved difficult and complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

    (e)  Plaintiffs' Counsel, which are highly experienced in the field of securities class actions, conducted the Action and achieved the Settlement with skillful and diligent advocacy;

    (f)  Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

    (g)  Plaintiffs' Counsel have devoted more than 8,700 hours, with a lodestar value of $5,160,227.00, to achieve the Settlement; and

    (h)  Notice was disseminated to putative Settlement Class members stating that Plaintiffs' Counsel would seek an amount not to exceed 30% of the Settlement Fund, and expenses not to exceed $650,000, and there have been no objections to the Fee and Expense Application.

  26.  Any appeal or challenge affecting this Court's approval of the attorneys' fees, Litigation Expenses, or awards to Plaintiffs, shall in no way disturb or affect the finality of the judgment.

  **IT IS FINALLY ORDERED** dismissing this case **with prejudice**. The Clerk of Court must enter a judgment of dismissal and close this case.

  Dated this 6th day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 9 -